UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,                      :
                                       :
          Plaintiff                    :
                                       :    Case No. 04-12395 JLT
     v.                                :
                                       :
UNITED STATES OF AMERICA,              :
     et al.,                           :
                                       :
          Defendant.                   :

ANSWER OF THE UNITED STATES OF AMERICA

     Pursuant to Rule 12 of the Federal Rules of Civil Procedure,

the United States of America responds to the Complaint of

Plaintiff John G. Pedicini ("Plaintiff") as follows:

     The allegations contained in the Complaint's introductory

paragraph constitute legal arguments and conclusions of law to

which no response is required.  To the extent a response is

required, Defendant denies those allegations.

PARTIES

     1.  Defendant lacks knowledge and information sufficient to

form a belief as to the truth of this Paragraph's allegations

concerning Plaintiff's residence.  To the extent a response is

required, Defendant admits that Plaintiff has represented his

residence to be 10 Milano Drive, Saugus, Massachusetts, 01906.

     2.  Defendant denies that Plaintiff has had three first line

supervisors.  In addition to the persons mentioned in Paragraph 2

of the Complaint, Roger Hamilton was Plaintiff's first line

supervisor between Joseph Stanko and Michael Malone.  Defendant admits the remainder of the paragraph.

3.  Defendant admits that the Food and Nutrition Service ("FNS") is an agency of the USDA, a department of the United States of America, and that FNS has offices at the addresses described in Paragraph 3 of the Complaint.

4.  Defendant denies that the FNS maintained the offices at the addresses described in Paragraph 3 of the Complaint "at all relevant times."

<u>JURISDICTIONAL PREREQUISITES</u>

5.  Paragraph 5 of the Complaint contains jurisdictional averments and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

6.  Paragraph 6 of the Complaint contains jurisdictional averments and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

7.  Defendant admits that on March 5, 2003, Plaintiff contacted an EEO counselor at FNS.  Defendant further admits that on March 7, 2003, the counselor interviewed Plaintiff.  Defendant further admits that the first contact came within 180 days of March 3, 2003 and March 13, 2003.  Defendant also admits that Plaintiff filed a formal complaint of discrimination on March 24, 2003, and that said formal complaint was accepted for

investigation by letter dated July 11, 2003.  The complaint is a document which speaks for itself, and Plaintiff's description of it is therefore denied.  Defendant admits that no final action was issued by the EEOC.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.  Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.  Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## FIRST COUNT

10.  This paragraph contains Plaintiff's characterization of 42 U.S.C. Section 2000e-16 and 29 C.F.R. Section 1614.103(a). The sections speak for themselves, and to the extent an answer is required, the allegations in this paragraph are denied.

11.  This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 2302(b).  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

12.  Defendant denies that John Ghiorzi is FNS Deputy Regional Administrator; and further states that Mr. Ghiorzi has retired.  Defendant admits the remaining allegations contained in Paragraph 12 of the Complaint.

13.  Defendant admits that the named persons are individuals.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.  Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.  Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.  Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.  This paragraph contains Plaintiff's characterization of 42 U.S.C. Section 2000e-3(a).  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

18.  Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.  Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.  Defendant admits that an EEO investigator interviewed Plaintiff in Ms. Bellezza's EEO case.

21.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.  Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.  Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.  Defendant admits that Plaintiff filed a case in United

States District Court previous to the one at bar.  Defendant
denies that the case was filed on September 11, 2001; rather, it
was filed on September 13, 2001.  The complaint in that action
speaks for itself, and Plaintiff's description is therefore
denied.

25.  Defendant admits that Plaintiff's September 13, 2001
action filed in United States District Court was resolved in a
Settlement Agreement between the FNS and Plaintiff, dated June
17, 2002.

26.  Defendant admits the allegations contained in Paragraph
26 of the Complaint.

27.  Defendant admits the allegations contained in Paragraph
27 of the Complaint.

28.  The Settlement Agreement speaks for itself.  This
paragraph contains Plaintiff's characterization of the settlement
agreement, and is therefore denied.

29.  The Settlement Agreement speaks for itself.  This
paragraph contains Plaintiff's characterization of the settlement
agreement, and is therefore denied.

30.  Defendant denies the allegations contained in Paragraph
30 of the Complaint.

31.  Defendant admits that Ms. Zorn wrote a letter to the
Federal Executive Board in October 2002.  The letter speaks for
itself.  The balance of this paragraph contains Plaintiff's
characterization of said letter, and is therefore denied.  It is

specifically denied that the letter was regarding the Settlement Agreement of June 17, 2002, and that said letter advocated anything.

