UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 04-12395-JLT |
| UNITES STATES OF AMERICA, et al., | * |
| Defendants. | * |

ORDER

February 23, 2005

TAURO, J.

This court hereby orders that:

1.　Plaintiff shall file a Motion for a Protective Order, with an accompanying proposed form of order, addressing with particularity the documents mentioned in the attached letter; and

2.　Plaintiff shall file the abovementioned Motion on or before March 1, 2005.

IT IS SO ORDERED.

_____
United States District Judge

LAW OFFICES
# THE CATAPANO-FRIEDMAN LAW FIRM
50 FRANKLIN STREET, 4TH FLOOR
BOSTON, MASSACHUSETTS 02110

\* ROBERT S. CATAPANO-FRIEDMAN
\*\* SARAH A. CATAPANO-FRIEDMAN

\* ALSO ADMITTED IN NEW JERSEY AND MASSACHUSETTS
\*\* ADMITTED ONLY IN MASSACHUSETTS

AFFILIATES:
ROBERT S. CATAPANO-FRIEDMAN
ROBERT S. CATAPANO-FRIEDMAN, P.C.
744 BROADWAY, ALBANY, NY 12207
(518) 463-7501 (PHONE)
(518) 463-1948 (FAX)
rcf@cflawfirm.com (E-MAIL)

OTHER OFFICE:
37 Fleet St., Boston, MA 02109
(617) 557-4044 (PHONE AND FAX)

February 22, 2005

VIA TELEFAX
U.S. District Court
for the District of Massachusetts
The Hon. Joseph L. Tauro, U.S.D.J.

ATTN: Zita Lovett

Re: Pedicini v. United States, Civil Action #04-12395-JLT

Dear Ms. Lovett:

Pursuant to our conversation this afternoon, we have discussed with you an issue regarding document production by our client John Pedicini in the captioned case in connection with Rule 26 disclosures required to be produced today under Judge Tauro's order.

As discussed, at least some of these documents (and perhaps, most or all of them) are covered by the federal Privacy Act (5 U.S.C. 552a). That statute allows disclosure pursuant to a court order, but upon review of relevant case law we believe, that the Judge's Rule 26 disclosure order may not be sufficient to allow this production. However, an express order of production by the Court would clearly suffice. Also, since these are U.S. Government records, we believe that production to the U.S. Attorney, who represents the U.S. Government, should be permissible under the Privacy Act.

We have discussed this matter with the U.S. Attorney, Damian Wilmot, and he stated that he also believes that production may be permissible. However, neither of us is certain that this is the case. We are inclined to be cautious in the production of these documents since an unauthorized production could constitute a criminal act by our client.

Accordingly, we request that you order our client to produce these documents to the U.S. Attorney so that it is clear that production is being made pursuant to a court order, and, is, thus, permissible under the Privacy Act. Thank you for your help.

Respectfully submitted,

Robert S. Catapano-Friedman

cc: Damian Wilmot, Esq. (U.S. Attorney)