UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JOHN G. PEDICINI,                     :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :
                                      :   Case No. 04-12395 JLT
UNITED STATES OF AMERICA, and         :
ANN M. VENEMAN, SECRETARY,            :
UNITED STATES DEPARTMENT OF           :
AGRICULTURE,                          :
                                      :
        Defendants.                   :
```

**MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT
OF PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, the United States of America and Ann M. Veneman, Secretary of the United States Department of Agriculture, move for leave to file a brief reply memorandum in support of its Partial Motion for Judgment on the Pleadings. The government believes that the brief memorandum clarifies the issues before the Court and will assist it in reaching a decision on the Motion.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:     /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney
                                Moakley Federal Courthouse
                                One Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3100

Dated: April 18, 2005

**CERTIFICATION UNDER L.R. 7.1**

    I certify that in accordance with Local Rule 7.1, I attempted to contact Plaintiffs' counsel for his consent or objection to my filing of this Reply Memorandum, but was unsuccessful.

                                          /s/ Damian W. Wilmot
                                          DAMIAN W. WILMOT
                                          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,           :
                            :
        Plaintiff,          :
                            :
    v.                      :
                            :  Case No. 04-12395 JLT
UNITED STATES OF AMERICA, and :
ANN M. VENEMAN, SECRETARY,  :
UNITED STATES DEPARTMENT OF :
AGRICULTURE,                :
                            :
        Defendants.         :

**UNITED STATES OF AMERICA'S REPLY MEMORANDUM
IN SUPPORT OF PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, the United States of America and Ann M. Veneman, Secretary of the United States Department of Agriculture ("USDA"), have moved pursuant to Fed. R. Civ. P. 12(c) to dismiss Count Two of the Complaint in its entirety and the due process claim contained in Count Three of the Complaint. As grounds for this Motion, Defendants contend that Count Two fails because the Plaintiff lacks standing to sue the USDA under the Administrative Procedure Act ("APA"), as he has not suffered any harm as a result of the Government's alleged inactions. Defendants also contend that the due process claim contained in Count Three fails because the Government is immune from monetary claims based on the Constitution and, furthermore, the Complaint is insufficient to proceed on a procedural due process claim.

In response to Defendants' arguments for the dismissal of Count Two, Plaintiff incorrectly contends that he has standing solely because he allegedly satisfies the "zone of interest"

test.  As stated in Defendants' Motion, satisfaction of the "zone of interest" test is a prudential requirement to bringing an action under the APA.  Article III of the Constitution, of course, still requires Plaintiff to establish that he has suffered a sufficient injury in fact.  Plaintiff fails to adequately address this issue.

With regard to the due process claim contained in Count Three, while Plaintiff concedes that he cannot pursue monetary damages based upon the Constitution, he maintains the incredible argument that the USDA must first undergo some sort of due process hearing before it takes <u>any</u> action that Plaintiff believes might effect his employment.  Essentially, Plaintiff contends that he has some sort of special employment relationship whereby the USDA must first show cause before making any employment decisions that might concern his interests.  Plaintiff's contention is baseless and without merit.  Accordingly, for the reasons set forth in detail in the Motion for Judgment on the Pleadings and for the additional reasons below, the Court should dismiss Count Two and the due process claim contained in Count Three.

**ARGUMENT**

**A.   PLAINTIFF LACKS STANDING TO BRING AN ACTION UNDER THE APA**

Plaintiff fails to adequately address how he has standing to bring an action against the USDA under the ADA.  Instead,

Plaintiff spends much of his brief incorrectly arguing that he has standing merely because his alleged claims of retaliation are within the "zone of interest" of the Notification and Federal Employee Anti-discrimination and Retaliation Act of 2002 ("No FEAR Act"), Public Law 107-174.  Plaintiff is correct that he must prove that his allegations are within the "zone interests" Congress sought to protect by creating the No FEAR Act.  See Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co., 522 U.S. 479, 488 (1988).  He, however, fails to establish that he has suffered a sufficient injury in fact, which Article III of the Constitution requires.

Indeed, Plaintiff does not demonstrate how, in any way, he is harmed by the USDA's purported failure to submit a written statement to, among others, Congress, concerning whether or not it will follow the Office of Personnel Management's guidelines for repayment of judgments.  Again, Plaintiff has not received (or is due) any type of judgment that Section 201 of the No FEAR Act would govern.  Plaintiff's failure to establish such injury is fatal to this claim.

As stated in the United States' Motion, the Complaint also fails to allege how the USDA's alleged failure to provide a report of compliance to the USDA's Office of Civil Rights has

caused Plaintiff any harm.[1]  Plaintiff's Opposition does not adequately address this fatal problem.  Instead, to save this claim, he improperly introduces new allegations via his Opposition that are not contained in the Complaint.  Namely, Plaintiff now claims that the USDA violated the USDA's Office of Civil Rights' order to implement the dispute resolution process outlined in the June 17, 2002, Settlement Agreement ("Settlement Agreement").  The Court should strike these allegations from Plaintiff's Opposition and ignore them in their entirety.

