**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHN G. PEDICINI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 04-12395 JLT |
| UNITED STATES OF AMERICA, | : |
| ANN M. VENEMAN, SECRETARY, | : |
| UNITED STATES DEPARTMENT OF | : |
| AGRICULTURE, AND LINDA | : |
| SPRINGER, DIRECTOR, UNITED | : |
| STATES OFFICE OF PERSONNEL | : |
| MANAGEMENT, | : |
| | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
<u>PARTIAL MOTION TO DISMISS</u>**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendants, the United States of America, Ann M. Veneman, Secretary of the United States Department of Agriculture ("USDA"), and Linda Springer,[1] Director of the United States Office of Personnel Management ("OPM"), hereby submit this Memorandum in Support of their Partial Motion to Dismiss.[2] The Court should dismiss Count

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), the new Director of the United States Office of Personnel Management, Linda Springer, is hereby substituted for Dan G. Blair as a defendant in this case.

[2] Defendant is not filing an answer with respect to the claims not addressed in the motion to dismiss, inasmuch as a partial 12(b) motion enlarges the time to file an answer with respect to those claims not addressed in the motion. See <u>Tingley Sys., Inc. v. CSC Consulting, Inc.</u>, 152 F. Supp.2d 95, 122 (D. Mass. 1995). This is in accord with the definitive treatise on federal procedure, which explains that "the weight of the limited authority on this point is to the effect that the filing of a motion to dismiss suspends the time to respond to the entire complaint, not just to the claims that are the subject of the

Two, subpart a, for lack of subject matter jurisdiction and for failure to state a claim.

## INTRODUCTION

Plaintiff, a current employee of the USDA, claims that the USDA has retaliated against him for filing actions against the agency in 2001 and 2003, and for asserting his "right" to represent co-workers in Equal Employment Opportunity matters. He alleges that the USDA, in violation of Title VII, retaliated against him by reducing his job duties, denying him training opportunities, denying him recognition at an awards ceremony, obstructing his career path, issuing him unjustified performance warnings, and referring him to a counselor. Complaint ¶¶39, 69, 92, 93, 95, 99, 104, 107, 110.

In Count Two, subpart a, of the Complaint, Plaintiff also claims that the USDA violated the Administrative Procedure Act ("APA") by failing to submit a written report to, among others, Congress, as is required by the Notification and Federal Employee Anti-discrimination and Retaliation Act of 2002 ("No FEAR Act"). Plaintiff similarly claims that OPM failed to perform certain duties as required by the No FEAR Act in violation of the APA.

---

motion," and that "[c]ourts following this majority rule have noted that the minority approach would require duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and cause confusion over the proper scope of discovery during the motion's pendency." 5B Charles Allan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1346, at 46 (3d ed. 2004).

The Plaintiff, however, has no standing to bring these APA claims because he has not suffered any harm as a result of the government's alleged inactions. For these reason and others, which are set forth below, the Court should dismiss Count Two, subpart a, for lack of jurisdiction and failure to state a claim.

**ARGUMENT**

The standard the court must apply when deciding a motion to dismiss is well-established. The court must accept the allegations of the complaint as true, viewing the alleged facts in the light most favorable to the plaintiff. Hughes v. Rowe, 449 U.S. 5, 10 (1980) (per curiam). When deciding on a Rule 12(b)(1) motion, the court may also consider extrinsic materials to determine whether it as jurisdiction over the claims. Dynamic Image Technologies, Inc. v. United States, 221 F.3d 34, 37-38 (1st Cir. 2000). The court may dismiss the complaint if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Harper v. Cserr, 544 F.2d 1121, 1122 (1st Cir. 1976).

