```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
_____
JOHN G. PEDICINI,             |
                              |
      Plaintiff               |
                              | CIVIL ACTION NO. 04-12395-JLT
-vs-                          |
                              |
UNITED STATES OF AMERICA      | Memorandum in Support of Motion
UNITED STATES                 | For Leave to Depose Additional
DEPARTMENT OF AGRICULTURE,    | Witnesses under F.R.C.P. 30
ANN M. VENEMAN, SECRETARY,    | And Local Rule 26.1(c)
      Defendants              |
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE ADDITIONAL WITNESSES**

Plaintiff JOHN G. PEDICINI, through his counsel, comes before this court pursuant to Federal Rules of Civil Procedure 30 and Local Rules 26.1(c) for an order allowing the deposition of three additional witnesses who are relevant to his causes of action.

**Statement of Fact and Procedural History**

On November 12, 2004, John G. Pedicini through his counsel filed a Complaint against the United States of America and the U.S. Department of Agriculture via its Secretary in her official

1

capacity for violations of Title VII, the Administrative Procedure Act ("APA"), the 5th Amendment and Breach of Contract. The Defendants filed their answer dated January 19, 2005. On March 21, 2005 Plaintiff received the initial disclosures from Defendants. Whether or not Plaintiff was an alternate or back up funds officer with certification rights and duties is relevant to whether or not Defendants have retaliated against Plaintiff by stripping him of this title and duties, as alleged in the Amended Complaint in the above captioned matter. Defendants have claimed in their original Answer to the original Complaint that Plaintiff was never a back up or alternate funds officer, that no such position exists, and Plaintiff never had certification duties or responsibilities. (Answer of the United States of America dated January 19, 2005, paragraph 37 and 38). Plaintiff has alleged in his Amended Complaint in paragraphs 34 through 48, paragraphs 76 through 82, paragraph 93, and paragraphs 107-113, without limit, that he held the title of Alternate or Back Up Funds Officer, that he had certifying rights, and that his supervisors retaliated against him in part by taking away this title and certifying duties.  In Defendant's Answer to Plaintiff's first Complaint, Defendants claimed that there was no such title as back up or alternate funds officer, that Plaintiff never held that title and that Plaintiff never had the responsibility or ability to certify funds availability (Defendants' Answer

Paragraphs 37-38). Defendants have not yet submitted an Answer to Plaintiff's Amended Complaint.

On April 19, 2005 this court ordered Plaintiff depose thirteen relevant witnesses before November 30, 2005. Those witnessed did not include Angela McElmurry, Larry Blim, or Lisha Dorman. In that order the court ordered no further discovery be conducted except by leave of the court. Between June 5, 2005 and present Plaintiff by his attorneys has deposed all thirteen of the witnesses previously ordered deposed by this court in an order dated April 19, 2005. Since April 19, 2005 Plaintiff has learned of three additional witnesses with relevant testimony to his allegations that he held the title of alternate or back up funds officer and, as such, held certification rights, as alleged in the Amended Complaint in the above captioned matter. (See attached John G. Pedicini Affidavit, hereinafter "JP Aff." Paragraph 2.)

On April 19, 2005 and April 20, 2005, Plaintiff attended an annual meeting of Funds Officers for the United States Department of Agriculture Food and Nutrition Services (hereinafter "FNS") in New Orleans, Louisiana. (JP Aff. Paragraph 7) At that meeting, Larry Blim and Lisha Dorman confirmed to Plaintiff and to Martin Hines that Plaintiff is a back up or alternate Funds Officer and, as such, has certification rights and responsibility to certify the availability of funds. (JP Aff. Paragraph 9-10 and Sarah

Catapano-Friedman Affidavit, hereinafter "SCF Aff." paragraphs 18 and 25.) At that meeting Ms. Dorman led a discussion entitled "Responsibilities of Back Up Funds Officers" and in that discussion stated that Back Up Funds Officers have all the duties and responsibilities of primary Funds Officers by virtue of their titles. (JP Aff. Paragraph 8, 9; SCF Aff. Paragraph 25.) Mr. Blim spoke to Plaintiff and told Plaintiff that Plaintiff was a Back Up Funds Officer, that Plaintiff is supposed to be included in the column of "Alternative Funds Control Officer" for e-travel, and that Plaintiff was to have all the duties of the primary funds officer for e-travel, including the right to certify funds availability. (JP Aff. Paragraph 10.) Larry Blim told Plaintiff at that time that Douglas MacAllister, Plaintiff's second line supervisor, had violated agency policy by removing Plaintiff's right to certify the availability of funds. (JP Aff. Paragraph 10.)

