UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,                      :
                                       :
        Plaintiff,                     :
                                       :
    v.                                 :
                                       :   Case No. 04-12395 JLT
UNITED STATES OF AMERICA,              :
ANN M. VENEMAN, SECRETARY,             :
UNITED STATES DEPARTMENT OF            :
AGRICULTURE, AND LINDA                 :
SPRINGER, DIRECTOR, UNITED             :
STATES OFFICE OF PERSONNEL             :
MANAGEMENT,                            :
                                       :
        Defendants.                    :

**ASSENTED TO MOTION OF THE PARTIES FOR A PROTECTIVE ORDER**

The plaintiff, John G. Pedicini, and the defendants, the United States of America, Ann M. Veneman, Secretary of the United States Department of Agriculture, and Linda Springer, Director of the United States Office of Personnel Management, by and through their undersigned attorneys, herein move this Court to allow this Motion for a Protective Order so that various documents which are subject to the provisions of 5 U.S.C. § 552a (the "Privacy Act"), and which concern the plaintiff or other employees of the United States, can be disclosed to the parties. The parties move this Court for the following:

1. This Protective Order governs the pre-trial use of information protected by the Privacy Act to be produced by Defendants after the date of this Order. Defendants shall mark or identify by bates stamp number any document they produce

subsequent to this order which they believe to contain information subject to the Privacy Act as "Confidential" (hereafter "Confidential Information"). Before the parties disclose any Confidential Information to any person, such person shall have read this Protective Order. No person, including the plaintiff, who has access to Confidential Information shall disclose such information to any person except for purposes of this litigation, and such information shall be used only for purposes of this litigation.

    2.  The substance of Confidential Information shall not be distributed or otherwise disclosed except as provided herein.

    3.  The parties and any persons retained by the parties in connection with this litigation may be permitted access to Confidential Information. However, such documents and information remain subject to objections (other than Privacy Act objections) raised by the parties under the Federal Rules of Civil Procedure, and no such objections are either waived or addressed by this Order.

    4.  Persons who have access to Confidential Information shall, pursuant to the provisions of the Privacy Act, follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody. Specifically, such persons shall control and supervise the documents and of

information derived from them to prevent unauthorized or accidental disclosure of personal information. No person with access to Confidential Information may extract such information from these documents and retain for any other uses.

5. To the extent that deposition testimony concerns Confidential Information, the parties, their agents, or their counsel, shall designate upon review of the transcript any portion of the transcript which discloses Confidential Information as "Confidential," and such testimony shall not be distributed or otherwise conveyed to anyone except as provided herein.

6. The parties may mark and otherwise use Confidential Information as exhibits during the course of depositions to the extent necessary; including by displaying such documents to deponents upon expressly informing the deponent that personal information contained therein shall be kept confidential; and by questioning deponents concerning such documents. To the extent that any of the documents containing Confidential Information are used as exhibits or otherwise referred to during depositions, those exhibits and those portions of the deposition transcripts referring to the exhibits shall be designated as "Confidential," and any party filing any such documents or testimony may move to impound the Confidential portion thereof, except as otherwise ordered by the Court.

7. The Court and the parties shall address the use at trial of Confidential Information at an appropriate time before trial.

8. Within 60 days of an entry of judgment or after the parties exhausted their appellate remedies in this matter, plaintiff shall return to defendants' counsel or destroy all documents containing Confidential Information produced by the defendant.

9. To the extent the plaintiff has requested through discovery information concerning himself which is subject to the Privacy Act, he waives any claim for violation of his rights under the Privacy Act arising from disclosure of that information to him or his representative.

10. To the extent that either party wishes to modify or clarify any provision of this Protective Order, or seek relief from any of its provisions, such party may move the Court for the requested relief.

11. This Protective Order constitutes an exemption to the provisions of the Privacy Act of 1974 as embodied in 5 U.S.C. § 552a(b)(11) concerning the disclosure of such records.

12. The parties to this above captioned matter shall be bound by the terms of this Protective Order upon execution by the Court.

By:

MICHAEL J. SULLIVAN
United States Attorney

_____
Damian W. Wilmot
Assistant U.S. Attorney
Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

_____
Robert S. Catapano-Friedman
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110

Dated: November 8, 2005

## CERTIFICATE OF SERVICE

Suffolk, ss.                     Boston, Massachusetts
                                 November 8, 2005

I certify that on November 8, 2005, I caused a copy of the foregoing Motion to be served on Plaintiff's Attorney, Robert S. Catapano-Friedman, The Catapano-Friedman Law Firm, 50 Franklin Street, 4th Floor, Boston, MA 02110, by first class mail, postage pre-paid.

_____
DAMIAN W. WILMOT
Assistant U.S. Attorney

## LOCAL RULE 7.1(a) CERTIFICATE

On November 8, 2005, I spoke with attorney Robert S. Catapano-Friedman about this Motion and he assented to the filing of the same.

_____
DAMIAN W. WILMOT
Assistant U.S. Attorney

5