**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
————————————————————

| | |
|---|---|
| **JOHN G. PEDICINI,** | &#124; |
| | &#124; |
|     **Plaintiff** | &#124; |
| | &#124; CIVIL ACTION NO. 04-12395-JLT |
| **-vs-** | &#124; |
| | &#124; |
| **UNITED STATES OF AMERICA** | &#124; Memorandum in Support of Motion |
| **UNITED STATES** | &#124; For Leave to Depose Additional |
| **DEPARTMENT OF AGRICULTURE,** | &#124; Witnesses, Make Document Requests |
| **ANN M. VENEMAN, SECRETARY,** | &#124; And Extend Discovery Period Under |
|       **Defendants** | &#124;F.R.C.P. 26, 30, 34 and L. R. 26.1 (C) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE
ADDITIONAL WITNESSES AND MAKE DOCUMENT REQUESTS AND EXTEND
DISCOVERY PERIOD**

Plaintiff JOHN G. PEDICINI, through his counsel, The
Catapano-Friedman Law Firm, comes before this court pursuant to
Federal Rules of Civil Procedure 26, 30 and 34 and Local Rules
26.1(c) for an order allowing the deposition of two additional
witnesses who are relevant to his causes of action, whose
relevance was unknown to Plaintiff until recently, and to make
formal document requests for relevant documents. Plaintiff also
asks that the Discovery Period in this case be extended to
January 31, 2005 to allow him time to depose these witnesses,

1

obtain and review the following documents, and make any needed follow up requests for further discovery based upon examination of these witnesses and documents.

## Statement of Facts and Procedural History

On November 12, 2004, John G. Pedicini through his counsel filed a Complaint against the United States of America and the U.S. Department of Agriculture via its Secretary in her official capacity for violations of Title VII, the Administrative Procedure Act ("APA"), the 5th Amendment and Breach of Contract. The Defendants filed their answer dated January 19, 2005. On March 21, 2005 Plaintiff received the initial disclosures from Defendants. Whether or not Plaintiff was an alternate or back up funds officer with certification rights and duties is relevant to whether or not Defendants have retaliated against Plaintiff by stripping him of this title and duties, as alleged in the Amended Complaint in the above captioned matter. Whether or not Defendants have sought to block Plaintiff's career path by training others in his position and to the only direct position of advancement for which Plaintiff is uniquely qualified in his office is also a relevant claim and relevant to Plaintiff's proof of retaliatory animus against him, as alleged in the Amended Complaint in this matter. Whether or not Defendants hold any retaliatory animus towards Plaintiff based on his participation

2

in protected activities is relevant to Plaintiff's claims of retaliation.

Defendants have claimed in their original Answer to the original Complaint that Plaintiff was never a back up or alternate funds officer, that no such position exists, and Plaintiff never had certification duties or responsibilities. (Answer of the United States of America dated January 19, 2005, paragraph 37 and 38). In addition, Defendants have claimed they did not retaliate against Plaintiff in the Answer of the United States of America dated January 19, 2005.

Plaintiff has alleged in his Amended Complaint in paragraphs 34 through 48, paragraphs 76 through 82, paragraph 93, and paragraphs 107-113, without limit, that he held the title of Alternate or Back Up Funds Officer, that he had certifying rights, and that his supervisors retaliated against him in part by taking away this title and certifying duties.  In Defendant's Answer to Plaintiff's first Complaint, Defendants claimed that there was no such title as back up or alternate funds officer, that Plaintiff never held that title and that Plaintiff never had the responsibility or ability to certify funds availability (Defendants' Answer Paragraphs 37-38). Defendants have not yet submitted an Answer to Plaintiff's Amended Complaint.

