UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,              :
                               :
        Plaintiff,             :
                               :
    v.                         :
                               :    Case No. 04-12395-JLT
UNITED STATES OF AMERICA,      :
ANN M. VENEMAN, SECRETARY,     :
UNITED STATES DEPARTMENT OF    :
AGRICULTURE, AND LINDA         :
SPRINGER, DIRECTOR, UNITED     :
STATES OFFICE OF PERSONNEL     :
MANAGEMENT,                    :
                               :
        Defendants.            :

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Defendants in the above-captioned action respond to the Amended Complaint ("Complaint") of Plaintiff John G. Pedicini ("Plaintiff") as follows:

The allegations contained in the Complaint's introductory paragraph constitute legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny those allegations.

## PARTIES

1.  Defendants lack knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations concerning Plaintiff's residence.  To the extent a response is required, Defendants admit that Plaintiff has represented his residence to be 10 Milano Drive, Saugus, Massachusetts, 01906.

2.  Defendants deny that Plaintiff has had three first line

supervisors.  In addition to the persons mentioned in Paragraph 2
of the Complaint, Roger Hamilton was Plaintiff's first line
supervisor between Joseph Stanco and Michael Malone.  Defendants
further state that Mr. Malone is no longer employed with the
United States Department of Agriculture ("USDA").  Defendants
admit the remainder of the paragraph.

3.  Defendants admit that the Office of Personnel Management
("OPM") is an agency of the United States of America, and that
the Food and Nutrition Service ("FNS") is an agency of the USDA,
a department of the United States of America.  Defendants further
admit that OPM and FNS have offices at the addresses described in
Paragraph 3 of the Complaint.  Defendants deny that Dan G. Blair
is the Acting Director of OPM.

4.  Defendants deny that the Defendants maintained the
offices at the addresses described in Paragraph 3 of the
Complaint "at all relevant times."

<u>JURISDICTIONAL PREREQUISITES</u>

5.  Paragraph 5 of the Complaint contains jurisdictional
averments and conclusions of law to which no response is
required.  To the extent a response is required, Defendants deny
those allegations.

6.  Paragraph 6 of the Complaint contains jurisdictional
averments and conclusions of law to which no response is
required.  To the extent a response is required, Defendants deny
those allegations.

7.  Defendants admit that on March 5, 2003, Plaintiff contacted an EEO counselor at FNS.  Defendants further admit that on March 7, 2003, the counselor interviewed Plaintiff.  Defendants further admit that the first contact came within 180 days of March 3, 2003 and March 13, 2003.  Defendants also admit that Plaintiff filed a formal complaint of discrimination on March 25, 2003, and that said formal complaint was accepted for investigation by letter dated July 11, 2003.  The complaint is a document which speaks for itself, and Plaintiff's description of it is therefore denied.  Defendants admit that no final action was issued by the EEOC.  Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.  Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.  Defendants deny the allegations contained in Paragraph 9 of the Complaint.

<u>FIRST COUNT</u>

10.  This paragraph contains Plaintiff's characterization of 42 U.S.C. Section 2000e-16 and 29 C.F.R. Section 1614.103(a).  The sections speak for themselves, and to the extent an answer is required, the allegations in this paragraph are denied.

11.  This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 2302(b).  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

12.   Defendants deny that John Ghiorzi is FNS Deputy Regional Administrator; and further states that Mr. Ghiorzi has retired.  Defendants admit the remaining allegations contained in Paragraph 12 of the Complaint.

13.   Defendants admit that the named persons are individuals.  Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.   Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.   Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.   Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.   This paragraph contains Plaintiff's characterization of 42 U.S.C. Section 2000e-3(a).  The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

18.   Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.   Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.   Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.   Defendants lack knowledge and information sufficient to form a belief as to the truth of this Paragraph's allegations.

To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiff, after pursing his administrative remedies, filed a case in United States District Court previous to the one at bar. Defendants deny that the case was filed on September 11, 2001; rather, it was filed on September 13, 2001. The complaint in that action speaks for itself, and Plaintiff's description is therefore denied.

25. Defendants admit that Plaintiff's September 13, 2001 action filed in United States District Court was resolved in a Settlement Agreement between the FNS and Plaintiff, dated June 17, 2002.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. The Settlement Agreement speaks for itself. This paragraph contains Plaintiff's characterization of the settlement agreement, and is therefore denied.

