**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
_____

| | |
|---|---|
| **JOHN G. PEDICINI,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) **CIVIL ACTION NO. 04-12395-JLT** |
| **-vs-** | ) |
| | ) |
| **UNITED STATES OF AMERICA** | ) |
| **UNITED STATES** | ) |
| **DEPARTMENT OF AGRICULTURE,** | ) |
| **ANN M. VENEMAN, SECRETARY,** | ) |
| **United States Office of** | ) |
| **Personnel Management,** | ) |
| **Linda Springer, Director** | ) |
| **Defendants** | ) |

### Plaintiff's Motion for Leave to File Reply Memorandum of Law

Pursuant to the Local Rule 7.1(b)(3), Plaintiff John G. Pedicini requests permission to file the attached Reply Memorandum with Exhibits in Support of Plaintiff's Motion for Leave to Depose Additional Witnesses, Make Document Requests, and Extend the Discovery Period. With this Motion, Plaintiff submits to this Honorable Court his Reply Memorandum with Exhibits In Support of His Motion for Leave to Depose Additional Witnesses and asks the Court to allow its filing. The misstatement of facts by the Defendants and the issues of law regarding exhaustion of administrative remedies requires the responses contained in

Plaintiff's Reply Memorandum with Exhibits In Support of
Plaintiff's Motion for Leave To Depose Additional Witnesses.

Dated: December 5, 2005

Respectfully Submitted,
/s/ Robert S. Catapano-Friedman
_____ Robert S. Catapano-Friedman
The Catapano-Friedman Law Firm
50 Franklin Street, 4th Floor
Boston, MA 02110
(617) 542-7711
Counsel for Plaintiff
BBO # 078980

### CERTIFICATION UNDER L.R. 7.1

I certify that in accordance I have conferred with Defendants'
counsel on November 8, 2005 via email asking for consent from
them via email response by 5pm November 9, 2005 and have
attempted in good faith to resolve the issues addressed in the
original motion to which this motion to allow a reply brief
relates and that I received no consent from the opposing parties
by the requested date and time or at any time before or
thereafter.   I have not yet had the opportunity to confer with
Defendants' counsel on whether or not they will consent to the
filing of this reply brief at the time of filing this motion to
allow for the reply brief to be filed.

/s/ Robert Catapano-Friedman
_____ Robert S. Catapano-Friedman
Attorney for Plaintiff, John G. Pedicini

## CERTIFICATION OF SERVICE

Pursuant to L.R. 5.2(b) I hereby certify that a true copy of the above document and the memorandum with exhibits attached will be served on the attorney of record for each Defendant by electronic notification by the court on December 5 or 6, 2005.

By: s/Robert S. Catapano-Friedman
Robert S. Catapano-Friedman, Esq.
The Catapano-Friedman Law Firm
Attorney for Plaintiff

Dated: December 5, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
_____

| | |
|---|---|
| JOHN G. PEDICINI, | \| |
| **Plaintiff** | \| |
| | \| **CIVIL ACTION NO. 04-12395-JLT** |
| -vs- | \| |
| | \| |
| UNITED STATES OF AMERICA | \| Reply Memorandum in Support of Motion |
| UNITED STATES | \| For Leave to Depose Additional |
| DEPARTMENT OF AGRICULTURE, | \| Witnesses, Make Document Requests, |
| ANN M. VENEMAN, SECRETARY, | and Extend the Discovery Period Under |
| _____Defendants_____ | \|F.R.C.P. 26, 30, 34 and L. R. 26.1(c) |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE ADDITIONAL WITNESSES, MAKE DOCUMENT REQUESTS, AND EXTEND THE DISCOVERY PERIOD

Plaintiff JOHN G. PEDICINI, through his attorneys, the Catapano-Friedman Law Firm, comes before this court pursuant to Federal Rules of Civil Procedure 26, 30, 24 and Local Rule 26.1(c) for an order allowing the deposition of two additional witnesses who possess information relevant to his causes of action, allowing document requests, and extending the discovery period. On November 16, 2005 Plaintiff filed a Motion for Leave to Depose Additional Witnesses, Make Document Requests, And Extend the Discovery Period, along with a Memorandum of Law in support of that motion and two affidavits with exhibits in support of that Motion. On November 29, 2005 Defendants filed their Oppositions to Plaintiff's Motion For Leave to Depose Additional Witnesses, Make Discovery Requests, and Extend the

1

Discovery Period ("Defendants' Opposition" or "Opposition"),
attaching deposition materials, Plaintiff's EEO Complaints,
Plaintiff's agency complaints, Plaintiff's 2001 Federal Court
Complaint in the District of Massachusetts, and some relevant
emails.

<u>FACTS</u>

As revealed by Plaintiff's Amended Complaint, Plaintiff has
alleged against the United States Department of Agriculture Food
and Nutrition Services ("USDA-FNS") Title VII retaliation for
filing a civil action against the agency on his own behalf in
2001, for representing another agency employee who filed against
USDA-FNS, for filing his own EEO and agency Complaints and
participating in his own EEO cases, for deposing his superiors in
February 2003 in connection with an EEO investigation of a co-
worker's EEO complaint and for asserting his rights to represent
and testify for co-workers in their EEO Complaints against USDA-
FNS.

Plaintiff filed an EEO and agency Complaint alleging
retaliation and discrimination on November 17, 2000. This
complaint is attached hereto as Exhibit 1 and it has been
produced to Defendants and it has been identified by Plaintiff.
Defendants then re-posted a promotional position of Section Chief
FSP/IF in the Financial Management Unit at FNS-Northeast Regional

2

Office (FNS-NERO), the same unit in which Plaintiff worked at the time and currently works. This posting occurred in early 2001 and Plaintiff applied for it. Despite receiving a score of 99 out of 100 on the external list, Plaintiff was never interviewed for the promotion and did not receive the promotional position. Plaintiff's score is attached hereto in an email from Jean Sturgeon labeled Exhibit 2, which has been previously produced to Defendants, and which has been identified by Plaintiff.

Instead the position went to a Joseph Stanco, from outside the USDA. Plaintiff again filed an EEO and agency complaint alleging retaliation in March of 2003, which became formal in the agency in May of 2003. Again, in July of 2003 Defendants posted the Section Chief FSP/IF position. See Defendants Opposition Exhibit 9. Plaintiff applied and received a ranking of 97 out of 100 on the external list. However, Defendants made no selection. Instead, Defendants reposted the position on or around October 31, 2003 with a similar position description, but a different crediting plan. Under the new crediting plan, Plaintiff received a significantly lower score of 81-a score which Defendants claimed placed Plaintiff out of the top three external candidates, which Defendants also indicated would receive an interview (which Plaintiff did not receive back in 2001 despite ranking 99 out of 100). See Defendants' Opposition Exhibit 9 and the emails from Donna Davis in Exhibit 3 attached hereto, which

3

has also been previously produced to Defendants and which has also been identified by Plaintiff.

In February, 2004, Plaintiff emailed the FNS EEO Counselor, Gregory Ferby, to file a formal complaint based on these events. See Defendants' Opposition Exhibit 9. In addition, he filed a Complaint with the Office of Special Counsel. See Exhibit 4 attached hereto, which is Plaintiff's complaint to the Office of Special Counsel in February, 2004, which Plaintiff has produced to Defendants and which Plaintiff has identified. Plaintiff also filed an informal Complaint with the USDA, including the relevant emails from Donna Davis about the changed crediting plan and rating which are attached hereto in Exhibit 3. However, FNS discouraged Plaintiff from filing a formal complaint on these events because FNS never made a formal selection for the position. See Plaintiff Affidavit in support of this motion. Instead FNS appointed Michael Malone to take on the responsibilities of FSP/IF Section Chief without any interview process and he remained in that role until he left FNS in September, 2005. On September 29, 2005, FNS sent an email out to FNS employees asking for applications for a temporary promotion to Section Chief FSP/IF. See Exhibit 5 attached hereto, which has been produced and which Plaintiff has identified.

