UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,

    Plaintiff

-vs-

UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT OF
AGRICULTURE,
ANN M. VENEMAN, SECRETARY,
    Defendants

CIVIL ACTION NO. 04-12395-JLT

<u>Plaintiff's Motion for Leave to Depose Additional
Witnesses, Make Document Requests, Order Defendants To
Reimburse Plaintiff For Payment Of Travel Costs For
Defendants' Employees, And Order The Application Of 29 CFR
1614.605(b)</u>

    Pursuant to Federal Rules of Civil Procedure Rules 26, 30(a)(2) and 34 and Local Rule 26.1 (C), Plaintiff John G. Pedicini requests permission to depose two additional relevant witnesses before March 31, 2006, namely Juanita Makuta and Lori Lodato, on the grounds that he discovered since December 6, 2005 additional relevant information known by these individuals. Juanita Makuta, and Lori Lodato have relevant information on the key issue of Plaintiff, John Pedicini's designation as backup funds officer or Funds Control Officer backup as indicated on new documents in this case, FNS-674 and FNS-1143.

1

In addition, Ms. Makuta and Lodato have relevant information about spoilage of evidence in this case via the destruction of all computer files on the computer of Michael Malone, subsequent to his deposition in this case, as indicated on document, FNS-674, dated on or about September 22, 2005. Moreover, Ms. Makuta and Lodato have relevant information about the failure of the Defendants to establish a chain of custody regarding the relevant computer files in this case.

Plaintiff also asks this Honorable Court allow him to obtain documents which Defendants refused to produce to Plaintiff voluntarily absent a motion and which are relevant to Plaintiff's allegations of retaliation, namely:

A copy of Form FNS-674, dated on or about September 22, 2005 for Michael Malone's computer.

A copy of the following job announcements with associated crediting plan, internal list of most qualified candidates, and external list of most qualified candidates for the following:

|     | **Job Vacancy #** | **Date** |
| --- | --- | --- |
| a.) | NE-043-03-0 | Closing date of 8/29/03 |
| b.) | NE-043-03-10 | Opening date of 10/31/03 |
| c.) | NE-017-01-0 | Closing date on or about 4/1/01 |
| d.) | Temporary Promotion To GS 501-13 | Opening date of 9/29/05 and Closing date of 10/06/05 |

As requested, the paragraphs in which John Pedicini's allegations regarding lost promotion and obstruction of his

career in the Amended complaint appear, for example, without limit, in paragraphs 23, 24, 148, 149, 152, 172, 173.

A copy of FNS-674 form, dated on or around September 22, 2005 for Michael Malone's computer, and all supporting documents.

Plaintiff asks this Honorable Court grant a reasonable amount of time until March 31, 2006 to allow sufficient time to complete the depositions herein requested and for review of and follow on that discovery.

In support of this motion, Plaintiff files a memorandum with this motion and attaches to this motion and files with this motion Affidavit of John G. Pedicini, Plaintiff, hereto attached and asks this court to order the above-named witnesses to be deposed, the documents requested be produced, and a reasonable amount of time to be from February 7, 2006 to March 31, 2006.

Dated:  January 25, 2006


Respectfully Submitted,

*[signature: John H. Pedicini]*
John G. Pedicini, Pro se
10 Milano Drive
Saugus, MA  01906
(781) 248-1385

## CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, I have conferred with Defendant's counsel and have attempted in good faith to resolve the issues addressed in this Motion on January 12, 2006 and on January 18, 2006 and that we were unable to resolve the issues set forth in this motion.

