UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

JOHN G. PEDICINI,

    Plaintiff

-vs-

UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT OF
AGRICULTURE,
ANN M. VENEMAN, SECRETARY,
    Defendants

CIVIL ACTION NO. 04-12395-JLT

AFFIDAVIT

---

Commonwealth of Masachusetts )
                                       )   SS.:
COUNTY OF ESSEX             )

JOHN PEDICINI, being duly sworn, deposes and says:

    1.   I am the Plaintiff in the above-captioned case and I assert the following based on my personal observation and knowledge, I am over 18, and I am of sound mind and am mentally competent to testify to the matters contained in this affidavit.

    2.   On January 5, 2006, I contacted the Defendants' counsel, Damian Wilmot, via email, about additional discovery issues in the above-entitled case. In that email, Mr. Wilmot stated, "…Judge Tauro specifically did not allow the parties to request documents under the Rules of Civil Procedure(despite this fact, the government provided documents voluntarily). Moreover the discovery period has ended. The only discovery the Judge has allowed are your 5 remaining depositions." On January 12, 2006 and on January 18, 2006, Mr. Wilmot repeated essentially the same reasons to me, as he did in his January 5, 2006 email. He has turned a deaf ear toward any discussion of additional discovery issues. He has not responded to any requests for additional discovery. Therefore, Mr. Wilmot's behavior made it impossible for me to resolve the issues in the motion filed on January 25, 2006.

    3.   On September 20, 2005, on page 1 of a letter to my former counsel, Sarah Catapano-Friedman, Mr. Wilmot states, "As an initial matter, your understanding is correct that the United States will oppose any additional depositions in this action"

1

4. On November 9, 2005, on page 6 of a letter to my former counsel, Sarah Catapano-Friedman, Mr. Wilmot states, "As I stated in my September 20, 2005 letter, the United States will oppose any additional depositions by the Plaintiff in this action. Please see my September 20, 2005 letter and the Government's Opposition to your motion for leave to depose additional persons for further explanation on this topic."

5. I have incurred over $100,000 in legal costs up to December 20, 2005, the date that my former counsel withdrew from this case. On every monthly legal billing from May 1, 2005 to December 2005, my former counsel has cited the Defendants behavior as the reason for me incurring additional legal costs that I would not otherwise have incurred. I stand ready to produce the original legal bills from my former counsel to the Court, including those from May 1, 2005 to December 2005 that specifically take note of the Defendants behavior during discovery.

6. My former counsel has informed me that at the December 6, 2005 conference, Judge Tauro stated that the issue of document production for the Section Chief positions in 2001 and 2003 would be revisited at the pre-trial conference on February 7, 2006. Thus, I have included that issue in my motion filed on January 25, 2006.

Dated: 1/30/06

_____
John G. Pedicini, Plaintiff pro se

Sworn to me on this 30 day of January, 2006.

_____
Notary Public

ANDREW O'DONNELL
Notary Public
Commonwealth of Massachusetts
My Commission Expires
16, 2012

## Certificate Of Service

    I, John G. Pedicini, plaintiff pro se, hereby certify that on this __30th__ day of January 2006 service was made on the Defendant by mailing copies of the Affidavit of John Pedicini, dated January 30, 2006; the letter from Damian Wilmot to Sarah Catapano Friedman dated September 20, 2005; the letter from Damian Wilmot to Sarah Catapano-Friedman dated November 9, 2005; the email from Damian Wilmot to John Pedicini dated January 5, 2006; the letter from John Pedicini to Damian Wilmot dated January 12, 2006; the letter from John Pedicini to Damian Wilmot dated January 17, 2006; the letter from John Pedicini to Damian Wilmot dated January 21, 2006, via certified mail, return receipt requested, pursuant to F.R.C.P. Rule 5(b), to the Defendant's attorney at:

MICHAEL J. SULLIVAN, U.S. Attorney
c/o Damian W. Wilmot, Assistant U.S. Attorney
    Moakley Federal Courthouse
    One Courthouse Way, Suite 9200
    Boston, MA 02210

***Plaintiff, pro se, is exempt under Local Rule 5.4 (G)(2)(b), from the electronic filing requirements of Local Rule 5.4 which became effective on January 1, 2006.***

_[signature]_          1/30/06
John G. Pedicini, Pro Se    /Date
10 Milano Drive
Saugus, MA  01906
Tel.# 781-233-5274
Cell # 781-248-1385



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

September 20, 2005

Sarah Catapano-Friedman
50 Franklin Street, 4th Floor
Boston, MA 02210

    **Re:  John G. Pedicini v. United States of America**
           **U.S.D.C. MA, Civil Action No. 04-12395-JLT**

Dear Sarah:

    I have had a chance to review your August 31, 2005, letter, requesting documents and stating your intentions to depose three additional people.

