**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2007 APR 16  P 12:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

|

**JOHN G. PEDICINI,**

    **Plaintiff**

-vs-

**UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT OF
AGRICULTURE,
MIKE JOHANNS[1], SECRETARY,
    Defendants**

**CIVIL ACTION NO. 04-12395-JLT**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AS TO RELIEF ONLY

Plaintiff JOHN G. PEDICINI, pro se, requests this

Honorable Court, pursuant to Federal Rules of Civil Procedure

Rule 15(a), to grant leave to amend his complaint, as to relief

only, by consolidating EEOC Complaint #520-2007-00133X, Agency

No. 2006-00124, with the relief already requested in this

complaint.

The amendment to the Plaintiff's complaint involves the

following addition to the relief paragraph, following ¶ 175 of

the amended complaint filed on July 11, 2005:

> "...an injunction ordering the Defendants to award
> Plaintiff the "Temporary Opportunity", announced on
> September 26, 2005, to act as Supervisory Financial

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d)(1), the new Secretary of the United States Department of Agriculture, Mike Johanns, is hereby substituted for Ann M. Veneman in this case.

> Management Specialist for a period of time, not to
> exceed 120 days, with all the rights and privileges
> given to similarly-situated employees, who were
> awarded the "Temporary Opportunity", in the
> Plaintiff's Financial Management Unit."

## Statement of Facts and Procedural History

On November 12, 2004, John G. Pedicini, through his former
counsel, filed a Complaint against the United States of America
and the U.S. Department of Agriculture via its Secretary, in her
official capacity, for violations of Title VII, the
Administrative Procedure Act ("APA"), the 5th Amendment and Breach
of Contract. The Defendants filed their answer dated January 19,
2005. On March 21, 2005 Plaintiff received the initial
disclosures from Defendants. Whether or not Plaintiff was an
alternate or back up funds officer with certification rights and
duties is relevant to whether or not Defendants have retaliated
against Plaintiff by stripping him of this title and duties, as
alleged in the Amended Complaint in the above captioned matter.

Defendants have claimed in their original Answer to
the original Complaint that Plaintiff was never a back up or
alternate funds officer, that no such position exists, and
Plaintiff never had certification duties or responsibilities.
(Answer of the United States of America dated January 19, 2005,
paragraph 37 and 38). In addition, Defendants have claimed they
did not retaliate against Plaintiff in the Answer of the United
States dated January 19, 2005.

Plaintiff filed an amended complaint on July 11, 2005.
Plaintiff has alleged in his Amended Complaint in paragraphs 34

2

through 48, paragraphs 76 through 82, paragraph 93, and paragraphs 107-113, without limit, that he held the title of Alternate or Backup Funds Officer, that he had certifying rights, and that his supervisors retaliated against him in part by taking away his title and certifying duties. In Defendant's Answer to Plaintiff's first Complaint, Defendants claimed that there was no such title as backup of alternate funds officer, that Plaintiff never held that title and that Plaintiff never had the responsibility or ability to certify funds availability (Defendants' Answer Paragraphs 37-38). Defendants have claimed in their Answer to Plaintiff's amended Complaint, dated December 2, 2005, that Plaintiff " …does not have certifying rights and that he does not, and never did have the title of Alternate/Backup Funds Officer."(Answer of the United States of America to Plaintiff's amended Complaint, dated December 2, 2005, Paragraph 110).

Subsequent to Plaintiff's amended complaint, on September 26, 2005, Defendants announced a "Temporary Opportunity" to act as Supervisory Financial Management Specialist, GS 501-13, for a period of time not to exceed 120 days. This opportunity provided valuable career advancement experience in supervision to interested applicants. The announcement is already included in this case and Bates-Stamped "P-2032"[2]. Plaintiff applied as an internal and external applicant[3]. Plaintiff was ruled ineligible because he had not satisfied the "time-in-grade" requirement

---

[2] Email from Peggy Mann, dated September 26, 2005, attached hereto as Exhibit 1.

(i.e. he had not been a Grade 12 at least 1 year prior to the announcement)[4].

