UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
JOHN G. PEDICINI, )
)
Plaintiff, )
) C.A. No. 04-CV-12395-JLT
v. )
)
UNITED STATES OF AMERICA, ET AL., )
)
Defendants. )
_____)

### OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant United States of America submits this memorandum in response to Plaintiff's Motion to Amend the Complaint (Motion). The Motion should be denied. Although Plaintiff purports to be seeking to amend his Complaint "as to relief only," in fact Plaintiff seeks to insert additional allegations which will require separate proof and discovery, and which are based on sheer speculation and unfounded assumptions. The additional allegations underlie a distinct claim that was separately investigated on the administrative track. In this case, the Court has already narrowed Plaintiff's Title VII claim, and discovery closed long ago. Given the delay and/or prejudice that would result from adding allegations at this late stage, and because the amendment would be futile since the proposed new allegations are speculative, the Court should deny Plaintiff's Motion to Amend.

### BACKGROUND FACTS

In his Memorandum in support of the Motion (Memorandum), Plaintiff sets out the proposed amendment, ostensibly modifying "the relief paragraph, following ¶ 175" of the Amended Complaint:

> ...an injunction ordering the Defendants to award Plaintiff the "Temporary Opportunity," announced on September 26, 2005, to act as Supervisory Financial Management Specialist for a period of time, not to exceed 120 days, with all the rights and privileges given to similarly-situated employees, who were awarded the "Temporary Opportunity", in the Plaintiff's Financial Management Unit.

Memorandum at 2. Plaintiff claims that, subsequent to the filing of his Amended Complaint in July 2005, USDA announced the availability of a "Temporary Opportunity" to serve as Supervisory Financial Management Specialist. Memorandum at 3 and Ex. 1 thereto. Plaintiff asserts that the position "provided valuable career advancement experience," id. at 3, and that he applied for this position both as an internal and an external candidate. He claims he was ruled ineligible because he had not satisfied the "time-in-grade" requirement as he had not been a Grade 12 for at least one year prior to the announcement. Id. at 3-4. Plaintiff claims that his denial of this opportunity is a result of his being denied the right to certify funds availability. Id. at 4. Specifically, he alleges that merely by "prevail[ing] on Count I," at trial, "he would have satisfied the 'time-in-grade' requirement for the 'Temporary Opportunity'." Id.

Discovery in this case was extensive and, with the exception of two "additional" depositions (see Docket entry at February 7, 2006), closed on January 31, 2006. The parties cross-moved for summary judgment in March and April 2006, and the Court held hearings on May 24, 2006 and March 1, 2007. On March 29, 2007, the Court issued a Memorandum and Order (Memorandum of Decision), ruling, *inter alia*, that a single alleged retaliatory act survived for trial.

## **ARGUMENT**

The Motion to dismiss should be denied not only because it contains new allegations for which defendant would be entitled to discovery, but also because amending the Complaint would be futile since the Court has already dismissed allegations that, like the proposed allegations here, rest on sheer speculation. A ruling on a motion to amend the pleadings lies within the district court's sound discretion and the court "may properly consider a party's undue delay, repeated failures to cure deficiencies in the pleadings, and the futility of the proposed amendment. Cigna Fire Underwriters Co. v. MacDonald & Johnson, 86 F.3d 1260, 1268 (1st Cir. 1996), citing Foman v. Davis, 371 U.S. 178, 182 (1962). Here, amending the Amended Complaint on the eve of trial would cause delay or prejudice, and also would be futile.

**A.    Plaintiff's Proposed Amendment Contains New Allegations Subject to Separate Proof and Additional Discovery**

Plaintiff claims that his proposed amendment goes to relief only. It is clear from his Memorandum, however, that the amendment contains several imbedded allegations. For example, since Plaintiff wants the Court to order that he be given the "Temporary Opportunity," he is impliedly alleging that he was entitled to and qualified for it in September 2005. To the undersigned's knowledge, the selection process for that position has not been the subject of discovery in this case. The new allegation in turn implies that Plaintiff would have been a GS-12 as of September 2005, but for the allegedly retaliatory act of taking away Plaintiff's ability to certify funds availability, which presents another issue. Should these be added to the single alleged retaliatory act that survives for trail following the Court's Memorandum of Decision, plaintiff should be put to his proof on the allegations, and Defendant would be entitled to defend

against them.

The allegations do not merely indicate "relief," nor do they rest on the identical proof that will be required for plaintiff to prevail on his claim that the funds certification duty was taken away from him in retaliation for EEO activity, as evidenced by Plaintiff's attachment of new documents to his Memorandum, including excerpts from the counselor's report for the separate EEO claim plaintiff filed with the agency. Trial evidence for plaintiff to meet his burden on the new allegations, and for defendant to put on a defense, would depend for proof on documents generated after the amended complaint, and on evidence that has not been developed because not squarely addressed in the extensive discovery in the case. Plaintiff will argue the issues were covered in discovery, but the "evidence" he presents is an answer to a single deposition question that the "typical grade" of a funds officer is a GS-13. That hardly goes to the issue whether plaintiff would have been a GS-12 in September 2005.

