```
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
```

                                                FILED
                                          IN CLERKS OFFICE

JOHN G. PEDICINI,                         2007 JUL 19  P 12: 14

    Plaintiff,                        U.S. DISTRICT COURT
                                          DISTRICT OF MASS.
                                  CIVIL ACTION NO. 04-12395-JLT
-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.


## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff, John G. Pedicini, has filed a Motion *in Limine*. This Memorandum sets forth the reasons for the relief sought and the supporting legal authority.

### EXCLUSION OF WITNESSES

By his Motion *in Limine*, Plaintiff invokes Fed. R. Evid. 615. This rule provides that, upon request by a party, the Court shall order witnesses excluded from the courtroom so that they cannot hear the testimony of other witnesses. Rule 615 alters prior practice by removing the matter from the trial judge's discretion and making it a

matter of right, at the request of a party. Advisory Committee's Note to Rule 615. Exceptions to the rule of exclusion are provided for: (1) a party who is a natural person; (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney; or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

    Plaintiff requests that the Court issue an Order requiring, in addition to the exclusion of witnesses from the courtroom, that no witness or prospective witness be shown or have read to him any transcript of another witness's pretrial or trial testimony or any part thereof, unless the witness qualifies for an exception to the rule of exclusion. While Rule 615 by its terms provides only for the exclusion of witnesses from the courtroom, the Court has broad authority to fashion a more far-reaching sequestration order governing the access of witnesses to information about the trial through means other than their presence in the courtroom. See United States v. Sepulveda, 15 F. 3d 1161, 1175-77 (1st Cir. 1993). The sequestration rule serves two primary purposes: to prevent a witness from tailoring his testimony in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility. See 29 CHARLES

2

ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE § 6242 (1997). And as Judge Selya noted in Sepulveda:

> [T]he sequestration process involves three parts: preventing prospective witnesses from consulting each other; preventing witnesses from hearing other witnesses testify; and preventing prospective witnesses from consulting witnesses who have already testified.

United States v. Sepulveda, 15 F. 3d at 1176. Courts have broad discretion to achieve these goals and "may make whatever provisions [they] deem necessary to manage trials in the interests of justice, including sequestration before, during, and after their testimony." Id; see United States v. Arias-Santana, 964 F. 2d 1262,1266(1st Cir.1992).

In Sheppard v. Maxwell, 384 U.S. 333 (1966), the Supreme Court addressed the issue of Rule 615 and the reading of transcripts in a manner that suggests that it would include the reading of transcripts within the ambit of Rule 615:

> Secondly, the court should have insulated the witnesses. All of the newspapers and radio stations apparently interviewed prospective witnesses at will, and in many instances disclosed their testimony… . Although the witnesses were barred from the courtroom during the trial the full verbatim testimony was available to them in the press. This completely nullified the judge's imposition of the rule.

384 U.S. at 359.

The Fifth Circuit, in <u>Miller v. Universal City Studios.</u>, 650 F. 2d 1365 (5th Cir. 1981), observed that the harm that Rule 615 attempts to avoid may be even more pronounced with a witness who reads testimony than with one who hears testimony at trial:

> The purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion. [Citations omitted]. The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony. The court properly held that providing a witness daily copy constitutes a violation of Rule 615. 650 F.2d at 1373.

In light of the purpose of Rule 615, and the positions taken by the Court in the aforementioned cases, Plaintiff submits that the requested exclusion order should be entered.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* should be granted.

4

Respectfully submitted,

7/19/07
Date

*John G. Pedicini, Plaintiff Pro Se*
JOHN G. PEDICINI, PLAINTIFF PRO SE
10 Milano Drive
Saugus, MA 01906
781-248-1385