UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   Case No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
|     Defendants. | : |
| | : |
| | : |

**<u>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES</u>**

In this Title VII action brought against the United States of America, Ann M. Veneman, Secretary of the United States Department of Agriculture, and Linda Springer, Director of the United States Office of Personnel Management, (collectively, "Defendants"), Plaintiff John G. Pedicini intends to call various witnesses whose testimony would in no way be pertinent to the issues at hand. Pursuant to Judge Tauro's <u>Summary Judgment Order</u> of March 29, 2005 ("<u>Summ. J. Order</u>"),[1] the following issues are to be considered at trial: (1) Title VII retaliation claim regarding an alleged reduction in Plaintiff's job duties;

---

[1] Expressly excluded by this Court's Summary Judgment Order of March 29, 2007 are the following claims: (1) refusal to permit Martin Hines to act as Plaintiff's EEO representative in a March 10, 2003 meeting; (2) letters of instruction issued to Plaintiff by his supervisors as a form of retaliation; (3) failure to give Plaintiff a performance award in 2004; (4) failure to train Plaintiff for the potential vacancy of Martin Hines' position; (5) referral of Plaintiff for counseling by supervisor Michael Malone; (6) removal of Plaintiff's name from list of funds officers on November 9, 2004; (7) No Fear Act violations; (8) Fifth Amendment Due Process violations.

(2) Administrative Procedure Act ("APA") violation claim involving noncompliance with a Final Agency Order; (3) Breach of settlement agreement claim.[2]

The Government hereby submits this Motion in Limine to exclude, or in the alternative to limit, the admissibility of the following witness testimony that Plaintiff intends to offer at trial:

> **(1) Juanita Makuta**: Makuta should be excluded as a witness, as she can offer no testimony relevant to the contested issues. A computer specialist at the United States Department of Agriculture, Food and Nutrition Service ("USDA-FNS") Headquarters in Alexandria, Virginia, Makuta will likely testify that Plaintiff possessed the same system access as a funds officer with certifying authority. However, the level of system access granted to Plaintiff has never been in dispute.[3] Moreover, the Government has stressed repeatedly that Plaintiff's system access in no way implies an authority to certify funds. Makuta has admitted as much in her Deposition. See Makuta Deposition 44. As Makuta has no personal knowledge of how certification rights are delegated in the Northeast Regional Office ("NERO") of the USDA-FNS, whatever evidence Plaintiff intends to offer through her testimony would be overly time consuming and irrelevant. Therefore, Makuta's testimony should be excluded.
>
> **(2) Roberto Salazar**: The testimony of Roberto Salazar, Administrator of the USDA-FNS, should also be excluded as irrelevant. Salazar has had only one personal encounter with Plaintiff. The encounter consisted of an October 2004 e-mail exchange regarding confusion over whether Plaintiff's June 2002 Settlement Agreement with the Food and Nutrition Service ("FNS") permitted Plaintiff to act as an Equal Employment Opportunity ("EEO") representative on behalf of his fellow co-workers. See Pl.'s Ex. 44 (as indicated by Plaintiff's Rule 26(a)(3) Disclosure). The misunderstanding was resolved with in the matter of a few days, with Salazar reaffirming Plaintiff's right to represent employees in EEO matters. Plaintiff's encounter with Salazar does not at all relate to the issue of whether Plaintiff's

---

[2] Per Judge Tauro's suggestion in the Summary Judgment Order, a motion to consolidate issues 2 and 3 will follow.

[3] The Government is willing to stipulate that Plaintiff was authorized the same level of system access as Funds Officer Martin Hines.

-2-

supervisors breached the Settlement Agreement on May 10, 2003 by failing to follow proper dispute resolution procedures. In fact, the alleged breach occurred more than year before Plaintiff's e-mail exchange with Salazar. As Salazar can offer no relevant testimony with respect to the alleged breach, Salaxar should be excluded as a witness at trial.

**(3) Sadhna True**: The testimony of Sadhna True, an employee at the United States Department of Agriculture ("USDA" or "Agency") Office of Civil Rights in Washington, D.C., should be excluded, as it is highly prejudicial and irrelevant to the issues at trial. True is expected to offer testimony regarding the Agency's finding that Plaintiff's supervisors breached the June 2002 Settlement Agreement. As Defendants have argued in their Motion in Limine to Exclude Plaintiff's Exhibits, the lack of a full hearing before the Agency, the lack of cross-examination of witnesses, the lack of judicial assessment of the trustworthiness of the facts relied upon by the decision-maker, and the consideration of any and all "evidence" that would not ordinarily be admissible under the Federal Rules of Evidence in this Court, render these findings completely unreliable.[4] Any probative value of the Agency's findings is far outweighed by the substantial risk of prejudice they pose. Furthermore, as True's name appears no where on the Agency's Final Determination, in Plaintiff's exhibits or in the depositions of Plaintiff's key witnesses, it is unlikely that she will have any relevant first-hand testimony to offer. Therefore, this Court should exclude True as a witness at trial.

**(4) Michael Watts**: To the extent that Watts' testimony will be based on the USDA's Final Determination regarding the Settlement Agreement breach, it too should be excluded for the reasons set forth in paragraph (3) above.

**(5) Angela McElmurray Speshock**: The testimony of Angela Speshock, a former employee at the FNS Office of Governmental Affairs and Public Information in Alexandria, Virginia, should be excluded as irrelevant. Speshock will likely testify that she prepared an unofficial contact information list of funds officers, in which Plaintiff was included as a "backup funds officer." This fact, however, is irrelevant to the question of whether Plaintiff had certifying rights. The presence of Plaintiff's name, contact information and unofficial title on an unofficial list is not determinative of the extent of Plaintiff's job responsibilities. As Speshock was based in Alexandria, Virginia during her employment with FNS, she is also unlikely to have any personal knowledge of how certifying rights were delegated in the NERO. Therefore,

---

[4] See Defendant's Motion in Limine to Exclude Plaintiff's Exhibits, at the objection to Plaintiff's Exhibit No. 34 (pages 4-5), filed July 23, 2007.

