UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI | : |
| Plaintiff, | : |
| v. | : |
| | : Case No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al., | : |
| Defendants. | : |

**DEFENDANTS' OBJECTION TO THE PRESENTATION AT TRIAL OF MICHAEL MALONE'S AND FRANCES ZORN'S TESTIMONY VIA DEPOSITION OR DEPOSITION TRANSCRIPT**

NOW HERE COME the Defendants, the United States of America, et al., who object to plaintiff John Pedicini's request, pursuant to Fed. R. Civ. P. 26(a)(3)(B), for presentation at trial of Michael Malone's (hereinafter, "Malone") and Frances Zorn's (hereinafter, "Zorn") testimony by means of their deposition transcripts (or portions thereof). As reasons therefore, Defendants assert that the designated pages of the Malone and Zorn depositions contain a host of objectionable information. Specifically, the portions of the depositions that Plaintiff has selected reference issues that this Court has previously excluded in its Summary Judgment Order of March 29, 2005, that are highly prejudicial, and are irrelevant and immaterial to the issues remaining at trial.

**I.   MICHAEL MALONE DEPOSITION TESTIMONY SHOULD BE EXCLUDED**

1.   <u>Official and Working Titles</u>:  Reference in the Malone Deposition (Deposition of Michael Malone ("Malone Dep.") 9-30) to Malone's alleged varying use of official and working titles without reprimand should be excluded. Plaintiff intends to use Malone's alleged use of official and working titles in order to demonstrate that he was allegedly unfairly admonished for his use of an incorrect title, whereas Malone was not.  However, as Plaintiff can only demonstrate this point through reference to letters of instruction received by him, this testimony must be excluded pursuant to Judge Tauro's Summary Judgment Order of March 29, 2007, which expressly provided that letters of instruction received by Plaintiff to show retaliation are expressly excluded from evidence. (<u>Summ J. Order</u> at 21-22.)

2.   <u>Letters of Instruction</u>:[1]

A.   *Pedicini:* In addition, Malone's testimony regarding a letter of instruction directed to Plaintiff for use of an incorrect title on a Leave Without Pay Analysis report cover sheet, dated October 19, 2004, (Malone Dep. 139-141) should also be excluded as per Judge Tauro's Summary Judgment Order.  (<u>Summ J. Order</u> at 21-22.)

---

[1] It should be noted that letters of instruction, unlike letters of warning or letters of reprimand, do not qualify as adverse employment actions.  They are not placed in the employee's personnel file, they do not result in demotions or reductions in pay, and they do not constitute formal agency reprimands (as they are communications kept strictly between the supervisor and employee).

B.  *Hines:* Testimony relating to the letter of instruction issued to Martin Hines (hereinafter, "Hines") (Malone Dep. 119-125) should also be excluded. This letter of instruction is irrelevant and immaterial to the issues pending in the instant case, as it in no way demonstrates that retaliatory actions were taken against Plaintiff. Hines' letter of instruction does not at all indicate that Plaintiff experienced any adverse employment action for preparing the report. See Pl.'s Ex. 50. Indeed, the fact that Malone later authorized Plaintiff to compile the Leave Without Pay Analysis reports (Malone Dep. 124) indicates that Plaintiff was not at fault and that the reason for the letter of instruction to Hines was due to Hines' own failure to comply with his supervisor's orders.

## II.  FRANCES ZORN'S DEPOSITION TESTIMONY SHOULD BE EXCLUDED

1.  EEO Complaints of Bellezza, Larkin, and Perez: The references to Bellezza, Larkin, and Perez's EEO complaints should be excluded because it is evidence of these NERO employees' personal EEO experiences (also known as "me too" evidence), that is highly prejudicial to Defendants and completely outside the scope of the remaining issues to be tried. See Deposition of Frances Zorn ("Zorn Dep.") 65, 66-71, 74-76. Indeed, they shed no light on whether Plaintiff was retaliated against by the agency. Nor do they reveal whether the agency breached the 2002 Settlement Agreement or failed to comply with certain provisions contained therein. Plaintiff's claim is one of retaliation, not discrimination based upon race, sex, or age. That Plaintiff may have been the EEO representative for Bellezza and Perez is irrelevant to either of the 2 remaining issues to be tried. Moreover, with respect to Larkin, Plaintiff was not even his EEO representative, which is even more irrelevant than

with the Bellezza and Perez.

To the extent that Plaintiff would argue that his specific role as an EEO representative for Bellezza and Perez (and the underlying facts of those complaints) is relevant to his retaliation claim, this, too, must fail because they shed no light and are not at all determinative of whether Plaintiff lost his alleged certification authority in retaliation for his EEO representation. To the extent that Plaintiff would argue that the relevance goes to his role as their EEO representative, then in the alternative, if the Court denies Defendants' request that all of this testimony be excluded, then Defendants would be willing to stipulate only that at some point in time Plaintiff acted as the EEO representative to Perez and/or Bellezza.

2.    2004 Performance Award: This reference to Plaintiff's failure to receive a performance award in 2004 is inadmissible pursuant to Judge Tauro's Summary Judgment Order expressly excluding the consideration of the 2004 performance award in determining retaliation. See Zorn Dep 191-92. See also Summ. J. Order at 22-23. Morever, as this Court noted, "Plaintiff's discovery of over-billing occurred too late in the year for the agency to recognize him at the 2004 awards ceremony, but [] Plaintiff was properly recognized at the 2005 awards ceremony." Summ. J. Order at 22-23.

3.      <u>Changes in National Office Policy for Designating "Backup Funds Officers"</u>: Plaintiff's suggestion that the national office changed its policy for designating "backup funds officers" should be excluded. <u>See</u> Zorn Dep. 203-04. Plaintiff never provided evidence that would even suggest that the national office has ever held a policy that an independent person, not a supervisor, had to serve as the backup funds officer after 1998. This evidence, therefore, is unfounded.

### III.    **CONCLUSION**

Without live testimony, Defendants will be unable to confront or cross-examine Malone and Zorn in order to have them explain or expand upon statements made by them in the earlier (deposition) proceedings. This, in turn, increases the risk that statements made by Malone and Zorn will be taken out of context, leading to jury confusion. Therefore, Defendants respectfully request that this Court: (1) <u>deny</u> Plaintiff's request that the testimony of Malone and Zorn be presented via deposition transcript; and (2) <u>exclude</u> the above-referenced portions of testimony, whether live or by deposition, from evidence at trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Gina Walcott-Torres
      Gina Walcott-Torres
      Assistant U.S. Attorney
      John Joseph Moakley U.S. Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
Dated: July 23, 2007              (617) 748-3100

**CERTIFICATE OF SERVICE**

      I certify that on July 23, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

Dated: July 23, 2007                       /s/ Gina Walcott-Torres
                                                   Gina Walcott-Torres
                                                   Assistant U.S. Attorney