UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI,           )<br>                             )<br>       Plaintiff,           )<br>                             )<br>v.                           )<br>                             )<br>UNITED STATES OF AMERICA, ET AL., )<br>                             )<br>       Defendants.          )<br>_____) | C.A. No. 04-CV-12395-JLT |

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
AMENDED MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS

Now here comes the defendants in this action who reply and object to plaintiff John Pedicini's Opposition to Defendants' Amended Motion In Limine To Exclude Plaintiff's Exhibits ("Plaintiff's Opposition") as follows:

1. The filing of Plaintiff's Opposition is both inappropriate and disingenuous because he, himself, has filed amendments to pretrial pleadings on **two** separate occasions: see document no. 99 ("Amendment to Rule 26 Disclosures by John Pedicini"), filed July 17, 2007, and document no. 111 ("Amendment to Rule 26(a)(3) Disclosures by John Pedicini"), filed July 26, 2007, which is the same date he filed Plaintiff's Opposition.

2. The filing of Plaintiff's Opposition is also surprising in light of a meeting between the parties at 2:00pm on July 26, 2007, at the United States Attorney's Office in preparation for compiling joint exhibit and witness lists for the Court

(due July 30, 2007). At that time, Plaintiff informed defense counsel of his intention to oppose Defendants' Amended Motion In Limine to Exclude Plaintiff's Exhibits because he allegedly would not have enough time to oppose any amendments thereto (e.g., Plaintiff alleged that because he received the amendments on July 26th he would not have enough time to file any oppositions thereto by the July 30th deadline).

3. The undersigned defense counsel informed Plaintiff of her <u>willingness to assent to additional days for him to file any opposition</u> to the Amended Motion In Limine, especially considering that earlier that morning, the Court had moved the final pretrial conference from August 2nd to August 6th.

4. Plaintiff commented that he had not yet received notice of the change in date of the final pretrial conference –I was the first to inform him of that change. When asked by the undersigned defense counsel why he was filing an "opposition," Plaintiff commented that he had been planning to file the opposition <u>before</u> we spoke, that is, before I told him that I would be willing to assent to additional time for him to file his opposition. Additionally, we discussed new dates for opposing one another's motions in limine and determined that since the pretrial conference was no longer being held on August 2nd, that we would seek the Court's permission for filing oppositions on that date.

5. Accordingly (e.g., in light of this conversation), I believed that a motion for extension of time –<u>not</u> an opposition to Defendants' Amended Motion In Limine –was forthcoming. When defense counsel received, instead, an electronic notice from the Court of the filing of Plaintiff's Opposition, she looked at the time that this document was filed and learned that it was filed in the Clerk's Office at or around 3:42pm (<u>see</u> Clerk's stamp), which is only **moments after the conclusion of the meeting with defense counsel**.

6. Indeed, Plaintiff even requests in his Opposition that the final pretrial conference be "move[d] . . . to the week of August 6, 2007" which, Plaintiff knew, had already taken place because defense counsel had informed him of the conference date change less than an hour before.

WHEREFORE, the undersigned defense counsel asks that this Court allow and accept her Amended Motion In Limine to Exclude Plaintiff's Exhibits, and reject Plaintiff's Opposition for the reasons stated herein.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ Gina Walcott-Torres
    Gina Walcott-Torres
    Assistant U.S. Attorney
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210

Dated: July 30, 2007     (617) 748-3369

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that the foregoing Notice filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Dated: July 30, 2007            /s/ Gina Walcott-Torres
                                       Gina Walcott-Torres
                                       Assistant U.S. Attorney