UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | |
| Plaintiff, | |
| -vs- | CIVIL ACTION NO. 04-12395-JLT |
| UNITED STATES OF AMERICA ET AL., | |
| Defendants. | |

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' WITNESSES

Plaintiff, John G. Pedicini, hereby moves this Court *in limine* to exclude, or in the alternative to limit, the admissibility of the following witness testimony that Defendants intend to offer at trial:

    (1)    **Robert Canavan:** Canavan should be excluded as a witness, as he can offer no testimony relevant to the contested issues. He was not employed as a Deputy Regional Administrator during the dispute over the Settlement Agreement and he was not involved in the dispute over Plaintiff's right to certify funds availability. His only involvement occurred during the issuance of the letters of instruction. His testimony on the letters of instruction should be inadmissible, as Judge Tauro expressly excluded such evidence in his Summary Judgment Order. See Summ. J. Order at 21-22.

(2) **Suzanne Biermann:** The testimony of Suzanne Biermann, Regional Administrator since December of 2005, should be excluded as <u>completely</u> irrelevant. Ms. Biermann was not involved in <u>any</u> event at issue in this case. Her name does not appear on <u>any</u> document. Therefore, she is unable to contribute any pertinent information on any of the disputed issues and, therefore, should be excluded as a witness at trial.

(3) **Roger Hamilton:** The testimony of Roger Hamilton should also be excluded as irrelevant. Mr. Hamilton was not involved in any of the retaliatory events alleged by the Plaintiff. In addition, he had absolutely no involvement in the alleged breach of the settlement agreement. Therefore, as Hamilton can offer no relevant testimony with respect to the retaliatory events alleged by the Plaintiff or the alleged breach of the settlement agreement, Hamilton should be excluded as a witness at trial.

(4) **Arthur LeBlanc:** The testimony of Arthur LeBlanc should also be excluded as irrelevant. Mr. LeBlanc has no authorized rights and no experience in the Foundation Financial Information System (FFIS) used to verify and certify funds availability for the Food and Nutrition Service. Indeed, FFIS was implemented <u>after</u> Mr. LeBlanc left employment as a Section Chief of the Internal Finance/Food Stamp Program in the Financial Management Unit at the Northeast Regional Office in Boston. Thus, LeBlanc's testimony should be excluded.

(5) **Michael Malone:** The testimony of Michael Malone should be limited to the July 2004 EEO complaint by the Plaintiff, the statement in his letter of instruction dated 10/22/2004 to Plaintiff whereby he refers to Plaintiff as "Certifying Officer (IAS)", and the statement in his letter of instruction dated 10/22/2004, to Martin Hines on the assignment of funds control duties. While the letters of instruction are not a violation of Title VII, pursuant to the Summary Judgment Memorandum dated 3/29/2007, the aforementioned statements made by the Defendants hold probative

2

value for determining the employer's mindset on Count I -Retaliation which now comes forth to trial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude Defendants' above-named witnesses from presenting testimony at trial and limit the testimony of Michael Malone to the Plaintiff's July 2004 EEO complaint.

Respectfully submitted,

_____        7/30/07
John G. Pedicini, Plaintiff Pro Se    /Date
10 Milano Drive
Saugus, MA 01906
781-248-1385

## CERTIFICATION OF SERVICE

Pursuant to L.R.5.2(b), I hereby certify that a true copy of the above document was served on the Defendants on July 30, 2007, via U.S. Government email system to: Gina Walcott-Torres, Assistant U.S. Attorney, Moakley Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

By: _____    7/30/07
John G. Pedicini, Pro Se             /Date