UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,

      Plaintiff,

                CIVIL ACTION NO. 04-12395-JLT

-vs-

UNITED STATES OF AMERICA
ET AL.,

      Defendants.

## PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXHIBITS

      Plaintiff calls the Court's attention to the fact that Defendants are attempting to add new documents to this case at the 11th hour, long after discovery ended on January 31, 2006. Defendants' exhibits #9,10,12,13,17,19[1],20, 21, 22, 23, 24, 25, 26 are all new documents, without Bates-Stamp Numbers, and should be exclude as causing unfair prejudice to the Plaintiff, as well as presenting substantial danger to confuse the issues and mislead the jury. Plaintiff, John G. Pedicini, hereby moves this Court *in limine* to exclude, or in the alternative to limit, the

---

[1] The date of this document is 7/20/2001. If this is a typographical error and the date should be 9/20/01, then this is not a new document and Plaintiff does not object to it.

admissibility of the following exhibits that Defendants intend to offer at trial[2]:

    (1)   **Position Description of John Pedicini, Financial Management Specialist (US0176-US0184):** This document should be excluded as irrelevant. The Position Description is generic and is the same for all employees. It does not list the specific duties on which Plaintiff is evaluated for his job performance and job responsibilities.

    (2)   **Position Description of Martin Hines, Budget Analyst (US0164-US0167**

       This document should be excluded as irrelevant. The Position Description is generic and is the same for all employees. It does not list the specific duties on which Mr. Hines is evaluated for his job performance and job responsibilities.

    (3)   **Memorandum from USDA to Regional Administrators, dated February 22, 1982 (Bates-Stamp Forthcoming):** This document is completely and unequivocally irrelevant to this case, attached hereto as Exhibit A. It deals with certifying disbursements (i.e. expenditures) whereas this case deals with certifying funds availability. Funds control officers do not certify cash disbursements as stated in the Agency's own regulations, FNS Handbook 101, p. 3-3, Section C(3), attached hereto as Exhibit B. This document should be excluded as inadmissible hearsay and irrelevant.

    (4)   **Delegation of Authority Memorandum (Bates-Stamped US0015):** This is a self serving document in which Douglas MacAllister attempts to appoint himself as a certifying officer (See letter attached hereto as Exhibit C). Defendants' own witness, Frances Zorn has

---

[2] Numbers correspond to Exhibit numbers of Defendants' Amended Rule 26 Disclosures filed on 7/26/2007.

testified that she never re-delegated the
authority to MacAllister in order to execute
such an agreement (See Zorn Deposition, pp.
199-202, attached hereto as Exhibit D). This
document should be excluded as inadmissible
hearsay and irrelevant.

(9) **Performance Appraisal for John Pedicini, dated
2/16/2007 (Bates-Stamp Number forthcoming):**
This is a new document in the case. Defendants
are engaging in discovery long after discovery
has ended. Discovery in this case ended on
January 31, 2006. Defendants are seeking to add
new documents to case at the 11th hour. Given
the unfair prejudice to the Plaintiff,
confusion of the issues, and danger to mislead
the jury that would result from adding this
document, Court should exclude it.

(10) **FNS Integrated Program Accounting System
Report on User Access, dated 7/19/2007 (Bates-
Stamp Number forthcoming):**

This document does not list titles or duties in
the computer system, as such it presents
substantial danger of misleading the jury. In
addition, this is a new document in the case.
Defendants are engaging in discovery long after
discovery has ended. Discovery in this case
ended on January 31, 2006. Defendants are
seeking to add new documents to case at the 11th
hour. Given the unfair prejudice to the
Plaintiff, confusion of the issues, and danger
to mislead the jury that would result from
adding this document, the Court should exclude
it.

(11) **Financial Management Northeast Region Org.
Chart for period 9/2002-8/2003 (US0056):**
This document should be excluded as
irrelevant. The org. chart does not list
individual job duties and responsibilities, as
such it presents substantial danger of
confusing the issues and misleading the jury.

3

(12)   **Financial Management Official Org. Chart,
       Dated 12/1/2004 (Bates-Stamp Number
       forthcoming):**

        This document should be excluded as
        irrelevant. The org. chart does not list
        individual job duties and responsibilities, as
        such it presents substantial danger of
        confusing the issues and misleading the jury.
        In addition, this is a new document in the
        case. Defendants are engaging in discovery
        long after discovery has ended. Discovery in
        this case ended on January 31, 2006.
        Defendants are seeking to add new documents to
        case at the 11th hour. Given the unfair
        prejudice to the Plaintiff, confusion of the
        issues, and danger to mislead the jury that
        would result from adding this document, Court
        should exclude it.

(13)   **Financial Management Org. Chart for period
       2/2006-5/2007 (Bates-Stamp Number
       forthcoming):**

        This document should be excluded as
        irrelevant. The org. chart does not list
        individual job duties and responsibilities, as
        such it presents substantial danger of
        confusing the issues and misleading the jury.
        In addition, this is a new document in the
        case. Defendants are engaging in discovery
        long after discovery has ended. Discovery in
        this case ended on January 31, 2006.
        Defendants are seeking to add new documents to
        case at the 11th hour. Given the unfair
        prejudice to the Plaintiff, confusion of the
        issues, and danger to mislead the jury that
        would result from adding this document, Court
        should exclude it.

(17)   **FNS-NERO FY05 & FY06 Cash Awards issued to
       John Pedicini (Bates-Stamp Numbers
       forthcoming):**

Cash awards are not an issue in this case,
pursuant to Summary Judgement Memorandum from
Judge Tauro, dated 3/29/2007, pp. 22-23. In
addition, this is a new document in the case.
Defendants are engaging in discovery long
after discovery has ended. Discovery in this
case ended on January 31, 2006. Defendants are
seeking to add new documents to case at the
11th hour. Given the unfair prejudice to the
Plaintiff, confusion of the issues, and danger
to mislead the jury that would result from
adding this document, Court should exclude it.

## (19) FNS Computer System Access Request for John Pedicini, dated 7/20/2001 (Bates-Stamp forthcoming):[3]

This is a new document in the case. Defendants
are engaging in discovery long after discovery
has ended. Discovery in this case ended on
January 31, 2006. Defendants are seeking to
add new documents to case at the 11th hour.
Given the unfair prejudice to the Plaintiff,
confusion of the issues, and danger to mislead
the jury that would result from adding this
document, Court should exclude it.

## (20) SERO Financial Management Organization Chart Dated June 2006 (Bates-Stamp forthcoming):

This document should be excluded as
irrelevant. The org. chart does not list
individual job duties and responsibilities, as
such it presents substantial danger of
confusing the issues and misleading the jury.
In addition, this is a new document in the
case. Defendants are engaging in discovery
long after discovery has ended. Discovery in
this case ended on January 31, 2006.
Defendants are seeking to add new documents to
case at the 11th hour. Given the unfair
prejudice to the Plaintiff, confusion of the

---

[3] If the date of this document should be 9/20/2001, then Plaintiff does not object to it.

issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

## (21) Learning History Record of John Pedicini (Bates-Stamp forthcoming):

The "learning history record" is deceptive. These courses are required courses for all employees, irrespective of job duties, as such the "learning history record" should be excluded. It deals with basic instruction in ethics and awareness of computer security. In addition, this is a new document in the case. Defendants are engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

## (22) Memo to Michael Todd, Funds Officer at FNS Mountain Plains Region, regarding Formal Delegation of Authority (Bates-Stamp Number Forthcoming):

This document should be excluded as irrelevant and confusing. It does not mention anything about backup funds officers. In addition, this is a new document in the case. Defendants are engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

## (23) Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region

**Donald E. Arnette (Bates-Stamp Number forthcoming):**

This document should be excluded as irrelevant and confusing. It does not mention anything about backup funds officers. In addition, this is a new document in the case. Defendants are engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

(24) **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region Retha F. Oliver (Bates-Stamp Number forthcoming):**

This document should be excluded as irrelevant and confusing. It does not mention anything about backup funds officers. In addition, this is a new document in the case. Defendants are engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

(25) **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region Sara S. Harding (Bates-Stamp Number forthcoming):**

This document should be excluded as irrelevant and confusing. It does not mention anything about backup funds officers. In addition, this is a new document in the case. Defendants are

7

engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

(26) **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region J. Lewis Wright (Bates-Stamp Number forthcoming):**

This document should be excluded as irrelevant and confusing. It does not mention anything about backup funds officers. In addition, this is a new document in the case. Defendants are engaging in discovery long after discovery has ended. Discovery in this case ended on January 31, 2006. Defendants are seeking to add new documents to case at the 11th hour. Given the unfair prejudice to the Plaintiff, confusion of the issues, and danger to mislead the jury that would result from adding this document, Court should exclude it.

(28) **NERO Vacancy Announcements, posted 7/16/2003 & 11/03/2003 (P-2089—P-2093, P-2083—P-2088):** This document should be excluded as irrelevant. No hiring decision was ever made from these vacancy announcements.

8

## CONCLUSION

For the foregoing reasons, Plaintiff

respectfully requests that this Court exclude Defendants'

above-named exhibits from the trial.


Respectfully submitted,


John G. Pedicini, Plaintiff Pro Se
10 Milano Drive
Saugus, MA 01906
781-248-1385

7/30/07
Date


## CERTIFICATION OF SERVICE

Pursuant to L.R.5.2(b), I hereby certify that a true copy
of the above document was served on the Defendants on July
30, 2007, via U.S. Government email system to: Gina
Walcott-Torres, Assistant U.S. Attorney, Moakley
Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

By: John G. Pedicini, Pro Se

7/30/07
Date

9

# EXHIBIT A

*Original to FNS*

# UNITED STATES DEPARTMENT OF AGRICULTURE
## FOOD AND NUTRITION SERVICE

REPLY TO
ATTN OF:

WASHINGTON, DC 20250

FEB 22 1982



SUBJECT: Authority to Designate Certifying Officers

TO: Regional Administrators

THRU: Andrew P. Hornsby, Jr.
Deputy Administrator
for Regional Operations

This memorandum outlines the steps necessary to establish authority to
designate certifying officers in the Regional Offices.

When FNS Regional Offices assume responsibility for disbursing activities,
each Region will need to file with Treasury the specimen signature of the
manager authorized to designate certifying officers. These specimen
signatures must be authenticated by someone whose signature is already
known to Treasury. In our Agency, that person is the Director of Accounting
and Reporting Division (AC).

Please complete the delegation statement attached to this memorandum, have
the named person sign it, and return it to AC. The Director of AC will
authenticate the Regional Manager's signature and forward the form to
Treasury. Thereafter the RO will be able to add or change certifying officers
without Headquarters involvement.

As soon as we hear from Treasury that Agency Location Codes and servicing
disbursing centers have been assigned, we will send each RO a supply of
SF-210 Signature Cards for Certifying Officers, with instructions for using
them. Each Region must have a primary and at least one alternate certifying
officer. The position is a very responsible one, as is clear from the
following excerpt from 31 USC 82c:

> "The officer or employee certifying a voucher shall (1) be held
> responsible for the existence and correctness of facts recited
> in the certificate or otherwise stated on the voucher or its
> supporting papers and for the legality of the proposed payment
> under the appropriation or fund involved; and (2) be held accountable
> for and required to make good to the United States the amount
> of any illegal, improper, or incorrect payment resulting from
> any false, inaccurate, or misleading certificate made by him, as
> well as for any payment prohibited by law or which did not
> represent a legal obligation under the appropriation or fund involved..."

You will want to keep these requirements in mind when making personnel
designations.

USDA - FNS
F

FEB 23 '82

RECEIVED

Form FNS-600 (12-79)

Regional Administrators                                                          2

If you have any questions, do not hesitate to call me.  For practical
advice based on experience with the certifying function, you may wish
to call Dave Hamer, Director of AC, who is also a member of the
Decentralization Task Force.  His telephone number is 447-6990.

RAYMOND A. PUGH, SR.
Deputy Administrator
  for Financial Management

Attachment

# EXHIBIT B



# FNS HANDBOOK 101

Published on December 9, 2002

First Edition

$P-3162$

commitment document's reference information, and process the obligation to an accepted status.

(See Handbook 101, Chapter 3, section 303; Handbook 101 Chapters 5-11, Funds Officer Responsibility sections, and FNS FFIS Desktop Procedures).

7.    **Report Monthly Status of Funds** – See Chapter 4 of the Handbook and any additional guidance produced by the Budget Division.

8.    **Prepare Year-end Estimates** – All estimates associated with feeder system activity will be generated by the feeders and recorded automatically using standard voucher documents. Year-end estimates will be directly entered into FFIS using a Standard Voucher (YE) document. For year-end estimates, a Trans Type of DE, is used for Delivered orders, and UN for Undelivered orders. Because end-of-year period-end estimate requirements are unique to a given fiscal year, Budget Division will issue detailed instructions on any changes in procedures each fiscal year. (See Yearly Administrative Funds Control Guidance produced by Budget Division).

9.    **Perform Closeout Activities** – Funds officers should ensure that all unprocessed obligations are submitted as period-end estimates at the end of the fiscal year by converting all commitment documents to obligation documents. In addition, funds officers shall review unliquidated obligations to determine those obligations that can be deobligated. Budget Division will monitor prior year obligations beginning with the January reports. (See yearly guidance produced by Budget Division).

B    Objectives of Funds Control.

1    To ensure that funds are used only for the purposes authorized by law.

2    To ensure that funds are used efficiently and economically.

3    To ensure that obligations and disbursements do not exceed the amounts authorized.

4    To ensure that the expenditure of authorized funds is not reserved or otherwise deferred without Congressional knowledge and approval.

C    Funds Control Policies.

1    The total amount obligated must be funded from one or more specific allowances.

2    The total amount of allowances issued must not exceed the available allotment which, in turn, must not exceed the available apportionment and appropriation.

3    Allowance holders may not authorize obligations in excess of their allowance. If an allowance holder has more than one allowance, each allowance must be controlled separately. Funds control officers do not authorize the expenditure of funds. They certify the availability of funds only.

4    Disbursements shall be made only if an authorized obligation has been established and only if the goods or services ordered have been received.

December 9, 2002

p- 3179

# EXHIBIT C





**United States
Department of
Agriculture**

FSP/IF-FM                                                     May 28, 2002

Food and
Nutrition
Service

SUBJECT:  FPA Certifying Officer

Northeast Region

TO:  Memorandum for the Record

10 Causeway St.
Room 501
Boston, MA  02222

This memorandum reaffirms and extends Marty Hines duties as Certifying
Officer for NERO's management control of FPA funds.

Marty has served effectively in this capacity for many years.

When Marty is absent, either Joseph Stanco or I will serve as alternate
Certifying Officer.

Douglas A. MacAllister
Director, Financial Management
FNS, Northeast Region

US0015

# EXHIBIT D

1

Volume I
Pages 1 to 208
Exhibits See Index

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - -x
                                :
JOHN G. PEDICINI,               :
            Plaintiff,          :
                                :
        vs.                     :  Civil Action
                                :  No. 04-12395 JLT
UNITED STATES OF AMERICA, and   :
ANN M. VENEMAN, SECRETARY,      :
UNITED STATE DEPARTMENT OF      :
AGRICULTURE,                    :
            Defendants.         :
                                :
- - - - - - - - - - - - - - - -x

        DEPOSITION OF FRANCES E. ZORN, a witness
called on behalf of the Plaintiff, taken pursuant to
the Federal Rules of Civil Procedure, before Jane M.
Williamson, Registered Merit Reporter and Notary
Public in and for the Commonwealth of Massachusetts,
at the Offices of Doris O. Wong Associates, 50
Franklin Street, Boston, Massachusetts, on Monday,
June 6, 2005, commencing at 10:05 a.m.

PRESENT:

    The Catapano-Friedman Law Firm
        (By Robert S. Catapano-Friedman, Esq., and
        Sarah Catapano-Friedman, Esq.)
        50 Franklin Street, Boston, MA  02110, for
        the Plaintiff.


        (Continued on Next Page)

199

1   authority, right?

2        A.    Yes.

3        Q.    And you identified a document, which is

4   Defendants' Exhibit 7, in which your predecessor,

5   Harold T. McLean, designated himself with this

6   authority, correct?

7        A.    Yes.

3        Q.    Did you ever delegate this authority to

3   yourself?

)        A.    Me specifically?  No.  But I think this was

l   related to a new process -- this talks about a new

?   delegation pursuant to a functional reorganization.

3   So I don't believe I have to have -- I don't have to

l   delegate to myself the FNS instructions talking

,   about the regional administrators being able to

,   delegate these assignments.

         Q.    So it was your understanding that the

    regional administrator would not have to delegate to

    him or herself, but would have the power to delegate

    to others?

         A.    Yes.

         Q.    Now, did you ever delegate to Douglas

    MacAllister your delegation authority?

         A.    Not in so many words.

200

1    Q.    So you never did that?

2    A.    I never wrote him a letter saying that, no.

3    Q.    So you never did anything to confer your

4    delegation authority upon anybody but yourself,

5    correct?

6    A.    Yes.

7    Q.    As far as you know, none of your

8    predecessors, including Mr. McLean, ever delegated

9    to Douglas MacAllister their delegating authority,

10   correct?

11        MR. WILMOT:    Objection.

12   A.    I don't know if they did or didn't.

13   Q.    But you have no knowledge of any of your

14   predecessors providing Douglas MacAllister their

15   delegating authority, right?

16        ,    MR. WILMOT:    Objection.

17   A.    I don't know or not know that.

18   Q.    Well, do you have any document that shows

19   any of your predecessors delegating to Douglas

20   MacAllister their right to delegate fund

21   certification officers?

22   A.    As far as I know, no.

23   Q.    So as far as you know, Douglas

24   MacAllister's delegation of authority is

201

1    unauthorized, right?

2            MR. WILMOT:   Objection.

3        A.    Since he is the accountable entity for

4    financial management, he does hold a general

5    delegation of financial management responsibilities,

6    so I wouldn't call -- what was the word?

7        Q.    "Unauthorized."

8        A.    I wouldn't call it unauthorized, but I

9    wouldn't call it formally authorized, either.

10       Q.    So at least his delegating of these

11   responsibilities is somewhat questionable, correct?

12           MR. WILMOT:   Objection.

13       A.    Questionable in what way?

14       Q.    The authorization for him delegating

15   certifying rights is of a somewhat mirky area?

16       ,    MR. WILMOT:   Objection.

17       A.    There is not the clearest documented trail

18   of it, if that's what you mean.

19       Q.    Okay, fine.   Now, you show in Exhibit 9

20   that you personally delegated authority to Marty

21   Hines to approve individual trip-by-trip

22   authorizations for Type C.

23       A.    Yes.

24       Q.    Now, this was not general authority to

202

1    approve fund requests or certifying funds, correct?

2    This is just a very narrow authorization?

3              MR. WILMOT:  Objection.

4         A.    It's not the same as certifying funds, but

5    it is a delegation of a function that does in the

6    end obligate money.

7         Q.    Okay.  So this document does not delegate

8    authority to certify funds, correct?

9         A.    No.

10        Q.    It's a document that in your mind is

11   related to that function, but it is not that

12   function, right?

13             MR. WILMOT:  Objection.

14        A.    It's related to that function, yes.

15        Q.    But it's not that function?

16        A.    Not in its entirety.

17        Q.    Is it in part that function?

18        A.    In part, yes.

19        Q.    But not in its entirety.  So back in 1998,

20   you didn't find the need to provide written

21   authorization to Marty Hines of certifying funds

22   authority in its entirety?

23        A.    You know, I don't know what exactly

24   precipitated that particular signature of mine.  It

DORIS O WONG ASSOCIATES