UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION
TO DISMISS PLAINTIFF'S APA COUNT AS A MATTER OF LAW,
OR, IN THE ALTERNATIVE, TO CONSOLIDATE TRIAL ISSUES**

Introduction:

The United States asks this honorable Court to **dismiss** Plaintiff's Administrative Procedure Act (hereinafter, the "APA") claim as a matter of law for the reasons asserted in *Defendant's Further Memorandum on Count II(B)* (filed in April 2007 and still pending before this Court).

In the alternative, the United States asks this Court to **consolidate** the second and third surviving issues for trial because both the non-compliance and breach of settlement agreement claims are based on the same alleged acts.

1

Procedural Background:

The plaintiff, John G. Pedicini, brought this action against the defendants, the United States of America, Ann M. Veneman, Secretary of the United States Department of Agriculture and Linda Springer, Director of the United States Office of Personnel Management ("OPM"), alleging:

(1) Title VII retaliation;

(2) Claims under the APA involving (a) the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 ("the No FEAR Act"), and (b) noncompliance with a Final Agency Order;

(3) Violation of Due Process under the 5th Amendment; and

(4) Breach of settlement agreement.

Both Defendants and Plaintiff moved for summary judgment on all counts. On March 29, 2007, this Court granted summary judgment in part, ordering that the only issues that survive for trial are as follows:

(1) Whether the USDA, in violation of Title VII, retaliated against Plaintiff by denying him the ability to certify funds and reducing his job duties;

(2) Whether the USDA had violated the APA by failing to provide a report of compliance to the USDA's Office of Civil Rights as purportedly required by the Office's May 2004 order; and

(3) Whether the USDA breached the Settlement Agreement with Plaintiff by continuing to retaliate against him and by not following the agreed upon dispute resolution procedures.

Pedicini v. United States, et al., No. 40-12395-JLT, *18, *32, *36 (E.D. Mass. Mar. 29, 2007) ("Memorandum"). The Court invited the Defendants to submit further briefing on whether the APA count should be dismissed as a matter of law. Memorandum, p. 33. Defendants submitted

this motion, entitled *Defendant's Further Memorandum on Count II(B)*, on April 27, 2007, which is still pending before this court. In the alternative, the Court allowed for the possibility that "the parties may . . . indicate to the court that [the APA] count shall be consolidated with the breach of [settlement agreement] claim for trial, where the question of whether plaintiff suffered harm can be more adequately addressed." See Memorandum, pp. 33-34.

Argument:

    I.      Plaintiff's APA Claim Should Be Dismissed As A Matter Of Law

The United States asks this honorable Court to dismiss Plaintiff's APA claim as a matter of law for the reasons asserted in *Defendant's Further Memorandum on Count II(B)*, which is still pending before this Court. The United States refers the Court to that memorandum, attached hereto, for grounds in support of its requested dismissal.

    II.     In The Alternative, Plaintiff's APA Claim Should Be Consolidated With His Breach Of Settlement Agreement Claim

If the Court is disinclined to dismiss Plaintiff's APA claim as a matter of law, the United States moves this Court for consolidation of the second and third surviving issues for trial. As reasons therefore, the United States asserts that Plaintiff's breach of settlement agreement claim "simply rehashes" his claim of non-compliance with the APA settlement procedure. Id. Indeed, both the non-compliance and breach of settlement agreement claims are based on the same alleged acts.

    Plaintiff's non-compliance and breach of settlement agreement claims both hinge on this Court's disposition of the same question: whether Plaintiff can show that he has suffered harm

as the result of ongoing retaliation by Defendants.  For Plaintiff's second surviving claim to succeed, he must prove that he suffered harm "as a result of Defendants' alleged non-compliance" with the Settlement Agreement.  Memorandum, p. 33.  The third surviving claim, "the issue of whether the USDA breached its promise not to retaliate against Plaintiff," survives summary judgment based on two material issues.  See Memorandum, p. 36.  The first is whether Defendants breached the Settlement Agreement by stripping Pedicini of his alleged right to certify funds in a retaliatory act.   The second material issue is whether the USDA breached the Settlement Agreement by not following the prescribed process for resolving differences between Plaintiff and his supervisor.  Id.  Both issues require the same factual evidence and determinations of retaliation and harm suffered at Defendants' hands.

Conclusion

     WHEREFORE, for the reasons stated in *Defendant's Further Memorandum on Count II(B)* and herein, Defendants respectfully request that the Court dismiss the APA claim in its entirety as a matter of law, or, in the alternative, consolidate the APA claim with the Breach of Settlement Agreement claim.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney |
|  | BY: /s/ Gina Walcott-Torres<br>GINA WALCOTT-TORRES<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02110 |
| Dated: July 31, 2007 | (617) 748-3369 |

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney

**CERTIFICATE OF COMPLIANCE WITH LOC. R. 7.1(A)(2)**

I certify that I have complied with the requirements of Loc. R. 7.1(A)(2).

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


BY: /s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02110
Dated: July 31, 2007                    (617) 748-3369


**CERTIFICATE OF SERVICE**

    I certify that on July 31, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
JOHN G. PEDICINI,                      )
                                   )
        Plaintiff,                    )
                                   )    C.A. No. 04-CV-12395-JLT
       v.                            )
                                   )
UNITED STATES OF AMERICA, ET AL.,  )
                                   )
        Defendants.          )
_____)

## DEFENDANT'S FURTHER MEMORANDUM ON COUNT II(B)

Defendant United States of America submits this memorandum in response to the Court's Memorandum of March 29, 2007, permitting further briefing on part B of Plaintiff's claim under the Administrative Procedure Act ("APA").[1] Defendant asserts that because it is encompassed within Title VII's detailed – and exclusive – remedial scheme, and also forms the basis of Plaintiff's breach of contract claim in Count IV, the remainder of the APA claim must be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In addition to his claims of alleged retaliation in violation of Title VII, Plaintiff separately claims that the USDA violated the APA by failing to provide a report of compliance to the USDA's Office of Civil Rights ("OCR") as required by a "Final Determination" issued by that office on May 19, 2004. Am. Compl., ¶ 143-45; USDA Final Det., Def. Ex. 41. OCR

---

[1] In its Memorandum, the Court dismissed plaintiff's APA claim invoking the No Fear Act, but on the issue of defendant's alleged noncompliance with a final Agency Order, the Court concluded, *inter alia*, that it was not convinced that the claim is properly before the Court. March 29, 2007, Memorandum at 33.

issued the Final Determination after Plaintiff had filed an administrative complaint with the OCR compliance unit.  Am. Compl., ¶ 70.  Plaintiff alleges that in the Final Determination OCR ordered the USDA to implement a dispute resolution process laid out in Item 7 of a June 2002 agreement settling a previous EEO claim ("EEO settlement agreement"),[2] and to provide a report of compliance to OCR.  Id. at ¶ 140.  Plaintiff claims that the USDA did not comply with this determination, and that as a result he has "suffered continued discrimination" at the hands of those individuals described in his Title VII allegations.  Id. at ¶ 146 (emphasis added).  Plaintiff alleges that the USDA's alleged failure to comply with the OCR's determination constitutes agency action "unlawfully withheld or unreasonably delayed," in violation of 5 U.S.C. § 706 of the APA, and that this failure to comply resulted in continued retaliation.  Id. at ¶ 145-46.

## ARGUMENT

**Title VII's Comprehensive Regulatory Scheme Provides the Exclusive Remedy for Claims of Employment Discrimination, Retaliation, *and* Alleged Noncompliance with an Agreement to Settle a Title VII Claim.**

Plaintiff cannot bring an APA claim to challenge agency action addressed by Title VII and its implementing regulations.  The Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-16, provides the pre-emptive and exclusive administrative and judicial scheme for redress of Federal employment discrimination and corresponding retaliation.  See Brown v. General Services Administration, 425 U.S. 820, 835 (1976); Misra v. Smithsonian Astrophysical Observatory, 248 F.3d 37, 40 (1st Cir. 2001); Rivera-Rosario v. U.S. Dept. of Agriculture, 151

---

[2] The Plaintiff and the USDA entered into a settlement agreement of that earlier claim in June 2002.  The settlement obligated the USDA, *inter alia*, to treat Plaintiff equally, give Plaintiff ADR training, share available training opportunities with all employees at the same time, and to have a 2nd level manager act as a neutral 3rd party if Plaintiff and his supervisor could not resolve differences, and the Deputy Regional Administrator serve as the final reviewing official.  Am. Compl., ¶ 25-28; Def. Ex. 19.

F.3d 34, 38 (1st Cir. 1998); McKenna v. Weinberger, 729 F.2d. 783, 791 (D.C. Cir. 1984). As Justices Marshall and Blackmun explain in their concurring opinion in Bush v. Lucas, discussing the Civil Service Reform Act, "a different case would be presented if Congress had not created a comprehensive scheme that was specifically designed to provide full compensation." Bush v. Lucas, 462 U.S. 367, 390 (1983). Rather, in statutes that include an "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations," such as Title VII, there exists no "reason to discount Congress' ability to make an evenhanded assessment." Bush, 462 U.S. at 388. Courts have consistently held, in a variety of contexts, that "a precisely drawn, detailed statute pre-empts more general remedies." Brown, 425 U.S. at 834.

As has been frequently recognized by federal courts, Title VII encompasses just such a comprehensive scheme, including requirements for prompt reporting of alleged discriminatory acts, see Luciano v. Coca-Cola Enterprises, Inc., 307 F.Supp.2d 308, 318 (D.Mass. 2004), citing 42 U.S.C. §§ 2000e-5(e)(1), exhaustion of administrative remedies, see Ahanotu v. Massachusetts Turnpike Authority, 466 F.Supp.2d 378, 390 (D.Mass. 2006), citing 42 U.S.C. §§ 2000e-5(f)(1), and allegations of noncompliance with a settlement agreement, Herron v. Veneman, 305 F.Supp. 2d 64, 71 (D.D.C. 2004) (describing EEO process for challenging alleged noncompliance with a Title VII settlement agreement).

Here, in addition to his Title VII claim, Plaintiff also brought a claim against the USDA under the APA. He expressly acknowledges in his Amended Complaint, however, that the matters for which he seeks redress under the APA are ones for which he invoked Title VII's remedial scheme: "Plaintiff went to the USDA Compliance unit at the Civil Rights Office and

informed them of the difficulty with which he met in attempting to comply with procedures set forth in the [EEO] Settlement Agreement" Am. Comp., ¶ 70. Moreover, Plaintiff alleges that because the agency was not complying with the dispute resolution process, he "suffered continued discrimination." Id. at ¶ 146. This shows that the gravaman of Plaintiff's claim is agency action encompassed by Title VII and properly addressed through its regulatory scheme.[3]

The issue whether a plaintiff may invoke the APA in the context of allegations encompassed by Title VII was addressed directly in Cleghorn v. Herrington, 813 F.2d 992 (9th Cir. 1987), where the plaintiff alleged that his federal employer's physical fitness regulations did not meet the standards for validation studies under Title VII, and that this breach created a cause of action under the APA. Citing Brown v. GSA, the Cleghorn court observed that:

> Title VII was enacted by Congress to insure equality in employment opportunities by eliminating practices that arbitrarily discriminated against individuals on the basis of race, color, religion, sex, or national origin. See Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974). Towards this end, Congress enacted an administrative framework to settle disputes through "conference, conciliation, and persuasion before the aggrieved party [is] permitted to file a lawsuit." Id. Among other things, this framework includes detailed exhaustion requirements, time limitations, and damage provisions. Allowing a litigant to assert Title VII rights through the less demanding strictures of the APA would frustrate Congress's purpose.

813 F.2d at 995.[4] While the court in Cleghorn was concerned with a plaintiff using the APA to

---

[3] That review in APA cases is confined to the administrative record, and Plaintiff would not be entitled to *de novo* review of additional evidence, Camp v. Pitts, 411 U.S. 138, 142 (1973), further demonstrates the inapplicability of using the APA to challenge what is, at bottom, alleged agency action prohibited by Title VII.

[4] In Cousins v. Secretary of the U.S. Dept. of Transp., 880 F.2d 603 (1st Cir. 1989) the First Circuit disagreed with Cleghorn and the subsequent case of Davidson v. U.S. Dept. of Energy, 838 F.2d 850 (6th Cir. 1988) in so far as Cleghorn could imply, and Davidson explicitly adopted, the view that "a challenge to agency action on the ground that it conflicts with a substantive federal statute... must always be brought under that statute, and not under the APA." Cousins v. Secretary of the U.S. Dept. of Transp.,

bypass administrative Title VII procedures, the same rationale applies whether the APA claim is brought in addition to or instead of a Title VII claim: either way, Title VII provides the exclusive remedy.

Plaintiff's attempt here to graft a claim under the APA onto a complaint based on acts squarely addressed by Title VII and its implementing regulations is inconsistent with Title VII's "balance, completeness, and structural integrity," Brown v. General Services Administration, 425 US 820, 832-33 (1976). As the Supreme Court recognized , Title VII, "with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissable." Id.

There is no question but that Title VII's comprehensive regulatory scheme provides for judicial review of the administrative determination at issue here. Plaintiff's initial administrative complaint with the OCR is expressly prescribed by 29 C.F.R. § 1614.504(a), which specifies that complainants must first "notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance." Plaintiff filed his complaint with OCR, the appropriate office within the USDA, who then issued a determination on the complainant's allegation. USDA Final Det., Ex. 41, p. 1. If unsatisfied with the results of this step, a plaintiff may then pursue further administrative relief under 29 C.F.R. § 1614.504(b), which provides for an administrative appeal

---

880 F.2d at 609. The court's rationale was based on its view that the APA is not meant to "restrict the courts to consideration of the agency's own enabling statute," id. at 608, a concern not presented by plaintiff's claim here.

to the EEOC Commissioner:

> If the agency has not responded to the complainant, in writing, <u>or if the complainant is not satisfied with the agency's attempt to resolve the matter</u>, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision. The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination . . .

29 C.F.R. § 1614.504(b) (emphasis added). Accordingly, once Plaintiff determined that OCR's response to his concern was not having the desired outcome -- that is, if he believed the agency's response, Def. Ex. 41, was inadequate -- he could appeal directly to the EEOC Commissioner within 35 days of the OCR determination, and presumably also could have gone back to OCR to complain. Courts have permitted judicial review following the completion of the administrative process outlined in 29 C.F.R. § 1614.504 on the basis that "[f]ailure to permit these agreements to be enforced in federal court <u>under Title VII</u> could frustrate the congressional goal of compliance through conciliation." <u>Eatmon v. Bristol Steel & Iron Works, Inc.</u>, 769 F.2d 1503, 1512 (11th Cir. 1985) (emphasis added). Irrespective whether plaintiff appealed to the EEOC Commissioner, a remedy under Title VII was available, and so the APA claim must be dismissed since the APA's review provisions apply only to "[a]gency action [which is] made reviewable by statute and final agency action <u>for which there is no other adequate remedy</u> in a court." 5 U.S.C. § 704 (emphasis added). Here, an adequate remedy under Title VII was available to plaintiff. 29 C.F.R. § 1614.502(a). Moreover, plaintiff has an action in contract, <u>see</u> <u>Kinan v. Cohen</u>, 268 F.3d 27, 34 (1st Cir. 2001), <u>citing</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 381-82 (1994) (party to EEO settlement agreement who believes other side "fails to live up to the

-6-

agreement," may sue in contract), and has availed himself of that approach.[5] Under these circumstances, an APA claim is inappropriate and so Part B of Count II should be dismissed.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                   By:   /s/ Barbara Healy Smith
                              Barbara Healy Smith
                              Assistant U.S. Attorney
                              John Joseph Moakley U.S. Courthouse
                              1 Courthouse Way, Suite 9200
                              Boston, MA 02210
                              (617) 748-3100

Dated: April 27, 2007

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

                              /s/ Barbara Healy Smith
                              Barbara Healy Smith
                              Assistant United States Attorney

---

[5] The same allegations as those in Count II, Part B form the basis of plaintiff's breach of contract claim, Count IV, which the Court did not dismiss.   March 29, 2007, Memorandum at 36-37