UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Defendants. | : |

**Defendant's Amended Motion in Limine to Exclude Plaintiff's Exhibits**

This is a Title VII Equal Employment Opportunity action brought by Plaintiff, John Pedicini, against the United States of America, Ann M. Veneman, Secretary of the United States Department of Agriculture, and Linda Springer, Director of the United States Office of Personnel Management ("OPM"). Although Plaintiff alleged numerous claims, on March 29, 2007, this Court granted in part the Government's Summary Judgment Motion,[1] leaving only the following issues: (1) Title VII retaliation in respect to the alleged reduction of Plaintiff's job duties; (2) Claim under the Administrative Procedure Act ("APA") involving

---

[1] Expressly excluded by this Court's Summary Judgment Order of March 29, 2007 are the following claims: (1) refusal to permit Martin Hines to act as Plaintiff's EEO representative in a March 10, 2003 meeting; (2) letters of instruction issued to Plaintiff by his supervisors as a form of retaliation; (3) failure to give Plaintiff a performance award in 2004; (4) failure to train Plaintiff for the potential vacancy of Martin Hines' position; (5) referral of Plaintiff for counseling by supervisor Michael Malone; (6) removal of Plaintiff's name from list of funds officers on November 9, 2004; (7) No Fear Act violations; (8) Fifth Amendment Due Process violations.

noncompliance with a Final Agency Order; (3) Breach of settlement agreement.[2]

The Government hereby submits this Motion in Limine to exclude or, in the alternative, to limit the admissibility of the following documents that Plaintiff intends to submit into evidence at trial:[3]

**5. E-mail Chain from Jonathan Lash to Marty Hines - February 15 to February 16, 2004**: This document should be excluded as inadmissible hearsay and irrelevant. This document should also be excluded because Plaintiff's title as "backup funds officer" is immaterial to the determination of his authority to certify funds.

**6. Funds Officer Listing - February 17, 2005**: This document should be excluded to the extent that Plaintiff intends to demonstrate by the absence of his name from this list that his name was removed from the Funds Officer Listing by MacAllister on November 9, 2004. As per Judge Tauro's Summary Judgment Order of March 29, 2005 ("Summ. J. Order"), evidence relating to the removal of Plaintiff's name from the list of funds officers is not serious enough to support a claim of retaliation and therefore was expressly excluded. Summ. J. Order at 24. The Government is willing to stipulate that Plaintiff's phone number appeared on the list as a contact for purposes of demonstrating Plaintiff's role as a backup funds officer. Furthermore, this document is unreliable because it is an informal, unpublished contact listing created by staff members without management approval.

**15. Certification Done by MacAllister and Corrected by Hines**: This document should be excluded as irrelevant. The document only serves to demonstrate that Hines corrected a certification done by MacAllister. However, both men were authorized to certify funds. As Plaintiff's name appears nowhere on this document, it is irrelevant to the issues in this case.

---

[2] Per Judge Tauro's suggestion in the Summary Judgment Order, Defendants filed a Renewed Motion to Dismiss Plaintiff's APA Count as a Matter of Law, or, in the Alternative, to Consolidate Trial Issues on July 31, 2007.

[3] For the Court's convenience, the Government will use the exhibit numbers provided by Plaintiff in his Pretrial Disclosure.

**16. Certification Done by Malone and Corrected by Hines**: As argued in regard to Plaintiff's Exhibit 15, above, this document should also be excluded as irrelevant. Both Hines and Malone were authorized to certify funds, and Hines' correction of Malone's certification has no bearing on Plaintiff's ability to certify or on any alleged breach of the settlement agreement between Plaintiff and Defendants.

**18. Title Pages of Depositions of Zorn and Canavan Taken As Part of The EEO Proceedings of USDA Employee Luis Perez Against The Agency**: These documents should be excluded because the prejudicial effect of the EEOC claims brought by Luis Perez against the USDA highly outweighs any probative value these documents might have. As Plaintiff has indicated that these documents are being offered for purposes of establishing the dates of his representation in Perez's EEOC claim, the Government is willing to stipulate to the dates of Plaintiff's representation without mention of Perez or his EEOC claim. There is no need to advertise these claims, as they are not only highly prejudicial to the Government, but they are also irrelevant to the issues to be decided in the instant case.

**19. Chronology of IAS notes from Douglas MacAllister - March 10, 2003**: These notes are irrelevant and should be excluded both as inadmissible hearsay and because they have nothing to do with the issues before this Court. Furthermore, in the event that this Court grants Defendants requests to exclude Plaintiff's Exhibit 24 (see Exhibit 24, below) and Plaintiff's witness Jonathan Lash, (see Defendant's Motion in Limine to Excluded Plaintiff's Witnesses, filed 7/23/2007), the notes should be excluded to the extent that they make reference to the e-mail sent from Jonathan Lash to Plaintiff.

**20. E-mail from Joseph Stanco to Lisa Wilusz regarding IAS Rollout- February 19, 2003**: This document should be excluded as inadmissible hearsay and irrelevant.

**21. E-mail from John G. Pedicini to Joseph Stanco regarding IAS Rollout - February 27, 2003**: This document should be excluded as inadmissible hearsay and irrelevant. To the extent that Plaintiff uses this document to show that his name was excluded from the IAS user template, this document is irrelevant (and the issue moot) because Plaintiff's name was added at a later time.

**22.  E-mail from Joseph Stanco to Brenda Komloske - February 27, 2003**: This document should be excluded as inadmissible hearsay and irrelevant. This document should also be excluded for the reason enumerated in the preceding paragraph regarding Plaintiff's Exhibit 21.

**23.  E-mail from Joseph Stanco to John G. Pedicini regarding IAS Duties - March 4, 2003**: This document should be excluded as inadmissible hearsay and irrelevant.

**24.  E-mail Chain From Plaintiff to Jonathan Lash - March 4, 2003**: Documents P-530 and P-531 of this exhibit should be excluded as inadmissible hearsay, irrelevant, and unreliable. Lash's e-mails indicating that Plaintiff was a "backup funds officer" authorized to certify funds availability are offered for the truth of the matter asserted. Plaintiff appears to be offering this e-mail exchange with Lash as evidence that Plaintiff did have certifying rights as a "backup" or "alternate" funds officer. However, Lash's statements are unreliable because he is not part of the managerial staff, nor does he have any delegation authority with regard to certifying rights. Therefore, the e-mail chain should be excluded.

**25.  E-mail from Plaintiff to Ghiorzi - March 4, 2003**: This e-mail should be excluded to the extent that Plaintiff offers it to prove that he was entitled to have certifying rights as per the e-mail confirmation from Jonathan Lash. See documents P-530 and P-531 of Exhibit 24, above. While in the e-mail to Ghiorzi Plaintiff states that "Today, HQ confirmed that I am the backup funds officer and I am to have certifying rights," he is presumably referencing his March 4, 2003 e-mail exchanges with Jonathan Lash, included as Exhibit 24. As such, Plaintiff's e-mail to Ghiorzi should be excluded as being based on inadmissible hearsay as well as being based on the statements of someone with no authority to delegate certifying rights. Furthermore, Plaintiff's references to alleged retaliatory acts of his supervisors are highly prejudicial to the Defendants as to outweigh any of the document's probative value.

**26-27.  E-mail Exchanges Between Ghiorzi and Plaintiff - March 6-7 & 10, 2003**: These e-mails should be excluded because they are centered upon Plaintiff's

assertions that MacAllister denied Plaintiff "access to an EEO-designated representative, Marty Hines." According to Judge Tauro's Summary Judgment Order, MacAllister's refusal to permit Plaintiff to have Hines as his EEO representative in their meeting of March 10, 2003 "is insufficient to qualify as a materially adverse action." Summ. J. Order at 20. Therefore, these e-mail exchanges should not be considered in deciding the issues at hand. These documents should also be excluded as inadmissible hearsay.

**28. E-mail Chain from Jean Parker to John G. Pedicini regarding Non-compliance Complaint - May 19, 2003**: This document should be excluded as inadmissible hearsay and irrelevant to the breach of settlement agreement issue.

**29. Formal EEO Complaint - March 25, 2003**: This formal EEO complaint should be excluded as it contains references to a March 13, 2003 disciplinary warning letter addressed to Plaintiff as well as Plaintiff's claim of a hostile work environment. Judge Tauro, in his Summary Judgment Order, ruled that the disciplinary warning/ letters of instruction directed to Plaintiff were not materially adverse and therefore directed that they not be considered at trial. (Summ. J. Order at 21-22.) As for the hostile work environment claim, Plaintiff's instant action deals solely with a claim of retaliation. Plaintiff has made no formal complaint to this Court regarding allegations of a hostile work environment. Allowing this reference to be read by the jury would be highly prejudicial and would only serve to confuse the issues. Also, the document is irrelevant to the issues at trial.

**32. Affidavit of Douglas MacAllister - September 8, 2003**: This affidavit should be excluded on grounds that it is inadmissible hearsay and that the it references letters of instruction issued to Plaintiff, evidence which this Court expressly excluded in its Order of Summary Judgment. See Summ. J. Order at 21-22.

**33. E-mail from Malone to MacAllister, Hamilton and Spychalski**: This document should be excluded as irrelevant. It makes no reference to Plaintiff, to his retaliation claim or to his claims regarding the alleged breach of the settlement agreement. This document should also be excluded as inadmissible hearsay.

**34. USDA Final Determination - May 19, 2004**: The Government objects to the admission of the administrative findings and decision by the United States Department of Agriculture ("USDA") on Plaintiff's breach of settlement agreement claim. While the Supreme Court has said that the weight of findings by an administrative body "upon hearing and evidence" may be regarded by a court in making a judicial decision, see United States v. Raddatz, 447 U.S. 667, 683 (1980) (citing St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 53 (1936)), in this case the USDA findings and determination should not be put before the jury.

First, while a court is given broad discretion to admit into evidence the determinations of administrative agencies "that have investigated the facts before the court," those determinations are not binding. Tuohey v. Chicago Park District, 148 F.3d 735, 739-40 (7th Cir. 1998). Admissibility is contingent upon a determination that the administrative findings are trustworthy and that the probative value of those findings substantially outweighs the prejudicial effect of admitting them into evidence (see Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc., 867 F. Supp. 686, 692 (N.D. Ill. 1994) (citing Tulloss v. Near N. Montessori Sch., Inc., 776 F.2d 150, 153 (7th Cir. 1985)), which is not present in the case at bar.

Second, in the present case, the USDA did not hold a hearing before making its assessment; rather, the agency based its decision solely on a review of documentary evidence submitted by the parties. There was, therefore, no cross-examination of witnesses, and "evidence" was considered that would not be admissible under the Federal Rules of Evidence in this Court.

Third, the trustworthiness of the facts upon which the agency relied was not judicially assessed. Consequently, the decision of the USDA should not be admitted into evidence for the finder of fact to weigh in making its determination of plaintiff's claim, because any probative value is far outweighed by the prejudicial effect of the jury's learning of a decision – one of questionable trustworthiness, derived without the benefit of a hearing – that goes to the same ultimate issues of causation and liability that the jury will be asked to decide here. Accordingly, this Court should exclude the USDA's findings and decision on Plaintiff's breach of settlement agreement claim.

**35. E-mail from John G. Pedicini to Douglas MacAllister and Michael Malone regarding Policy on Rights of Certification of Funds Availability - June 3, 2004**: This document should be excluded as inadmissible hearsay. Furthermore, the

document's reference to the email chain from March 4, 2003 is also hearsay within hearsay and should be excluded.

**36. E-mail from Malone to MacAllister - June 7, 2004**: This document should be excluded on grounds that it is irrelevant. A dispute between Malone and Hines over whether Malone was authorized to certify funds availability is of no relevance to the issues in this case. This document should also be excluded as inadmissible hearsay. In addition, the document's reference to Marty Hines' unsubstantiated claim that he possessed a memo stating Malone could not certify is highly prejudicial and of no probative value.

**38. Complaint of Continued Noncompliance filed by Plaintiff, EEO Complaint #010147 - June 10, 2004**: This complaint should be excluded because it references a letter of instruction issued to Plaintiff on March 13, 2003, and such letters of instruction issued to Plaintiff were expressly excluded by Judge Tauro's Summary Judgment Order of March 29, 2007. See Summ. J. Order at 21-22. Also, this complaint should be excluded for the grounds articulated in Defendants' objection to the USDA's May 19, 2004, Final Determination (see Plaintiff's Exhibit 34 (above)). Before rendering its final determination, the USDA did not hold a hearing to allow for cross-examination of witnesses and it considered "evidence" that would not be admissible under the Federal Rules of Evidence in this Court. The trustworthiness of the Agency's findings are therefore highly questionable. As Plaintiff's complaint details an alleged failure by FNS to comply with the Final Determination, it should be excluded from evidence at trial.

**40. Formal Complaint of Discrimination dated July 15, 2004, accompanying E-mail from Plaintiff to Gregory Ferby dated June 17, 2004, and attached "Designation of Representative" form whereby Ms. Kathy Tankersley designates Plaintiff as her EEO Representative**: These documents should be excluded as irrelevant and highly prejudicial. First, the Formal Complaint of July 15, 2004, is separate and distinct from the 2003 EEO Complaint out of which the instant case arose. Second, details of EEO complaints filed by Plaintiff's co-workers and in which Plaintiff served as an EEO representative amount to highly prejudicial "Me Too" evidence that adds no probative value to Plaintiff's case. Defendants have already expressed their willingness to stipulate that Plaintiff has served as an EEO representative for co-workers. Third, the Formal Complaint should be excluded because it includes claims of "hostile workplace harassment" and "intimidating work

environment," neither of which are at issue before this Court. Plaintiff has filed no formal complaint with this Court regarding these claims, and they would only serve to confuse and prejudice the jury.

**41.  E-mail from Malone to MacAllister - August 6, 2004**: Pursuant to Judge Tauro's Summary Judgment Order, the issue of the alleged failure to train Plaintiff for the potential vacancy of Hines' position was expressly excluded from consideration in this matter. Summ. J. Order at 23-24. As this e-mail contemplates Hines' anticipated vacancy and recruitment of staff to fill Hines' position, to the extent that Plaintiff intends to offer the e-mail to show he was not trained, it should be inadmissible. This document should also be excluded as inadmissible hearsay.

**44.  E-mail Chain from John G. Pedicini to Roberto Salazar regarding Telephone Call from Salazar's and EEO activity under Frances Zorn - October 14 - October 18, 2004**: This document should be excluded because it references an EEO complaint that is entirely unrelated to Plaintiff's breach of contract claim. Admitting the EEO complaint of another USDA employee is not only irrelevant to the remaining claims in this trial but also highly prejudicial towards Defendants. Moreover, this document should be excluded as inadmissible hearsay.

**48.  Letter of Instruction from Malone to Plaintiff**: This memorandum, dated October 19, 2004, regarding Plaintiff's use of an inappropriate job title constitutes a letter of instruction, and as such it is inadmissible pursuant to Judge Tauro's Summary Judgment Order expressly excluding letters of instruction issued to Plaintiff. See Summ. J. Order at 21-22.

**49.  E-mail from Plaintiff to Malone**: To the extent that this e-mail references the letter of instruction sent from Malone to Plaintiff, it is also inadmissible pursuant to Judge Tauro's Summary Judgment Order excluding such letters of instruction. See Summ. J. Order at 21-22. This document should also be excluded as inadmissible hearsay.

**50.  Memo from Malone to Hines - October 22, 2004**: This letter of instruction directed to Hines is inadmissible on grounds that it is irrelevant to the issues in the instant case. Also, in connection with Judge Tauro's exclusion of letters of

instruction issued to Plaintiff, this similar letter to Hines in no way serves to demonstrate that material adverse actions were taken by Defendant against Plaintiff or Hines. See Summ. J. Order at 21-22. It should, therefore, be excluded.

**51. Formal Complaint of Discrimination - November 11, 2004**: This formal EEO complaint should be excluded as it contains references to disciplinary letters of instruction addressed to Plaintiff as well as claims of harassment and the creation of a hostile work environment by his supervisors. Judge Tauro, in his Summary Judgment Order, expressly ruled that the letters of instruction received by Plaintiff were not materially adverse and therefore directed that they not be considered at trial. See Summ. J. Order at 21-22. As for the hostile work environment and harassment claims, Plaintiff's instant action deals solely with a claim of retaliation. Plaintiff has made no formal complaint to this Court regarding allegations of a hostile work environment or harassment in the work place. Allowing this reference to be read by the jury would be highly prejudicial and would only serve to confuse the issues.

**53. E-mail from Michael Malone to Marry Ellen Cajka, Linda App, and Rich Platt - February 10, 2005**: This document should be excluded as inadmissible hearsay. The document is also irrelevant to the issues at trial because system access to E-TRAVEL is not determinative of fund certification rights.

**54. E-mail from Lisha Dorman to John G. Pedicini, et al. regarding Employee Roster File - February 1, 2005**: This document should be excluded as inadmissible hearsay and irrelevant. Furthermore, the document is immaterial as the title of "alternate funds officer" is not determinate of funds certification rights. The document is also unreliable because it was prepared by a staff member without authority to make management decisions.

**55. E-mail from Lisha Dorman to John G. Pedicini, et al. regarding E-travel- February 2, 2005**: This document should be excluded as inadmissible hearsay. The document is also unreliable because it references the Employee Roster Attachment from Plaintiff's Exhibit 54.

**57. E-mail from John G. Pedicini to Lisha Dorman regarding Approval Chains for NERO - February 10, 2003**: This document should be excluded as inadmissible

hearsay. It is also irrelevant because reference to Plaintiff in the document as an "Alternative Funds Approver" is not determinative of his authority to certify.

**58. E-mail Chain from Michael Malone to John G. Pedicini regarding Delegation of Authority in E-travel - March 15, 2005**: This document should be excluded as inadmissible hearsay.

**59. E-mail from John G. Pedicini to Douglas MacAllister regarding Official Title of Approvers - February 9, 2005**: This document should be excluded as inadmissible hearsay. Furthermore, this document is irrelevant because job titles are unrelated to whether Plaintiff was granted the authority to certify funds.

**60. <u>Affidavit of Lisha Dorman - November 2, 2005</u>:** This document should be excluded as inadmissible hearsay.[4]

**61. <u>Affidavit of Larry Blim - November 2, 2005</u>:** This document should be excluded as inadmissible hearsay.

**63. <u>E-mail from Plaintiff to Ghiorzi - January 28, 2003</u>**: The Government objects to the portions of this email relating to the details surrounding Plaintiff's role as caretaker for his ill father, and asks that this Court order that those portions of the email be redacted. As reasons therefore, the Government asserts that the allegations contained therein constitute inadmissible hearsay, are irrelevant, and highly prejudicial. In the alternative, the Government is willing to stipulate to the fact that Plaintiff was unable to pursue the mediator's position as set forth in the settlement agreement due to a personal matter.

---

[4] Defendants' request that the Court exclude Lisha Dorman's Affidavit only if Dorman is also excluded as a witness at trial. In the event that the Court denies Defendant's motion to exclude Dorman as a witness, then Defendants would want to offer Dorman's Affidavit for impeachment and/or rebuttal purposes.

**65. Declaration of Douglas MacAllister - January 11, 2005**: This document should be excluded as inadmissible hearsay.


**67. <u>USDA OIG-NERO Audit Report - September 2001</u>**: This report should be excluded on the ground that it is irrelevant to the case at bar.


**68. <u>FNS Handbook 702 - IT Security - 2002</u>**: This Handbook should be excluded on the basis that it is irrelevant.


**70. <u>Individual Development Plan for Pedicini</u>**: To the extent that Plaintiff would declare this to be a binding agreement in which Plaintiff would be able to take the training courses listed on the Development Plan and that a failure to allow Plaintiff to take these courses has deprived Plaintiff from training for Marty Hines' vacancy, it should be excluded as irrelevant and misleading. Per Judge Tauro's Summary Judgment Order, evidence of any failure to train Plaintiff for Hines' position was expressly excluded. <u>Summ. J. Order</u> at 23-24. Furthermore, the Development Plan was simply a projection of Plaintiff's career goals. Fulfillment of these goals was contingent on the agency's budget and was in no way an absolute.


**71. <u>Memo from Knishkowy</u>**: This document should be excluded as irrelevant.


**72. <u>Formal Complaint of Discrimination by John G. Pedicini - November 17, 2000:</u>** This document should be excluded as irrelevant and highly prejudicial because Plaintiff's 2000 Complaint is not at issue and in no way relates to the underlying claims in this case. In addition, the 2000 Complaint was resolved by the June 2002 Settlement Agreement between Plaintiff and the Agency, and was dismissed by stipulation on June 25, 2002.


**73. <u>Civil Action Complaint in U.S. District Court, CA #01-11564DPW, by John G. Pedicini:</u>** This document should be excluded for the reasons enumerated in the preceding paragraph regarding Plaintiff's Exhibit 72.

**FURTHER**, to the extent that Plaintiff would attempt to introduce <u>testimony, documents, or other information concerning the number of EEO/Title VII/discrimination cases filed against the agency, the number of times Plaintiff has appeared as an EEO representative on behalf of employees as against the Agency, or the like</u>, this statistical evidence should be excluded because it is not statistically significant to the issues remaining in this case. Furthermore, such evidence is highly prejudicial, would create a negative impression of both the Agency and its management staff, and has nothing whatsoever to do with the issues at hand.

                                          Respectfully submitted,

                                          Michael J. Sullivan
                                          United States Attorney

                                BY:  /s/ Gina Walcott-Torres
                                          GINA WALCOTT-TORRES
                                          Assistant U.S. Attorney
                                          John Joseph Moakley U.S. Courthouse
                                          One Courthouse Way, Suite 9200
                                          Boston, MA 02110
Dated: August 1, 2007                    (617) 748-3369

**CERTIFICATE OF SERVICE**

I certify that on August 1, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney

**CERTIFICATION UNDER LOC. R. 7.1(A)(2)**

Counsel for Defendants hereby certifies that she has complied with the requirements of Loc. R. 7.1(A)(2).

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney