UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al.,: | |
| | : |
| Defendants. | : |
| | : |
| | : |

# DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' WITNESSES

Defendants respectfully moves this Court to deny Plaintiff's Motion in Limine to Exclude Defendants' Witnesses as to the following individuals:

(1) **Robert Canavan:** As Plaintiff himself has subpoenaed Robert Canavan three times to testify at trial (most recently, July 23, 2007), Plaintiff's objection is contradictory. Moreover, Canavan's testimony is valuable to the claims remaining at trial because, as the deputy regional administrator, he is intimately familiar with the organizational structure of the Northeast Regional Office and with each employee's job duties before, during, and after the dates of this dispute. Canavan was also privy to the circumstances surrounding the negotiation and execution of the settlement agreement, which is at the center of the breach of contract issue.

(2) **Arthur LeBlanc:** Arthur LeBlanc should not be excluded as a witness because he has direct knowledge concerning Plaintiff's alleged retaliation claim. As Plaintiff's _immediate_ supervisor during the relevant period of this complaint, LeBlanc is knowledgeable about Plaintiff's job duties at that time. Furthermore, Plaintiff's belief that LeBlanc has only "limited" experience with the Foundation Financial Information Systems (FFIS) is completely irrelevant because the certification of funds is a management decision, and is separate and apart from

FFIS and any other computer system to which Plaintiff has access.

(3) **Michael Malone:** To the extent Plaintiff has listed Michael Malone as a witness, Plaintiff should not be able to limit the Government's ability to present Malone's testimony. Plaintiff's motion to limit Malone's testimony to the issues enumerated below should be denied, as it has already been excluded by Judge Tauro's Summary Judgment Order and are irrelevant to the issues in the instant case:

- Formal Complaint of Discrimination - July 15, 2004: Malone's testimony should not be permitted to reference the Formal Complaint of July 15, 2004, because it is irrelevant and highly prejudicial. First, this complaint is separate and distinct from the 2003 EEO Complaint out of which the instant case arose. Second, the details of EEO complaints filed by Plaintiff's co-workers and in which Plaintiff served as an EEO representative amount to highly prejudicial "Me Too" evidence that adds no probative value to Plaintiff's case. Defendants have already expressed their willingness to stipulate that Plaintiff has served as an EEO representative for co-workers. Third, the Formal Complaint includes claims of "hostile workplace harassment" and "intimidating work environment," neither of which are at issue before this Court. Plaintiff has filed no formal complaint with this Court regarding these claims, and their introduction through Malone's testimony would only serve to confuse and prejudice the jury.

- Letter of Instruction from Malone to Plaintiff - October 19, 2004: Plaintiff should not be allowed to offer this letter of instruction regarding Plaintiff's use of an inappropriate job title through Malone's testimony pursuant to Judge Tauro's Summary Judgment Order expressly excluding letters of instruction issued to Plaintiff. See Summ. J. Order at 21-22. Furthermore, Malone's reference to Plaintiff as a "Certifying Officer (IAS)" is immaterial and irrelevant to the determination of Plaintiff's authority to certify funds.

- Letter of Instruction from Malone to Hines: Malone's testimony concerning this letter of instruction directed to Martin Hines is irrelevant to the issues in the instant case. Also, in connection with Judge Tauro's exclusion of letters of instruction issued to Plaintiff, this similar letter to Hines does not demonstrate that material adverse actions were taken by Defendants against Plaintiff or Hines. Plaintiff, therefore, should not be able to present this letter of instruction through Malone's testimony.

**FURTHER,** although Defendants disagree with, and in no way concede to, Plaintiff's objections to the presentation of Suzanne Biermann and Roger Hamilton as witnesses at trial, the Government has decided to withdraw both witnesses for other reasons.

**FURTHER**, this Court should prohibit any party from mentioning, or in any way eliciting, testimony concerning EEO and other (i.e., non-EEO, whether civil or criminal) investigations, charges, grievances, findings, complaints, and the like, against the agency (e.g., the USDA/FNS) and any of its current or former agents and employees. As reasons therefore, Defendants assert that testimony of this sort (e.g., "Me Too" evidence) would be highly prejudicial and not at all probative. Moreover, this information would create a negative impression of both the Agency and its staff, and has nothing whatsoever to do with the issues at hand. Additionally, this statistical evidence should be excluded because it is not statistically significant to the issues remaining in this case.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

BY:  /s/ Gina Walcott-Torres
        GINA WALCOTT-TORRES
        Assistant U.S. Attorney
        Moakley Federal U.S. Courthouse
        One Courthouse Way, Suite 9200
        Boston, MA 02110
Dated: August 2, 2007        (617) 748-3369

## CERTIFICATE OF SERVICE

     I certify that on August 2, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

                                  /s/ Gina Walcott-Torres
                                  GINA WALCOTT-TORRES
                                  Assistant U.S. Attorney
                                  Moakley Federal Courthouse