UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 04-12395-JLT |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXHIBITS**

For the following reasons, counsel for the Government respectfully moves for this Court to deny Plaintiff's objections to Defendants' Exhibits stated in Plaintiff's Motion in Limine to Exclude Defendants' Exhibits, filed on July 30, 2007:

**(1)** **Position Description of John Pedicini, Financial Management Specialist (US0176-US0184).**  This official document produced and approved by the Northeast Regional Office ("NERO") should be admitted into evidence at trial because it goes directly to the issue of Plaintiff's precise duties as a Financial Management Specialist.  Moreover, this document is highly relevant and goes directly to the issue of what Plaintiff's duties are, and what his job entails.  Unlike the job description for the Budget Analyst position (held by Martin Hines), this document does not state that the Financial Management Specialist "has delegated authority as payment certification officer."

**(2)** **Position Description of Martin Hines, Budget Analyst (US0164-US0167).**  This official document produced and approved by NERO is highly relevant and should be admitted into evidence because it clearly sets out the duties and responsibilities of NERO's Budget Analyst, Martin Hines. Hines' position, which

1

includes "delegated authority as [the] payment certification officer," may be directly contrasted with the position description of John Pedicini, which contains no mention of such delegated certification authority.

**(3)** **Memorandum from USDA to Regional Administrators, dated February 22, 1982 (US0487-US0488).** This exhibit should be admissible because it documents the USDA-FNS's long-standing policy that certification authority must be delegated from management. This document is offered as historical evidence that NERO's fund delegation policy has remained the same through the years. As the memorandum clearly states, a regional manager is charged with designating certifying officers in each region. Accordingly, without such designation, an agency employee cannot have certifying powers.

**(4)** **Delegation of Authority Memorandum (US0015).** Contrary to Plaintiff's assertion in his Motion in Limine to Exclude Defendants' Exhibits, this document does not serve to show that Douglas MacAllister is appointing himself as a certifying officer. Rather, and more importantly, it demonstrates that Martin Hines was expressly delegated his authority to certify funds availability, and that the only two individuals with the power to certify in Mr. Hines' absence were Joseph Stanco and Douglas MacAllister.

**(9)** **Performance Appraisal for John Pedicini, dated 2/16/2007 (US0489).**
Without conceding to Plaintiff's objection, Defendants hereby withdraw this exhibit.

**(10)** **FNS Integrated Program Accounting System Report on User Access, dated 7/19/2007 (US0490-US0491).**
Without conceding to Plaintiff's objection, Defendants hereby withdraw this exhibit.

**(11)** **Financial Management Northeast Region Org Chart for period 9/2002-8/2003 (US0056).** This document should be allowed because it sets out the organizational structure of the financial management unit at NERO. It will aid in the jury's ability to understand the hierarchy and structure of the organization, the relevant "chain of command," and the relation of each unit, manager, supervisor and staff member to one another. Rather than mislead the jury as Plaintiff alleges, this document is a valuable demonstrative tool to prevent confusion and ensure clarity.

<blockquote>

<u>In the alternative</u>, in the event that the Court does not allow this document to be submitted into evidence at trial, the Government requests that it be able to use this document as a chalk.

**(12)** **<u>Financial Management Official Org. Chart, dated 12/1/2004 (US0492).</u>** Contrary to Plaintiff's assertion that this is a new document, Plaintiff in fact has had this document in his possession for a considerable amount of time, as it is page 000062 of the USDA Report of Investigation for Mr. Pedicini's EEO Complaint # USDACR050101.

This document should be allowed because it sets out the organizational structure of the financial management unit at NERO. It will aid in the jury's ability to understand the hierarchy and structure of the organization, the relevant "chain of command," and the relation of each unit, manager, supervisor and staff member to one another. Rather than mislead the jury as Plaintiff alleges, this document is a valuable demonstrative tool to prevent confusion and ensure clarity.

<u>In the alternative</u>, in the event that the Court does not allow this document to be submitted into evidence at trial, the Government requests that it be able to use this document as a chalk.

**(13)** **<u>Financial Management Org Chart for period 2/2006-5/2007 (US0493).</u>** This document should be allowed because it sets out the organizational structure of the financial management unit at NERO. It will aid in the jury's ability to understand the hierarchy and structure of the organization, the relevant "chain of command," and the relation of each unit, manager, supervisor and staff member to one another. Rather than mislead the jury as Plaintiff alleges, this document is a valuable demonstrative tool to prevent confusion and ensure clarity.

<u>In the alternative</u>, in the event that the Court does not allow this document to be submitted into evidence at trial, the Government requests that it be able to use this document as a chalk.

**(17)** **<u>FNS-NERO FY05 & FY06 Cash Awards issued to John Pedicini (US0495-US0499).</u>** These documents should be admissible as they go directly to the alleged retaliation issue. While Plaintiff claims that he experienced adverse employment action by his supervisors as a result of his involvement with EEO claims, the fact that he was repeatedly awarded for his work performance directly contradicts his claim of retaliation. To the extent that Plaintiff argues that these are new documents, Plaintiff, as the recipient of these cash awards, had knowledge of their existence.

</blockquote>

**(19)** **FNS Computer System Access Request for John G. Pedicini, dated 7/20/2001 (US0500-US0501).**  Defendants indicated an incorrect date for this exhibit in their Pretrial Disclosures.  The correct date of the document is 9/20/2001.  As Plaintiff stated that he would not object to this document if it were dated 9/20/2001 (see Plaintiff's Motion in Limine to Exclude Defendants' Exhibits at fn. 1, 3), it should be allowed into evidence at trial.

**(20)** **SERO Financial Management Organization Chart, dated June 2006 (US0502).**  Without conceding to Plaintiff's objection, Defendants hereby withdraw this exhibit.

**(21)** **Learning History Record of John Pedicini (US0503).**  This document is relevant and should be allowed into evidence at trial as it demonstrates the agency's considerable efforts at providing Plaintiff with training opportunities, something that has been in dispute in this action.

**(22)** **Memo to Michael Todd, Funds Officer at FNS Mountain Plains Region, regarding Formal Delegation of Authority (US0504).**  This document should be allowed into evidence at trial because it demonstrates a consistent USDA-FNS policy that certification authority is only granted through a delegation letter issued by the regional administrator or his/her delegees that were expressly authorized by the regional administrator to re-delegate that power.  The fact that other regions engage in the same practice of delegating certification power supports the validity of NERO's policy - that is, only individuals specifically delegated the authority and responsibility are authorized to certify funds.  An understanding of this fact is key to the jury's determination of whether Plaintiff had certification rights and whether he was retaliated against by being stripped of such rights.  Furthermore, the document shows that the right to certify funds is a management decision independent of computer system access rights or job title.

**(23)** **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region Donald E. Arnette (US0505).**  This document should be allowed for the same reasons as Defendants' Exhibit 22, above.

**(24)** **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region Retha F. Oliver (US0506).** This document should be allowed for the same reasons as Defendants' Exhibit 22, above.

**(25)** **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region Sara S. Harding (US0507).** This document should be allowed for the same reasons as Defendants' Exhibit 22, above.

**(26)** **Delegation of Authority With Respect to Availability of Administrative Funds Form, Regional Administrator of FNS Southeast Region J. Lewis Wright (US0508).** This document should be allowed for the same reasons as Defendants' Exhibit 22, above.

**(28)** **NERO Vacancy Announcements, posted 7/16/2003 & 11/03/2003 (P-2089-P-2093, P-2083-P2088).** Without conceding to Plaintiff's objection, Defendants hereby withdraw this exhibit.

                                                    Respectfully submitted,

                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

                                      BY:  /s/ Gina Walcott-Torres
                                                    GINA WALCOTT-TORRES
                                                    Assistant U.S. Attorney
                                                    Moakley Federal U.S. Courthouse
                                                    One Courthouse Way, Suite 9200
                                                    Boston, MA 02110

Dated: August 2, 2007                      (617) 748-3369

## **CERTIFICATE OF SERVICE**

     I certify that on August 2, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

                                         /s/ Gina Walcott-Torres
                                         GINA WALCOTT-TORRES
                                         Assistant U.S. Attorney
                                         Moakley Federal Courthouse