UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN G. PEDICINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 04-12395-JLT |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **UNITED STATES' MOTION TO DISMISS AS TO COUNTS I AND III**

The United States requests that this Court dismiss the first Count that remains in this case because Plaintiff John G. Pedicini ("Pedicini") has not alleged and cannot prove the elements of retaliation under Title VII. Plaintiff has not presented evidence that he suffered a material adverse action, and he has not presented evidence that the action was caused by retaliatory motives by the government due to Pedicini's protected Title VII activity. Accordingly, Count I as to retaliation must be dismissed. In addition, Count III must be dismissed for the same reason insofar it alleges that paragraph ten of the Settlement Agreement between Pedicini and the Department of Agriculture was breached due to "reprisal." Finally, Count III must be dismissed insofar as it alleges a breach of paragraph seven of the Settlement Agreement because jurisdiction for that claim lies exclusively in the Federal Court of Claims.

1

# I. THE STANDARD FOR DISMISSAL

A Complaint must be dismissed unless it "possess[es] enough heft to 'sho[w] that the pleader is entitled to relief." <u>Bell Atlantic Corp. v. Twombly et al.</u>, 127 S. Ct. 1955, 1966 (2007). The facts alleged in the Complaint must state a claim for relief that is "plausible on its face." <u>Id.</u> at 1974. The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), quoting <u>Twombley</u> (slip op. a t 7-8). When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." <u>Id.</u>, quoting <u>Twombley</u> (slip op. at 8-9). Pursuant to Rule 8(f), Federal Rules of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice." And a "document filed pro se is "to be liberally construed." <u>Id.</u> at 2200, quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). In order to survive a motion to dismiss, the plaintiff must assert all "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in the plaintiffs' favor, the court need not accept "bald assertions, unsupportable conclusions, . . . and the like." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996). The court has broad authority to consider extrinsic evidence and hold evidentiary hearings if defendant controverts the accuracy of the jurisdictional facts alleged. <u>Valentin v. Hopital Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001). <u>See</u> <u>also</u> <u>Rivera-Flores v. Puerto Rico Telephone Co.</u>, 63 F.3d 742, 748 (1st Cir. 1995), citing <u>Bell v. Hood</u>. 327 U.S. 678, 682 (1946) (in determining jurisdiction,

"the court may consider whatever evidence has been submitted, such as the depositions and exhibits submitted in the case").  The plaintiff must carry the burden of establishing the existence of jurisdiction.  <u>Aversa v. United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996).

## II.  THE ELEMENTS OF TITLE VII RETALIATION

Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), sets forth Title VII's anti-retaliation provision in the following terms: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice" by Title VII or "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  "The term 'discriminate against' refers to distinctions or differences in treatment that injure protected individuals."  <u>Burlington Northern & Santa Fe Railway Co., v. White</u>, 126 S. Ct. 2405, 2410 (2006), citing <u>Jackson v. Birmingham Bd. Of Ed.</u>, 544 U.S. 167, 174 (2005).  The anti-retaliation provision seeks to secure the objective of a workplace where individuals are not discriminated against because of their racial, ethnic, religious, or gender-based status.  <u>Id.</u> at 2412.  To show retaliation, the plaintiff must show that "a reasonable employee would have found the challenged action materially adverse."  <u>Id.</u>  "Materially adverse" in this context means that the challenged action "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination."  <u>Id.</u> at 2415.  "Material" adversity separates significant from trivial harms.  Title VII does not address the ordinary tribulations of the

workplace and "cannot immunize the employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id. See Doe v. Kalb Cty Sch. Dist., 145 F.3d 1441, 1453 (11th Cir. 1998) (some de minimus inconvenience or alteration of responsibilities are not materially adverse). The standard is from the perspective of a reasonable person in the plaintiff's position, and does not require a determination of the plaintiff's unusual subjective feelings. Id. at 2415-16. A materially adverse action is one that would dissuade a reasonable employee from taking further EEO protected action. Burlington, 126 S. Ct. at 2415; Higgins v. Gonzales, 481 F.3d 578, 590 (8th Cir. 2007). To establish a prima facie case of retaliation, a plaintiff must show: (1) statutorily protected conduct, (2) a materially adverse employment action, and (3) the adverse action was causally related to the protected conduct. Where, as here, a plaintiff cannot show direct evidence of retaliatory intent, once the employer has articulated a legitimate, nondiscriminatory reason for the adverse action, a plaintiff must establish that the agency's proffered reason is actually a pretext for unlawful discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); See Coburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 335-36 (1st Cir. 2005).[1]

---

[1] "Under [the McDonnell Douglas] framework, a plaintiff employee must carry the initial burden of coming forward with sufficient evidence to establish a prima facie case of . . . retaliation. If he does so, then the burden shifts to the employer 'to articulate some legitimate, nondiscriminatory reason for the [adverse employment action],' sufficient to raise a genuine issue of fact as to whether it discriminated against the employee. . . . If the employer's evidence creates a genuine issue of fact, the presumption of discrimination drops from the case, and the plaintiff retains the ultimate burden of showing that the employer's stated reason for [the adverse employment action] was in fact a pretext for retaliating against him for having [engaged in protected activity]." Hodgens v. General Dynamics Corp., 144 F.3d 151, 160-61 (1st Cir. 1998)

## III. PLAINTIFF CANNOT ESTABLISH
## A MATERIALLY ADVERSE EMPLOYMENT ACTION

Pedicini cannot establish the first required element for a retaliation claim, that he suffered a "materially adverse" employment action.  The gravamen of his claim for retaliation is that his employer constricted his duties, by denying him the authority to certify that agency funds were available for particular expenses.  Pedicini claims that his job duties were constricted on March 4, 2003 and thereafter, when he was told by his supervisor that he did not have certification rights and was to refer any request for certification to authorized individuals if Hines, the certifying officer, was out of the office.  Defendants' Material Facts 45, 49, 50.  It is uncontested that his employer told him that he could not certify the expenditure of funds.  However, it is clear that he had never received certification to expend funds in the first place, and his agency requires formal certification for that important task.  Accordingly, Pedicini is unable to show that the agency took a material adverse action against him, and therefore, he cannot show the first element of a retaliation claim.

Pedicini has at all relevant times been a "Financial Management Specialist" at the U.S. Department of Agriculture, Northeast Regional Office (NERO), Food and Nutrition Service.  His position, together with others', is responsible for "planning, organizing, reviewing, analyzing, and monitoring fiscal activity, accounting and internal controls in the Region to provide proper accountability and financial management over Federal

---

(citations omitted) (quoting <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)).

funds." Defendants' Material Facts 1, 4. The USDA delegates the approvals for expenditure of funds to "allowance holders," which may include the USDA Administrator, Deputy Administrators, Staff Directors, and Regional Administrators. Material Fact 19. The USDA Regional Administrator, Frances Zorn, has been the allowance holder at all material times.. Material Facts 10, 26. Since 1982, the USDA has required an allowance holder to designate employees who are authorized as "certifying officers" for expenditure of funds. Material Fact 19. Zorn has designated several management employees and an individual named Martin Hines as certifying officers. Material Facts 19, 20, 25, 27, 29. Hines is also called the "funds officer." Material Fact 27.[2] At least since the Delegation of Authority Memoranda of May 26, 1995, and throughout Pedicini's employment at USDA, the practice in NERO has been that the funds officer, his first-line supervisor, and his second-line supervisor have the authority to certify that funds are available before a spending action can occur. Material Fact 29. See Exhibit 15 to Defendants' Statement of Material Facts. This written policy predated Pedicini's employment at the USDA, and predated Pedicini's protected activities. Pedicini has never been designated as a certifying officer, whether "back-up" or otherwise, or received any other designation that would permit him to expend funds. Material Facts 30, 31 (and he is not an allowance holder. Material Facts 24-25). Because Pedicini has never been authorized to certify agency funds, he cannot prove in this action

---

[2] Hines was designated before 1996, and before Pedicini was employed. Material Fact 27.

6

that he was deprived of those duties.

Pedicini contends in this action that he <u>did</u> have authority to certify expenditures because he actually did certify funds on at least three occasions.[3]  Material Fact 31, 51. However, his management was unaware of this activity, and when it became aware, told him in writing that he was <u>not</u> authorized to do so.  Material Fact 31.[4]  Pedicini also argues that he was referred to as a "backup funds officer" on several occasions.  Material Fact 29.  The USDA had designated Martin Hines as a certifying officer and Hines was also referred to as a "funds officer."  Pedicini contends that since the "funds officer" was certified and Pedicini had on occasion been referred to as a "backup funds officer," Pedicini also had de facto certification to certify funds.   Pedicini also contends that, on occasion, several non-management employees thought that he did have the authority to certify funds.  Misimpressions by another agency employee do not create authority, and the designation "backup funds officer" could refer to a number of job functions where he assisted Hines other than certification, and, in any event, misimpressions as to his job title could not actually confer the authority upon him.  Finally, Pedicini contends that he must have had certifying authority because he has the authority to approve travel requests. It is undisputed that Pedicini has been able and does approve travel documents, but that function is irrelevant to material adversity because it is not certification of funds.

---

[3] The three certifications that Pedicini put into the record show him signing in Hines' name.

[4] Pedicini was directed not to certify funds, March 4, 2003.  Material Fact 45. And he was directed not to use the title of "Alternate Funds Officer."  Material Facts 87, 94.  <u>See</u> Exhibit 48.

Even if, arguendo, Pedicini was able to proffer evidence of a material change in his job functions – which he cannot --, he would be utterly unable to show that the change was adverse.  He had previously certified funds only on several occasions.  After he was called on that activity, he suffered no reduction in compensation, benefits, job grade or even job description.  Material Fact 51.   He also received performance appraisals of "superior," 2001-2005, Exhibits 8-9, and he received cash awards for performance.  Material Fact 83, Exhibits 16 and 17.  He presents no allegations that lower level work was substituted for the several occasions, and if he had, the substitution would be negligible.  See Higgins, 481 F.3d at 590 (plaintiff did not allege that the new position was qualitatively more difficult or less desirable than previous position); Brown v. Coach Stores, 163 F.3d 706, 710 (2d Cir. 1998).  This is not a case where the claimant was reassigned to job duties that were "more arduous and dirtier" than earlier assigned duties.  See Burlington Northern & Santa Fe Railway Co., 126 S. Ct. at 2408 (reassignment of duties from forklift operator to track laborer could constitute material adverse harm).  See Higgins at 590 (nothing to suggest a situation "so unreasonable or bleak" that a reasonable employee would ahve been dissuaded from protected activity).  See also, Zelnik v. Fashion Institute of Technology, 474 F.3d 217, 227 (2d Cir. 2006) (individual of ordinary firmness not deterred by FIT's refusal to grant professor emeritus status).  Pedicini makes no allegations regarding his subsequent duties, and, accordingly, cannot meet the element of adversity.  Pedicini may be contending that his "loss" of certifying ability inhibits his ability to receive a grade promotion at USDA.  However, this is flatly

inadequate to forestall dismissal, because he never applied for a promotion, Material

Facts 52-3, and, moreover, the job of the certifying officer, Hines, has never been empty!

Material Fact 74.[5]

For these reasons, Pedicini is unable to show "materially adverse" action, the first

element of a retaliation claim.  He throws a lot of flak onto the screen here, but the facts

that he puts forth are plainly insufficient and the central fact, that he lost a job function, is,

when the flak is cleared away, inaccurate.

## III.  PLAINTIFF CANNOT ESTABLISH THAT HE SUFFERED A MATERIAL ADVERSE ACTION CAUSED BY USDA'S RETALIATORY MOTIVES.

Assuming arguendo, that Pedicini had a material adverse action against him, once

the USDA presented a legitimate, non-retaliatory reason for its conduct, he is unable to go

forward unless he has evidence that the reason was a pretext to cover up retaliatory

motives.  Thomas v. Eastman Kodak Co., 183 F.3d 38, 57-58 (1st Cir. 1999).  Kessler v.

Westchester Cty. Dept. Of Social Servs., 461 F.3d 199, 205 (2d Cir. 2006), as quoted in

Edwards v. Town of Huntington, 2007 WL 2027913 (E.D.N.Y., July 11, 2007).  "In

assessing pretext, a court's 'focus must be on the perception of the decisionmaker," that

is, whether the employer believed its stated reason to be credible."  Mesnick v. Gen. Elec.

Co., 950 F.2d 816, 823 (1st Cir. 1991).  Pedicini has utterly failed to plead or show that

the agency's reason for prohibiting his certification of funds was pretextual, that is, "a

---

[5] Moreover, there is no evidence that any promotion was contingent upon having the authority to certify fund availability.  Material Fact 53.

sham intended to cover up the employer's real motive." Id. at 825.  Thus, Pedicini is

unable to show that his representation of EEO complainants was a causative factor in

USDA's supposed constriction of his job.  See Mesnick, 950 F.2d at 825; Thomas, 183

F.3d at 57-58; Higgins 481 F.3d at 590, n. 8.  Accordingly, because he is unable to show

an improper, sham motive on the part of USDA and unable to show causation from that

motive, an essential element of the claim of retaliation is missing and it must be

dismissed.

### IV.  COUNT III MUST BE DISMISSED AS TO BREACH OF AGREEMENT NOT TO TAKE REPRISAL AGAINST PEDICINI

Pedicini brought a previous Title VII action in this Court against his employer, the

USDA, in November 2001.  The action was concluded by dismissal after Pedicini and the

USDA entered into a written Settlement Agreement, June 17, 2002.  Exhibit 19 to

Defendants' Statement of Material Facts.  Paragraph ten of the Settlement Agreement

provides that "The Food and Nutrition Service shall not take reprisal against the

Complainant as a result of his having filed the complaint of discrimination . . . ."  This

Court held in its Summary Judgment Order of March 29, 2005 ("Summ. J. Order"), that

USDA's breach of the Settlement Agreement with respect to paragraph ten remains as an

issue at trial solely because "the alleged retaliatory act of stripping Plaintiff of his right to

certify funds [Count I] has survived summary judgment and is proceeding to trial".

Summ. J. Order at 36.  Accordingly, Pedicini's alleged breach of paragraph ten is

encompassed by his Count I retaliation claim.  For the reasons stated above, Pedicini has

not stated a viable Title VII retaliation claim, with the result that his allegation of breach

of paragraph ten of the Settlement Agreement should also be dismissed.[6]

### V.   COUNT III MUST BE DISMISSED AS TO PARAGRAPH SEVEN BECAUSE EXCLUSIVE JURISDICTION LIES IN THE COURT OF CLAIMS

Pedicini alleges in Count III that the government has breached the Settlement

Agreement of June 17, 2002 because it has failed to use the agreed-upon dispute process.

Amended Complaint ¶¶ 136-149.  The Settlement Agreement is a contract between

Pedicini and the government.  See Amended Complaint ¶¶ 174-75.  See United States v.

Charter Int'l Oil Co., 83 F.3d 510, 517 (1st Cir. 1996)(quoting United States v. ITT

Continental Baking Co., 420 U.S. 223, 238 (1975)); United States v. Armour & Co., 402

U.S. 673, 681-82 (1971); I & T Mfg Co. v. A.T. Cross Co., 587 F.2d 533, 537 (1st Cir.

1978) (settlement agreements are contracts governed, absent extraordinary circumstances,

in general principles of contract law); Cooper-Jarrett, Inc. v. Central Transportation Co.,

726 F.2d 93, 96 (3rd Cir. 1984) (approving district court's reasoning that a settlement

agreement is itself a contract separate and independent from the dispute giving rise to the

settled lawsuit).  The Complaint seeks monetary damages for violation of this Agreement,

including damages for mental anguish, emotional distress, pain and suffering; Complaint

¶113; and back pay, attorneys' fees, and other "compensatory damages."  Complaint at

---

[6]In the event that the Court denies the government's motion to dismiss Count I, the government requests that the Court join the alleged breach of paragraph 10 with the alleged retaliation of Count I.

38.  The waiver of sovereign immunity for actions for contract damages against the

government is found in the Tucker Act, 28 U.S.C. § 1491. The Act provides,

> The United States Court of Federal Claims shall have
> jurisdiction to render judgment against the United States
> founded . . . upon any express or implied contract with the
> United States, or for liquidated or unliquidated damages in
> cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Court of Claims may provide other remedies requested

against the United States, to complete the relief afforded by the judgment, such as,

> issuing orders directing restoration to office or position,
> placement in appropriate duty or retirement status, and the
> correction of applicable records, and such orders may be
> issued to any official of the United States.

28 U.S.C. § 1491(a)(2). See Christopher Village v. United States, 360 F.3d 1319 (Fed.

Cir. 2004) (where thrust of action is to obtain money from the United States, Court of

Claims jurisdiction is exclusive).  See Martinez v. United States, 333 F.3d 1295 (Fed. Cir.

2003) (contract disputes seeking compensation for past actions lie in the Court of

Claims).  Concurrent jurisdiction lies in the District Court for claims of $10,000 or less.

See 28 U.S.C. § 1346(a)(2).  Thus, exclusive jurisdiction lies in the Federal Court of

Claims for claims of more than $10,000, which is surely the case here.  See Army and Air

Force Exchange Serv. V. Sheehan, 456 U.S. 728, 734, n.5 (1982); Farha v. FDIC, 963

F.2d 283, 288 (10th Cir. 1992).  In Greenhill v. Spellings, 482 F.3d 569, 575-76 (D.C. Cir.

2007) the Court of Appeals for the District of Columbia held that the Court of Claims has

exclusive jurisdiction to determine action for damages on breach of Title VII settlement

12

agreement); see also Hansson v. Norton, 411 F.3d 231259-261 (D.C. Cir. 2005) (where interpretation of Title VII settlement agreement does not require interpretation of substantive provisions of Title VII, claim for attorneys' fees lies within exclusive jurisdiction of Court of Claims).   Accordingly, because Pedicini seeks monetary damages against the United States in connection with a determination that the government breached paragraph seven of the Settlement Agreement, Count III as to paragraph seven is in essence an ordinary contract dispute that is required to be brought in the Federal Court of Claims.

## IV.  CONCLUSION

Because Pedicini is unable to prove that he suffered material adverse conditions at all, because Pedicini is unable to prove that his supposed condition was caused by illicit USDA motives, and because, with respect to paragraph seven of the settlement agreement, he is bringing a contract action for monetary damages against the United States, the Complaint should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


BY:  /s/Anita Johnson                            
ANITA JOHNSON
Assistant U.S. Attorney
Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02110
Dated: August 3, 2007                (617) 748-3282

13

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid, and also by e-mail transmission.

/s/ Anita Johnson