## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,                          :
                                           :
            Plaintiff,                     :
                                           :
    v.                                     :
                                           :    Case No. 04-12395-JLT
UNITED STATES OF AMERICA, et al.,          :
                                           :
            Defendants.                    :
                                           :

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTION TO PRETRIAL WITNESS INTERVIEWS BY DEFENSE COUNSEL

The defendants hereby oppose plaintiff John Pedicini's *Objection To Defendants' Pretrial Questioning Of Plaintiff's Witnesses*, filed on or about August 2, 2007. As reasons therefore, the defendants assert that as Plaintiff is well aware (and has been reminded on numerous occasions), the undersigned defense counsel was just assigned to this case in late June 2007. She has had only the last five (5) weeks to familiarize herself with the case, and prepare and oppose numerous pretrial filings. See Court Docket. This vigorous schedule has left virtually no time, until now, to conduct pretrial interviews of agency employees which, as the attorney for the agency, the undersigned counsel must complete. Indeed, to not carry out such pretrial interviews, which is a necessary aspect of trial preparation, would be in direct contravention to the undersigned counsel's duty to zealously advocate on behalf of her client.

1

Moreover, it bears mentioning that this is not the undersigned counsel's only case. She has a full and active caseload, which cannot simply be shelved or ignored while preparing for trial  in the instant matter.

Finally, the undersigned counsel takes issue with Plaintiff's loose and insulting characterizations of her attempted meetings as "witness intimidation," an "abuse of the employer-employee relationship," a "guise," and nothing more than an attempt "to derail [his] case at trial by vexation of the witnesses."  <u>See</u> *Objection To Defendants' Pretrial Questioning Of Plaintiff's Witnesses*, pp. 1-2.  Plaintiff has admitted that it is merely the undersigned counsel's job title (e.g., Assistant United States Attorney), and <u>not</u> any statement or action on her part that has led him to make these baseless accusations.  Indeed, according to Plaintiff, his witnesses are "intimidated" because "their first suspicion is that a crime has been committed."

WHEREFORE, the undersigned counsel respectfully requests that this Court order <u>overrule</u> Plaintiff's objection, <u>order</u> Plaintiff to refrain from interfering in the scheduling of Defendants' pretrial interviews, and order Plaintiff to cease his groundless accusations concerning defense counsel's motives for meeting with the employees of the agency that she represents.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

BY: /s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02110
Dated: August 6, 2007       (617) 748-3369

## CERTIFICATE OF SERVICE

I certify that on August 6, 2007, I caused a copy of the foregoing document to be served on *pro se* Plaintiff, John G. Pedicini, 10 Milano Drive, Saugus, MA 01906, by first class mail, postage pre-paid.

/s/ Gina Walcott-Torres
GINA WALCOTT-TORRES
Assistant U.S. Attorney

3