UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 AUG -2 P 12: 38

U.S. DISTRICT COURT
DISTRICT OF MASS

JOHN G. PEDICINI,

    Plaintiff,

-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.

CIVIL ACTION NO. 04-12395-JLT

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S WITNESSES**

Plaintiff hereby opposes Defendants' Motion in Limine To Exclude Plaintiff's Witnesses for the following reasons:

(1) **Juanita Makuta**: She is the Agency Information Systems Security Officer. She has detailed knowledge of the agency's "least privilege" policy linking rights in the computer system to duties in the workplace. See Makuta Dep., pp.20-21. She has detailed knowledge of USDA Form 1143 designating Plaintiff as FCO backup with all the rights of the funds officer, See Makuta Dep.pp.42-43. Those rights include the right to verify and certify which is at issue in Count I.

(2) **Roberto Salazar**: Plaintiff has withdrawn Mr. Salazar from the witness list.

(3) **Sadhna True**: She is the Director of USDA Civil Rights Office. She has detailed knowledge of adjudicating

noncompliance complaints involving USDA settlement agreements. Plaintiff's Settlement Agreement dated 6/17/2002 is based on the template for USDA settlement agreements from her office. Its status is required to be updated by her office.

(4) **Michael Watts**: He was the Agency Civil rights director who personally received the certified delivery of the Non-Compliance Order, dated 5/19/2004. He is now a USDA Civil Rights Director. In addition, on 8/28/2003, Mr. Watts wrote the response to USDA on original complaint of non-compliance by Plaintiff. In that response, Mr. Watts stated that he had conversations with Plaintiff's supervisors and there were no plans to change Plaintiff's duties as alternate to the funds officer—a key issue in Count I.

(5) **Angela McElmurray Speshock:** She is a former Agency HQ Funds Officer who is the author of the Funds List, dated 1/29/1999, which bears her initials. She has detailed knowledge of this list. In its decision of 3/29/2007, the Court has stated that "…the presence of Plaintiff's name on the list may still be admissible at trial to support Plaintiff's position that he previously had authority to certify funds." See Summary Judgment Memorandum, dated 3/29/2007, p.24. Ms. Speshock has detailed knowledge of the rights of backup funds officers on the list. See Speshock Deposition, pp. 15-16.

(6) **Brooksie Spears:** She is a co-worker at the Defendants' Boston office who also file an EEO Complaint against the Defendants and among her allegations was retaliation by Frances Zorn, who had Spears' work checked after the filing of an EEO complaint and resulted in Spears' Performance Appraisal being lowered. See Spears Deposition pp. 59-61,91. Because of the "difficulties in proving discriminatory intent", the probative value of testimony from third-party witnesses in employment discrimination cases is high. See Webb v. Hyman, 861 F. Supp. 1094, 1112 (D.D.C. 1994)

(7) **Jonathan Lash:** Plaintiff has withdrawn his name from the list of witnesses due to a medical issue with his wife.

Plaintiff has a pending motion to substitute parts of his deposition. Mr. Lash was an Agency Funds Officer at HQ for nine years. He has detailed knowledge about the practices of the Agency with regard to backup funds officers and the certification process. See Lash Deposition, pp.18-19 and pp. 26-29.

(8) **Lisha Dorman**: She is the Agency Administrative Funds Officer and has detailed knowledge of backup funds officers on Funds Officer List, dated 1/29/1999, See Dorman Deposition, pp. 47-48. She has reviewed several exhibits in this case and has stated that Plaintiff has the right to certify funds availability. See Dorman Deposition, pp. 40-41.

(9) **Jada Johnson**: She is HQ Funds Officer, who has detailed knowledge of funds control duties and responsibilities within the agency and regional offices. She has detailed information on the certification process and the role of the Foundation Financial Information System (FFIS) which are key issues in Count I of this case.

(10) **Luis Perez:** He is the employee who filed an EEO complaint and had Plaintiff as an EEO representative. The ensuing retaliation, after a deposition on 2/11/2003, forms the basis of the Count I—Retaliation complaint before the Court. Perez has detailed knowledge of retaliatory acts by the Defendants towards himself and Plaintiff in response to the deposition. Although Federal Rule of Evidence 404(b) ("Rule 404(b)") provides that, as a general rule, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," it does permit the admission of such evidence "...for purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In Glass v. Philadelphia Electric Company, 34 F. 2d 188, 195 (3rd Cir. 1994), Harold Glass, an activist for employees, alleged retaliation in employment, along with race and age discrimination. The Third Circuit cited Estes v. Dick Smith Ford, Inc., 856 F. 2d 1097, 1103 (8th Cir. 1984) that the "...effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of

3

persuading the fact-finder to disbelieve an employer's account of his own motives."

(11) **Diane Harrington**: She was the secretary to Frances Zorn. In her deposition, Ms. Zorn specifically identified Ms. Harrington as the source of information that Plaintiff was creating "a buzz" in the Boston Office with his EEO representation and, consequently, Zorn believed that Plaintiff's EEO activity was "lowering the productivity of the office". See Zorn Deposition, pp. 196-198 Ms. Harrington's testimony will focus on the actions by Plaintiff that caused her to conclude that "a buzz" was created by Plaintiff and her communication of that impression to Ms. Zorn.

(12) **Lori Lodato:**: She is holder of the records at the Boston office of the Defendant agency. Her testimony is limited to authenticating Plaintiff's Exhibits 7-9 which are the computer access rights forms. She will testify that Exhibits 7-9 are authentic copies of forms on file in the Boston office.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny, in total, Defendants' Motion In Limine To Exclude Plaintiff's Witnesses.


Respectfully submitted,

*[signature]*
John G. Pedicini, Plaintiff Pro Se
10 Milano Drive
Saugus, MA  01906
(781)248-1385

4

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the Defendants by U.S. Government email system to Gina Walcott-Torres, Assistant U.S. Attorney, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210 on August 2, 2007.

_____     _8/2/07_
John G. Pedicini, Plaintiff Pro Se    Date