UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 AUG -2 P 12: 38

U.S. DISTRICT COURT
DISTRICT OF MASS

JOHN G. PEDICINI,

    Plaintiff,

-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.

CIVIL ACTION NO. 04-12395-JLT

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OBJECTION TO THE PRESENTATION AT TRIAL OF MICHAEL MALONE'S AND FRANCES ZORN'S TESIMONY VIA DEPOSITION OR DEPOSITION TRANSCRIPT**

    Plaintiff hereby opposes Defendants' Objection To The Presentation At Trial Of Michael Malone's And Frances Zorn's Testimony Via Deposition Or Deposition Transcript for the reasons set forth herein.

**I. MICHAEL MALONE DEPOSITION TESTIMONY SHOULD BE ALLOWED**

    1.    <u>Official and Working Titles:</u>  This part of the deposition provides evidence that Malone was never the Section Chief of the Internal Finance/Food Stamp Program where funds certification takes place. Consequently, the

right of certifying funds availability should never have been given to him. Plaintiff will stipulate not to bring up the issue of the letters of instruction in this part of the deposition.

2. Letters of Instruction:

A. *Pedicini:* At issue in this case is whether or not Plaintiff is the backup funds officer or alternate funds officer for the Northeast Regional Office. This part of Malone's testimony is important because it involves a funds officer duty, leave-without-pay analysis, that was performed by Plaintiff on a continuous basis for several years. Sudddenly, Malone stopped it and, contrary to his allegation, never authorized Plaintiff to perform any funds officer duties, including leave-without-pay.

B. Hines: The testimony is important because the letter of instruction issued to Hines was a blatant action by Defendants to reassign funds officer duties away from Plaintiff. Plaintiff's case is based on circumstantial evidence and this letter plays an evidentiary role in the assignment of duties away from Plaintiff. To accomplish this goal, Defendants had to stop the primary funds officer, Hines, from assigning funds officer duties to Plaintiff. Malone never permitted Hines to assign funds officer duties

again and never authorized Plaintiff to perform this duty again, contrary to Malone's statement that he did.

## II. FRANCES ZORN'S DEPOSITION TESTIMONY SHOULD BE ALLOWED

1. <u>EEO Complaints of Bellezza, Larkin, and Perez:</u> Although Federal Rule of Evidence 404(b) ("Rule 404(b)") provides that, as a general rule, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," it does permit the admission of such evidence "…for purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In <u>Glass v. Philadelphia Electric Company</u>, 34 F. 2d 188, 195 (3rd Cir. 1994), Harold Glass, an activist for employees, alleged retaliation in employment, along with race and age discrimination. The Third Circuit cited <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F. 2d 1097, 1103(8th Cir. 1984) that the "…effects of blanket evidentiary exclusions can be especially damaging in employment discrimination cases, in which plaintiffs must face the difficult task of persuading the fact-finder to disbelieve an employer's account of his own motives." Plaintiff will stipulate to eliminate

3

references to Bellezza and Larkin, <u>but not Perez</u>. Perez has detailed knowledge of retaliatory acts by the Defendants towards himself and Plaintiff in response to the deposition of 2/11/2003 which is the protected activity that Plaintiff alleges started retaliatory acts against him in this case.

    2.    <u>2004 Performance Award</u>: Plaintiff stipulates to eliminate references to 2004 Performance Award in testimony.

    3.    <u>Changes in National Office Policy for Designating "Backup Funds Officers"</u>: Defendants are ill-advised on this point. The Funds Officer List, dated 1/29/1999, contains FPA Backups who are not supervisors. That list is admissible under the Court's Summary Judgment Memorandum dated 3/29/2007, p. 24. The author of that list, Angela McElmurray Speshock testified that there was indeed a change in National Office policy for designating backup funds officers. <u>See</u> Speshock Deposition, pp. 9-12. Zorn's testimony is extremely relevant to the backup funds officer issue in this case.

4

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court permit Plaintiff to present testimony of Malone and Zorn by deposition transcript with stipulations made herein by Plaintiff.

Respectfully submitted,

*[signature]*  8/2/04

John G. Pedicini, Plaintiff Pro Se
10 Milano Drive
Saugus, MA  01906
(781)248-1385

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the Defendants by U.S. Government email system to Gina Walcott-Torres, Assistant U.S. Attorney, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210 on August 2, 2007.

*[signature]*                             8/2/04
John G. Pedicini, Plaintiff Pro Se        Date

5