32.  Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.  Defendant denies that Plaintiff deposed Douglas MacAllister.  Defendant further denies that the depositions took place on February 4, 2003.  On the contrary, Plaintiff deposed Frances Zorn, Robert Canavan, and Luis Perez on February 11, 2003.

34.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of what Plaintiff has learned.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.  Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.  Defendant denies that Mr. Stanko created the list, but admits that Mr. Stanko edited a list.  Defendant further denies that the list identified Plaintiff was a "Funds Approver;" rather, the list identified Plaintiff as an "IAS Funds Approver."

37.  Defendant denies that Plaintiff was ever a Backup Funds Officer or Alternate Funds Officer; indeed, no such positions exists.

38.  The emails described in Paragraph 38 of the Complaint are documents that speak for themselves, and Plaintiff's

interpretation of them are therefore denied.  Defendant specifically denies that the Defendant ever gave Plaintiff the right to certify funds.

39.  Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.  Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.  Defendant denies that Jonathan Lash is the FNS Funds Officer.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint.

42.  Defendant admits that Plaintiff informed Mr. Stanko of the allegations contained in Paragraph 41 of the Complaint.

43.  Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44.  Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.  Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46.  Defendant denied that John Ghiorzi was a third party neutral.  Defendant admits the remainder of the allegations contained in Paragraph 46 of the Complaint.

47.  Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48.  Defendant admits the allegations contained in Paragraph

48 of the Complaint.

49. Defendant admits the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits that Mr. Stanko approved the inclusion of Lou Spychalski in the meeting. Defendant denies, however, that Mr. Stanko approved Lou Spychalski's inclusion as an EEO representative; on the contrary, Mr. Spychalski was approved to attend the meeting only because he is the union representative.

51. Defendant admits the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies that Mr. MacAllister became angry. Defendant admits the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits the allegations contained in Paragraph 53 of the Complaint.

54. Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55. Defendant admits the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies that John Ghiorzi was a third party neutral. The email referred to in this paragraph is a document which speaks for itself. No response is required as to the allegations concerning the documents contents. Defendant admits the remaining allegations contained in Paragraph 56 of the Complaint.

57.   The email referred to in this paragraph is a document which speaks for itself.   No response is required as to the allegations concerning the documents contents.   Defendant admits the remaining allegations contained in Paragraph 57 of the Complaint.

58.   The email referred to in this paragraph is a document which speaks for itself.   No response is required as to the allegations concerning the documents contents.   Defendant admits the remaining allegations contained in Paragraph 58 of the Complaint.

59.   The email referred to in this paragraph is a document which speaks for itself.   No response is required as to the allegations concerning the documents contents.   Defendant admits the remaining allegations contained in Paragraph 59 of the Complaint.

60.   Defendant admits the allegations contained in Paragraph 60 of the Complaint.

61.   Defendant denies that Mr. MacAllister made any threat to Plaintiff.   Defendant admits, however, that Mr. MacAllister told Plaintiff that he could subject himself to possible future disciplinary action if he refused to attend the meeting. Defendant admits the remaining allegations contained in Paragraph 61 of the Complaint.

62.   Defendant admits that the March 10, 2004 meeting was intended to be a discussion of Plaintiff's duties.   Defendant

denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.   Defendant admits that Plaintiff answered the first two questions during the meeting on March 10, 2004.  Defendant admits that Plaintiff stated that he wanted representation while his EEO complaint was being discussed.  Defendant denies that the subject of the meeting was Plaintiff's EEO complaint.

64.   Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.   Defendant admits that Plaintiff did not answer Mr. MacAllister's questions.  Defendant denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.   Defendant admits that Mr. MacAllister adjourned the meeting and that Plaintiff submitted his summary of the meeting to him.  Defendant denies the remaining allegations contained in Paragraph 66 of the Complaint.

67.   Defendant denies that Plaintiff used the term "neutral third party" in his March 10, 2003 letter to Mr. Ghiorzi. Defendant admits the remaining allegations contained in Paragraph 67 of the Complaint.

68.   Defendant admits that Mr. MacAllister wrote to Plaintiff on March 13, 2003.  Defendant denies that Mr. MacAllister issued Plaintiff a disciplinary warning.  On the contrary, the letter was a letter of instruction, which speaks for itself.  Defendant denies the remaining allegations contained

in Paragraph 68 of the Complaint.

69.  Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.  Defendant admits the allegations contained in Paragraph 70 of the Complaint.

71.  Defendant denies that the USDA Compliance Unit's decision was rendered on March 19, 2004; on the contrary, it was dated May 19, 2004.  Defendant denies that the decision contains the term "3rd neutral."  Defendant admits the remaining allegations contained in Paragraph 71 of the Complaint.

72.  Defendant denies that the date of the USDA Compliance Unit's decision was March 19, 2004; on the contrary, the date of the decision was May 19, 2004.  Defendant admits the remaining allegations contained in Paragraph 72 of the Complaint.

73.  Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.  Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.  Defendant admits that Plaintiff filed a formal complaint of discrimination on March 25, 2003.  Defendant denies that the complaint includes any charge of reduction of duties or any reference to certification rights.  The complaint is a document which speaks for itself, and the remainder of Paragraph 75 is therefore also denied.

76.  Defendant admits the allegations contained in Paragraph

76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant admits that Mr. MacAllister instructed Mr. Malone, Plaintiff's first line supervisor, to tell Plaintiff that he could not certify funds.  Defendant denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.  Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.  Defendant admits that Plaintiff has consistently received performance evaluations of "superior."

81.  Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.  Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.  Defendant admits that Plaintiff was a member of a team that questioned certain costs as part of their regular assigned duties.  Defendant denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.  Defendant admits that Plaintiff was a member of a team that questioned certain costs as part of their regular assigned duties.  Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint.

85.  Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.   Defendant admits that at the awards ceremony on October 7, 2004, Ms. Zorn gave a few awards to members of FNS-NERO. Defendant denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.   Defendant denies that Mr. Malone announced any vacancy. Defendant further denies that the Budget Analyst position is the one promotion position that is directly related to Plaintiff's current position.  Defendant admits the remaining allegations contained in Paragraph 87 of the Complaint.

88.   Defendant admits that the current Budget Analyst has not announced his retirement.  Defendant denies the remaining allegations contained in Paragraph 88 of the Complaint.

89.   Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.   Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.   Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.   Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.   Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.   Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.   Defendant admits that on October 13, 2004, Mr. Malone

issued a letter of instruction to Plaintiff.  Defendant denies, however, that the letter was disciplinary and further denies that the letter was issued as a result of a telephone call from Administrator Salazar's office.

96.  Defendant admits that Plaintiff contacted Mr. Salazar about the letter of instruction.  Defendant denies the remaining allegations contained in Paragraph 96 of the Complaint.

97.  Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.  Defendant denies that any employee at NERO has ever had his or her EEO activities improperly restricted.

99.  Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.  Defendant denies that Mr. Malone's letter was factually incorrect.  Defendant admits the remaining allegations contained in Paragraph 100 of the Complaint.

101.  Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.  Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.  Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.  Defendant denies that Mr. Malone sought to humiliate Plaintiff.  Defendant admits, however, that Mr. Malone did make an appointment for Plaintiff with a counselor.

105.  Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.  Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.  Defendant admits that on or about October 22, 2004, Mr. Malone issued a letter of instruction to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 107 of the Complaint.

108.  Defendant denies that the letter of instruction contained a reprimand.  Defendant admits the remaining allegations contained in Paragraph 108 of the Complaint.

109.  Defendant admits the allegations contained in Paragraph 109 of the Complaint.

110.  Defendant denies that Plaintiff's position was reduced.  Defendant admits, however, that he does not have certifying rights and that he does not, and never did have the title of Alternate/Backup Funds Officer.

111.  Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.  Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.  Defendant denies the allegations contained in Paragraph 113 of the Complaint.

## SECOND COUNT

114.  Defendant hereby restates and incorporates by

reference the responses to Paragraphs 1 through 113 above.

115.  This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 701.  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

116.  Defendant admit the allegations contained in Paragraph 116 of the Complaint.

117.  This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 702.  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

118.  Defendant denies the allegations contained in Paragraph 118 of the Complaint; however, Defendant admits that Plaintiff has named the United States and the USDA as Defendants.

<u>PART A</u>

119.  Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 118 above.

120.  Paragraph 120 of the Complaint contains legal argument and conclusions of law to which no response is required.  To the extent a response is required, Defendant denies those allegations.

121.  Paragraph 121 of the Complaint contains conclusions of law to which no response is required.

122.  Paragraph 122 of the Complaint contains conclusions of law to which no response is required.

123.  Paragraph 123 of the Complaint contains conclusions of law to which no response is required.

124.  Paragraph 124 of the Complaint contains conclusions of law to which no response is required.

125.  Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.  Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.  Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.  Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.  Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.  Paragraph 130 of the Complaint contains conclusions of law to which no response is required.

131.  Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.  Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.  Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.  Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.  Defendant denies the allegations contained in

Paragraph 135 of the Complaint.

PART B

136.   Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 135 above.

137.   Defendant admits that the Office of Civil Rights ruled on May 19, 2004, that FNS had not met all of its obligations under the Settlement Agreement dated June 17, 2002.  Defendant denies, however, that FNS is currently in non-compliance with the settlement agreement.

138. Defendant admits the allegations contained in Paragraph 138 of the Complaint.

139.   The determination dated May 19, 2004, is a document which speaks for itself.  To the extent this paragraph contains Plaintiff's characterization and interpretation of the document, those allegations are denied.  Defendant admits, however, that the determination included a statement that the agency failed to address the issue of its compliance with Item 7 and directed the agency to implement Item 7.

140.   Defendant admits the allegations contained in Paragraph 140 of the Complaint.

141.   Defendant admits the allegations contained in Paragraph 141 of the Complaint.

142.   Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.   Defendant denies the allegations contained in

Paragraph 143 of the Complaint.

144.   Paragraph 144 contains statements of law, to which no response is required.

145.   Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.   Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.   Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.   Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.   Defendant denies the allegations contained in Paragraph 149 of the Complaint.

<u>THIRD COUNT</u>

150.   Defendant hereby restates and incorporates by reference the responses to Paragraphs 1 through 149 above.

151.   Paragraph 151 of the Complaint contains statements of law, to which no response is required.

152.   Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.   Defendant denies the allegations contained in Paragraph 153 of the Complaint.

154.   Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.   Defendant denies the allegations contained in

Paragraph 155 of the Complaint.

156.  Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.  Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158.  Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159.  Defendant admits that Mr. MacAllister met with Plaintiff on March 10, 2003.  Defendant denies the remaining allegations contained in Paragraph 159 of the Complaint.

160.  Defendant denies the allegations contained in Paragraph 160 of the Complaint.

161.  The Settlement Agreement referred to Paragraph 161 of the Complaint is a document that speaks for itself.  To the extent a response is required to these allegations, Defendant denies the allegations contained in Paragraph 161 of the Complaint.

162.  Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.  The Settlement Agreement referred to Paragraph 161 of the Complaint is a document that speaks for itself.  To the extent a response is required to these allegations, Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.  The Settlement Agreement referred to Paragraph 161 of

the Complaint is a document that speaks for itself.  To the
extent a response is required to these allegations, Defendant
denies the allegations contained in Paragraph 164 of the
Complaint.

165.  Defendant denies the allegations contained in
Paragraph 165 of the Complaint.

166.  Defendant denies the allegations contained in
Paragraph 166 of the Complaint.

167.  Defendant denies the allegations contained in
Paragraph 167 of the Complaint.

168.  Defendant denies the allegations contained in
Paragraph 168 of the Complaint.

Defendant also denies each and every allegation to the
Complaint not heretofore admitted, denied, or otherwise responded
to.

## ADDITIONAL AFFIRMATIVE DEFENSES

1.  Plaintiff fails to state a claim upon which relief may be
    granted.

2.  Plaintiff did not timely exhaust his administrative
    remedies.

3.  Plaintiff's claims are barred to the extent that she fails
    to set forth a prima facie case of employment discrimination
    on the basis of retaliation.

4.  Plaintiff's claims are not actionable because the employment
    practices and/or decisions challenged in the Complaint are
    justified by legitimate, non-discriminatory and non-
    pretextual reasons.

5.  Defendants have complied with all laws and regulations and
    otherwise satisfied their statutory obligations toward
    Plaintiff under Title VII.

6.  Plaintiff waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

7.  Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendants, the Plaintiff has failed to mitigate his damages.

8.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

9.  Plaintiff may not recover punitive damages against Defendants.

10. Some or all of Plaintiff's claims are barred because they are subject to a settlement agreement previously entered into by the parties.

Defendant reserves the right to raise additional defenses that may become apparent during the course of discovery.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of his Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100

Dated: January 19, 2005

## CERTIFICATE OF SERVICE

I certify that on January 19, 2005, I caused a copy of the foregoing Answer to be served on Plaintiff's Attorney, Robert Catapano-Friedman, 37 Fleet Street, Suite 2, Boston, MA 02109, by first class mail, postage pre-paid.

                         /s/ Damian W. Wilmot
                         DAMIAN W.  WILMOT
                         Assistant U.S. Attorney