Finally, Plaintiff fails to demonstrate how he is harmed by OPM's purported unreasonable delay in issuing guidelines that provide for disciplinary action against federal employees who discriminate against other federal employees.  As an initial matter, Section 204 of the No FEAR Act sets no deadlines by which OPM must issue such guidelines.  Indeed, by closely reading Section 204 of the Act, which came into effect on October 1, 2003, one can presume that Congress did not expect OPM to quickly turnaround "advisory guidelines incorporating best practices that Federal agencies may follow to take [appropriate disciplinary] actions against [Federal employees who violate anti-discrimination and whistle-blower protection laws]."  Pub. L. No. 107-174, 116 Stat. 570.  Indeed, the Act instructs OPM to base

---

[1] Plaintiff incorrectly argues that the Unites States' Motion does not address this issue.  The United States addresses the fatal shortcomings of this allegation on page 8 of its Motion.

-4-

these guidelines on a "comprehensive study" of each and every agency in the executive branch -- which would obviously take some time.  Id.  Moreover, the Act does not require an agency to adopt OPM guidelines -- another misconception on Plaintiff's part. Pub. L. No. 107-174, 116 Stat. 571.  Indeed, the Act allows agencies to reject the guidelines.  Id.  Finally, as stated in the Government's Motion, no adjudicator has ever ruled in Plaintiff's favor, finding that his supervisors discriminated or retaliated against him.

Plaintiff contends in his Opposition that the USDA's investigation of his administrative claim "clearly revealed" that Plaintiff's allegations are true and that the USDA -- through some sort of agency-wide conspiracy -- purposely has postponed any findings on Plaintiff's administrative complaint.  These allegations, not contained in the Complaint, are baseless and not properly before the Court.  As stated above, the Court should strike these allegations from Plaintiff's opposition and ignore them in their entirety.  It is clear that Plaintiff lacks standing to sue the United States under the APA as he has not suffered any harm as a result of the USDA's (or OPM's) alleged inactions.  Accordingly, this Court lacks jurisdiction over Count Two of the Complaint.

**B.   THE COURT SHOULD DISMISS PLAINTIFF'S DUE PROCESS CLAIM FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

Plaintiff concedes that his claim for monetary damages under the Constitution fails as a matter of law.  He, however, maintains his demand for injunctive relief on the grounds that the Settlement Agreement creates property interests in his employment, job training, "career advancement," and such concepts such as "equal treatment."  He also claims that the Settlement Agreement requires a due process hearing <u>whenever</u> the USDA takes <u>any</u> action that Plaintiff deems might have an effect on the aforementioned property interests and disagrees with.

Plaintiff fails to respond to the substance of the Government's arguments for the dismissal of his due process claim.  As stated in the Government's Motion, the Complaint does not sufficiently demonstrate a deprivation of a property interest.  Furthermore, the Complaint does not establish that the Settlement Agreement promised Plaintiff a due process hearing <u>before</u> the USDA may make employment decisions that might effect Plaintiff and that he disagrees with.  Indeed, Plaintiff essentially argues that the Settlement Agreement created a special employment relationship between him and the USDA, whereby the USDA is required to first show cause at a hearing before or, at least, after taking any action that Plaintiff feels might effect his employment.  There is no language in the Settlement Agreement to support such an interpretation.  <u>See</u> Settlement

- 6 -

Agreement ¶7, attached to Defendants' Memorandum in Support of Partial Motion for Judgment on the Pleadings as Exhibit A. Nowhere in the paragraph concerning dispute resolution, or elsewhere in the Settlement Agreement, does the USDA promise Plaintiff a due process proceeding before or after it decides to make employment decisions with regard to Plaintiff.  Plaintiff's reliance on Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part, Daniels v. Williams, 474 U.S. 327 (1986), that he at least deserves a "post-deprivation" hearing is misplaced.  Indeed, "post-deprivation" hearings typically are held where a due process hearing is required, but, due to exigent circumstances, the government had to the take the property prior to conducting a hearing.  See Parratt, 451 U.S. at 539.  Such a scenario is simply inapplicable to the instant case.  Accordingly, the Plaintiff's due process claim is without merit.[2]

---

[2] The Government has not moved to dismiss Plaintiff's breach of contract claim, which is found in Count Three of the Complaint.  Nevertheless, Plaintiff needlessly argues that his contract claim is viable.  It appears as though Plaintiff is requesting that the Court find his contract claim to be valid and, as a result, preclude the Government from raising any future argument challenging the merits of that claim.  The Court should strike this argument from Plaintiff's Opposition and reject his request to issue some sort of advisory opinion or protective order as to his contract claim.

<u>CONCLUSION</u>

Accordingly, for the reasons articulated above, Counts Two and Three of the Complaint should be dismissed.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN
                               United States Attorney

                    By:  <u>/s/ Damian W. Wilmot</u>
                               DAMIAN W. WILMOT
                               Assistant U.S. Attorney
                               Moakley Federal Courthouse
                               One Courthouse Way, Suite 9200
                               Boston, MA 02210
                               (617) 748-3100

Dated: April 18, 2005