I.  **PLAINTIFF'S APA CLAIM BASED ON THE NO FEAR ACT LACKS MERIT**

Plaintiff claims that the USDA and OPM violated the APA by failing to satisfy their obligations under the No FEAR Act. Specifically, Plaintiff alleges that on January 22, 2004, OPM,

pursuant Section 204(a) of the No FEAR Act,[3] issued guidelines to all federal agencies concerning their obligations to repay discrimination settlements and judgments paid by the Financial Management Service, Department of Treasury on their behalf.  <u>See also</u> Pub. L. No. 107-174, 116 Stat. 568-569 (regarding repayment of judgments by agencies).  Plaintiff alleges that Section 204(b) of the No FEAR Act[4] required the USDA to submit a "written statement" to the Speaker of the House of Representatives, the President pro tempore of the Senate, the Equal Employment Opportunity Commission, and the Attorney General within 30 days

---

[3] Section 204(a) of the No FEAR Act states in relevant part: ". . . The President (or the designee of the President) shall issue (1) rules to carry out this title; (2) rules to require that a comprehensive study be conducted in the executive branch to determine the best practices relating to the appropriate disciplinary actions against Federal employees who commit the actions described under clauses (i) and (ii) of section 203(a)(6)(A); and (3) based on the results of such study, advisory guidelines incorporating best practices that Federal agencies may follow to take such actions against such employees."  Pub. L. No. 107-174, 116 Stat. 570-571.

[4] Section 204(b) of the No FEAR Act states in relevant part: ". . . Not later than 30 days after the issuance of guidelines under subsection (a), each Federal agency shall submit to the Speaker of the House of Representatives, the President pro tempore of the Senate, the Equal Employment Opportunity Commission, and the Attorney General a written statement specifying in detail (1) whether such agency has adopted and will fully follow such guidelines; (2) if such agency has not adopted such guidelines; the reasons for the failure to adopt such guidelines; and (3) if such agency will not fully follow such guidelines, the reasons for the decision not to fully follow such guidelines and an explanation of the extent to which such agency will not follow such guidelines."  Pub. L. No. 107-174, 116 Stat. 570-571.

of the OPM's guidelines issued on January 22, 2004.  Plaintiff claims that the USDA failed to do this and, therefore, violated the APA.  Further, he alleges that OPM and USDA failed to follow Section 203 of the No Fear Act[5] by not yet issuing guidelines or regulations that provide for disciplinary action against federal employees who are found to have discriminated against other federal employees.  These claims lack merit and the Court should dismiss them for several grounds.

> **A.   Plaintiff Fails To State A Claim Under The APA For The Government's Alleged Failures To Comply With The No FEAR Act**

Plaintiff fails to state a claim against the USDA and OPM for their purported violations of the No FEAR Act.  First, with regard to the USDA's alleged failures regarding repayment of discrimination judgments, Plaintiff clearly misreads the No FEAR

---

[5] Section 203 of the No FEAR Act states in relevant part: ". . . not later than 180 days after the end of each fiscal year, each Federal agency shall submit to the Speaker of the House of Representatives, the President pro tempore of the Senate, the Committee on Governmental Affairs of the Senate, the Committee on Government Reform of the House of Representatives, each committee of Congress with jurisdiction relating to the agency, the Equal Employment Opportunity Commission, and the Attorney General an annual report which shall include, with respect to the fiscal year . . . a detailed description of (A) the policy implemented by that agency relating to appropriate disciplinary actions against a Federal employee who (i) discriminated against any individual in violation of any of the laws cited under section 201(a) (1) or (2); or (ii) committed another prohibited personnel practice that was revealed in the investigation of a complaint alleging a violation of any of the laws cited under section 201(a) (1) or (2) . . . ."  Pub. L. No. 107-174, 116 Stat. 569-570.

Act and OPM's January 22, 2004, publication in the Federal Register. Specifically, Plaintiff has conflated the statutory requirement to promulgate rules for specific provisions with a later obligation to issue advisory guidelines related solely to the issue of discipline. See supra footnote 3.

The No FEAR Act does not require OPM to issue guidelines to federal agencies concerning their obligations to repay discrimination judgments paid from the Treasury Department's Judgment Fund. Instead, the No FEAR Act requires OPM to promulgate rules on agency reimbursement of the Judgment Fund for payments concerning violations of federal discrimination and whistle-blower protection laws. See Implementation of Title II of the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, 69 Fed. Reg. 14,2997-2999 (Jan. 22, 2004)(to be codified at 5 C.F.R. pt. 724). OPM's January 22, 2004, publication was not a list of guidelines to federal agencies, as Plaintiff claims, but a publication in the Federal Register of final interim regulations on agency reimbursement of the Judgment Fund and a request for comments on those regulations. See id. OPM's publication of the final interim regulations did not, as Plaintiff argues, trigger a 30-day period within which the USDA had to submit a responsive written statement to the Attorney General and others.

Furthermore, with regard to OPM's and USDA's failure to

issue advisory guidelines incorporating best practices related to disciplinary action against federal employees who are found to have discriminated against other federal employees, the No FEAR Act sets <u>no</u> deadlines by which OPM must issue such advisory guidelines.  Indeed, by closely reading Section 204(a) of the Act (<u>supra</u> footnote 3), which became effective on October 1, 2003, one can presume that Congress did not expect OPM to quickly turnaround "advisory guidelines incorporating best practices that Federal agencies may follow to take [appropriate disciplinary] actions against [Federal employees who violate anti-discrimination and whistle-blower protection laws]."  Pub. L. No. 107-174, 116 Stat. 570.  Indeed, the Act instructs OPM to base these advisory guidelines on a "<u>comprehensive</u> study" of each and every agency in the executive branch -- which would obviously take some time.  <u>Id.</u> (emphasis added).  Further, the Act does not require an agency to adopt OPM guidelines -- another misconception on Plaintiff's part.  Pub. L. No. 107-174, 116 Stat. 571.  Indeed, the Act allows agencies to reject the guidelines.  <u>Id.</u>  Accordingly, Count Two, subpart a, of the Complaint fails to state a claim under the APA and No FEAR Act.

    **B.** **<u>The Court Lacks Jurisdiction Over Count Two, Subpart A, Of The Complaint Because Plaintiff Does Not Have Standing</u>**

Plaintiff lacks standing to assert a violation of the APA based on the allegations described above.  The APA is clear that

in order to bring a suit under the Act the plaintiff must have suffered a sufficient injury in fact.[6]  See 5 U.S.C. § 702; see also U.S. Const. art. III.  The Complaint does not meet this prerequisite showing.

First, with regard to the USDA's purported failures regarding repayment of discrimination judgments, the Complaint fails to allege that the USDA has not followed or is not following OPM's final interim regulations concerning reimburse of the Judgment Fund.  Further, assuming *arguendo* that the USDA was non-compliant in repaying discrimination judgments, the Complaint fails to allege how such a failure has caused him harm.

Plaintiff also lacks standing to bring a claim against OPM for its purported unreasonable delay in issuing guidelines that provide for disciplinary action against federal employees who have been found to have discriminated against other federal employees.  Plaintiff alleges he has suffered harm by OPM's alleged delay in issuing the guidance because the USDA, in turn, has not implemented regulations which (Plaintiff claims) would require it to discipline his supervisors for discriminating against him and others.  This claim is specious.  No adjudicator has ever found that Plaintiff's supervisors discriminated or

---

[6] Furthermore, the APA imposes a prudential standing requirement in addition to the requirement, imposed by Article III of the Constitution, that a plaintiff have suffered a sufficient injury in fact.  Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co., 522 U.S. 479, 488 (1998).

retaliated against him or others -- which obviously would have to occur to trigger the USDA's obligation to discipline these individuals under the No FEAR Act (assuming such an obligation currently existed). The Complaint is careful not to go as far as to make such a baseless accusation, but this omission is fatal to the claim. It is clear that Plaintiff lacks standing to sue the United States under the APA as he has not suffered any harm as a result of the USDA's or OPM's purported inactions. Accordingly, this Court lacks jurisdiction over Count Two, subpart a, of the Complaint.

CONCLUSION

Accordingly, for the reasons articulated above, Count Two, subpart a, should be dismissed.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                      By:  /s/ Damian W. Wilmot
                                DAMIAN W. WILMOT
                                Assistant U.S. Attorney
                                Moakley Federal Courthouse
                                One Courthouse Way, Suite 9200
                                Boston, MA 02210
                                (617) 748-3100

Dated: September 13, 2005

## CERTIFICATION UNDER L.R. 7.1

    I certify that in accordance with Local Rule 7.1, I have conferred with Plaintiff's counsel and have attempted in good faith to resolve the issues addressed in this Motion.

                                              /s/ Damian W. Wilmot
                                              DAMIAN W. WILMOT
                                              Assistant U.S. Attorney