    Mr. Blim and Ms. Dorman were responsible for running the Funds Officers meeting and for informing Funds Officers of their duties and responsibilities by virtue of their titles and positions. (JP Aff. Paragraphs 9 and 12; SCF Aff. Paragraphs 14, 15, 17, 18.) Mr. Blim oversees all the funds officers and back up funds officers at FNS in every region, knows all the funds officers and back up funds officer at FNS, and is responsible for letting those funds officers know of changes in procedure or

changes in duties. (JP Aff. Paragraphs 4, 11, 13; SCF Aff. Paragraph 14.) Ms. Dorman was responsible for training all funds officers and back up funds officers in their duties and responsibilities at the relevant times. (JP Aff. Paragraph 5; SCF Aff. Paragraph 18) Ms. Dorman and Mr. Blim both work at Food and Nutrition Services Headquarters in Alexandria, Virginia and Mr. Blim is a grade GS-15. (JP Aff. Paragraphs 3, 5, 26; SCF Aff. Paragraphs 15, 17.)

    Angela McElmurry is currently an employee of the Defendant United States and is employed at Internal Revenue Services. (JP Aff. Paragraph 27.) Through the deposition of Jonathan Lash on August 2, 2005, Plaintiff learned that Angela McElmurry kept the listing and produced the listing of Funds Officers when he was first appointed a back up or alternate Funds Officer with certification duties. Plaintiff learned at Jonathan Lash's deposition that Angela McElmurry had produced the list of Funds Officers in 1999 on which Plaintiff had appeared as the Back Up Funds Officer. (JP Aff. Paragraphs 14, 15, 16; SCF Aff. Paragraph 27.)  Plaintiff had been appointed Back Up Funds Officer to the primary Funds Officer, Martin Hines, in 1998. (JP Aff. Paragraphs 19, 22, 24, 28; SCF Aff. Paragraph 23).  The Depositions offer conflicting testimony as to whether Arthur LeBlanc communicated Plaintiff's appointment in 1998 to anyone, including FNS-Headquarters, where Angela McElmurry kept the list identifying

5

all Funds Officers and Back Up Funds Officers at the time. (SCF Aff. Paragraphs 12, 23.) The list of Funds Officers and Back Up Funds Officers produced by Angela McElmurry in 1999 and produced by Jonathan Lash are official documents which are required under the FNS Handbook 101 for Funds Officers, which is promulgated by Defendants. (JP Aff. Paragraph 17)

In their depositions, Defendants offer disputed testimony as to whether Plaintiff was a Back Up Funds Officer with the rights and responsibility for certifying the availability of funds in the absence of the primary Funds Officer. (JP Aff. Paragraphs 18, 29, 30; SCF Aff. Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 18, 21, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34.)  This is a highly contested issue and is relevant to Plaintiff's claims of retaliation. (JP Aff. Paragraphs 28, 29, 30; SCF Aff. Paragraphs 3, 4, 5, 6, 7).   Defendants do not deny that Plaintiff does not currently have the right and responsibility to certify the availability of funds within FNS-NERO as the Back Up Funds Officer and Defendants do not deny that Plaintiff does not currently have the title of Alternate or Back Up Funds Officer within FNS-NERO. Plaintiff has asserted in the Amended Complaint that he held this title and this certification responsibility and that Defendants stripped him of them from February and March 2003 through present in retaliation for his protected activity. Plaintiff believes and the testimony of others suggest that Larry

Blim, Lisha Dorman, and Angela McElmurry have testimony relevant to whether or not Plaintiff is or was a Back Up Funds Officer, whether or not Plaintiff had or should have the responsibility to certify the availability of funds in the absence of the primary funds officer, and whether or not Plaintiff was appointed the Back Up Funds Officer in 1998 or 1999. (JP Aff. 18, 19, 20, 21, 22, 30, 31, 32; SCF Aff. Paragraph 14, 15, 17, 18, 19, 20, 23, 25, 27.)

### Argument
**Plaintiff's Motion for Leave to Depose Additional Witnesses Should be Granted Because The Witnesses Have Relevant Additional Testimony Under FRCP 26.**

Federal Rules of Civil Procedure 26(b)(1) states that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." By order, this court has limited the number of depositions to the thirteen persons named on April 19, 2005 before the court. Since the appearance of his attorneys before the court April 19, 2005, Plaintiff has discovered three additional individuals with relevant information that support his claim that he was an alternate or back up funds officer and that he held certification duties and responsibilities, as claimed in Plaintiff's Amended Complaint for the above captioned case. Whether or not Plaintiff was an alternate or back up funds officer with certification rights and duties is relevant to

whether or not Defendants have retaliated against Plaintiff by stripping him of this title and duties, as alleged in the Amended Complaint in the above captioned matter. Defendants have claimed in their original Answer to the original Complaint that Plaintiff was never a back up or alternate funds officer, that no such position exists, and Plaintiff never had certification duties or responsibilities.

Under the FRCP 30 and Local Rules 26.1(c) Plaintiff must obtain permission from this court to depose these additional witnesses. <u>Advanced Sterilization Prods v. Jacob</u>, 190 F.R.D. 284 (D. Mass. 2000).

Because Larry Blim and Lisha Dorman work at the headquarters for FNS, Larry Blim is a grade GS-15, and both Mr. Blim and Ms. Dorman are employees at a high level, it is appropriate that their testimony be taken during a deposition because Plaintiff's attorneys could not speak to either as officers of the Defendant agency, FNS. These two individuals are considered management of FNS and, as such, it would be impermissible to contact them directly outside of a deposition in discovery of their testimony. Angela McElmurry is similarly a current employee of Defendant United States in the Internal Revenue Service. Even if Plaintiff could take the testimony of these three individuals outside of a deposition, a deposition is the most appropriate forum for gathering their testimonies because their testimonies relate to

some of the most pertinent issues regarding Plaintiff's claims of retaliation and Defendants' defenses against those claims. Plaintiff and Defendants should have the opportunity to gather their testimony under oath at the same time. Their testimonies will go to the heart of Plaintiff's retaliation claim–whether or not John Pedicini held the position of Back Up or Alternate Funds officer and whether or not John Pedicini had the responsibilities and duties to certify the availability of funds in the absence of the primary funds officer. If this is true, then Defendants' defense that they could not have retaliated against John Pedicini by taking away this title and certification responsibility because John Pedicini never held this title or certification responsibility would be severely impaired.

**A. Larry Blim**

Larry Blim organizes annual Funds Officers meetings in his role as FFIS Administrator at FNS. Plaintiff attended this Funds Officer meeting every year since becoming a back up or alternate Funds Officer in 1998. However, it was on April 19, 2005 at the FY2005 Funds Officer Meeting in New Orleans, Louisiana that Larry Blim spoke personally to Plaintiff and reconfirmed that Plaintiff was a Back Up Funds Officer, had certification rights, should continue to have certification rights, and Douglas MacAllister's prohibition against Plaintiff certifying the availability of

9

funds was a violation of agency policy. Larry Blim oversees Funds Officers at Food and Nutrition Services across the country and, as such, has direct knowledge of their positions and responsibilities.  Since Larry Blim is the individual who notified all Funds Officers of procedures and processes, he is the individual who would know whether or not Back Up Funds officers have the duties and responsibilities to certify the availability of funds in the absence of the primary Funds Officer. Since Larry Blim knows all the back up and primary funds officers across the country for FNS, Larry Blim would also know whether or not Plaintiff is a back up funds officer. Larry Blim's testimony is directly relevant to the above captioned case because it will support Plaintiff's allegations that he was a Back Up Funds Officer, that the position of Back Up or Alternate Funds Officer exists, that Plaintiff had certification rights and that Plaintiff's superiors retaliated against Plaintiff by stripping him of this position and certification rights. In addition, Larry Blim's testimony will rebut Defendants' allegations that there is no position of Back Up Funds Officer or Alternate Funds Officer, that Plaintiff was never a Back Up or Alternate Funds Officer and that Plaintiff never had certification rights. As such, Plaintiff asks for leave from the court to depose Larry Blim.

**B. Lisha Dorman**

Although Lisha Dorman is currently a Budget Officer at FNS Headquarters, at the time of the Annual Funds Officer Meeting from April 19-20 2005, Lisha Dorman was the FFIS system administrator for FNS and was the principal who conducted training for Funds Officers and Back Up Funds Officers. As such, Lisha Dorman has extensive knowledge of the roles of Funds Officers and Back Up or Alternate Funds Officers and their duties by virtue of their position. At the Annual Funds Officer Meeting on April 19-20, 2005, Lisha Dorman led a discussion on several topics relating to Funds Officers and Back Up Funds Officers, including the "Responsibilities of Back Up Funds Officers." At that time, Lisha Dorman reaffirmed that Back Up Funds Officers had all the same duties as Primary Funds Officers, indicating that back up funds officers had the duties of certification of the availability of Funds. In addition, Lisha Dorman spoke with Martin Hines during that discussion and said that John Pedicini was and should be the back up funds officer and, as such, John Pedicini did have and should have the ability and duties of certification of the availability of funds in the absence of the primary Funds Officer.

Lisha Dorman also has relevant information regarding approval chains for e-travel, who is supposed to have the ability to certify the availability of funds for e-travel, and what the

positions on the e-travel approval list entail. Douglas MacAllister admitted to altering, during the relevant time period, the name of a position on the approval chain from "alternate funds control officer" to "alternate funds approver" and to receiving the blank form with "alternate funds control officer" on it from Lisha Dorman. MacAllister testified that he changed the title from "alternate funds control officer" to "alternate funds approver" prior to filling in Plaintiff's name under the caption of "alternate funds approver." Lisha Dorman, as the officer at Headquarters who sent the form to Douglas MacAllister via Plaintiff to be filled out, has relevant testimony as to the intent of the duties of the alternate funds control officer and the intent of Headquarters as to what duties are to be encompassed by that title, her instructions to Douglas MacAllister when completing the form, and whether Douglas MacAllister's actions, therefore, constituted a malicious attempt to reduce Plaintiff's duties and title.

Therefore, Plaintiff requests from the Honorable Court leave to depose Lisha Dorman.

### C. Angela McElmurry

Angela McElmurry was responsible for keeping the list of Funds Officers and Back Up or Alternate Funds Officers at FNS Headquarters when Plaintiff John Pedicini was appointed Back Up

or Alternate Funds Officer in 1998. Ms. McElmurry promulgated the list of Funds Officers on which Plaintiff John Pedicini appeared as Back Up Funds Officer in 1999. Martin Hines has testified that Arthur LeBlanc told him that Mr. LeBlanc had sent John Pedicini's name to headquarters via email in 1998, including John Pedicini as the back up or alternate funds officer. Arthur LeBlanc has denied appointing John Pedicini the alternate or back up funds officer and he has denied sending John Pedicini's name to FNS-headquarters as the alternate or back up funds officer. Yet, in 1999 John Pedicini's name appeared as the back up funds officer on a list that Jonathan Lash testified was created by Angela McElmurry. Ms. McElmurry's testimony will be relevant in helping to establish the authenticity of this list, in determining how Plaintiff's name came to be included in the list, and in determining the function of the list.  It is the responsibility of the Budget Division at FNS-Headquarters to maintain these lists, as outlined in the FNS Handbook 101 for Funds Officers. As such, these lists are relevant to the determination of who is a Funds Officer at any relevant time.

Therefore, Plaintiff asks this Honorable Court to grant him leave to depose Angela McElmurry.

## Conclusion

Accordingly, Plaintiff asks the Court to grant his Motion

for leave to depose Larry Blim, Lisha Dorman, and Angela McElmurry.

### Request For Oral Argument

Plaintiff requests oral argument.

Dated: October 19, 2005

                                      Respectfully Submitted,

                                      /s/ Robert S. Catapano-Friedman
Robert S. Catapano-Friedman
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110
(617) 542-7711
Counsel for Plaintiff
BBO # 078980