In addition, Plaintiff has claimed in his Complaint and his Amended Complaint that Defendants have denied him promotional

opportunities and training opportunities in retaliation against
him and as further proof of Defendants' retaliatory animus
towards him and that Defendants have sought to block his career
advancement in retaliation against him and as further proof of
Defendants' retaliatory animus towards him, attempting to train
and training others to advance in Plaintiff's career path and for
Funds Officer while preventing Plaintiff from advancing to Funds
Officer. (Plaintiff's Amended Complaint Paragraphs 22, 23, 24,
34, 81, 87, 89, 92, 147, 149, 172, 173, without limit).
Defendants in their Answer have denied that they denied Plaintiff
promotional opportunities and training opportunities in
retaliation against Plaintiff.

On April 19, 2005 this court ordered Plaintiff depose
thirteen relevant witnesses before November 30, 2005. Those
witnesses did not include Bruce Potvin or Roger Hamilton. In that
order the court ordered no further discovery be conducted except
by leave of the court. Between June 5, 2005 and present Plaintiff
by his attorneys has deposed all thirteen of the witnesses
previously ordered deposed by this court in an order dated April
19, 2005. On October 18, 2005, Plaintiff filed a Motion for Leave
to Depose Additional Witnesses, asking for leave from this
Honorable Court to depose Angela McElmurray, Larry Blim, and
Lisha Dorman.

Since October 18, 2005 Plaintiff has learned of two

4

additional witnesses with relevant testimony to his allegations that his superiors acted with retaliatory animus against him and that his superiors sought to block him from training opportunities and promotional opportunities in retaliation against him.

On November 03, 2005 Plaintiff had lunch with Bruce Potvin, who is a Grade 11 at the United States Department of Agriculture Food and Nutrition Services Northeast Regional Office ("FNS-NERO"), the office at which Plaintiff works. At that lunch, Bruce Potvin admitted to Plaintiff that in October 2004 Bruce Potvin was attempting to find a Grade 12 position either inside or outside FNS-NERO. At that time Mr. Potvin spoke about possible career advancement with Roger Hamilton, a supervisor ranked above Plaintiff in the Financial Management Unit in which Plaintiff works and worked in October 2004. At that time Roger Hamilton, who is and was Bruce Potvin's direct supervisor, told Bruce Potvin that FNS-NERO was looking for someone to fill the Budget Analyst/Funds Officer position-the position held by Martin Hines, to whom Plaintiff has claimed he was the Backup or Alternate Funds Officer prior to being retaliated against by FNS. Bruce Potvin also alleged to Plaintiff that in that same discussion in October 2004, Roger Hamilton told Bruce Potvin that FNS-NERO wanted someone to fill the Budget Analyst/Funds Officer position "and it's not going to be John Pedicini." See Affidavit of John

Pedicini filed in Support of this Motion ("JP AFF."), Paragraphs
2, 3, 4, 5, and 6.

On September 30, 2005, Plaintiff, by his Attorneys, inquired
whether Defendants would voluntarily produce to him: "A copy of
the postings of the Section Chief FSP/IF position in FNS-NERO
from 1999-present, namely all the copies of the position postings
between the time Arthur LeBlanc left the position and Joseph
Stanco was hired for the position and after Joseph Stanco left
FNS-NERO, including all versions posted of announcement number
NE-043-03-0 (posted on or around 7/16/03, 8/29/03 and 10/31/03),
NE-017-01-O (all notices-in 2001 there should be at least two
notices--crediting plans, and rankings for this vacancy), 99-05-
NE-M (the number for this last one is a bit hard to discern
because it is faded, but we would like the 1999 posting for the
position before Joseph Stanco was hired), all versions posted of
the posting for a temporary Supervisory Financial Management
Specialist, GS-501-13 at FNS-NERO with a closing date of October
6, 2005, and copies of all of the corresponding crediting plans
and all the corresponding internal and external lists ranking the
applicants for each posted version of the postings listed above.
As you requested, the paragraphs in which John Pedicini's
allegations regarding lost promotion and obstruction of his
career in the Amended complaint appear, for example, without
limit, in paragraphs 23, 24, 148, 149, 152, 172, 173."  See

6

Affidavit of Sarah Catapano-Friedman filed in Support of this
Motion ("SCF Aff."), Paragraph 3.

By letter dated November 9, 2005 Defendants refused to
voluntarily provide Plaintiff the above-stated documents on the
grounds that the request was overly broad, unduly burdensome,
vague, protected by the Privacy Act, not relevant, nor reasonably
calculated to lead to discoverable evidence. See SCF Aff.
Paragraph 5.

Plaintiff applied each time the FSP/IF Section Chief
position was posted after he began his EEO activities in 2000 and
was never selected, despite being the best qualified person for
the position.  See JP Aff. Paragraphs 15, 16, 21.

Plaintiff claimed in his November 2004 and in his 2000 EEO
Complaints and Complaints to the USDA Office of Civil Rights of a
continuing violation of retaliation, including blocking his
career advancement, and, as part of that claim, failure to
promote. In January or February of 2004, after the Section Chief
Position had been posted several times in late 2003, Plaintiff
made an informal EEO Complaint to Gregory Ferby, the EEO
Counselor and asked a formal complaint be lodged in the EEOC and
in the USDA Office of Civil Rights. However, because no one was
ever formally selected for the Section Chief Position, the EEO
Counselor and the Office of Civil Rights advised Plaintiff not to
file any formal complaints on the issue of selection for the

position of Section Chief. Instead, Michael Malone was appointed without an interview or application process to that position from early 2004 until Mr. Malone left FNS-NERO in the summer of 2005. See JP. Aff. Paragraph 17. The postings and selections for this position occurred in a short period of time after Plaintiff filed his EEO Complaints and civil case against Defendants in 2000 and during the period in 2003 in which Plaintiff alleged Defendants retaliated against him in a continuing denial of his responsibilities regarding the certification of the availability of funds. See JP aff. Paragraphs 18, 19, 20, 21.

By email dated November 8, 2005 Plaintiff's attorneys asked Defendants' attorney for an extension of the discovery period and by email dated November 8, 2005 Defendants' attorney refused to consent to such an extension. SCF Aff. Paragraph 8.


**Argument**
**Point 1: Plaintiff's Motion For Leave to Make Document Requests Should Be Granted Because the Documents Requests are Relevant to Retaliatory Motive and Animus**

Federal Rules of Civil Procedure 26(b)(1) states that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...."

The documents requested by Plaintiff relating to the FSP/IF Section Chief ("Section Chief") postings at FNS-NERO after he began to participate in EEO activities are relevant to show

8

retaliatory motive and animus against Plaintiff. Plaintiff
believes that the requested documents will show that he was the
best qualified person for the position each time it was posted,
that he was not selected and that he was not selected based
purely on retaliatory animus against him for his participation in
EEO activities and that this retaliatory animus continued
throughout his career at FNS-NERO based on his continuing EEO
activities and through February and March 2003 when Defendants
began significantly reducing Plaintiff's responsibilities as a
Backup or Alternate Funds Officer.

    Defendants have argued in their November 9, 2005 letter that
the documents are not relevant because Plaintiff is barred in
using them as evidence of retaliatory acts of failure to promote
because Defendants claim Plaintiff did not file individual EEO
complaints and internal Civil Rights Office complaints on each
position posting for which he was not hired. In fact, Plaintiff
did claim in his November 2004 and in his 2000 EEO Complaints and
Complaints to the USDA Office of Civil Rights of a continuing
violation of retaliation, including blocking his career
advancement, and, as part of that claim, failure to promote. In
January or February of 2004, after the Section Chief Position had
been posted several times in late 2003, Plaintiff made an
informal EEO Complaint to Gregory Ferby, the EEO Counselor and
asked a formal complaint be lodged in the EEOC and in the USDA

Office of Civil Rights. However, because no one was ever formally selected for the Section Chief Position, the EEO Counselor and the Office of Civil Rights advised Plaintiff not to file any formal complaints on the issue of selection for the position of Section Chief. Instead, Michael Malone was appointed without an interview or application process to that position from early 2004 until Mr. Malone left FNS-NERO in the summer of 2005.

Even had Plaintiff not timely exhausted his administrative remedies to enable him to claim these as individual acts of retaliation, Plaintiff should be allowed to use the actions of FNS-NERO in these postings and hiring for the FNS/IF Section Chief posting as evidence of continued retaliatory animus and acts toward Plaintiff based on his continued EEO activities, which culminated in the reduction of Plaintiff's duties and responsibilities, removal of Plaintiff from the position and duties of Backup or Alternate Funds Officer, and continued blocking of his career advancement. See United Airlines v. Evans, 431 U.S. 553, 558 (1977) (stating that even though an event is timebarred by failure to file within the statute of limitations, "It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue...."); see also Darmann v. San Francisco Fire Dept et al., 46 Fed. Appx. 394 (9th Cir. 2002)(quoting United Arlines v. Evans and stating that, although the Plaintiff could not recover on retaliatory acts

10

falling outside the statute of limitations for filing, they "'may be used as relevant background evidence'" to his more timely claims of retaliation).

Defendants' retaliatory animus towards him began in 2000 when he testified on behalf of a coworker alleging discrimination in an EEO proceeding. From that point on Plaintiff continued to represent and speak out on behalf of other coworkers who filed EEO complaints. In addition, Plaintiff filed his own EEO and Office of Civil Rights complaints from 2000 through present (2000, 2003, 2004, and 2005)alleging retaliation by way of reduction of duties, reduction of title/position, and blocking career advancement and his own civil cases against Defendants in 2001 and 2004. Plaintiff believes that the documents requested relating to the postings for the FNS-NERO FSP/IF Section Chief in the Financial Management Unit in which he works and worked will show that he was the best qualified candidate for the position each time it was posted, that he was not selected as evidence of Defendants continuing retaliatory animus towards him and continuing retaliatory motive, and that the method on which individuals were evaluated for this position was changed to prevent him from obtaining the position. This is critical evidence of Defendants' attitude toward Plaintiff, their motive for reducing his duties and position and blocking his career advancement, and critical and relevant background evidence in

11

Plaintiff's above captioned action in which Plaintiff alleges reduction of duties, reduction of position, and blocking of career advancement. In addition, the postings and selections for this position occurred in a short period of time after Plaintiff filed his EEO Complaints and civil case against Defendants in 2001 and during the period in 2003 in which Plaintiff alleged Defendants retaliated against him in a continuing denial of his responsibilities regarding the certification of the availability of funds. As such, these documents are relevant evidence of Defendants' retaliatory animus and motive toward Plaintiff in increasingly continuing to deny him his responsibilities and duties as a Backup or Alternate Funds Officer from 2003 through present and in continuing to block Plaintiff's career advancement.

As such, Plaintiff asks this Honorable court allow him to discovery the above mentioned documents.


**Point 2: The Court Should Allow Plaintiff to Depose Bruce Potvin and Roger Hamilton Because They Have Relevant Evidence As Yet Uncovered And Their Deposition Would Not Be Unduly Burdensome**

Federal Rules of Civil Procedure 26(b)(1) states that, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...."

Under the FRCP 30 and Local Rules 26.1(c) Plaintiff must

obtain permission from this court to depose these additional witnesses. <u>Advanced Sterilization Prods v. Jacob</u>, 190 F.R.D. 284 (D. Mass. 2000).

The depositions of Bruce Potvin and Roger Hamilton are essential to the further discovery of Defendants' retaliatory animus toward Plaintiff. Bruce Potvin's statement relating Roger Hamilton's words that Defendants wanted anyone but Plaintiff to fill the position of Budget Analyst/Funds Officer reveals Defendants' animus towards Plaintiff and continuing retaliation against Plaintiff. Roger Hamilton's testimony is critical in determining that the animus towards Plaintiff stemmed from Defendants' desire to retaliate against Plaintiff based on his protected EEO activity. Hamilton's statements and testimony should show that Defendants removed Plaintiff from the Back Up or Alternate Funds Officer position and removed his certification rights in a continued attempt to block his career advancement based on their animus towards Plaintiff due to Plaintiff's protected EEO activities. Plaintiff should be allowed to examine Hamilton and Bruce Potvin in person on the intentions of Defendants in their actions towards Plaintiff. Such evidence is critical and, while Plaintiff estimates no more than two hours should be needed to depose each witness–Bruce Potvin and Roger Hamilton–if they are cooperative, such evidence is not sufficient if presented in affidavit form because all sides should be

allowed to examine in person these statements made by Bruce
Potvin and allegedly made by Roger Hamilton and the reason for
such statements. It is essential that both sides be allowed
confront these two witnesses in deposition because it is likely
that they will be called to the stand on the subject of the
allegations of retaliation that Plaintiff has made. In addition,
the testimony of these witnesses will reflect on the breach of
contract and fifth amendment allegations Plaintiff has made in
his Amended Complaint because they go to the heart of why
Plaintiff was never afforded an opportunity for dispute
resolution process under the Settlement Agreement of 2001
attached to Defendants' answer in this case.

        Because the deposition of each witness is not likely to take
more than two hours each and both Roger Hamilton and Bruce Potvin
work at FNS-NERO in Boston, MA, the depositions of these
witnesses in Boston, MA is not unduly burdensome on the
Defendants.

        No one has yet testified that Defendants admitted that they
did not want to advance Plaintiff to the Budget Analyst/Funds
Officer position, so Mr. Potvin's and Mr. Hamilton's testimony
are not duplicative on this matter. Mr. Potvin's and Mr.
Hamilton's testimony will be novel and will support Plaintiff's
allegations in his Amended Complaint that in seeking to train
others for the Funds Officer/Budget Analyst position, Defendants

14

sought to keep Plaintiff from obtaining that position.

As such, Plaintiff asks this Honorable Court for leave to depose Roger Hamilton and Bruce Potvin.

**Point 3: Extension of Discovery Period Should Be Allowed**

Plaintiff respectfully asks this court to grant an extension of the discovery period from November 30, 2005 to January 31, 2006 to allow him time to conduct the additional depositions requested in this Motion and to discover the additional documents requested in this motion.

Plaintiff believes that an extension until January 31, 2006 is appropriate to set up and conduct the depositions in question, to allow Plaintiff opportunity to obtain the above mentioned documents, to allow Defendants time to gather and transmit to Plaintiff the above mentioned documents, and to allow Defendants and Plaintiffs to make any further discovery motions necessary based upon the depositions of Bruce Potvin and Roger Hamilton. In addition, the requested time period takes into account the limited availability of Plaintiff's attorneys in the second half of December, 2005 due to holiday plans, additional discovery sought by Plaintiff under another discovery motion pending before this Court, and any unavailability of either Bruce Potvin, Roger Hamilton, or Defendants' attorney during the holiday season in December, 2005.

As such, Plaintiff requests this Honorable Court extend the

discovery period in the above-captioned matter to January 31, 2005.

## Conclusion

Accordingly, Plaintiff asks the Court to grant his Motion for leave to depose Bruce Potvin and Roger Hamilton, for Leave to obtain Production of Documents, and for extension of the discovery period.

## Request For Oral Argument

Plaintiff requests oral argument.

Dated: November 15, 2005

Respectfully Submitted,

/s/ Robert S. Catapano-Friedman
Robert S. Catapano-Friedman
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110
(617) 542-7711
Counsel for Plaintiff
BBO # 078980