29. The Settlement Agreement speaks for itself. This paragraph contains Plaintiff's characterization of the settlement

agreement, and is therefore denied.

30. Defendants deny that the USDA retaliated against Plaintiff at any time during his employment.

31. Defendants admit that Ms. Zorn wrote a letter to the Federal Executive Board in October 2002. The letter speaks for itself. The balance of this paragraph contains Plaintiff's characterization of said letter, and is therefore denied. It is specifically denied that the letter was regarding the Settlement Agreement of June 17, 2002, and that said letter advocated anything.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny that Plaintiff deposed Douglas MacAllister. Defendants further deny that the depositions took place on February 4, 2003. On the contrary, Plaintiff deposed Frances Zorn, Robert Canavan, and Luis Perez on February 11, 2003.

34. Defendants lacks knowledge and information sufficient to form a belief as to the truth of what Plaintiff has learned. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny that Mr. Stanco created the list, but admit that Mr. Stanco edited a list. Defendants further deny

that the list identified Plaintiff was a "Funds Approver;" rather, the list identified Plaintiff as an "IAS Funds Approver."

37.    Defendants admit that Martin Hines is the Funds Officer at FNS-NERO.  Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38.    The emails described in Paragraph 38 of the Complaint are documents that speak for themselves, and Plaintiff's interpretation of them are therefore denied.  Defendants specifically deny that the USDA ever gave Plaintiff the right to certify funds.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants admit that Plaintiff forwarded Mr. Stanco an email written by Jonathon Lash, which speaks for itself.

43.    Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.    Defendants admit the allegations contained in Paragraph 45 of the Complaint.

46.    Defendants denied that John Ghiorzi was a third party

neutral.  Defendants admit the remainder of the allegations contained in Paragraph 46 of the Complaint.

47.  Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.  Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49.  Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50.  Defendants admit that Mr. Stanco approved the inclusion of Lou Spychalski in the meeting.  Defendants deny, however, that Mr. Stanco approved Lou Spychalski's inclusion as an EEO representative; on the contrary, Mr. Spychalski was approved to attend the meeting only because he is the union representative.

51.  Defendants deny the allegations contained in Paragraph 51 of the Complaint, except to admit that Plaintiff asked that Mr. MacAllister and Mr. Stanco allow Mr. Hines to attend the March 10, 2003 meeting.

52.  Defendants deny that Mr. MacAllister became angry. Defendants admit the remaining allegations contained in Paragraph 52 of the Complaint.

53.  Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54.  Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55.  Defendants admit the allegations contained in Paragraph

55 of the Complaint.

56. Defendants deny that John Ghiorzi was a third party
neutral. The email referred to in this paragraph is a document
which speaks for itself. No response is required as to the
allegations concerning the document's contents. Defendants admit
the remaining allegations contained in Paragraph 56 of the
Complaint.

57. The email referred to in this paragraph is a document
which speaks for itself. No response is required as to the
allegations concerning the document's contents. Defendants admit
the remaining allegations contained in Paragraph 57 of the
Complaint.

58. The email referred to in this paragraph is a document
which speaks for itself. No response is required as to the
allegations concerning the document's contents. Defendants admit
the remaining allegations contained in Paragraph 58 of the
Complaint.

59. The email referred to in this paragraph is a document
which speaks for itself. No response is required as to the
allegations concerning the document's contents. Defendants admit
the remaining allegations contained in Paragraph 59 of the
Complaint.

60. Defendants admit the allegations contained in Paragraph
60 of the Complaint.

61. Defendants deny that Mr. MacAllister made any threat to

Plaintiff.  Defendants admits, however, that Mr. MacAllister told Plaintiff that he could subject himself to possible future disciplinary action if he refused to attend the meeting. Defendants admit the remaining allegations contained in Paragraph 61 of the Complaint.

62.  Defendants admit that the March 10, 2004 meeting was intended to be a discussion of Plaintiff's duties.  Defendants deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.  Defendants admit that Plaintiff answered the first two questions during the meeting on March 10, 2004.  Defendants admit that Plaintiff stated that he wanted representation while his EEO complaint was being discussed.  Defendants deny that the subject of the meeting was Plaintiff's EEO complaint.

64.  Defendants admit the allegations contained in Paragraph 64 of the Complaint.

65.  Defendants admit that Plaintiff did not answer Mr. MacAllister's questions.  Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

66.  Defendants admit that Mr. MacAllister adjourned the meeting and that Plaintiff submitted his summary of the meeting to him.  Defendants deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.  Defendants deny that Plaintiff used the term "neutral third party" in his March 10, 2003 letter to Mr. Ghiorzi.

Defendants admit the remaining allegations contained in Paragraph 67 of the Complaint.

68.   Defendants admit that Mr. MacAllister wrote to Plaintiff on March 13, 2003.  Defendants deny that Mr. MacAllister issued Plaintiff a disciplinary warning.  On the contrary, the letter was a letter of instruction, which speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.   Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.   Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71.   Defendants deny that the USDA Compliance Unit's decision was rendered on March 19, 2004; on the contrary, it was dated May 19, 2004.  Defendants deny that the decision contains the term "3rd neutral."  Defendants admit the remaining allegations contained in Paragraph 71 of the Complaint.

72.   Defendants deny that the date of the USDA Compliance Unit's decision was March 19, 2004; on the contrary, the date of the decision was May 19, 2004.  Defendants admit the remaining allegations contained in Paragraph 72 of the Complaint.

73.   Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.   Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.  Defendants admit that Plaintiff filed a formal complaint of discrimination on March 25, 2003.  The complaint is a document which speaks for itself, and the remainder of Paragraph 75 is therefore also denied.

76.  Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit that Mr. MacAllister instructed Mr. Malone, Plaintiff's first line supervisor, to tell Plaintiff that he could not certify funds.  Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79.  Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.  Defendants admit that Plaintiff has consistently received performance evaluations of "superior."

81.  Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.  Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.  Defendants admit that Plaintiff was a member of a team that questioned certain costs as part of their regular assigned duties.  Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.  Defendants admit that Plaintiff was a member of a team

that questioned certain costs as part of their regular assigned duties.  Defendants deny the remaining allegations contained in Paragraph 84 of the Complaint.

85.  Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.  Defendants admit that at the awards ceremony on October 7, 2004, Ms. Zorn gave a few awards to members of FNS-NERO, not including Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87.  Defendants deny that Mr. Malone announced any vacancy. Defendants further deny that the Budget Analyst position is the one promotion position that is directly related to Plaintiff's current position.  Defendants admit the remaining allegations contained in Paragraph 87 of the Complaint.

88.  Defendants admit that the current Budget Analyst has not announced his retirement.  Defendants deny the remaining allegations contained in Paragraph 88 of the Complaint.

89.  Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.  Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.  Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.  Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.    Defendants admit that on October 13, 2004, Mr. Malone issued a letter of instruction to Plaintiff.  Defendants deny, however, that the letter was disciplinary and further deny that the letter was issued as a result of a telephone call from Administrator Salazar's office.

96.    Defendants admit that Plaintiff contacted Mr. Salazar about the letter of instruction.  Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.    Defendants deny that any employee at FNS-NERO has ever had his or her EEO activities improperly restricted.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny that Mr. Malone's letter was factually incorrect.  Defendants admit the remaining allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.  Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.  Defendants deny that Mr. Malone sought to humiliate Plaintiff.  Defendants admits, however, that Mr. Malone did make an appointment for Plaintiff with a counselor.

105.  Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.  Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.  Defendants admit that on or about October 22, 2004, Mr. Malone issued a letter of instruction to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 107 of the Complaint.

108.  Defendants deny that the letter of instruction contained a reprimand.  Defendants admit the remaining allegations contained in Paragraph 108 of the Complaint.

109.  Defendants admit the allegations contained in Paragraph 109 of the Complaint.

110.  Defendants deny that Plaintiff's position was reduced. Defendants admits, however, that Plaintiff does not have certifying rights and that he does not, and never did have the title of Alternate/Backup Funds Officer.

111.  Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.  Defendants deny the allegations contained in Paragraph

112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

SECOND COUNT

114. Defendants hereby restates and incorporates by reference the responses to Paragraphs 1 through 113 above.

115. This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 701. The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

116. Defendants admit the allegations contained in Paragraph 116 of the Complaint.

117. This paragraph contains Plaintiff's characterization of 5 U.S.C. Section 702. The section speaks for itself, and to the extent an answer is required, the allegations in this paragraph are denied.

118. Paragraph 118 of the Complaint contains legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

PART A

119. Defendants hereby restates and incorporates by reference the responses to Paragraphs 1 through 118 above.

120. Paragraph 120 of the Complaint contains legal argument and conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations.

121.   Paragraph 121 of the Complaint contains conclusions of law to which no response is required.

122.   Paragraph 122 of the Complaint contains conclusions of law to which no response is required.

123.   Paragraph 123 of the Complaint contains conclusions of law to which no response is required.

124.   Paragraph 124 of the Complaint contains conclusions of law to which no response is required.

125.   Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.   Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.   Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.   Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.   Paragraph 130 of the Complaint contains conclusions of law to which no response is required.

131.   Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.   Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.   Defendants deny the allegations contained in Paragraph

133 of the Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

<u>PART B</u>

136. Defendants hereby restates and incorporates by reference the responses to Paragraphs 1 through 135 above.

137. Defendants admit that the Office of Civil Rights ruled on May 19, 2004, that FNS had not met all of its obligations under the Settlement Agreement dated June 17, 2002. Defendants deny, however, that FNS is currently in non-compliance with the settlement agreement.

138. Defendants admit the allegations contained in Paragraph 138 of the Complaint.

139. The determination dated May 19, 2004, is a document which speaks for itself. To the extent this paragraph contains Plaintiff's characterization and interpretation of the document, those allegations are denied. Defendants admits, however, that the determination included a statement that the agency failed to address the issue of its compliance with Item 7 and directed the agency to implement Item 7.

140. Defendants admit the allegations contained in Paragraph 140 of the Complaint.

141. Defendants admit the allegations contained in

Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Paragraph 144 contains statements of law, to which no response is required.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

<u>THIRD COUNT</u>

150. Defendants hereby restates and incorporates by reference the responses to Paragraphs 1 through 149 above.

151. Paragraph 151 of the Complaint contains statements of law, to which no response is required.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in Paragraph

153 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159. Defendants admit that Mr. MacAllister met with Plaintiff on March 10, 2003. Defendants deny the remaining allegations contained in Paragraph 159 of the Complaint.

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161. The Settlement Agreement referred to Paragraph 161 of the Complaint is a document that speaks for itself. To the extent a response is required to these allegations, Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. The Settlement Agreement referred to Paragraph 162 of the Complaint is a document that speaks for itself. To the extent a response is required to these allegations, Defendants deny the allegations contained in Paragraph 161 of the Complaint.

163. The Settlement Agreement referred to Paragraph 163 of

the Complaint is a document that speaks for itself.  To the extent a response is required to these allegations, Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.  The Settlement Agreement referred to Paragraph 164 of the Complaint is a document that speaks for itself.  To the extent a response is required to these allegations, Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.  Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.  Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.  Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.  Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.  Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.  Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.  Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.  Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.  Defendants deny the allegations contained in Paragraph 173 of the Complaint.

FOURTH COUNT

174.  Defendants hereby restates and incorporates by reference the responses to Paragraphs 1 through 173 above.

175.  Defendants deny the allegations contained in Paragraph 175 of the Complaint.

Defendants also deny each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1.  Plaintiff fails to state a claim upon which relief may be granted.

2.  Plaintiff did not timely exhaust his administrative remedies.

3.  Plaintiff's claims are barred to the extent that she fails to set forth a prima facie case of employment discrimination on the basis of retaliation.

4.  Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-pretextual reasons.

5.  Defendants have complied with all laws and regulations and otherwise satisfied their statutory obligations toward Plaintiff under Title VII.

6.  Plaintiff waived or should be estopped from asserting some or all of the claims set forth in the Complaint.

7.  Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendants, the Plaintiff has failed to mitigate his damages.

8.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

9.  Plaintiff may not recover punitive damages against

Defendants.

10. Some or all of Plaintiff's claims are barred because they are subject to a settlement agreement previously entered into by the parties.

Defendants reserves the right to raise additional defenses that may become apparent during the course of discovery.

WHEREFORE, Defendants, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of his Complaint; and that the Defendants be granted its cost and such further relief as the Court may deem just.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   /s/ Damian W. Wilmot
                              DAMIAN W. WILMOT
                              Assistant U.S. Attorney
                              Moakley Federal Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, MA  02210
                              (617) 748-3100

Dated: December 2, 2005