With the exception of the above captioned civil action, Plaintiff has brought pro se all of his EEO, agency, and court

4

Complaints relating to this matter.

REPLY ARGUMENT

### Point 1: Roger Hamilton's and Bruce Potvin's testimonies are neither duplicative nor unduly burdensome

In their Memorandum in Opposition to Plaintiff's Motion for Leave to Depose Additional Witnesses, Defendants claim that the depositions of these two individuals would be unduly burdensome and duplicative. As the Defendants' exhibits show, no managerial official has made an admission for the Defendants that Defendants specifically did not want Plaintiff, as opposed to any other individual, to become the Funds Officer. Roger Hamilton's statement to Bruce Potvin is just such an admission by a managerial employee of Defendants. This admission bears great relevance as to Defendants' motivation in the retaliatory actions complained of by Plaintiff in his Amended Complaint and reveals why Defendants refused Plaintiff training, reduced his duties and title, reduced Plaintiff's promotional opportunities, sought to train others in Plaintiff's position, and subjected Plaintiff to continuing retaliatory reduction of duties even after the filing of this action such that Plaintiff now is reduced to almost entirely clerical work, working at a level far below his GS-11 rank and far below his former position as Alternate or Back Up Funds Officer.

Nor are these depositions going to be time consuming. The

5

depositions should not take more than a couple hours each,
assuming cooperation by the witnesses. While Defendants seek an
arbitrary number for their expenses in depositions, calculated at
a rate of $265 an hour (a figure which appears higher than the
hourly rate for many civil attorneys in Boston), it is unlikely
that it costs Defendants anywhere near this hourly rate, based on
government pay standards. As such, the figures quoted by
Defendants seem inflated. In reality, it should cost Defendants
little for the deposition of these two witnesses.

### Point 2. Plaintiff's Claims of Retaliation Due to Failure to Promote Are Both Timely And Relevant Background Evidence.

Defendants claim that the documents requested by Plaintiff
should not be produced because Plaintiff did not exhaust his
remedies in the administrative process relating to Defendant's
failure to promote Plaintiff to the FSP/IF Section Chief
position. In claiming this, in their Opposition to this motion,
Defendants misstated Plaintiff's previous EEO claims, Agency
Claims, and 2001 Federal Complaint, by stating that Plaintiff
never claimed failure to promote as retaliation by Defendants.
Not only is this untrue, any failure by Plaintiff to exhaust his
administrative remedies for retaliation based upon his previous
filing of an EEO claim, agency claim or court claim would be
irrelevant and would not bar the bringing of such claims in this
action under prevailing case law for the 1st Circuit and District

6

of Massachusetts.

While Defendants in their Opposition claim that Plaintiff never claimed a failure to promote in his 2001 complaint filed in the District of Massachusetts, Plaintiff's 2001 Federal Complaint, brought by Plaintiff pro se, which is Defendants Exhibit 6, clearly states as Count II "Denial of Promotional Opportunity." Under this Count II Plaintiff clearly lists the denial of promotion to the Edmund Kelly's job in the Food and Nutrition Services Northeast Regional Office Financial Management. This denial closely followed Plaintiff's 2000 agency and EEO complaint alleging retaliation and discrimination. On information and belief, no one ever investigated Plaintiff's 2000 complaint and Plaintiff never received notice that the complaint was dismissed.

Under 1st Circuit precedent, retaliation which arises after the filing of an EEO Complaint or after informal or formal complaint to the agency may be included in a civil case and will not be barred for lack of exhaustion of administrative remedies. The leading case stating this in the 1st Circuit is Clockedile v. New Hampshire Dept. Of Corrections, 245 F. 3d 1 (1st Cir. 2001), ruling, that when a public employee fails to file retaliation complaints on actions following the filing of an EEO Complaint or agency complaint, that, "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the

7

discrimination complained of to the agency-e.g. the retaliation is for filing the agency complaint itself." Id. At 6. This ruling intentionally expanded the 1st Circuit previous ruling in Johnson v. General Electric, 840 F. 2d 132, 139 (1st Cir. 1988), in which the 1st Circuit had concluded that, "a lawsuit is limited to claims that 'must reasonably be expected to . . . have been within the scope of the EEOC's investigation,' 840 F. 2d at 139...." Id. At 4. Therefore, all that is required to bring charges of retaliation in court is that the subsequent retaliation be related to the initial charges brought. The subsequent retaliation need not have even been expected to have come up in the scope of an investigation, nor need it have been pled in any administrative avenue.

In the instant case, as in Clockedile, Plaintiff's November, 2000 complaint was never investigated. However, Plaintiff did allege in that complaint retaliation by way of denial of training and removal from the position of ADR Mediator. See Exhibit 1 attached hereto, which is the November 17, 2000 Complaint filed by Plaintiff. Not only would a denial of promotion which occurred due to a position selection which occurred shortly after Plaintiff's 2000 complaint have been investigated, should any investigation have occurred, but the promotional denial also occurred as retaliation for Plaintiff's 2000 complaint. Indeed, Plaintiff did allege this denial of promotional opportunity in

8

his civil action in the District Of Massachusetts Court filed in September, 2001.

In early 2001, shortly after Plaintiff filed his agency and EEO complaint in late 2000, Defendants posted and reposted the crediting plans for the FSP/1F Section Chief position. Plaintiff was excluded from interviews by Defendants and not selected for the position by Defendants in an attempt to further retaliate against Plaintiff for filing his agency and EEO complaint in 2000. Plaintiff did not receive this Section Chief position despite his qualifications because Defendants wished to prevent his promotion at least in part in retaliation for his official complaints. Plaintiff initially received a 99 out of 100 ranking on the external list for the position. Plaintiff was not selected for this position and a candidate outside of the agency was selected—a Mr. Joseph Stanco. Because these actions are retaliatory at least in part for filing a previous EEO complaint, Plaintiff is not required under the ruling of the 1st Circuit to exhaust all of his administrative remedies in regard to them before bringing them before this court.

A similar event occurred again in 2003 when Joseph Stanco retired from his position as FSP/IF Section Chief. Plaintiff filed an EEO and agency complaint in March of 2003 which became formal in May of 2003, alleging retaliation. The FSP/IF Section Chief  position was again posted in July, 2003 at Joseph Stanco's

retirement and Plaintiff again applied. However, Defendants retaliated against Plaintiff by refusing to select him for this position on a permanent or temporary basis. Defendants even went so far as to change the crediting plan for this position to lower Plaintiff's ranking on the external list. Since this retaliation grew out of Plaintiff's filing of a formal complaint, Plaintiff need not have exhausted his administrative remedies to allege the retaliation in this civil complaint. Nor need Plaintiff file individual administrative complaints or EEO complaints to allege the further reduction of his duties, further loss of promotion, further refusals to train Plaintiff or any other retaliatory action that has occurred since the filing of this current action in November, 2004, which occurred in further retaliation against Plaintiff for his 2003 and 2004 protected activities and complaints.

Nonetheless, Plaintiff did file informal complaints with FNS and the EEO on the subject of his non-selection for the FSP/IF Section chief position in 2003 on either a permanent or temporary basis. It was only because FNS told Plaintiff not to file a formal Complaint, that a formal Complaint was not filed.

Therefore, it is important that Plaintiff be allowed to examine all the jobs posting for the 2000-2001 and 2003-2004 FSP/IF Section, along with the crediting plans and list candidates in relation to Plaintiff's allegations that Defendants

intentionally denied him a promotion despite Plaintiff being the best qualified for the position. In addition, relevant to these claims would be the previous postings and crediting plans for the FSP/IF Section Chief position prior to Plaintiff's protected activities, including testimony and filing complaints of discrimination and retaliation, and, therefore, prior to Defendants' retaliation against Plaintiff (there was such a posting in 1999, as listed in the fact section for Plaintiff's original memorandum in support of this motion). The 1999 listing and crediting plans will act to show whether or not the 2000-2001 and 2003-2004 crediting plans were altered in an abnormal fashion solely to prevent Plaintiff from obtaining a promotion.

Even if Plaintiff had not exhausted his administrative remedies, which is not required in this case, and Plaintiff was barred from bringing these particular claims in regard to denial of promotion and denial of promotional opportunity regarding the FSP/IF Section Chief position, these actions, postings, crediting plans, and lists form very relevant background evidence regarding Defendants' continued retaliatory attitude and motivation against Plaintiff due to Plaintiff's protected activities.

CONCLUSION

Accordingly, for the reasons articulated above and in Plaintiff's Motion for Leave to Depose Additional Witnesses, Make Document Requests, and Extend the Discovery Period, Plaintiff's

11

Memorandum in Support of the Motion for Leave to Depose Additional Witnesses, Make Document Requests, and Extend the Discovery Period, Plaintiff's Affidavit and exhibits attached thereto in Support of Plaintiff's Motion for Leave to Depose Additional Witnesses, Make Document Requests, and Extend the Discovery Period, and the Affidavit of Sarah Catapano-Friedman and the exhibits attached thereto in Support of Plaintiff's Motion for Leave to Depose Additional Witnesses, Make Document Requests, and Extend the Discovery Period, Plaintiff requests this Honorable Court order Roger Hamilton and Bruce Potvin be deposed, this court order the discovery requests requested in this motion, and the court order discovery extended through January 31, 2006.


Dated: December 5, 2005

                              Respectfully Submitted,

                              /s/ Robert S. Catapano-Friedman
                              Robert S. Catapano-Friedman
                              The Catapano-Friedman Law Firm
                              50 Franklin Street, 4th Floor
                              Boston, MA 02110
                              (617) 542-7711
                              Counsel for Plaintiff
                              BBO # 078980

**EXHIBIT 1 (5 pages)**

| | |
|---|---|
| John G. Pedicini,<br>Complainant | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| United States Of America,<br>Francis Zorn, Margaret Mann,<br>Douglas MacAllister, individually<br>and collectively | ) |

November 17, 2000

**FORMAL
DISCRIMINATION
COMPLAINT
UNDER 29 CFR  1614.106**

**DELIVERED VIA
CERTIFIED MAIL
RETURN RECEIPT
REQUESTED**

## INTRODUCTION

The Complainant, John G. Pedicini, hereby files a formal discrimination complaint against the U.S. Department of Agriculture, Food and Nutrition Service, Northeast Regional Office, Room 501, 10 Causeway Street, Boston, Massachusetts, hereinafter referred to as "FNS-NERO", Francis Zorn, Margaret Mann, and Douglas MacAllister, individually and collectively, for reprisal actions taken as a result of the Complainant's affidavit in a recent EEO investigation, in violation of 5 USC 2302(b)(8).

This action follows an informal counseling period conducted by Patricia A. Loyco, EEO Counselor/Mediator.  The Complainant hereby files this formal discrimination complaint within 15 calendar days after receiving notice from Ms. Loyco on November 14, 2000, pursuant to 29 CFR 1614.106(b).

The Complainant has not filed  a grievance under negotiated or administrative grievance procedures or an appeal with the Merit Systems Protection Board on the same issues contained herein.

Exhibit 79
Page 1 of 10
P-382

110

## FACTUAL BACKGROUND

1. The Complainant, John G. Pedicini, is employed as a financial management specialist in the Financial Management Unit at FNS-NERO.

2. Douglas MacAllister is the Director of the Financial Management Unit at FNS-NERO.

3. Margaret Mann is Personnel Liaison for FNS-NERO.

4. Francis Zorn is Regional Administrator of FNS-NERO and supervises Douglas MacAllister and Margaret Mann.

5. In July 1999, the Complainant offered to become ADR Mediator for FNS-NERO based on his mediation background at the U. S. Department of Labor. Douglas MacAllister accepted the offer and forwarded the Complainant's name to the EEO Office at the Food and Nutrition Service in Alexandria, VA. The Complainant received numerous progress reports on the proposed training and ADR program.

6. Sometime in or about February 2000, Ann Bellezza, another employee in the Financial Management Unit at FNS-NERO, filed a formal discrimination complaint against Douglas MacAllister and FNS-NERO.

7. On June 12, 2000, Mr. Charles Purter, a contract EEO investigator, arrived at FNS-NERO to commence investigative interviews. The Complainant was scheduled to be interviewed by Mr. Purter.

8. On June 13, 2000, while walking to the men's restroom, Douglas MacAllister informed the Complainant that he was removed, without cause, as ADR Mediator.

9. While providing Mr. Purter, the EEO investigator, with an affidavit on July 14, 2000, the Complainant stated that he believed his removal as ADR mediator was an act of reprisal for giving information to the EEO investigation.

10. On August 4, 2000, the Complainant express mailed his finalized affidavit to the EEO investigator.

11. On August 8, 2000, the Complainant filed a complaint with the Office of the Special Counsel which is OSC File No. MA-00-2308.

12. On August 21st, 2000, Douglas MacAllister was informed that there was a training session on Form 209 which is used by the Complainant in his work. The training session was to be held on August 22nd to August 23rd, 2000. There were only two

people available at the time. The Complainant was one of them. MacAllister chose the other employee and did not divulge any information about the training session or his selection to the Complainant until after the fact at a meeting attended by the Complainant on August 23rd.

13. On August 30, 2000, Jonathan Lash from NFC e-mailed the Complainant about a training session on salaries & benefits which was essential to the Complainant's job function.

14. At a Financial Management meeting on September 13, 2000, the Complainant asked Douglas MacAllister about obtaining approval for travel to a training session. MacAllister responded by saying that the Complainant's request "...would probably be denied."

## **REMEDY SOUGHT**

Wherefore, Complainant, John G. Pedicini requests the following:

1. Reinstatement as ADR Mediator for FNS-NERO.

2. Transfer of Douglas MacAllister to a position in which he will have no influence or control on personnel actions or training assignments at FNS-NERO.

3. Transfer of Margaret Mann to a position in which she will have no influence or control on personnel actions or training assignments at FNS-NERO.

4. Transfer of Francis Zorn to a position in which she will have no influence or control on personnel actions or training assignments at FNS-NERO.

Respectfully submitted this 17th day of November 2000.

John G. Pedicini, Complainant
10 Milano Drive
Saugus, MA 01906
617-565-6449 (Work)
781-233-5274 (Home)

P-384

Exhibit 7g
Page 3 of 10

112

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

| United States Department of Agriculture | 300 7th. Street SW  Rm#607 |
|---|---|
| Civil Rights. Employment Complaints and Adjudication Division | Washington. DC 20050 |

**1. Name    (First)    (Mi)    (Last)**

[✓]Mr. [ ]Ms.  _John  G  Pedicini_    [✓]USDA Employee    [ ]USDA Applicant

**2. Address**

_10 Milano Drive_
(Street)

_Savgus, MA    01906_
(City)    (State)    (Zip)

**3. Telephone Number**

Work (617) 565-6444

Home (781) 233-5074

**4. Name of Agency Which You Believe Discriminated Against You**

U S Dept. of Agriculture
Food and Nutrition Service
10 Causeway Street, Rm. 501

Boston,    MA    02222
(City)    (State)    (Zip)

**5. Bases of Discrimination on Which You Were Counseled** (Do not include bases for which you did not receive counseling.)  The bases are age, race, color, national origin, religion, sex, physical or mental disability, marital status, sexual orientation and reprisal.  Be specific in your identification of bases (IE: age (55), sex (female), race (white).

Reprisal for previous EEO activity

**6. Issues(s) on Which You Were Counseled** (Do not include issues or allegations for which you did not receive counseling. Provide, if you deem necessary, additional details on reverse side.)  Be specific with exact issue and the date of the issue.  (IE: Non-selection to vacancy announcement USDA-96-174, Secretary, GS-318-9 on March 1, 1996, or two day suspension for misconduct on January 29 & 30, 1996.)  You do not need to elaborate on why you feel this was discriminatory, you be given the opportunity to support you complaint during the investigation process.

Assignment of duties and training
Removal, without cause, from ADR mediator position.

**7. Representative, if any**  (Pending receipt of Notice of Final Action)

( )
(Telephone Number) **Exhibit  7G**

(Street)    (City)    (State)    (Zip) **Page  4  of  10**

**8. Name of EEO Counselor Contacted**

USDA, FNS, OCR
PATRICIA A. LOYCO, FNS  703-305-2215,  Room 942-B Park Center Alex  VA

**9. Requested Corrective Action**  Reinstatement as ADR mediator
Transfer of MacAllister, Zorn, Mano to positions in which they will have no influence or control over personnel actions or training assignments

**10. Signature**  _J.R. Pedicini_  113    Date 11-17-00    P-385
(Month) (Day) (Year)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USDA, Office of Civil Rights
Chief, Employment Complaint
and Adjudication Div.
Reporters Building Rm #607
300 7th St. SW
Washington, DC 20024

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery  11-25-00

C. Signature

X Janice Jackson    ☐ Agent
                    ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7000-0600-0002-3277-2758

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:
USDA, Office of Civil Rights

| | | |
|---|---|---|
| Postage | $ .33 | |
| Certified Fee | 1.40 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.25 | |
| Restricted Delivery Fee (Endorsement Required) | Nov 2000 | |
| Total Postage & Fees | $ 2.98 | |

Name (Please Print Clearly) (to be completed by mailer)
Chief, Employment Complaint & Adjudication Div.
Street, Apt. No.; or PO Box No.  Room #607
300 7th St. SW
City, State, ZIP+4
Washington, DC 20024

PS Form 3800, July 1999    See Reverse for Instructions

7000 0600 0002 3277 2758

Exhibit 7g
Page 5 of 10

P-386

114

**EXHIBIT 2 (2 pages)**

Pedicini, John

| | |
|---|---|
| From: | Sturgeon, Jean |
| Sent: | Wednesday, May 02, 2001 3:22 PM |
| To: | Pedicini, John |
| Cc: | Sturgeon, Jean |
| Subject: | RE: vacancy NE-017-01-0 Supervisory Financial Management Specialist (2ND NOTICE) |

You did not have time-in-grade as a GS-12 so were not eligible for the Merit Promotion certificate.

Your score on the Delegated Examining Unit certifcate on which you were referred was 99.

-----Original Message-----

| | |
|---|---|
| From: | Pedicini, John |
| Sent: | Wednesday, April 25, 2001 9:14 AM |
| To: | Sturgeon, Jean |
| Subject: | FW: vacancy NE-017-01-0 Supervisory Financial Management Specialist (2ND NOTICE) |

Ms. Sturgeon:

I sent the e-mail listed below to you last week.  As of today, I have not received a response.

Kindly reply as soon as possible.

---John Pedicini

-----Original Message-----

| | |
|---|---|
| From: | Pedicini, John |
| Sent: | Tuesday, April 17, 2001 8:08 AM |
| To: | Sturgeon, Jean |
| Cc: | Spychalski, Louis |
| Subject: | RE: vacancy NE-017-01-0 Supervisory Financial Management Specialist |

Ms. Sturgeon:

I have several questions regarding your e-mail of April 12, 2001. They are as follows,

1.) I sent 2 applications for this position.  Did you receive both of them ?

2.) Have I been ranked for this position ? If so, what was my rank ?

3.) Was my name placed on the list of qualified candidates that was sent to the selecting official ?
       If not, why not ?

Thank you for your help in this matter.

---John Pedicini

-----Original Message-----

| | |
|---|---|
| From: | Sturgeon, Jean |
| Sent: | Thursday, April 12, 2001 2:48 PM |
| To: | Pedicini, John |
| Cc: | Sturgeon, Jean |
| Subject: | vacancy NE-017-01-0 Supervisory Financial Management Specialist |

P-1338

1

We have received your application

P-1339

**EXHIBIT 3 (4 pages)**

**From:** Davis, Donna
**Sent:** Thursday, January 22, 2004 2:37 PM
**To:** Pedicini, John
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec

John,

Your application was rated against the crediting plan for vacancy announcement number NE-043-03-1O resulting in the rating of 81 NV.

The previous rating would have been based on the comparison of your application at the time, to the crediting plan used for that vacancy.

Donna Davis

-----Original Message-----
**From:** Pedicini, John
**Sent:** Wednesday, January 21, 2004 8:11 AM
**To:** Davis, Donna
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec
**Importance:** High

Donna:

How did I rate only an 81 NV ?

Last time, I was rated a 97 NV.

Also, i would like to know the qualifications of the top 3.

--- John

---

**From:** Davis, Donna
**Sent:** Wednesday, January 21, 2004 6:23 AM
**To:** Pedicini, John
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec

John,

As mentioned over the phone, I did the ratings for the applications for this vacancy.

Your rating is 81 NV. This did not make the top 3; therefore, you were not referred for consideration for this vacancy.


Donna Davis


-----Original Message-----
**From:** Pedicini, John
**Sent:** Monday, December 22, 2003 1:21 PM
**To:** Davis, Donna
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec

Donna:

Since I was found to be basically qualified under External procedures, when will I be rated and ranked ?

Also, who will do the rating and ranking ?


Thanks,

John Pedicini

-----Original Message-----
**From:** Davis, Donna
**Sent:** Monday, December 22, 2003 7:36 AM
**To:** Pedicini, John
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec

This message only pertains to the Merit Promotion application. You were found basically qualified under External procedures.

-----Original Message-----
**From:** Pedicini, John
**Sent:** Monday, December 22, 2003 7:08 AM
**To:** Davis, Donna
**Subject:** RE: NE-043-03-1O, Supvy Financial Mgmt Spec
**Importance:** High

Donna:

I applied as an internal and external candidate. I submitted 2 applications, per the announcement's instructions, and labeled each application accordingly.

Your message below does not mention anything about my application as an external candidate. I assume that this decision pertains only to my internal application.

Please respond as to the status of my external application.

-------- John

-----Original Message-----
**From:** Davis, Donna
**Sent:** Thursday, December 18, 2003 6:04 AM
**To:** Pedicini, John
**Subject:** NE-043-03-1O, Supvy Financial Mgmt Spec

# US DEPARTMENT OF AGRICULTURE

# FOOD AND NUTRITION SERVICE

# HUMAN RESOURCES DIVISION

# 3101 PARK CENTER DRIVE ROOM 424

# ALEXANDRIA VA  22302

JOHN G PEDICINI

RE:    Supervisory Financial Management Specialist
         GS-0501-13
         Vacancy # NE-043-03-1O
         Type of Application: Merit Promotion
         Duty Location: Boston, MA

DATE:  12/18/03

This is in reference to your application for the above position.

We are unable to accept your application for the position listed above for the following reason(s):

GRADE       SPECIFIC INFORMATION

GS-13   Your application does not show that you meet the required time-in-grade for this grade level.

If you have any questions concerning your application, please contact the person listed below:

Donna Davis at e:mail address:  donna.davis@fns.usda.gov

Thank you for your interest in employment with the Food and Nutrition Service

**EXHIBIT 4 (13 pages)**

U.S. OFFICE OF SPECIAL COUNSEL

(202) 653-7188 / (202) 254-3630 / (800) 872-9855

## COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
### OR
### OTHER PROHIBITED ACTIVITY

*(Please print legibly or type and complete all pertinent items. Enter "N/A" (Not Applicable) or "Unknown" where appropriate.*
*(If more space is needed, use Continuation Sheet at page 12.)*

**PART 1:  PROHIBITED PERSONNEL PRACTICES / OTHER PROHIBITED ACTIVITY (GENERAL)**

1.  Name of person seeking OSC action ("Complainant"):    Mr. (✓)    Ms. ( )    Mrs. ( )    Miss ( )

    _John G. Pedicini_

2.  Position, title, series, and grade: _Financial Mgmt. Specialist, GS-0501-11 Step 5_

3.  Agency name: _U.S. Dept of Agriculture —_

4.  Agency address: _3101 Park Center Drive_
    _Alexandria, VA 22302_

5.  Home or mailing address: _10 Milano Drive_
    _Saugus, MA 019_

6.  Contact information:    Telephone number(s):  (78_
                                                   (617_

    Fax number:  (78_
    E-mail address:  _JC_

7.  If you are filing this complaint as a legal or other represe_
    following information:

    Name and title of filer:    Mr. ( )    Ms. ( )

    Address:_____

    Telephone number(s):_

    Fax number:_
    E-mail address:_

8.  Are you (or is the Compl_
    agreement?  *(Check one.)*
        (✓)

9.  How did you first become a_

    (✓) OSC Web site
        ( ) news story
        ( ) other *(please describ_*

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

WASHINGTON, DC 20036

| | | |
|---|---|---|
| Postage | $ | 1.06 | UNIT ID: 0114 |
| Certified Fee | 2.30 | |
| Return Receipt Fee *(Endorsement Required)* | 1.75 | Postmark Here |
| Restricted Delivery Fee *(Endorsement Required)* | | Clerk: KYW9HF |
| Total Postage & Fees | $ | 5.11 | 02/12/04 |

Sent To _Complaints Examining Unit_
Street, Apt. No.; _Office of Special Counsel_
or PO Box No. _1730 M. Street, NW (Suite 218)_
City, State, ZIP+4 _Washington, DC 20036-4505_

PS Form 3800, June 2002                    See Reverse for Instructions

7003 0500 0002 3280 4378

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

_Complaints Examining Unit_
_Office of the Special Counsel_
_1730 M Street, NW (Suite 218)_
_Washington, DC 20036-4505_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _PAL_  FEB 2 0 2004    □ Agent
                          □ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from Item 1?  □ Yes
   If YES, enter delivery address below:  □ No

_P-1219_

3. Service Type
   ☑ Certified Mail    □ Express Mail
   □ Registered    □ Return Receipt for Merchandise
   □ Insured Mail    □ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    □ Yes

2. Article Number
*(Transfer from service label)*    7003 0500 0002 3280 4378

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-15

U.S. OFFICE OF SPECIAL COUNSEL          (202) 653-7188 / (202) 254-3630 / (800) 872-9855

## COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
### OR
### OTHER PROHIBITED ACTIVITY

*(Please print legibly or type and complete all pertinent items. Enter "N/A" (Not Applicable) or "Unknown" where appropriate.*
*(If more space is needed, use Continuation Sheet at page 12.)*

### PART 1: PROHIBITED PERSONNEL PRACTICES / OTHER PROHIBITED ACTIVITY (GENERAL)

1. Name of person seeking OSC action ("Complainant"):     Mr. ( ✔ )   Ms. ( )   Mrs. ( )   Miss ( )

   *John G. Pedicini*

2. Position, title, series, and grade: *Financial Mgmt. Specialist, GS-0501-11 Step 5*

3. Agency name: *U.S. Dept. of Agriculture - Food and Nutrition Service*

4. Agency address: *3101 Park Center Drive*
   *Alexandria, VA 22302*

5. Home or mailing address: *10 Milano Drive*
   *Saugus, MA 01906*

6. Contact information:     Telephone number(s):   (781) *233-5274*     (Home)
                                                   (617) *565-6449*     (Office) Ext. _____
                            Fax number:            (781) *233-5274*
                            E-mail address:        *JOHNZ3 @ prodigy.net*

7. If you are filing this complaint as a legal or other representative of the Complainant, please supply the following information:

   Name and title of filer:     Mr. ( )   Ms. ( )   Mrs. ( )   Miss ( )

   _____

   Address: _____

   _____

   Telephone number(s):   ( ) _____ (home)
                          ( ) _____ (office) Ext. _____
   Fax number:            ( ) _____
   E-mail address:        _____

8. Are you (or is the Complainant, if you are filing as a representative) covered by a collective bargaining agreement? *(Check one.)*
   ( ✔ ) Yes          ( ) No          ( ) I don't know

9. How did you first become aware that you could file a complaint with OSC?

   ( ✔ ) OSC Web site     ( ) OSC speaker     ( ) OSC brochure     ( ) OSC poster
   ( ) news story     ( ) agency personnel office     ( ) union     ( ) co-worker
   ( ) other *(please describe)*: _____
                            Date *(approximate)*: _____

P-1220

**COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY**
Page 2 of 12

10.  What is the employment status of the person affected by the suspected prohibited personnel practice or other prohibited activity?  *(Check all applicable items – more than one item may apply.)*

   a.  ( ✓ )  Applicant for Federal employment

   b.  ( ✓ )  Competitive Service
      ( ) temporary appointment     ( ✓ ) career or career-conditional appointment
      ( ) term appointment        ( ) probationary employee

   c.  ( )  Excepted Service
      ( ) Schedule A          ( ) Postal Service
      ( ) Schedule B          ( ) Tennessee Valley Authority
      ( ) Schedule C          ( ) VA Dept. of Medicine and Surgery
      ( ) National Guard Technician   ( ) Veterans Readjustment Act (VRA)
      ( ) nonappropriated fund     ( ) other (specify): _____

   d.  ( )  Senior Executive Service (SES), Supergrade, or Executive Level
      ( ) career SES          ( ) Executive Level V or above (career) fund
      ( ) noncareer SES        ( ) Executive Level V or above (noncareer)
      ( ) career GS-16, 17, or 18   ( ) Presidential appointee (Senate-confirmed)
      ( ) noncareer GS-16, 17, or 18

   e.  ( )  Other
      ( ) civil service annuitant     ( ) military officer or enlisted person
      ( ) former civil service employee  ( ) contract employee
      ( ) competitive service      ( ) other (specify): _____
      ( ) excepted service       ( ) unknown

11.  What other action(s), if any, have you taken to appeal, grieve, or report this matter under any other procedure?  *(Check all that apply.)*

   ( ) None, or not applicable              Date: _____
   ( ) Appeal filed with Merit Systems Protection Board (MSPB)  Date: _____
   ( ) Petition for reconsideration of initial decision filed with MSPB  Date: _____
        Initial Decision No. _____
   ( ) Grievance filed under agency grievance procedure   Date: _____
   ( ) Grievance filed under negotiated grievance procedure  Date: _____
   ( ) Matter heard by arbitrator under grievance procedure  Date: _____
   ( ) Matter is pending in arbitration
   ( ✓ ) Discrimination complaint filed with agency    Date: *2/6/04*
   ( ) Agency or Administrative Judge (AJ) decision on discrimination
      complaint appealed to Equal Employment Opportunity Commission  Date: _____
   ( ) Appeal filed with Office of Personnel Management   Date: _____
   ( ) Unfair labor practice (ULP) complaint filed with
      Federal Labor Relations Authority General Counsel   Date: _____
   ( ) Lawsuit filed in Federal Court          Date: _____
      Court name: _____
   ( ) Reported matter to agency Inspector General    Date: _____
   ( ) Reported matter to member of Congress     Date: _____
      Name of Senator or Representative: _____
   ( ) Other (specify): _____

P-1221

**COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY**
Page 3 of 12

12. What official is responsible for the violation(s) that you are reporting, and what is his/her employment status? *(See question 10 for appropriate description of employment status. If space is needed to identify more than one official, use Continuation Sheet at page 12.)*

Name: _Donna Davis_                      _Tel. # 703 - 305 - 2324_

Position/Title: _Personnel Specialist_

Employment status: _Career Conditional_

_(see continuation sheet)_

13. What are the actions or events that you are reporting to OSC? *(To the extent known, specifically list: (a) any suspected prohibited personnel practices or other prohibited activity, other than reprisal for whistleblowing; and (b) any personnel actions involved.)* **IF YOU ARE ALLEGING REPRISAL FOR WHISTLEBLOWING, SKIP TO PART 2 ON THE NEXT PAGE.**

_Job Announcement # NE-043-03-10, Supervisory Financial Management_
_Specialist was posted twice on 7/10/03 and on 8/29/03. I was an_
_internal and external applicant both times. In October 2003, at a_
_financial management meeting, Douglas MacAllister stated that they looked_
_at the external list and "didn't like what they (selecting officials) saw."_
_The job was reopened on 8/29/03. The crediting plan was deliberately_
_altered to lower the rating of "undesirables" and increase the_
_rating of "desirables". My rating had previously been a 97 NV and went_
_down to 81 NV. As a result, I was knocked off the "most qualified list."_

14. Provide details of the actions or events shown in your response to question 13. *(Be as specific as possible about dates, locations, and the identities and positions of all persons mentioned. In particular, identify actual and potential witnesses, giving work locations and telephone numbers when possible. Also, attach any pertinent documents that you may have. Please provide, if possible, a copy of the notification of the agency's proposal and/or decision about the personnel action(s) covered by your request for OSC action. If more space is needed, use Continuation Sheet at page 12.)*

**NS**

_Donna Davis rated the applications and was the person at the_
_Personnel office in Alexandria, VA who processed the applications._
_She informed me on January 22, 2004 that the score of 81 NV was_
_the result of a change in the crediting plan (see attached e-mail from_
_Donna Davis dated January 29, 2004). Douglas MacAllister and_
_Frances Zorn have sought to obstruct my career advancement at any_
_opportunity that arises. I am charging violations of 5 U.S.C. 2302(b)(4),_
_5 U.S.C. 2302(b)(6), and 5 U.S.C. 2302(b)(10)._

15. What action would you like OSC to take in this matter (that is, what remedy are you asking for)?

_Automated promotion to GS-13._

P-1222

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 4 of 12

## PART 2:  REPRISAL FOR WHISTLEBLOWING

*__This part of the form is solely for use by persons alleging reprisal for whistleblowing__ (that is, persons who believe that personnel actions were taken, not taken, or threatened because of a whistleblower disclosure).  Please read the introductory material before answering the questions that follow.  If more space is needed, use the continuation sheet at page 12.*

*Complainants __not__ alleging reprisal for whistleblowing should proceed to Part 3 ("Consent to Certain Disclosures of Information"), at page 9.*

### Reprisal for Whistleblowing Allegations

As a general rule, it is a prohibited personnel practice to *take or fail to take, or threaten to take or fail to take, a personnel action* because of a protected disclosure of certain types of information by a Federal employee, former employee, or applicant for Federal employment.  5 U.S.C. § 2302(b)(8).

### Legal Elements of a Violation

By law, certain elements must be present before OSC can establish that a violation of law has occurred.  Two of the required elements that must be established are: (1) that a whistleblower disclosure was made; and (2) that an agency took, failed to take, or threatened to take or fail to take a personnel action because of the whistleblower disclosure.  Your description of these elements will help OSC's investigation of your allegation(s).

### Protected Disclosures

 A disclosure of information is a protected whistleblower disclosure if a Federal employee, former employee, or applicant for Federal employment discloses information which he or she reasonably believes evidences: (a) a violation of any law, rule, or regulation; (b) gross mismanagement; (c) a gross waste of funds; (d) abuse of authority; or (e) a substantial and specific danger to public health or safety.

### Covered Personnel Actions

The law prohibiting reprisal for whistleblowing requires proof that one or more of the following personnel actions occurred, or failed to occur, because of a legally protected disclosure:

    (1)   an appointment;
    (2)   a promotion;
    (3)   an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action;

P-1223

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 5 of 12

(4)  a detail, transfer, or reassignment;

(5)  a reinstatement;

(6)  a restoration;

(7)  a reemployment;

(8)  a decision about pay, benefits, or awards, concerning education or training if the education or training
     may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other
     action described in 5 U.S.C. § 2302(a)(2);

(9)  a performance evaluation under 5 U.S.C. chapter 43;

(10) a decision to order psychiatric testing or examination; or

(11) any other significant change in duties, responsibilities, or working conditions.


*Reporting Your Allegation(s)*

In the section that starts below (pages 6-8), provide the information requested about all disclosures that you
believe led to reprisal by the agency involved. If more space is needed, use extra copies of pages 6-8, or the
Continuation Sheet at page 12. **If any of the disclosures were in writing, please provide a copy of those
disclosure(s) with your complaint.**


**IT IS IMPORTANT THAT YOU LIST ALL DISCLOSURES AND PERSONNEL ACTIONS INVOLVED IN YOUR
COMPLAINT.** This is because: (1) failure to list any disclosure or personnel action may delay the processing of
your complaint by OSC; and (2) a comprehensive listing will avoid disputes in any later Individual Right of Action
(IRA) appeal that you may file with the Merit Systems Protection Board (MSPB) about its jurisdiction to hear the
case.

Additional allegations of reprisal for whistleblowing may be added to this complaint while it is pending at OSC.
Submission of any such additional allegations to OSC in writing will help you if you decide to file any later IRA
appeal with the MSPB. Form OSC-11a is available for that purpose at OSC's web site, under "Forms."


*Appeal to the MSPB*

If OSC fails to complete its review of your whistleblower reprisal allegation within 120 days after it receives your
complaint, or if it closes your complaint at any time without seeking corrective action on your behalf, you have
the right to file an IRA appeal with the MSPB. 5 U.S.C. § 1214(a)(3).


*Recordkeeping*

To establish its jurisdiction over any later IRA appeal that you may file, the MSPB will require you to show that
the appeal relates to the same whistleblower disclosure(s) and personnel action(s) involved in your complaint to
OSC. A copy of the whistleblower reprisal allegations in your complaint, any supporting documentation about
those allegations that you sent with the complaint, and any additional allegation of reprisal that you submitted in
writing to OSC while the complaint was pending, will serve as proof in any IRA of the disclosure(s) and
personnel action(s) involved in your OSC complaint. **IT IS IMPORTANT, THEREFORE, THAT YOU MAKE AND
KEEP COPIES OF ALL THESE DOCUMENTS FOR YOUR RECORDS.**

P-1224

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 6 of 12

**MUST BE COMPLETED FOR ALL DISCLOSURES REPORTED IN THIS COMPLAINT**

| A. WHAT INFORMATION WAS DISCLOSED? *(DESCRIBE WHISTLEBLOWER DISCLOSURE)* | |
|---|---|
| | 1. WHEN WAS THE DISCLOSURE MADE? *(MO/DA/YR)* |
| | 2. TO WHOM (NAME AND TITLE) WAS THE DISCLOSURE MADE? |
| | 3. DISCLOSURE OF INFORMATION EVIDENCED *(check all that apply)*:<br>( ) VIOLATION OF LAW, RULE, OR REGULATION<br>( ) GROSS MISMANAGEMENT<br>( ) GROSS WASTE OF FUNDS<br>( ) ABUSE OF AUTHORITY<br>( ) SUBSTANTIAL AND SPECIFIC DANGER TO PUBLIC HEALTH OR SAFETY<br>( ) NONE OF THE ABOVE |
| | 4. WHAT PERSONNEL ACTION OCCURRED, FAILED TO OCCUR, OR WAS THREATENED BECAUSE OF THE DISCLOSURE? *(List all applicable personnel action numbers from pages 4-5.)* |
| | 5. WHEN DID PERSONNEL ACTION(S) OR THREAT(S) OCCUR? *(MO/DA/YR)* |
| B. WHAT INFORMATION WAS DISCLOSED? *(DESCRIBE NEXT WHISTLEBLOWER DISCLOSURE)* | |
| | 1. WHEN WAS THE DISCLOSURE MADE? *(MO/DA/YR)* |
| | 2. TO WHOM (NAME AND TITLE) WAS THE DISCLOSURE MADE? |
| | 3. DISCLOSURE OF INFORMATION EVIDENCED *(check all that apply)*:<br>( ) VIOLATION OF LAW, RULE, OR REGULATION<br>( ) GROSS MISMANAGEMENT<br>( ) GROSS WASTE OF FUNDS<br>( ) ABUSE OF AUTHORITY<br>( ) SUBSTANTIAL AND SPECIFIC DANGER TO PUBLIC HEALTH OR SAFETY<br>( ) NONE OF THE ABOVE |
| | 4. WHAT PERSONNEL ACTION OCCURRED, FAILED TO OCCUR, OR WAS THREATENED BECAUSE OF THE DISCLOSURE? *(List all applicable personnel action numbers from pages 4-5.)* |
| | 5. WHEN DID PERSONNEL ACTION(S) OR THREAT(S) OCCUR? *(MO/DA/YR)* |

**KEEP A COPY OF THIS PAGE FOR YOUR RECORDS**

P-1225

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 7 of 12

## MUST BE COMPLETED FOR ALL DISCLOSURES REPORTED IN THIS COMPLAINT

| C. WHAT INFORMATION WAS DISCLOSED? (DESCRIBE NEXT WHISTLEBLOWER DISCLOSURE) | |
|---|---|
| | 1. WHEN WAS THE DISCLOSURE MADE? (MO/DA/YR) |
| | 2. TO WHOM (NAME AND TITLE) WAS THE DISCLOSURE MADE? |
| | 3. DISCLOSURE OF INFORMATION EVIDENCED (check all that apply):<br>( ) VIOLATION OF LAW, RULE, OR REGULATION<br>( ) GROSS MISMANAGEMENT<br>( ) GROSS WASTE OF FUNDS<br>( ) ABUSE OF AUTHORITY<br>( ) SUBSTANTIAL AND SPECIFIC DANGER TO PUBLIC HEALTH OR SAFETY<br>( ) NONE OF THE ABOVE |
| | 4. WHAT PERSONNEL ACTION OCCURRED, FAILED TO OCCUR, OR WAS THREATENED BECAUSE OF THE DISCLOSURE? (List all applicable personnel action numbers from pages 4-5.) |
| | 5. WHEN DID PERSONNEL ACTION(S) OR THREAT(S) OCCUR? (MO/DA/YR) |
| D. WHAT INFORMATION WAS DISCLOSED? (DESCRIBE NEXT WHISTLEBLOWER DISCLOSURE) | |
| | 1. WHEN WAS THE DISCLOSURE MADE? (MO/DA/YR) |
| | 2. TO WHOM (NAME AND TITLE) WAS THE DISCLOSURE MADE? |
| | 3. DISCLOSURE OF INFORMATION EVIDENCED (check all that apply):<br>( ) VIOLATION OF LAW, RULE, OR REGULATION<br>( ) GROSS MISMANAGEMENT<br>( ) GROSS WASTE OF FUNDS<br>( ) ABUSE OF AUTHORITY<br>( ) SUBSTANTIAL AND SPECIFIC DANGER TO PUBLIC HEALTH OR SAFETY<br>( ) NONE OF THE ABOVE |
| | 4. WHAT PERSONNEL ACTION OCCURRED, FAILED TO OCCUR, OR WAS THREATENED BECAUSE OF THE DISCLOSURE? (List all applicable personnel action numbers from pages 4-5.) |
| | 5. WHEN DID PERSONNEL ACTION(S) OR THREAT(S) OCCUR? (MO/DA/YR) |

## KEEP A COPY OF THIS PAGE FOR YOUR RECORDS

P—1226

**COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY**
Page 8 of 12

---

## MUST BE COMPLETED FOR ALL DISCLOSURES REPORTED IN THIS COMPLAINT

3. If you are not the person who actually made a disclosure described in boxes A, B, C, or D above, please check below to specify the disclosure involved, and provide the name, address, and telephone number of the person who made the disclosure, if known. *(If space is needed to identify more than one person, use Continuation Sheet at page 12.)*

Disclosure:          A (   )                    B (   )                    C (   )                    D (   )

Name:          _____

Address:       _____

                    _____

Telephone number: (          ) _____ Ext. _____

4. Explain why you believe that the personnel action(s) listed above occurred because of the disclosure(s) that you described. *(Be as specific as possible about any dates, locations, names, and positions of all persons mentioned in your explanation. In particular, identify actual and potential witnesses, giving work locations and telephone numbers, if known. Attach a copy of any documents that support your statements. Please provide, if possible, a copy of the notification of the agency's proposal and/or decision about the personnel action(s) covered by your complaint. If more space is needed, use Continuation Sheet at page 12.)*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

5. What action would you like OSC to take in this matter (that is, what remedy are you asking for)?

_____

_____

_____

_____

---

## KEEP A COPY OF THIS PAGE FOR YOUR RECORDS

P-1227

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 9 of 12

## PART 3: CONSENT TO CERTAIN DISCLOSURES OF INFORMATION

OSC asks everyone who files a complaint alleging a possible prohibited personnel practice or other prohibited activity to select one of three Consent Statements shown below. *IF YOU DO NOT SELECT ONE OF THE THREE CONSENT STATEMENTS BELOW, OSC WILL ASSUME THAT YOU HAVE SELECTED CONSENT STATEMENT 1.* Please: (a) select and sign (or check, if filing electronically) one of the Consent Statements below; and (b) keep a copy of the Consent Statement you select (as well as a copy of all documents that you send to OSC) for your own records.

If you initially select a Consent Statement that restricts OSC's use of information, you may later select a less restrictive Consent Statement. If your selection of Consent Statement 2 or 3 prevents OSC from being able to conduct an investigation, an OSC representative will contact you, explain the circumstances, and provide you with an opportunity to select a less restrictive Consent Statement.

You should be aware that the Privacy Act allows information in OSC case files to be used or disclosed for certain purposes, regardless of which Consent Statement you sign. *See* 5 U.S.C. § 552a(b). Information about certain circumstances under which OSC can use or disclose information under the Privacy Act appears on the next page.

### *(Please sign one)*

**Consent Statement 1**

I consent to OSC's communication with the agency involved in my complaint. I agree to allow OSC to disclose my identity as the complainant, and information from or about me, to the agency if OSC decides that such disclosure is needed to investigate the allegation(s) in my complaint (for example, to request information from the agency, or seek a possible resolution through mediation or corrective action). I understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_____          _____
Complainant's Signature for Consent Statement 1              Date Signed

**Consent Statement 2**

I consent to OSC's communication with the agency involved in my complaint, but I do not agree to allow OSC to disclose my identity as the complainant to that agency. I agree to allow OSC to disclose only information from or about me, without disclosing my name or other identifying information, if OSC decides that such disclosure is needed to investigate the allegation(s) in my complaint (for example, to request information from the agency, or seek a possible resolution through mediation or corrective action). I understand that in some circumstances (for example, if I am complaining about my failure to receive a promotion), OSC could not maintain my anonymity while communicating with the agency involved about a specific personnel action. In such cases, I understand that this request for confidentiality might prevent OSC from taking further action on my complaint. I also understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_John H. Redicin_____          ___2/11/04_____
Complainant's Signature for Consent Statement 2              Date Signed

**Consent Statement 3**

I do *not* consent to OSC's communication with the agency involved in my complaint. I understand that if OSC decides that it cannot investigate the allegation(s) in my complaint without communicating with that agency, my lack of consent will probably prevent OSC from taking further action on the complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information from my complaint file when permitted by the Privacy Act (including circumstances summarized in Part 5, below).

_____          _____
Complainant's Signature for Consent Statement 3              Date Signed

P-1228

COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY
Page 10 of 12

---

## PART 4: CERTIFICATION AND SIGNATURE

*I certify that all of the statements made in this complaint (including any continuation pages) are true, complete, and correct to the best of my knowledge and belief. I understand that a false statement or concealment of a material fact is a criminal offense punishable by a fine of up to $250,000, imprisonment for up to five years, or both. 18 U.S.C. § 1001.*

Signature _____        Date Signed ___2/11/03_____

## PART 5: PRIVACY ACT / PAPERWORK REDUCTION ACT STATEMENTS

*Routine Uses.*   Limited disclosure of information from OSC files is needed to fulfill OSC's investigative, prosecutorial, and related responsibilities. OSC has described 18 routine uses for information in its files in the *Federal Register* (F.R.), at 66 F.R. 36611 (July 12, 2001), and 66 F.R. 51095 (October 5, 2001). A copy of the routine uses is available from OSC upon request. A summary of the routine uses appears below.

OSC may disclose information from its files in the following circumstances:

1. to disclose that an allegation of prohibited personnel practices or other prohibited activity has been filed;

2. to disclose information to the Office of Personnel Management (OPM) as needed for inquiries involving civil service laws, rules or regulations, or to obtain an advisory opinion;

3. to disclose information about allegations or complaints of discrimination to entities concerned with enforcement of antidiscrimination laws;

4. to the MSPB or the President, when seeking disciplinary action;

5. to the involved agency, MSPB, OPM, or the President when OSC has reason to believe that a prohibited personnel practice has occurred, exists, or is to be taken;

6. to disclose information to Congress in OSC's annual report;

7. to disclose information to third parties as needed to conduct an investigation; obtain an agency investigation and report on information disclosed to OSC's whistleblower disclosure channel; or to give notice of the status or outcome of an investigation;

8. to disclose information as needed to obtain information about hiring or retention of an employee; issuance of a security clearance; conduct of a security or suitability investigation; award of a contract; or issuance of a license, grant, or other benefit;

9. to the Office of Management and Budget (OMB) for certain legislative coordination and clearance purposes;

P-1229

10. to provide information from an individual's record to a congressional office acting pursuant to the individual's request;

11. to furnish information to the National Archives and Records Administration for records management purposes;

12. to produce summary statistics and work force or other studies;

13. to provide information to the Department of Justice as needed for certain litigation purposes;

14. to provide information to courts or adjudicative bodies as needed for certain litigation purposes;

15. to disclose information to the MSPB as needed in special studies authorized by law;

16. for coordination with an agency's Office of Inspector General or comparable entity, to facilitate the coordination and conduct of investigations and review of allegations;

17. to news media or the public in certain circumstances (except when the Special Counsel determines that disclosure in a particular case would be an unwarranted invasion of personal privacy); and

18. to the Department of Labor and others as needed to implement the Uniformed Services Employment and Reemployment Rights Act of 1994, and the Veterans' Employment Opportunities Act of 1998.

If OSC officials believe that disclosure may be appropriate in a situation not covered by one of OSC's routine uses, or one of the 11 other exceptions to the Privacy Act's general prohibition on disclosure, OSC will seek written authorization from the complainant permitting the disclosure.

*Purposes, Burdens, and Other Information.* An agency may not conduct or sponsor a collection of information, and persons may not be required to respond to a collection of information, unless it: (a) has been approved by OMB; and (b) displays a currently valid OMB control number. The information in this form is collected pursuant to OSC's legal responsibility to investigate: (a) allegations of prohibited personnel practices, to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken (5 U.S.C. § 1214); and (b) other allegations of prohibited activity (5 U.S.C. § 1216). The information will be reviewed by OSC to determine whether the facts establish its jurisdiction over the subject of the complaint, and whether further investigation and corrective or disciplinary action is warranted. The reporting burden for this collection of information is estimated to be an average of one hour and 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering the data needed, and completing and reviewing the form. Please send any comments about this burden estimate, and suggestions for reducing the burden, to the Office of Special Counsel, Legal Counsel and Policy Division, 1730 M Street, N.W. (Suite 218), Washington, DC 20036-4505. Use of this form to file a complaint alleging a prohibited personnel practice or other prohibited activity is required; use of this to file a complaint alleging only a Hatch Act violation is *not* required. 5 C.F.R. § 1800.1(d), as amended. As stated in Part 3 of this form, complainants may request that OSC maintain their name, and information provided by them, in confidence.

P-1230

**COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE OR OTHER PROHIBITED ACTIVITY**
Page 12 of 12

## CONTINUATION SHEET

Part No.     Item/Question No.     Response Continuation

| 1 | 12. | Name: Frances Zorn          Tel. # 617-565-6370 |
| | | Pos/Title: Regional Administrator - Northeast Regional office |
| | | Employment Status: SES |
| | | |
| | | Name: Douglas MacAllister   Tel. # 617-565-6446 |
| | | Pos/Title: Financial Management Director - Northeast Reg office |
| | | Employment Status: Career Conditional |

## KEEP A COPY OF THIS PAGE FOR YOUR RECORDS
## (ESPECIALLY IF YOU ARE ALLEGING REPRISAL FOR WHISTLEBLOWING)

P-1231

**EXHIBIT 5 (2 pages)**

**Pedicini, John**

From:     Mann, Peggy
Sent:     Thursday, September 29, 2005 2:59 PM
To:       NE All Employees Mailing List
Subject:  FW: RE Temporary Employment Opportunity in NERO

Everyone: As you can see from the two notices below, there was a delay in posting FNS Nationwide. Consequently, the deadline was extended to October 6, 2005. This extension also applies to the local announcements I posted on the formal and informal bulletin boards. Thank you for your patience. Peggy

**From:** Wilmot, Laura
**Sent:** Thursday, September 29, 2005 2:50 PM
**To:** Buchholz, Mavis; Visser, Debra; Gomez, Lupe; Hester, Margo; Hatten, Monique; GAU, PEGGY; Mann, Peggy
**Cc:** Cajka, Mary Ellen; English, Suzan
**Subject:** RE Temporary Employment Opportunity in NERO

Liaison's and AO's--Please disseminate these detail opportunities to the employees in your region. Thanks.

## TEMPORARY OPPORTUNITY – NERO

This is to announce an opportunity for a detail or temporary promotion as appropriate, NTE 120 days, to a Supervisory Financial Management Specialist, GS 501-13 position in the Financial Management Organization of NERO. This position oversees the FSP/IFS (Food Stamp Program/Internal Financial Services) section. If you are interested in this opportunity, please indicate your interest to me by e-mail no later than COB, Monday, October 6, 2005. Please include your name, title, series, and grade. If you are not at the GS-13 level, but previously held a GS-13 position, please provide the dates. Please be advised that applicants interested in a temporary promotion must meet the basic qualification requirements found in OPM's Qualification Standards for General Schedule Positions.

Thank you.

Peggy Mann, HR Liaison, NERO

## TEMPORARY OPPORTUNITY - NERO

This is to announce an opportunity for a detail or temporary promotion as appropriate, NTE 120 days to a Supervisory Computer Specialist position, GS 2210-13 in the Financial Management Organization of NERO. This position oversees Information Technology and Support Services. If you are interested in this opportunity, please indicate your interest to me by e-mail no later than COB, Monday, October 6, 2005. Please include your name, title, series and grade. If you are not

P-2036

10/13/2005

at the GS-13 level, but previously held a GS-13 position, please provide the dates. Please be advised that applicants interested in a temporary promotion must meet the basic qualification requirements found in OPM's Qualification Standards for General Schedule Positions.

Thank you.

Peggy Mann, HR Liaison, NERO

P-2037

10/13/2005