_____    1/25/06
John G. Pedicini, Pro se            Date

## CERTIFICATION OF SERVICE

Pursuant to L.R. 5.2(b) I hereby certify that a true copy of the above document, the memorandum of law in support of the above motion, and all exhibits attached to the memorandum in support of the above motion were served on the Defendants January 25, 2006 by certified mail, return receipt requested to:

>Damian Wilmot, Esq.
>U.S. Attorney's Office
>Moakley Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210

By: _____
John G. Pedicini, Pro se

Dated: 1/25/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,

    Plaintiff

-vs-

UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT OF
AGRICULTURE,
ANN M. VENEMAN, SECRETARY,
    Defendants

CIVIL ACTION NO. 04-12395-JLT

AFFIDAVIT

Commonwealth of Masachusetts )
                                  ) SS.:
COUNTY OF ESSEX            )

JOHN PEDICINI, being duly sworn, deposes and says:

    1.    I am the Plaintiff in the above-captioned case and I assert the following based on my personal observation and knowledge, I am over 18, and I am of sound mind and am mentally competent to testify to the matters contained in this affidavit.

    2.    Since December 7, 2005, I have learned of two additional witnesses in the above-captioned matter—Juanita Makuta and Lori Lodato.

    3.    Juanita Makuta is the Agency Computer Security Officer and is in charge of computer authorization records and regulations that govern those records.

    4.    Lori Lodato is the Regional Computer Security Officer and is in charge of original versions of computer authorization records and regulations that govern those records.

    5.    Sometime in October 2005, I requested a computer authorization form, FNS-674, signed by a former supervisor, Joseph Stanco from Lori Lodato. I asked her about any authorizations from Michael Malone. She told me that there were none. In addition, she informed me that some files on Mr. Malone's computer had been erased. I referred the matter to my former counsel, Sarah Catapano-Friedman.

    6.    On December 15, 2005, I requested all computer authorization forms for me from Lori Lodato. I noticed that there were none from Michael Malone. Also, Ms. Lodato informed me that all computer files from Mr. Malone's computer had been erased.

She said that she had informed Juanita Makuta about this occurrence and had recorded it on a form FNS-674, dated on or about September 22, 2005. I asked her if a chain of custody had been established. She said that no chain of custody, involving computer security officers at NERO, had been established and that nobody had informed her of any establishment of a chain of custody since he was the keeper of the backup computer files. She stated that she found Mr. Malone's actions to be quite unusual, especially in light of the fact that he had attended a training session sometime on or about July 2005, conducted by Juanita Makuta, that set forth agency policy and procedure about erasing computer files. In addition, she said that Douglas MacAllister had requested the backup files from her. She informed him that agency policy and procedure for computer security prohibited her from turning the backup files over to him.

7. I have claimed in the above-captioned matter that Defendants have sought to block my career advancement by reducing my duties, reducing my title, and training others for the avenue of career advancement available to me—into the Budget Analyst position.

8. I believe Juanita Makuta will testify that the rights and title indicated on the computer authorization forms are reflective of the rights and title of employees in the workplace. In addition, she will testify about the findings recorded on form FNS-674, regarding the spoilage of evidence by Michael Malone.

9. I believe Lori Lodato will authenticate the copies of computer authorizations currently filed in this case. Also, I believe she will provide extreme detail into the actions of Michael Malone and how they relate to the spoilage of evidence in this case.

10. Whether or not my superiors and the agency had a retaliatory motive in reducing my duties, denying me training opportunities, reducing my position and title, and training others in my duties to advance them instead of me is a key issue in this case. It is a contested issue because the Defendants have claimed in their answer that they did not retaliate against me and, as such, there can be no retaliatory motive for any of their actions I allege against me. Furthermore, the Defendants have claimed that I never had the title or duties of a backup funds officer. The computer authorization forms prove that I did and still do. As such, it is important I be allowed to depose Juanita Makuta and Lori Lodato.

Dated: 1/23/06

_____
John G. Pedicini, Plaintiff pro se

Sworn to me on this 23 day of January, 2006.

_____
Notary Public

_____ personally
appeared before me, and proved his/her identification through
satisfactory evidence, which were _her lic_
to be the person whose name is signed on the preceding or attached
document in my presence on this 23 day of Jan. 2006
Paula Cummings      Commonwealth of Massachusetts
Notary Public    My Commission Expires February 6, 2009

2