    As an initial matter, your understanding is correct that the United States will oppose any additional depositions by the Plaintiff in this action. As you know, you have thus far deposed 12 people, and still have one more person -- Roberto Salazar -- to depose. Your depositions have taken up a considerable amount of time (indeed, it took you several days to complete two of the 12 deponents), and has caused the United States to expend a considerable amount of resources. Moreover, in my opinion, none of the depositions have proven or advanced any of Plaintiff's claims and I have no reason to believe that your proposed depositions will add any new information. Therefore, I will strongly oppose the three additional depositions you mention in your letter.

    With regard to the documents you requested, please see the responses below.

    **Request No. 1:  A copy of the position description Michael Malone received from Douglas MacAllister for Section Chief of FSP/IF.**

    Response:  Attached hereto is a copy of the position description for FSP/IFS Section Chief, which, as you know from the

Sarah Catapano-Friedman
September 20, 2005
Page 2

deposition testimony, Mr. MacAllister provided to Mr. Malone so that Mr. Malone could better understand that position's job requirements as he had assumed the responsibilities of that position on an interim basis. See Bates Stamped Documents Nos. US0366-US0373.

**Request No. 2: A copy of the postings of the Section Chief FSP/IF position from 1990-present and copies of all of the applications for the Section Chief FSP/IF position from 1990-present.**

Response: The United States objects to this request on the grounds that it is overly broad. The United States also objects to this document request on the grounds that the employment applications sought are protected from disclosure pursuant to the Privacy Act of 1974. Moreover, all the postings and employment applications for the Section Chief FSP/IF position from 1990-present are not relevant, nor is the information likely to lead to discoverable evidence. Without waiving these objections, the United States refers Plaintiff to the attached vacancy announcement, posted on October 31, 2003. See Bates Stamped Documents Nos. US0374-US0379.

**Request No. 3: Michael Malone's notes on his meeting with John Pedicini regarding the allegedly loud phone conversation which Michael Malone allegedly discussed with John Pedicini.**

Response: The United States objects to this document request on the grounds that it is vague. The United States also objects to this request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege recognized by law. Without waiving these objections, the United States refers Plaintiff to the attached non-privileged document. See Bates Stamped Document No. US0380.

**Request No. 4: The email response Michael Malone received in response to his request for guidance on 29 CFR 1614 Ch. 5, XIII(c)(5).**

Response: The United States objects to this document request on the grounds that it is vague. The United States also objects to your representation concerning Mr. Malone's actions. Without waiving these objections, the United States refers Plaintiff to the attached non-privileged documents. See Bates Stamped Documents

Sarah Catapano-Friedman
September 20, 2005
Page 3

Nos. US0381-US0387.

**Request No. 5: All the drafts of the Settlement Agreement between FNS-NERO and John Pedicini.**

Response: The United States objects to this request as the sought documents are protected from disclosure by the attorney-client privilege.

**Request No. 6: Douglas MacAllister's notes during the March 10, 2003 meeting with John Pedicini which Douglas MacAllister claimed to have provided [AUSA Wilmot].**

Response: The United States objects to this request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege recognized by law. Without waiving this objection, the United States refers Plaintiff to the attached non-privileged documents. See Bates Stamped Documents Nos. US0388-US0391.

**Request No. 7: Frances Zorn's transcript in her EEO deposition for Brooksie Spears' EEO Complaint.**

Response: The United States objects to this request to the extent it seeks documents that are protected from disclosure by the Privacy Act of 1974. Without waiving this objection, the United States states that it does not have any documents that are within its possession, custody or control and are responsive to this request.

**Request No. 8: Janice Sciarappa's 2003 and 2004 performance standards and individual development plan for those years.**

Response: The United States objects to this document request on the grounds that the information sought is protected from disclosure pursuant to the Privacy Act of 1974.

**Request No. 9: Copies of the OIG document asking questions about John Pedicini's EEO activities which was sent to Janice Sciarappa.**

Response: The United States objects to this document request on the grounds that it is vague. Also, the United States objects to your representation that the OIG asked Ms. Sciarappa questions "about John Pedicini's EEO activities." Without waiving these

Sarah Catapano-Friedman
September 20, 2005
Page 4

objections, the United States states that it does not have any "OIG document asking questions about John Pedicini's EEO activities which was sent to Janice Sciarappa." The United States refers Plaintiff to the questionnaire sent by the Equal Employment Opportunity Commission to Ms. Sciarappa, which speaks for itself. See Bates Stamped Documents Nos. US0392-US0395.

**Request No. 10: Any and all documents relating to John's EEO activity at FNS.**

Response: The United States objects to this document request on the grounds that it is vague and overly broad. Defendant also objects to this request to the extent it seeks documents that are protected from disclosure by the Privacy Act of 1974, the attorney-client privilege, the work product doctrine, or any other privilege recognized by law.

**Request No. 11: The memo from Roger Butler regarding duties of Funds Officers from 1998 or 1999 which Martin Hines mentioned in his deposition.**

Response: The United States objects to this document request on the grounds that it is vague. Without waiving this objection, the United States refers Plaintiff to the attached non-privileged documents. See Bates Stamped Documents Nos. US0396-US0410.

Should you have any questions concerning the above, please do not hesitate to contact me.

Sincerely,

MICHAEL J. SULLIVAN
United States Attorney

_____
DAMIAN W. WILMOT
Assistant U.S. Attorney



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 9, 2005

**VIA REGULAR MAIL AND FACSIMILE (617) 557-4044**
Sarah Catapano-Friedman
50 Franklin Street, 4th Floor
Boston, MA 02210

> **Re:  John G. Pedicini v. United States of America**
> **U.S.D.C. MA, Civil Action No. 04-12395-JLT**

Dear Sarah:

This letter serves as the government's response to your September 30, 2005, and October 20, 2005 letters, requesting additional documents and information.

<u>The Government's Response To Your September 30, 2005 Letter</u>

**Request No. 1:** A copy of the postings of the Section Chief FSP/IF position in FNS-NERO from 1999-present, namely all the copies of the position postings between the time Arthur LeBlanc left the position and Joseph Stanco was hired for the position and after Joseph Stanco left FNS-NERO, including all versions posted of announcement numbers NE-043-03-0 (posted on or around 7/16/03, 8/29/03 and 10/31/03), NE-043-03-10 (posted on or around 7/16/03 and 8/29/03 and 10/31/03), NE-017-01-0 (all notices-in 2001 there should be at least two notices--crediting plans, and rankings for this vacancy), 99-05-NE-M (the number for this last one is a bit hard to discern because it is faded, but we would like the 1999 posting for the position Joseph Stanco was hired), all versions posted of the posting for a temporary Supervisory Financial Management Specialist, GS-501-13 at FNS-NERO with a closing date of October 6, 2005, and copies of all of the corresponding crediting plans and all the corresponding internal and external lists ranking the applicants for each posted version of the posting listed above.

**Response:**  The United States objects to this document request

Sarah Catapano-Friedman
November 9, 2005
Page 2

on the grounds that it is overly broad, unduly burdensome, and vague. The United States also objects to this request to the extent it seeks documents that are protected from disclosure by the Privacy Act of 1974. Further, the United States objects on the grounds that this request does not seek relevant information, nor is the request reasonably calculated to lead to discoverable evidence. Indeed, any claim by the plaintiff that the USDA did not select him for the above positions in retaliation would be barred under the law as plaintiff did not timely exhaust his administrative remedies as to such a claim.

**Request No. 2:** The email response Michael Malone received in response to his request for guidance on 29 CFR 1614 Ch. 5, XIII (c)(5), as outlined in Michael Malone's deposition page 143 line 21 through p. 145 line 6, if not already provided.

**Response:** The United States previously responded to this request in its September 20, 2005 letter, and, therefore, the government refers you to that letter.

**Request No. 3:** Janice Sciarappa's 2003 and 2004 performance standards and individual development plan for those years.

**Response:** The United States objects to this document request on the grounds that the information sought is protected from disclosure pursuant to the Privacy Act of 1974. Without waiving this objection, the United States refers plaintiff to the attached protected documents. See Bates Stamped Documents Nos. US0411-US0425.

**Request No. 4:** Any and all documents showing that John Pedicini's EEO activities were disruptive to or adversely affected the FNS-NERO office or its productivity or showing that John Pedicini was disruptive in or that his behavior negatively impacted other employees in the office at FNS-NERO.

**Response:** The United States objects to this document request on the grounds that it is vague. Without waiving this objection, the United States refers plaintiff to the attached non-privileged documents, which demonstrate that some of plaintiff's coworkers found his behavior in the office disruptive and unprofessional. See Bates Stamped Documents Nos. US0426-US0427.

**Request No. 5:** Frances Zorn's email to Roberto Salazar on or around October 18, 2004[,] relaying her admission that her interpretation of John Pedicini's rights under the Settlement

Sarah Catapano-Friedman
November 9, 2005
Page 3

Agreement were in error.

**Response:** The United States objects to this document request on the grounds that it is vague. The United States also objects to your representation as to what Ms. Zorn's email to Mr. Salazar says, as the document speaks for itself. Without waiving these objections, the United States refers plaintiff to the attached non-privileged documents. See Bates Stamped Document No. US0428.

**Request No. 6:** Any written or email communications between Roberto Salazar and John Ingemi as a follow-up or relating to the telephone conversation between Roberto Salazar and John Ingemi that took place on or around October 12, 2004.

**Response:** The United States objects to this document request on the grounds that the information sought is protected from disclosure pursuant to the Privacy Act of 1974. Further, the United States objects on the grounds that this request does not seek relevant information.

**Request No. 7:** A list of the individuals (and their titles) in the room with Roberto Salazar during his call with John Ingemi to address problems in FNS-NERO on or around October 12, 2004.

**Response:** To the extent plaintiff hopes to use this information to conduct depositions of the individuals in Mr. Salazar's office when he participated in a telephone conference with Mr. Ingemi on or about October 12, 2004, the United States objects to this document request on the grounds that the information sought is protected from disclosure pursuant to the Privacy Act of 1974. Further, the United States objects on the grounds that this request does not seek relevant information. Without waiving these objections, the United States states that present with Mr. Salazar during his telephone conference with Mr. Ingemi on or about October 12, 2004, were Nancy Garcia, the Confidential Assistant to the Administrator, Jessica Shahin, then the Acting Deputy Administrator for the Food Stamp Program, Jeff Cohen, then the Acting Associate Deputy Administrator for the Food Stamp Program, and Cleve Hall, then the Employee Relations Specialist, Human Relations.

The Government's Response To Your October 20, 2005 Letter

**Request No. 1:** A copy of all emails, communications, or documents from July 1, 2004 through the end of December 2004[,]

Sarah Catapano-Friedman
November 9, 2005
Page 4

relating to a potential vacancy in the Budget Analyst, Budget Officer of Funds Officer position in the Northeast Regional Office for the Food and Nutrition Services ("FNS-NERO") or training for that position or possible vacancy, including, without limit, any documents, emails or communications relating to who will be or should be trained for a possible Budget Analyst, Budget Officer, or Funds Officer Vacancy at FNS-NERO.

**Response:** The United States objects to this document request on the grounds that it is vague, overly broad, and unduly burdensome. The United States also objects to this request on the grounds that it seeks irrelevant information. Without waiving these objections, the United States refers plaintiff to the attached non-privileged documents. See Bates Stamped Documents Nos. US0429-US0471. These documents supplement documents previously produced to plaintiff while his administrative complaints were pending and/or during the course of litigation in the instant action.

**Request No. 2:** All emails, documents, and communications relating [t]o any letters of instruction or instructing memorandum issued to Martin Hines or John Pedicini [f]rom March 2003 through present including, without [l]imit, the letters of instruction issued to John Pedicini in March 2003, October 2004 and November 2004.

**Response:** The United States objects to this document request on the grounds that it is vague, overly broad, and unduly burdensome. The United States also objects to this request on the grounds that it seeks irrelevant information. Without waiving these objections, the United States refers plaintiff to the attached non-privileged documents. See Bates Stamped Documents Nos. US0472-US0484. These documents supplement documents previously produced to plaintiff while his administrative complaints were pending and/or during the course of litigation in the instant action.

**Request No. 3:** All emails, documents, and communications relating [t]o or on the subject of Martin Hines' alleged [p]ossible retirement.

**Response:** The United States objects to this document request on the grounds that it is vague, overly broad, and unduly burdensome. The United States also objects to this request on the grounds that it seeks irrelevant information. Without waiving these objections, the United States refers plaintiff to the

Sarah Catapano-Friedman
November 9, 2005
Page 5

attached non-privileged documents. See Bates Stamped Documents Nos. US0435-US0437, US0460. These documents supplement documents previously produced to plaintiff while his administrative complaints were pending and/or during the course of litigation in the instant action.

Also attached, without waiving the objections asserted in my September 20, 2005 letter, please find an additional document responsive to your previous request for "Douglas MacAllister's notes during the March 10, 2003 meeting with John Pedicini which Douglas MacAllister claimed to have provided [AUSA Wilmot]." See Bates Stamped Documents Nos. US0485-US0486. These documents supplement documents previously produced to plaintiff while his administrative complaints were pending and/or during the course of litigation in the instant action.

As to your request for a "point by point listing of what OPM has done to comply with the ordered study and promulgation of guidelines under the No FEAR Act[,] relating to appropriate disciplinary measures," the United States declines to respond to this request to the extent it seeks information that would be protected by the deliberative process privilege. Further, the government believes, as stated in defendants' Memorandum in Support of their Partial Motion to Dismiss, that your interpretation of the No FEAR Act is erroneous. Indeed, the No FEAR Act sets no deadlines by which OPM must issue advisory guidelines incorporating best practices related to disciplinary action against federal employees who are found to have discriminated against other federal employees. By closely reading Section 204(a) of the Act, which became effective on October 1, 2003, one can presume that Congress did not expect OPM to quickly turnaround such advisory guidelines. Pub. L. No. 107-174, 116 Stat. 570. The Act instructs OPM to base these advisory guidelines on a "comprehensive study" of each and every agency in the executive branch -- which would obviously take some time. Id. Moreover, the Act does not require an agency to adopt OPM's guidelines. Pub. L. No. 107-174, 116 Stat. 571. Indeed, the Act allows agencies to reject the guidelines. Id.

That said, OPM has done (and is doing) a great deal concerning its responsibilities under the No FEAR Act. Title II of the No FEAR Act has four main parts: (1) the reimbursement provisions, (2) the notice and training requirements, (3) the agency annual reporting requirements, and (4) the development of best practices guidelines that agencies may follow when disciplining federal employees who violate the anti-discrimination or whistle blower

Sarah Catapano-Friedman
November 9, 2005
Page 6

protection laws. OPM promulgated regulations concerning reimbursement of the Department of Treasury's Judgment Fund on an interim final basis. It also promulgated regulations concerning notice and training as proposed regulations, with a comment period that was extended at the request of Congress and stakeholder groups. OPM has not completed yet the regulations for the annual report and the comprehensive study. OPM has promulgated the No FEAR regulations segment by segment, and the study part, logically, is last because OPM base it on several years of accumulated data from the covered agencies. I hope this information is sufficient to convince your client to withdraw his APA claims against the government.

    Finally, with regard to your inquiry whether I would oppose your motion for leave to depose Bruce Potvin and Roger Hamilton, my answer is yes. As I stated in my September 20, 2005 letter, the United States will oppose any additional depositions by the Plaintiff in this action. Please see my September 20, 2005 letter and the Government's Opposition to your motion for leave to depose additional persons for further explanation on this topic.

    Should you have any questions concerning the above, please do not hesitate to contact me.

                                  Sincerely,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                                  DAMIAN W. WILMOT
                                  Assistant U.S. Attorney

encl.

**Pedicini, John**

---

**From:** Wilmot, Damian (USAMA) [Damian.Wilmot@usdoj.gov]
**Sent:** Thursday, January 05, 2006 2:59 PM
**To:** Pedicini, John
**Subject:** RE: REFUSAL TO SUPPLY DOCUMENT ON SECTION CHIEF POSITIONS

John, as an initial matter, you should obtain from your counsel copies of their requests for documents, my responses, their motions to compel, and my oppositions to those motions. A review of those documents should answer all of your questions concerning documents. (Note in your review of those documents that your counsel promised to provide me documents, which I have not yet received).

As for your new request for documents, Judge Tauro specifically did not allow the parties the authority to request documents under the Rules of Civil Procedure (despite this fact, the government provided documents voluntarily). Moreover, the discovery period has ended. The only discovery the Judge has allowed are your 5 remaining depositions. Therefore, the government is not under any obligation to respond to your request "for all documents related to [the government's] defense of the No Fear Act count."

---

**From:** Pedicini, John [mailto:John.Pedicini@FNS.USDA.gov]
**Sent:** Thursday, January 05, 2006 2:33 PM
**To:** Wilmot, Damian (USAMA)
**Subject:** REFUSAL TO SUPPLY DOCUMENT ON SECTION CHIEF POSITIONS

Damian:

Sorry to bother you again. But, Sarah has also told me that you have refused to supply any documents (e.g. crediting plan, etc.) for the 2 section chief positions at issue in the case.

Is this true ?

Thanks,

**John G. Pedicini, M.B.A.** (Beta Gamma Sigma)
"Leges sine moribus vanae"

1/27/2006

Damian Wilmot, Esq.
U.S. Attorney's Office
Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

January 12, 2006                    **CERTIFIED MAIL**
                                    **RETURN RECEIPT**
                                    **REQUESTED**


RE:  Pedicini v. U.S. et al., Civil Action #04-12395-JLT

**REQUEST FOR DOCUMENTS AS A RESULT OF DORMAN AND BLIM DEPOSITIONS**

Dear Damian:

Pursuant to the Blim and Dorman depositions ordered by the Court on December 5, 2005, I wish to request the following documents as a result of the information obtained in those depositions for the above-entitled case. As previously discussed with my former counsel, I am willing to stipulate to an extension of the protective order for any documents you feel are covered by the Privacy Act. The documents are as follows:

1.) A copy of the following job announcements with associated crediting plan, internal list of most qualified candidates, and external list of most qualified candidates.

|     | Job Vacancy #              | Date                                                           |
|-----|----------------------------|----------------------------------------------------------------|
| a.) | NE-043-03-0                | Closing date of 8/29/03                                        |
| b.) | NE-043-03-10               | Opening date of 10/31/03                                       |
| c.) | NE-017-01-0                | Closing date on or about 4/1/01                                |
| d.) | Temporary Promotion To GS 501-13 | Opening date of 9/29/05 and Closing date of 10/06/05      |

1

2.) The findings and recommendations report, or similarly entitled report, dated on or about 8/15/04 based on the administrative funds control audit performed by Jada Johnson and LaTonya Williams from approximately 7/22/04 to 8/15/04.

3.) The Northeast Regional Office response report, or similarly entitled report, produced in response to the document cited in 2.) above and issued on or about 9/1/04.

4.) The final audit report, or similarly entitled report, issued on or around 9/15/04, based on the administrative funds control audit performed by Jada Johnson and LaTonya Williams from approximately 7/22/04 to 8/15/04.

5.) The listing of steps taken by the Office of Personnel Management to comply with the ordered study and promulgation of guidelines under the NO FEAR Act relating to appropriate disciplinary measures. My former counsel has informed me that you have not submitted any Rule 16 disclosure on the NO FEAR Act whatsoever. I am also requesting a list of witnesses who would testify in relation to the promulgation of the relevant NO FEAR Act disciplinary guidelines and a summary of their testimony.
   Your failure to provide any information leads me to the conclusion that no steps or guidelines have been established by the Office of Personnel Management and the agency is in noncompliance.

   Kindly respond, in writing, within 5 days from the date of receipt of this letter, as to whether or not you will produce these documents.

Sincerely,

*[signature: John H. Pedicini]*

John G. Pedicini, Plaintiff pro se
10 Milano Drive
Saugus, MA  01906

Damian Wilmot, Esq.
U.S. Attorney's Office
Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

January 17, 2006                    **CERTIFIED MAIL**
                                    **RETURN RECEIPT**
                                    **REQUESTED**


RE:  <u>Pedicini v. U.S. et al., Civil Action #04-12395-JLT</u>

   <u>REQUEST FOR DOCUMENTS AS A RESULT OF DORMAN AND BLIM
                         DEPOSITIONS</u>


Dear Damian:

Pursuant to the Blim and Dorman depositions ordered by the Court on December 5, 2005, I wish to request the following documents as a result of the information obtained in those depositions for the above-entitled case. As previously discussed with my former counsel, I am willing to stipulate to an extension of the protective order for any documents you feel are covered by the Privacy Act. The documents are as follows:


1.)  A copy of the emails cited by Michael Malone in his deposition on pp. 85-86, regarding Marty Hines telling Michael Malone that he was not allowed to certify funds for USDA-NERO. Also, a copy of the emails cited by Michael Malone responding to Hines' emails.

     Kindly respond, in writing, within 5 days from the date of receipt of this letter, as to whether or not you will produce these documents.


Sincerely,

*John H. Pedicini*
John G. Pedicini, Plaintiff pro se
10 Milano Drive
Saugus, MA 01906

1

Damian Wilmot, Esq.
U.S. Attorney's Office
Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

January 21, 2006                    VIA
                                    UNITED PARCEL
                                    **SERVICE**

RE: <u>Pedicini v. U.S. et al., Civil Action #04-12395-JLT</u>

Dear Damian:

Enclosed in this box are additional documents labeled P-2241 through P-3418 that the Plaintiff is disclosing to you. This includes documents P-2241 through P-2256 that I thought Sarah had sent to you on November 30, 2005.

If you have any questions, please contact me as soon as possible.

Sincerely,

*/s/ John G. Pedicini*

John G. Pedicini, Plaintiff pro se
10 Milano Drive
Saugus, MA  01906




Home | About UPS | Contact UPS | Getting Started @ UPS.com

**UPS Uni**

**Tracking**

Log-In  User ID:  Password:   | Forgot Password

**Tracking**

→ **Track by Tracking Number**
> Track by E-mail
> Import Tracking Numbers 🔒
→ Track by Reference Number
→ Track by Freight Tracking Number
→ Track by Freight Shipment Reference
→ Track with Quantum View
→ Sign Up for Signature Tracking 🔒
→ Void a Shipment 🔒
→ Help

## Track by Tracking Number

**View Details**

| | |
|---|---|
| Status: | Delivered |
| Delivered on: | 01/24/2006 10:21 A.M. |
| Signed by: | RAMOS |
| Location: | RECEIVER |
| Delivered to: | BOSTON, MA, US |
| Shipped or Billed on: | 01/23/2006 |
| Tracking Number: | 1Z 035 E63 03 5756 575 9 |
| Service Type: | GROUND |
| Weight: | 9.90 Lbs |

**Package Progress:**

| Location | Date | Local Time | Activity |
|---|---|---|---|
| BOSTON, MA, US | 01/24/2006 | 10:21 A.M. | DELIVERY |
| | 01/24/2006 | 4:17 A.M. | OUT FOR DELIVERY |
| | 01/24/2006 | 2:25 A.M. | ARRIVAL SCAN |
| CHELMSFORD, MA, US | 01/24/2006 | 1:25 A.M. | DEPARTURE SCAN |
| CHELMSFORD, MA, US | 01/23/2006 | 9:31 P.M. | ARRIVAL SCAN |
| LYNNFIELD, MA, US | 01/23/2006 | 9:00 P.M. | DEPARTURE SCAN |
| | 01/23/2006 | 7:26 P.M. | ORIGIN SCAN |
| US | 01/23/2006 | 6:29 P.M. | BILLING INFORMATION RECEIVED |

Tracking results provided by UPS: 01/28/2006 7:08 A.M. Eastern Time (USA)

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tend for you to UPS for delivery and for no other purpose. Any other use of UPS tracking syste information is strictly prohibited.

← Back to Tracking Summary

Home | Shipping | Tracking | Support | Business Solutions | About UPS | Contact UPS | Register | Getting Started | Site Guide | Advanc
UPS Global | UPS Corporate

Copyright © 1994-2006 United Parcel Service of America, Inc. All rights reserved.
Web Site Terms of Use | Privacy Policy | Trademarks | Tariff | Terms and Conditions of Service