On March 29, 2007, after review of Defendants' Motion For Summary Judgment, this Honorable Court issued a memorandum of law deciding that the alleged retaliatory acts of stripping the Plaintiff of his ability to certify funds and reduce his duties under Count I (Title VII retaliation) remain for trial. Plaintiff has maintained in this case that the right to certify funds availability is a higher level right and similarly-situated employees are a Grade 13.[5] In addition, the first attempt to strip Plaintiff of his right to certify funds availability occurred in the IAS program on March 3, 2003 (Plaintiff's Amended Complaint, Paragraph 38) followed by the "alleged" letter of delegation signed by Frances Zorn on June 16, 2003. If Plaintiff ultimately prevails on Count I, using either date of March 3, 2003 or June 16, 2003, he would have satisfied the "time-in-grade" requirement for the "Temporary Opportunity" of one year by September 26, 2005, the determinant date of the announcement.

## Argument

**Point 1: Plaintiff's Motion For Leave To Amend Complaint As To Relief Only Should Be Granted Because Plaintiff has satisfied "exhaustion" requirement of 29 C.F.R. 1614.310(i), 5 U.S.C. 7702(e)(1)(C), and has the right to file a civil action on EEOC Complaint # 520-2007-00133X, Agency No. 2006-00124.**

---

[3]Email from John Pedicini, dated September 27, 2005, attached hereto as Exhibit 2.

[4] Report of Investigation, EEO Counselor Report, Margaret Mann statement, page 4, attached hereto as Exhibit 3.

[5] Dorman deposition, P. 86, attached hereto as Exhibit 4.

With regard to "exhausting the administrative process" for

federal sector employees, the Equal Employment Opportunity

Commission states:

> "Prior to filing a civil action under Title VII of
> the Civil Rights Act of 1964 or the
> Rehabilitation Act of 1973, a federal sector
> complainant must first exhaust the
> administrative process set out at 29 C.F.R. Part
> 1614. **"Exhaustion"** for the purposes of filing a
> civil action may occur at different stages of
> the process. The regulations provide that civil
> actions may be filed in an appropriate federal
> court: (1) within 90 days of receipt of the
> final action where no administrative appeal has
> been filed; (2) after 180 days from the date of
> filing a complaint if an administrative appeal
> has not been filed and final action has not been
> taken; (3) within 90 days of receipt of EEOC's
> final decision on an appeal; or (4) after 180 days
> from the filing of an appeal with EEOC if there has
> been no final decision by the EEOC." 29 C.F.R.
> Section 1614.408.

Similarly, 5 U.S.C. 7702(e)(1)(C) states as follows:

> **"§ 7702. Actions involving discrimination**
> (e)
>> (1) Not withstanding any other provision of law,
>> if at any time after—
>> (C) the 180th day following the filing of a
>> petition with the Equal Employment Opportunity
>> Commission under subsection(b)(1) of this section,
>> there is no final agency action under
>> subsection (b), (c), or (d) of this section;
>
> an employee shall be entitled to file a civil action
> to the same extent and in the same manner as
> provided in section 717(c) of the Civil Rights Act of
> 1964 (42 U.S.C. 2000e-16(c), section 15(c)of the Age
> Discrimination in Employment Act of 1967 (29 U.S.C.
> 633a (c)), or section 16(b)of the Fair Labor
> Standards Act of 1938 (29 U.S.C. 216(b))."

In this case, EEOC Complaint #520-2007-00133X was filed as

a formal complaint on December 7, 2005[6]. It is now more than 180 days after the filing of the complaint. There has been no final action decision and no administrative appeal[7]. Plaintiff has clearly exhausted the administrative process. Thus, Plaintiff is entitled to file a civil action under 5 U.S.C.7702(e)(1)(C). This right has been well-established.[8] For practicality and efficiency of resources, it would serve no purpose to have two separate civil actions, with essentially the same subject matter and defendants, ongoing in U.S. District Court.

**Point 2: Plaintiff's Motion For Leave To Amend Complaint As To Relief Only Should Be Granted Because Plaintiff Seeks To Avoid Simultaneous Litigation Of The Same Case In The United States Courts and In The Administrative Process.**

EEOC Regulation 29 C.F.R. § 1614.107(a)(3) provides that the agency shall dismiss a complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that 180 days have passed since the filing of the administrative complaint. This regulation is designed to prevent a complainant from simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions, *Jerry v. Department of Justice*, EEOC Request No. 05930508(January 21, 1994).

---

[6] Formal EEOC Complaint filed with USDA Civil Rights Office, attached hereto as Exhibit 5.

[7] Affidavit of John Pedicini, attached hereto as Exhibit 6.

[8] *Butler v. West*, 164 F. 3d 634 (D.C. Cir. 1999).

In this case, the "Temporary Opportunity" has already been included in as document Bates-Stamped "P-2032" and the issue of whether or not Plaintiff had his right to certify funds availability taken away from him will act as a triggering mechanism, if the Plaintiff prevails. Both events are inexorably connected. Thus, Plaintiff should be granted leave to amend the complaint as to relief only.

### Point 3: Plaintiff's Motion For Leave To Amend Complaint As To Relief Should Be Granted Because Leave Shall Be Freely Given When Justice So Requires.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "Leave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The Court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

7

In *Bryant v. Dupree*, 252 F. 3d 1161 (11th Cir. 2001), the
Court noted that a District Court's discretion to dismiss a
complaint without leave to amend is "severely restricted by Fed.
Rule Civ. P. 15(a) which directs that leave to amend 'shall be
freely given when justice so requires.'" *Id.* at 1163 (*quoting
Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Circuit
1988) (citation omitted). The Eleventh Circuit noted that amending
the case previously is no reason for refusing to allow a
plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to
amend, the discretion of the district court is not broad enough
to permit denial." *Shippner v. Eastern Airlines, Inc.* 868 F2d
401, 406 (11th Cir. 1999). The Eleventh Circuit noted the
following with respect to Rule 15(a):

> "The decision whether to grant leave to amend is
> committed to the sound discretion of the trial
> court." *Best Canvas Products & Supplies, Inc. v.
> Ploof Truck Lines, Inc.*, 713 F. 2d 618 (11th Cir.
> 1993). [However,]"'[d]iscretion' may be a
> misleading term, for rule 15(a) severely
> restricts the judge's freedom, directing that
> leave to amend 'shall be freely given when
> justice so requires.'" *Dussouy v. Gulf Coast
> Investment Corp.*, 660 F. 2d 594, 597 (5th Cir.1991).
> "This policy of Rule 15(a) in liberally
> permitting amendments to facilitate determination
> of claims on the merits circumscribes the exercise
> of the trial court's discretion; [u]nless
> there is a substantial reason to deny leave to
> amend, the discretion of the district court is
> not broad enough to permit denial." *Id.* at 598.

Plaintiff has diligently prosecuted this case and there have been
no failures to cure any alleged deficiencies. In short, there is

8

no reason to deny Plaintiff's Motion for Leave To Amend The
Complaint As To Relief Only.

### Conclusion

Accordingly, Plaintiff asks this Honorable Court to grant
his Motion for Leave To Amend Complaint As To Relief Only.


Dated  4/16/07

Respectfully Submitted,

John G. Pedicini, Pro Se
10 Milano Drive
Saugus, MA  01906



# EXHIBIT 1

## Pedicini, John

| | |
|---|---|
| **From:** | Mann, Peggy |
| **Posted At:** | Monday, September 26, 2005 2:44 PM |
| **Conversation:** | Temporary Opportunity - Supervisory Financial Management Specialist, GS 501-13 |
| **Posted To:** | Employees Formal |
| **Subject:** | Temporary Opportunity - Supervisory Financial Management Specialist, GS 501-13 |

This is to announce an opportunity for a detail or temporary promotion as appropriate, NTE 120 days, to a **Supervisory Financial Management Specialist, GS 501-13,** position in the Financial Management Organization. This position oversees the FSP/IFS (Food Stamp Program/Internal Financial Services) section. If you are interested in this opportunity, please indicate your interest to me my e-mail no later than **COB, Monday, October 3, 2005.** Please include your name, title, series, and grade. If you are not at the GS-13 level, but previously held a GS-13 position, please provide the dates. Please be advised that applicants interested in a temporary promotion must meet the basic qualification requirements found in OPM's Qualification Standards for General Schedule Positions.

Thank you.

Peggy

P-2032

# EXHIBIT 2

## Pedicini, John

**From:** Pedicini, John

**Sent:** Tuesday, September 27, 2005 8:51 AM

**To:** Mann, Peggy

**Subject:** Application for Temporary Position

Peggy:

Pursuant to your announcement on the Formal Bulletin Board of "Temporary Opportunity---Supervisory Financial Management Specialist, GS 501-13", I am applying as an internal and external candidate under OPM's Qualification Standards. The following is the information requested by you:

1.) Name:  John G. Pedicini
2.) Title:  Financial Management Specialist
3.) Series: GS-501
4.) Grade: 11


**John G. Pedicini, M.B.A.** (Beta Gamma Sigma)

Exhibit ....................1......................
Page .........1....... of ....12....... Pages



# EXHIBIT 3

## EEO COUNSELOR'S REPORT
### FSA Case # MA-06-001E
### FNCS-06-00124
### March 31, 2006

---

**Responding Agency:**                    **Food and Nutrition Service**
                                          **3101 Park Center Drive**
                                          **Alexandria, Virginia 22302**

---

### Complainant Information

Name: Pedicini, John

Home Address:                             Work Address:
                                          10 Causeway Street, Room 501
                                          Boston, Massachusetts 02222

Telephone:                                Telephone: (617) 565-6449

Organizational Unit:   Financial Management Division

Job Title, Series, and Grade:  GS-0505-11/5          _x_  Federal Employee
                    Financial Management Specialist  ____  County Employee

Representative Name, Address and Telephone Number:     n/a

Anonymity:    ____ Yes        Bargaining Unit Employee;          _x_ Yes
              _x_ No                                             ____ No

---

### Chronology of EEO Counseling Process

Date of Initial Contact with EEO Counselor:  11/03/05

Date of Initial Interview:  11/08/05

45th Day after Action(s)/Occurrence(s)/Incidence(s):  12/08/05

Reason for Contact Beyond 45th Day (if applicable):  n/a

Date Extension Granted:  n/a

Exhibit ..... 3
Page ............ of ......... Pages

Date of Final Interview: 11/23/05

Date of Notice of Right to File A Formal (NRF): 11/23/05

Date NRF Received by Complainant: 11/26/05

## Information about the Complaint

**Basis:** reprisal

| Claim # | Date of Claim: | Incident: |
|---------|----------------|-----------|
| 1) | 10/25/05 | non-selection/promotion |

The Complainant alleged that the Food and Nutrition Service (FNS) discriminated against him when he was not selected for a temporary promotion to a GS-501-13, Supervisory Financial Management Specialist position, located in the Financial Management Organization, Northeast Regional Office of the Food and Nutrition Service.

**Have the same claims been raised in either of the following forums? If yes, please attach supporting documentation or provide details.**

| | |
|---|---|
| Negotiated Grievance | No |
| MSPB Appeal | No |
| Prior EEO Complaint | No |
| Civil Action | No |

## Information about the Responding Management Official

Name: Douglas MacAllister

Title/Series/Grade: Director, Financial Management Division

Work Address:    Financial Management Division
Northeast Regional Office
Food and Nutrition Service
10 Causeway Street, Room 501
Boston, Massachusetts 02222

Telephone: (617) 565-6468

2

Exhibit ....... 3
Page ....... 2 ... of ....... 14 ....... Pages

Relationship to Complainant/Issue: Responding Official/Selecting Official

## Involvement of Others in the Complaint

> Margaret Mann
> Human Resources Liaison
> Northeast Regional Office
> Food and Nutrition Service
> 10 Causeway Street, Room 501
> Boston, Massachusetts 02222
> (617) 565-6379

## Facts Developed During the Inquiry

### Interview with Complainant

The Complainant contacted the Farm Service Agency's EEO Counseling and Mediation Branch on 11/03/05. I conducted an initial interview on 11/08/05, explained my role as an EEO Counselor and explained his rights and responsibilities in the EEO complaint process. The written Notice of Rights and Responsibilities was mailed, certified, return receipt, to the Complainant on 11/08/05, and was received on 11/18/05.

The Complainant stated that in response to an email positing (Exhibit 1) he applied for a temporary promotion to a GS-501-13, Supervisory Financial Management Specialist position, located in the Financial Management Organization, Northeast Regional Office of the Food and Nutrition Service (Exhibit 2). On 10/25/05, the Complainant learned that he was not selected for the temporary promotion (Exhibit 3). The Complainant feels he was not selected because of reprisal for his previous EEO activity and considers this violation a discrete act as well as a continuing violation.

I contacted the Complainant to relay management's response to his allegations and requested remedy. I explained that management was not willing to grant the relief requested.

### Interview with Douglas MacAllister
Responding Official/Selecting Official
(Management Official)

I contacted the Responding Official (RO) to discuss the Complainant's allegations and requested remedy. The RO stated that he did not discriminate against the Complainant. He said that he was aware of the Complainant's prior participation in the EEO complaint process.

3

- C06028

Exhibit .......3.......
Page ..........3.... of TU

The RO explained that the position was a non-bargaining unit position and competition was not required. He said he received three qualified candidate names but the Complainant was not listed as a qualified candidate.

### Interview with Margaret Mann
Human Resources Specialist
(Personnel Contact/Witness)

I contacted Ms. Mann to discuss the email announcement and qualification process. Ms. Mann stated that she reviewed all the applications and checked candidate's qualifications. The Complainant was a GS-11 and did not indicate that he had previous time-in-grade as a GS-12. Ms. Mann requested that the FNS Human Resources Division review the applications where the qualifications were questionable. The FNS Human Resources Division determined that the Complainant did not meet the time-in-grade requirements to be considered for a GS-13 position (Exhibit 4). The Complainant's application was not referred to the Selecting Official for consideration.

## Specific Remedy Requested by the Complainant

The Complainant requested that the Agency:

1. Grant him a 120 day temporary promotion
2. Give him supervisory training in conjunction with the temporary promotion

## Resolution Efforts

I discussed the complainant's requested remedy to resolve the complaint with management. Management was unable to meet the Complainant's requested remedy.

## Closure

Alternative dispute resolution was not offered to the Complainant. Resolution was not achieved during the informal counseling phase. I conducted the final interview on 11/23/05. The Notice of Right to File a Formal Complaint was mailed, certified, return receipt requested, to the Complainant on 11/23/05 (Exhibit 7) and received on 11/26/05 (Exhibit 8).

4

Exhibit 3

Gregory E. Ferby
*03/29/06*
Date

Gregory E. Ferby
EEO Counselor
Farm Service Agency
441 South Salina Street, Suite 356
Syracuse, NY 13202
(315) 477-6310
(315) 477-6338 (fax)

Exhibits

1. Temporary opportunity-NERO e-mail posting, 09/29/05
2. Application for temporary position, 09/27/05
3. Temporary promotion selection notice, 10/25/05
4. Qualification determination email, 10/07/05
5. Notice of Right to File a Formal Complaint, dated 11/23/05
6. USPS Form 3811 - Track & Confirm Record

5

Exhibit 3
Page 5 of 14 Pages



# **EXHIBIT 4**

Lisha A. Dorman 1-12-2006
John G. Pedicini v. United States of America, et al.

1

```
 1              UNITED STATES DISTRICT COURT

 2               DISTRICT OF MASSACHUSETTS

 3

 4       ------------------------

 5    JOHN G. PEDICINI,

 6              Plaintiff,

 7    VS.                        CA No. 04-12395-JLT

 8    UNITED STATES OF AMERICA

 9    UNITED STATES DEPARTMENT

10    OF AGRICULTURE,

11    ANN M. VENEMAN, SECRETARY,

12              Defendants.

13       ------------------------

14

15              Deposition of LISHA A. DORMAN, a witness

16    called on behalf of the Plaintiff, taken

17    pursuant to notice before Cindy M. Falcon,

18    Certified Shorthand Reporter and Notary Public

19    in and for the Commonwealth of Massachusetts, at

20    the O'Neil Federal Building, 10 Causeway Street,

21    Boston, Massachusetts, on Thursday, January 12,

22    2006, commencing at 9:20 a.m.

23

24
```

Lisha A. Dorman 1-12-2006
John G. Pedicini v. United States of America. et al.

86

1   Q   In terms of funds officers at headquarters, have

2        you trained funds officers at headquarters?

3   A   Yes.

4   Q   Based on your knowledge of their grades, what

5        has been the typical grade of a funds officer at

6        headquarters that you've trained?

7   A   13's.

8   Q   13's, okay.  Have you ever trained Jada Johnson?

9   A   Yes.

10   Q   Have you ever trained Latonya Williams?

11   A   Yes.

12   Q   Have they conducted any audit that you know of

13        on administrative funds control?

14               MR. WILMOT:  Objection.  Let's

15        refocus, please.

16   Q   Are they funds officers?

17   A   Yes.

18   Q   As funds officers, having been trained as funds

19        officers, are they sent out on audits?

20        Is a funds officer sent out on an audit to

21        audit regional offices?

22   A   Yes.

23   Q   Do you know if Jada Johnson or Latonya Williams

24        has ever conducted administrative funds control

FILED
IN CLERKS OFFICE

2007 APR 16  P 13: 07

U.S. DISTRICT COURT
DISTRICT OF MASS

# EXHIBIT  5



United States
Department of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

MAR 2 4 2006

Mr. John G. Pedicini


**Re: USDA Complaint No.: FNCS-2006-00124**

Dear Mr. Pedicini:

This letter acknowledges receipt of and accepts your Equal Employment Opportunity (EEO) complaint of discrimination against the Food Nutrition and Consumer Service (FNCS) dated December 6, 2005, and based on the postmark, is considered filed on December 7, 2005. It has been assigned the complaint number shown above. Please refer to this complaint number in any future communication on the subject EEO complaint.

We are accepting and referring for investigation the following claims[1]:

Whether the agency subjected the complainant to discrimination based on reprisal (prior EEO activity), when:

1. on September 16, 2005, he was denied the opportunity to assume duties as Section Chief on a rotational basis;

2. on or about September 26, 2005, he was denied a detail or temporary promotion to a GS- 501-13, Supervisory Financial Management Specialist position;

3. on or about September 26, 2005, he was denied a detail or temporary promotion to a GS-2210-13, Supervisory Computer Specialist position;

4. on October 5, 2005, he was denied the opportunity to serve as Acting Financial Management Director?

The Department of Agriculture (Department) is required under 29 C.F.R. §1614.108 to complete an impartial, factual and appropriate investigation of the accepted claims within 180[2] days of the date the subject EEO complaint was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to

---

[1] This complaint was accepted without the benefit of an EEO counselor's report.
[2] All references to days refer to calendar days unless specified otherwise.

000022

AN EQUAL OPPORTUNITY EMPLOYER


Exhibit
Page

John G. Pedicini
Page 2

whether discrimination occurred. The complainant and the Department may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the Department may unilaterally extend the 180-day time period or any period of extension for not more than 30 days where it must sanitize a complaint file that contains classified information.

When the investigation begins, an EEO Investigator will contact you. You are required to fully cooperate with the EEO Investigator. Failure to do so may result in dismissal of your EEO complaint. You must present to the EEO Investigator all the information that you wish considered that is relevant to the accepted claim. Also, you must provide the EEO Investigator with the names of any witnesses that you believe should be contacted.

You must keep the agency informed of your current address. If the Department is unable to locate you, your complaint may be dismissed under 29 C.F.R. §1614.107(a)(6).

When you receive the EEO investigative report, you will be notified of your right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). The notification will provide you with the specifics on how to exercise your election rights.

If you have not received the EEO investigative report after 180 days from the filing of your EEO complaint, you have the right to request a hearing from an EEOC AJ. Should you request a hearing, enclosed is the identification of the EEOC District Office and address where the hearing request should be sent. Additionally, you must also certify to the EEOC that a copy of the hearing request was sent to the following address:

> United States Department of Agriculture
> Food Nutrition and Consumer Service
> Civil Rights Director
> 3101 Park Center Drive, Room 942
> Alexandria, Virginia 22302

If you do not agree with the defined claims, you must provide us with sufficient reasons, in writing, within 7 calendar days from receipt of this letter, and it will be included in the complaint file. The statement should be sent to the following address:

> United States Department of Agriculture
> Office of Civil Rights
> Employment Complaints Division
> Intake, Accept/Dismiss Branch
> 1400 Independence Avenue, S.W.
> Washington, DC 20250-9410

006623

**Exhibit** 2

John G. Pedicini
Page 3

Please also be advised that, consistent with EEOC Regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution to complaints at any stage of the EEO complaint process.

Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided to this office promptly to avoid unnecessary confusion and additional cost. Likewise, if at any stage of the EEO complaint process you wish to voluntarily withdraw your complaint, you must promptly provide to this office, a written request to withdraw your EEO complaint. The withdrawal request must be signed, dated, and include the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal directly to the Complaints Adjudication Division, at Fax Number (202) 401-8035.

If there are any questions or concerns regarding the status of this complaint, please contact the Customer Service Unit at 1-800-795-3272.

Sincerely,

Denise A. Banks
Chief
Employment Complaints Division

cc:    Civil Rights Director, FNCS

ECD Liaison

006624

Exhibit 2
Page 3 of 4

**Geographic Jurisdiction: New York**

EEOC District Office
201 Varick Street                    Phone: (212) 620-0476
Room 1009
New York, New York 10014

Attn: Kenneth Chu, Chief Administrative Judge

$\div$ 000025

Exhibit ..........2............................

# EXHIBIT  6

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**JOHN G. PEDICINI,**

     **Plaintiff**

**CIVIL ACTION NO. 04-12395-JLT**

**-vs-**

**UNITED STATES OF AMERICA
UNITED STATES DEPARTMENT OF
AGRICULTURE,
MIKE JOHANNS[1], SECRETARY,**

     **AFFIDAVIT**

     **Defendants**

Commonwealth of Massachusetts  )
                              )   SS.:
COUNTY OF ESSEX              )

JOHN G. PEDICINI, being duly sworn, deposes and says:

    1.   I am the Plaintiff in the above-captioned case and I assert the following based on my personal observation and knowledge, I am over 18, and I am of sound mind and am mentally competent to testify to the matters contained in this affidavit.

    2.   I am the plaintiff, pro se, in the above-entitled case.

    3.   I am employed at the Northeast Regional Office of the Food and Nutrition Service, U.S. Department of Agriculture, 10 Causeway Street, Boston, MA.

    4.   It has been more than 180 days since the filing of EEOC Complaint #520-2007-00133X, Agency No. 2006-00124 on December 7, 2005.

    5.   There has been no Final Agency Decision on the aforementioned EEOC complaint.

    6.   I hereby certify that Exhibit 1 is an authentic copy of the "Temporary Opportunity", dated September 26, 2005 and Bates-Stamped "P-2032".

---

[1] Pursuant to Federal Rules of Civil Procedure 25(d)(1), the new Secretary of the United States Department of Agriculture, Mike Johanns, is hereby substituted for Ann M. Veneman in this case.

7.     I hereby certify that Exhibit 2 is an authentic copy of Exhibit 1, the email application for the "Temporary Opportunity" by the Plaintiff on September 27, 2005, from the Report of Investigation compiled by the U.S. Department of Agriculture Civil Rights Office and its contractor, Draughn & Associates, on EEOC Complaint #520-2007-00133X, Agency No. 2006-00124.

8.     I hereby certify that Exhibit 3 is an authentic copy of Exhibit 3, the EEO Counselor's Report, from the Report of Investigation compiled by the U.S. Department of Agriculture Civil Rights Office and its contractor, Draughn & Associates, on EEOC Complaint #520-2007-00133X, Agency No. 2006-00124.

9.     I hereby certify that Exhibit 4 is an authentic copy of page 86 of the Deposition of Lisha Dorman on January 12, 2006.

10.     I hereby certify that Exhibit 5 is an authentic copy of Exhibit 2, the filing of the formal EEO complaint, from the Report of Investigation compiled by the U.S. Department of Agriculture Civil Rights Office and its contractor, Draughn & Associates, on EEOC Complaint #520-2007-00133X, Agency No. 2006-00124.

Dated: 4/15/07

John G. Pedicini, Plaintiff Pro Se

Sworn to me on this 15 th day of April, 2007.

Notary Public

GEORGE D. KYMINAS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 9, 2012

2