The proposed amendment is inappropriate because the proposed "relief" requires additional proof and discovery on the issue of whether Plaintiff would have been entitled to the Temporary Opportunity in question. Under these circumstances, the Motion should be denied. See Caribbean Insurance Services, Inc. v. American Bankers Life Insurance, 754 F.2d 2, 7 (1st Cir. 1985) (upholding district court decision to deny amendment on the eve of trial where amendment would require a new theory of liability and relief); Serrano Medina v. Merchants Despatch Transportation Corp., 709 F.2d 104, 106 (1st Cir. 1983) (upholding district court decision denying motion to amend where allowance of the eleventh hour amendment would result in undue prejudice to defendants and required additional research and discovery); Champlain Enterprises, Inc. v. U.S., 945 F.Supp. 468, 476 (N.D.N.Y. 1996) (denying motion to

amend on the eve of trial where discovery related to the proposed amendment would cause undue delay).

Here, further discovery would be required in order to determine Plaintiff's eligibility for the Temporary Opportunity and the extent to which he possessed or lacked the requisite qualifications. For example, Defendant would want to develop discovery as to the required qualifications, selection process, and the circumstances which would result in Plaintiff's automatically obtaining a GS-12. ,Given that discovery in this case is already completed, and that the new allegation is making its way through the administrative process, this additional issue should not be grafted onto the present complaint at the eleventh hour.

**B.      Plaintiff's Proposed Amendment Would be Futile**

Plaintiff's proposed amendment also would be futile, given the Court's rationale in its summary judgment Memorandum of Decision. Motions to amend are to be freely granted but only in the absence of "futility, bad faith, undue delay, or dilatory motive on the movant's part," Maine State Building & Construction Trades Council, AFL-CIO v. U.S. Dept. Of Labor, 359 F.3d 14, 19 (1st. Cir. 2004). Given the similarity between these new allegations and the claims already dismissed at summary judgment, it would be futile to amend the Complaint. Futility is established where the claim presents "no scenario that would entitle [plaintiff] to the requested relief." Id.

In this case, the Court has already dismissed many of the alleged retaliatory actions that underlie Plaintiff's Title VII claims, and in doing so has established a standard for addressing the futility of the proposed amendment. The Court specifically held in its Memorandum of Decision that Plaintiff's alleged retaliatory act #5, which claimed that Plaintiff was not given training for a

potential vacancy in the agency, failed to satisfy the materially adverse standard for summary judgment because "unsupported speculations cannot amount to adverse employment actions." Blackie v. State of Maine, 75 F.3d 716, 725 (1st Cir. 1996). Relying on Blackie, the Court notes that "Plaintiff cannot make his *prima facie* case on speculative contentions." Memorandum of Decision at 23, citing Colon v. U.S., No. 05-1478, 2006 WL 2345955, at *3 (D.P.R. Aug. 10, 2006). Given this previous holding, Plaintiff's proposed amendment likewise would be subject to dismissal. The basis for Plaintiff's contention that he was denied the Temporary Opportunity as a form of retaliation in that the denial was due to his grade level, and that but for Defendant's alleged removal of Plaintiff's claimed right to certify funds, he would have had the requisite grade level. As discussed above in Part A, however, for that to be true it would have to follow that Plaintiff ineluctably would have reached grade level 12 as of September 2005. While Plaintiff argues that the right to certify funds "is a higher level right and similarly-situated employees are a Grade Level 13," Memorandum at 4, this contradicts his own earlier admission that the purported reduction in his duties had no tangible effect on his compensation, benefits, or grade level. Pedicini Dep., pp. 78-83. Put another way, plaintiff claims he had the right to certify funds for a years; he has adduced no evidence that a GS-12 was automatic for that single job function.

     Plaintiff's implied argument that his grade level would have increased had he retained the right to certify funds rests on rank speculation. Such grade increases are not automatic. The appropriate procedure for obtaining a grade increase is to apply for a "desk audit" with Office of Personnel Management (OPM), which Plaintiff never did. Pedicini Dep., 79-83. Plaintiff claims that he failed to file an application with OPM because he felt doing so would be futile

without being able to show that he had the right to certify funds. Id. He also admits, however, that no one from that office indicated to him that grade increase determinations hinged on an applicant's ability to certify funds. Id. It is therefore far from clear that, even if Plaintiff prevails at trial on his remaining allegation under Title VII, he would subsequently obtain a Grade 12. His proposed amended relief is speculation that rests on unsupported assumptions.

### III. CONCLUSION

Given the delay or prejudice that would result f rom plaintiff's proposed amendment, the speculation inherent in the allegations implied, and the futility of the proposed amendment, the Motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/   Barbara Healy Smith
Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: May 1, 2007

CERTIFICATE OF SERVICE

> I hereby certify that the foregoing Notice filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.
>      /s/ Barbara Healy Smith
>      Barbara Healy Smith
>      Assistant United States Attorney