Speshock should be excluded from being a witness at trial.

**(6) Brooksie Spears**: The testimony of Plaintiff's co-worker Brooksie Spears should be excluded from trial to the extent that it references (a) her EEO complaint against the Agency, (b) EEO complaints of her co-workers, or (c) any letters of instruction issued to Plaintiff. First, allowing Spears to testify to details of unrelated EEO discrimination claims would be extremely prejudicial to Defendants and would confuse the actual issues to be resolved at trial. The details of the EEO discrimination complaints of Spears and her co-workers are completely irrelevant to this case, as Plaintiff's retaliation claim is in no way connected to the factual circumstances of these complaints.[5] Second, Spears' testimony with respect the letters of instruction Plaintiff received from his supervisors should also be inadmissible, as Judge Tauro expressly excluded such evidence in his Summary Judgment Order. See Summ. J. Order at 21-22.

**(7) Jonathan Lash**: The testimony of Jonathan Lash, a budget analyst at USDA-FNA Headquarters, should be excluded as misleading and irrelevant. Lash is expected to testify that he sent an e-mail to Plaintiff confirming that Plaintiff was "authorized to certify funds availability." See Lash Deposition 15. As a staff member without the managerial authority to delegate certification rights, Lash's confirmation of Plaintiff's "authority" to certify funds availability is meaningless. Such authority can only come from the Regional Administrator. In addition, to the extent that Lash may testify that Plaintiff was listed as a "backup funds officer" on an unofficial contact information list of funds officers (see Lash Deposition 10-14), his testimony should also be excluded as irrelevant for the reasons set forth in paragraph (5) above.

**(8) Lisha Dorman**: The testimony of Lisha Dorman, an administrative officer at USDA-FNS Headquarters, should be excluded as irrelevant. In addition, to having Dorman testify that Plaintiff was a "backup funds officer" in the NERO, Plaintiff is also likely to elicit testimony from Dorman regarding her opinion that backup funds officers *should* be able to perform all of the functions of a funds officer. This testimony is irrelevant. Plaintiff's role as a backup to funds officer Martin Hines is not in dispute, and Dorman's opinion that "backup funds officers" should perform all the functions of a funds officer is not relevant to the issue of whether Plaintiff actually had certifying rights. In fact, Dorman confirmed in her affidavit that there is no FNS policy granting "backup funds officers" the authority to perform all of the functions

---

[5] The Government is willing to stipulate that Plaintiff has served as an EEO Representative on behalf of his co-workers.

of the funds officer.  Dorman Aff. 12. She also stated that in the NERO, the regional administrator has sole authority to delegate certifying rights.  Dorman Aff. 13.  As Dorman's testimony is not pertinent to the issues before the Court, Dorman should be excluded as a witness at trial.

**(9) Jada Johnson**: The testimony of Jada Johnson, a staff member in the accounting department at Headquarters, should be excluded as irrelevant to the extent that she will testify that Plaintiff was known as a "backup funds officer" at Headquarters.  As established in paragraphs (5), (7) and (8) above, the fact that Plaintiff may have been known as a "backup funds officer" is not determinative of whether he had certifying authority.[6]  Johnson's testimony should therefore be excluded.

**(11) Luis Perez**: The testimony of Luis Perez, a Purchasing Specialist in the NERO, should be excluded as highly prejudicial and irrelevant.  Perez will likely testify that Plaintiff served as his EEO representative in a discrimination complaint against the Agency.  However, details of Perez's EEO discrimination complaint would be highly prejudicial by creating a negative impression of Defendants.  Such details are also irrelevant to the issues at hand.  As Perez can offer no testimony pertinent to any of Plaintiff's claims, he should be excluded as a witness as trial.[7]

**(12) Diane Harrington**: The testimony of Diane Harrington, Confidential Secretary to the former Deputy Administrator of the NERO, Douglas MacAllister, should be excluded as irrelevant.  As a Confidential Secretary, any information Harrington may have about Plaintiff with regard to the issues before the Court are protected by the confidential nature of her position.  Therefore, she is unlikely to contribute any pertinent information in order to resolve any of the disputed issues.

**(13)  Lori Lodato**: To the extent that Lori Lodato, an IT Specialist at the FNS regional office, will testify that Plaintiff's supervisor Michael Malone deleted or destroyed Agency information upon resigning his position, her testimony should be excluded as highly prejudicial and irrelevant.  First, The rumors of the deleting of evidence were never formalized into an official complaint.  Furthermore, testimony of these rumors would be extremely prejudicial to defendants and would have absolutely no probative value in support of Plaintiff's case.  In addition, testimony

---

[6] The Government is willing to stipulate that Plaintiff was known by his colleagues as a "backup funds officer."

[7] The Government is willing to stipulate that Plaintiff has served as an EEO Representative on behalf of his co-workers.

from Lodato regarding the level of system access granted to Plaintiff is irrelevant and unnecessary, as Plaintiff's level of access does not prove that he had certifying rights and the Government has already expressed its willingness to stipulate that Plaintiff has the same level of system access as Funds Officer Martin Hines.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court exclude Plaintiff's above-named witnesses from presenting testimony at trial.

Respectfully submitted,

Michael J. Sullivan
United States Attorney

BY:  /s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02110

Dated: July 23, 2007                (617) 748-3100

## CERTIFICATE OF SERVICE

I certify that on July 24, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney