UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JOHN G. PEDICINI,            |
                             |
        Plaintiff,           |
                             |   CIVIL ACTION NO. 04-12395-JLT
-vs-                         |
                             |
UNITED STATES OF AMERICA     |
ET AL.,                      |
                             |
        Defendants.          |
                             |
```

FILED
IN CLERKS OFFICE

2007 AUG -2 P 12: 38

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' AMENDED MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S EXHIBITS

Plaintiff hereby opposes Defendants' Amended Motion in Limine To Exclude Plaintiff's Exhibits for the following reasons:

**Exhibit #**          **Item**

5.            Email chain from Jonathan Lash to Marty Hines, dated 12/15/2004 to 12/16/2004, (Plaintiff's Deposition Exhibit 70), (Bates-Stamped P-1376).

   This document is critical to Plaintiff's circumstantial case. The email is between two funds officers, Marty Hines and Jonathan Lash, who clearly reference Plaintiff as alternate funds officer. Both Defendant supervisors, Malone and MacAllister, received copies of the email. Yet, both supervisors did not object or seek to correct it.

6.  **Funds Officer Listing, dated 2/17/2005, (Plaintiff's Deposition Exhibit 14), (Bates-Stamped P-1216).**

   In the Summary Judgment Memorandum dated 3/29/2007, ("Summ J. Order"), the Court ruled that the Funds Officer List of 1/26/99 was admissible "…to support Plaintiff's position that he previously had authority to certify funds." Summ. J. Order at 24. This list is being used to compare Defendants' subsequent actions. It is an updated version of the 1/26/99 list to show Defendants' intent to remove duty from Plaintiff.

15. **Incorrect certification by Douglas MacAllister, dated 3/2/2005, (Plaintiff's Deposition Exhibit 50), (Bates-Stamped P-3362).**

   This document provides direct evidence that Defendant supervisor MacAllister is unable to certify funds availability and that the Defendants' argument that MacAllister could certify funds was a pretext.

16. **Incorrect certification by Michael Malone, signed by M.Hines, dated 6/7/2004, (Plaintiff's Deposition Exhibit 40),(Bates-Stamped P-3371).**

   This document provides direct evidence that Defendant supervisor Malone is unable to certify funds availability and that the Defendants' argument that Malone could certify funds was a pretext.

18. **Deposition title pages of Frances Zorn and Robert Canavan, used for purposes of establishing date and time of depositions on 2/11/2003, (Bates-Stamped P-550 and P-216 respectively).**

Documents are part of Plaintiff's proof of Defendants history of Title VII problems and work practices. "Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices—evidence which in other kinds of cases may well unfairly prejudice the jury against the defendant. In discrimination cases, however, such background evidence may be critical for jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive" <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F. 2d 1097, 1103 (8th Cir. 1984). Here, the depositions of 2/11/2003 represent the genesis of the retaliatory actions against the Plaintiff that are now before this Court. On 2/19/2003, MacAllister records in his notes that Plaintiff was not to be included in IAS. By 3/4/2003, Stanco denies Plaintiff the right to certify funds in IAS.

19.   **Chronology of IAS notes from Douglas MacAllister, dated 3/10/2003, (Bates-Stamped US0485).**

The chronology of IAS notes from MacAllister was provided by the Defendants. It plays a key role in the causal relationship and temporal proximity to the date of Zorn and Canavan Depositions by Plaintiff on 2/11/2003 (Exhibit 18).

20.   **Email from Joseph Stanco to Lisa Wilusz, dated 2/19/2003, Regarding IAS Rollout, (Bates-Stamped P-1159 to P-1160).**

This document provides key circumstantial evidence showing that Defendants retaliation against Plaintiff was focused on reduction in duties.

21.  **Email from John G. Pedicini to Joseph Stanco, dated 2/27/2003, regarding IAS rollout, (Bates-Stamped P-1158).**

   This document provides key circumstantial evidence of Plaintiff's inquiry on 2/27/2003 as to his exclusion from IAS.

22.  **Email chain from Joseph Stanco to Brenda Komloske, dated 2/27/2003, with attached Users Template, (Bates-Stamped P-1162 to P-1165).**

   This document provides key circumstantial evidence on 2/27/2003 of Defendant supervisor Stanco communicating IAS Users Template to IAS supervisor, Branda Komloske, indicating Plaintiff with same title as funds officer, "IAS Funds Approver".

23.  **Email from Joseph Stanco to John G. Pedicini, dated 3/4/2003, regarding IAS Duties, (Bates-Stamped P-529).**

   This document provides major circumstantial evidence that indicates Defendants' intent to eliminate Plaintiff's right to certify funds availability in IAS. This document is the original event that propelled the dispute to this Court.

24.  **Email chain from John G. Pedicini to Jonathan Lash, dated 3/4/2003, (Plaintiff's Deposition Exhibit 60), (Bates-Stamped P-530 to P-532).**

   This document provides major circumstantial evidence that confirms agency practice of having backup funds officers certify funds availability. Lash has 9 years of experience as a funds officer in the Budget Division of the agency headquarters office in Alexandria, VA and has observed the practice throughout the agency. See Lash Deposition, p.19.

25. Email from John G. Pedicini to John Ghiorzi, dated 3/4/2003, regarding settlement agreement,(Plaintiff's Deposition Exhibit 27), (Bates-Stamped P-1177).

    This document represents major circumstantial evidence that ties the dispute to the Settlement Agreement and the retaliation issue.

26. Email from John G. Pedicini to John Ghiorzi, dated 3/10/2003, regarding reduction in duties and Settlement Agreement, (Plaintiff's Deposition Exhibit 28), (Bates-Stamped P-1626).

    This document represents direct evidence of Plaintiff requesting Ghiorzi to exercise right as final reviewing official in Settlement Agreement. Plaintiff will stipulate to eliminate parts of email that refer to "EEO Representative".

27. Email chain from John Ghiorzi to John G. Pedicini, dated 3/7/2003, (Bates-Stamped P-1181 and P-1645 to P-1646), (Plaintiff's Deposition Exhibit 15); Email chain from John G. Pedicini to John Ghiorzi, dated 3/10/2003, (Plaintiff's Deposition Exhibit 30), (Bates-Stamped P-523 to P-524).

    This document represents direct evidence of Ghiorzi responding to Plaintiff's original inquiry about dispute and its relation to Settlement Agreement. Plaintiff will stipulate to eliminate parts of email that refer to "EEO Representation".

28. Email chain from Jean Parker to John G. Pedicini, dated 5/19/03, regarding noncompliance complaint, (Bates-Stamped P-1898 to P-1899).

This document provides circumstantial evidence that Plaintiff requested information about enforcement of Final Agency Decision and illustrates his concern about Defendants' behavior to abandon formal decisions and agreements.

29. **Formal Complaint of Discrimination by John G. Pedicini, FSA Case # MA-03-001E, dated 4/7/2003, (Bates-Stamped P-1894 to P-1895); Formal Complaint of Discrimination by John G. Pedicini, FSA Case # MA-03-001E, dated 3/25/2003, (Bates-Stamped P-288 to P-289).**

    This document provides direct evidence of Plaintiff's retaliation complaint. Plaintiff will stipulate to eliminate references to "hostile work environment" and "disciplinary letters of instruction".

32. **Affidavit of Douglas MacAllister, dated 9/8/2003, for EEO Investigator Report for ROI, (Bates-Stamped P-477 to P-481).**

    This affidavit represents major evidence of Defendants' intent. It was executed by investigator Johnnie Hobbs who was hired by USDA to investigate Plaintiff's EEO complaint that now comes before this Court on Count I- Retaliation (i.e. Defendants' attempt to take away Plaintiff's right to certify funds availability). Plaintiff will stipulate to eliminate references to letters of instruction.

33. **Email from Michael Malone to FM Unit, regarding new location, dated 3/2/2004, (Plaintiff's Deposition Exhibit 32), (Bates-Stamped P-3383).**

    This document represents circumstantial evidence that Malone was not a supervisor in the Internal Finance/Food Stamp Program unit, as alleged by Defendants, and proves that Defendants' reason for giving right to certify

funds availability to supervisors in the aforementioned unit is a pretext for retaliation against Plaintiff. It is to be used in conjunction with Exhibit 59 and establishes the start date as 3/2/2004.

34. **USDA Final Determination Of An Allegation of Non-Compliance, dated May 19, 2004, (Plaintiff's Deposition Exhibit 31), (Bates-Stamped P-1282 to P-1287).**

The Supreme Court has explained that "prior administrative findings made with respect to an employment discrimination claim", e.g. EEOC determinations, are admissible under Federal Rule of Evidence 803(8)(C). Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976; see also Williams v. Bell, 587 F.2d 1240, 1248 (D.C. Cir. 1978). Rule 803(8)(C) provides that "records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth…factual findings resulting from an investigation made pursuant to authority granted by law "are admissible despite their hearsay status "unless the sources of information or other circumstances indicate lack of trustworthiness."

The only issue of trustworthiness raised by the Defendants is that "the trustworthiness of the facts upon which the agency relied was not judicially assessed". One finds it difficult, if not impossible, to question the fact that Defendants never implemented Step 3 of the dispute resolution. The event never took place, whether or not it was judicially assessed is of no consequence. Moreover, the decision came from the Defendants' own forum in which many FNS Civil Right officials are hired by the USDA Civil Rights Office. For example, Michael Watts, the FNS Civil Rights Director in this case, who handled the Defendants response,is now an Assistant Director in the USDA Civil Rights Office where the Order was issued.

Since Plaintiff's case is one of circumstantial

evidence, indications of the employer's motive are crucial. This document clearly shows Defendants' intent—<u>abandonment</u>.

This document is direct evidence of Defendants' behavior to abandon written agreements and Orders from its own Department. This evidence is relevant and should be admitted to help Plaintiff meet his burden of proving that Defendants' reasons for not implementing the 3rd Step of the dispute resolution process were pretextual. It is the same behavior that Plaintiff has claimed and seeks to prove—breach by <u>abandonment</u> as a consistent behavioral problem with Defendants. This document holds high probative value in providing circumstantial evidence for the Plaintiff's claim that outweighs any danger of undue prejudice. Not only did the Defendants breach the Settlement Agreement through abandonment by not responding to Plaintiff's request to activate the 3rd Step of the dispute resolution process, but also the Defendants compounded Plaintiff's problem through <u>abandonment of the Order to comply with the USDA decision dated May 19, 2004</u>.

35.   **Email dated 6/3/2004 from John G. Pedicini to Douglas MacAllister and Michael Malone, regarding policy on right of certification of funds availability, (Plaintiff's Deposition Exhibit 24), (Bates-Stamped P-1393 to P-1394).**

This document is the basis for Plaintiff's EEO Complaint filed on 7/15/2004 and forms strong temporal proximity to Zorn's letter of delegation dated 6/9/2004. Direct evidence of Defendants expanding their ban of Plaintiff's right to certify funds availability to everything.

36.   **Email from Michael Malone to Douglas MacAllister, dated**

8

        6/7/2004, regarding certifying issues, (Plaintiff's Deposition Exhibit 39), (Bates-Stamped P-1487).

        This document provides evidence of Malone attempting to certify funds availability, but doing it incorrectly. Malone has testified that he consulted with Plaintiff when attempting to certify. See Malone Deposition, p 52.

38[1]    Letter from John G. Pedicini to Vernon B. Parker, Assistant Secretary of Civil Rights, dated June 10, 2004, regarding continued noncompliance, (Bates-Stamped P-2188 to P-2193, P-1356).

        This letter provides evidence that Plaintiff sought enforcement of Non-Compliance Order dated 5/19/2004.

40[2]    Formal Complaint of Discrimination by John G. Pedicini, mailed on 7/15/2004, FSA Case# MA-04-005E, (Bates-Stamped P-2209 to P-2211 and P-2183). Designation of John G. Pedicini as EEO Representative by Kathy Tankersley, (Bates-Stamped P-1371).

        This EEO complaint provides evidence that Plaintiff's right to certify funds availability was being denied throughout all funds control work. The designation of Plaintiff as EEO Representative provides evidence that Plaintiff was engaged in a protected activity involving Malone and MacAllister. Plaintiff will stipulate to exclude " hostile workplace harassment" and "intimidating work environment".

41.    Email from Michael Malone to Douglas MacAllister, dated August 6, 2004, regarding input on succession planning, (Bates-Stamped US0460).

---

[1] Defendants Counsel informed Plaintiff via email on 7/30/2007 that she was objecting to Exhibits 38 and 40.
[2] Id.

      Email states "IAS Implementation" and is circumstantial evidence that Defendants were altering the assignment of duties in IAS that eventually affected Plaintiff. Plaintiff will stipulate to eliminate all references to "potential vacancy of Hines' position" and "recruitment of staff to fill Hines' position".

44. **Email chain from John G. Pedicini to Roberto Salazar, dated 10/14/2004 to 10/18/2004, regarding telephone call from Salazar's and EEO activity under Frances Zorn, (Plaintiff's Deposition Exhibit 44), (Bates-Stamped P-1331 to P-1332).**

      The document represents circumstantial evidence Zorn's communication to Salazar about Plaintiff's EEO representation activities and the high level of concern generated from those activities.

48. **Memorandum from Michael Malone to John G. Pedicini, regarding inappropriate use of job title, dated 10/22/2004, (Plaintiff's Deposition Exhibit 21), (Bates-Stamped P-1327).**

      Memorandum contains direct evidence that Defendants considered Plaintiff to be a "Certifying Officer (IAS)"—a central issue to Count I (Retaliation) in this case. Plaintiff will stipulate to eliminate any reference to this document as a letter of instruction.

49. **Email from John G. Pedicini to Michael Malone, dated 10/25/2004, regarding use of title, "Alternate Funds Officer" memo to Robert Canavan, (Plaintiff's Deposition Exhibit 23), (Bates-Stamped P-1789).**

      This document represents circumstantial evidence linking higher-level officials (e.g. Zorn and Canavan) to the reduction in duties (e.g. no

longer doing leave-without-pay analysis) and prohibition on the use of "alternate funds officer" title.

50. **Memorandum from Michael Malone to Martin Hines, dated 10/22/2004, regarding Leave-Without-Pay Analysis, (Plaintiff's Deposition Exhibit 20), (Bates-Stamped P-1879).**

   This document is direct evidence that Defendants are obstructing the assignment of funds control duties from the funds control officer, Martin Hine, to the Plaintiff. Plaintiff will stipulate to eliminate all references to the document as a "letter of instruction".

51. **Formal Complaint of Discrimination by John G. Pedicini, FSA Case # MA-05-001E, dated November 15, 2004, (Bates-Stamped P-2185 to P-2186).**

   This document is direct evidence of Plaintiff's formal EEO complaint, emphasizing "reduction in duties" and "assignment of duties" which are key components of Count I—Retaliation. Plaintiff will stipulate to eliminate references to letters of instruction, harassment, and hostile work environment.

53. **Email from Michael Malone to Mary Ellen Cajka, Linda App, and Rich Platt, dated 2/10/2005, regarding names for Local System Administrator-E-travel, (Plaintiff's Deposition Exhibit 86), (Bates-Stamped P-2972).**

54. **Email from Lisha Dorman to John G. Pedicini et al., dated 2/1/ 2005, regarding Employee Roster File, (Plaintiff's Deposition Exhibit 65), (Bates-Stamped P-3306 to P-3309).**

55. **Email from Lisha Dorman to John G. Pedicini et al., dated 2/2/2005, regarding E-travel, (Bates-Stamped P-3310).**

57. **Email from John G. Pedicini to Lisha Dorman, dated 2/10/2005, regarding approval chains for**

11

    NERO, with attachment, (Plaintiff's Deposition Exhibit 64), (Bates-Stamped P-3410 to P-3414).

58. Email chain from Michael Malone to John G. Pedicini, regarding Delegation Authority in Etravel, dated 3/15/2005, (Plaintiff's Deposition Exhibit 87), (Bates-Stamped P-2973 to P-2974).

  Exhibits 53-58 are interrelated exhibits. They provide direct evidence that Defendants gave Plaintiff the right to certify funds availability. See Dorman Deposition, pp. 39-41. See Blim Deposition, pp. 64-65.

59. Email chain from John G. Pedicini to Douglas MacAllister, dated 2/9/2005, regarding Official Title of Approvers, (Plaintiff's Deposition Exhibit 33), (Bates-Stamped P-3381 to P-3382).

  This document provides circumstantial evidence that Michael Malone is not a supervisor of the Internal Finance/Food Stamp Program Section and did not know how to certify funds availability. In Exhibit 33, Malone refers to himself as such. But, in this exhibit, MacAllister refers to him as the Section Chief IT/SS..

60. Affidavit of Lisha Dorman, dated 11/2/2005, (Plaintiff's Deposition Exhibit 82), (Bates-Stamped P-2260 to P-2263).

  This document is direct evidence that Defendants' argument about backup funds officers is not true. Dorman recanted part of the affidavit. See Dorman Deposition, p. 42.

61. Affidavit of Larry Blim, dated 11/2/2005, (Plaintiff's Deposition Exhibit 93), (Bates-Stamped P-3148 to P-3151).

  This document is direct evidence that Defendants' argument about backup funds officers is not true. Blim recanted paragraph 8 of the affidavit. See Blim Deposition, pp. 50-51

### Documents or other exhibits that Plaintiff may offer if the need arises:

63. Email dated 1/28/2003 from John G. Pedicini to John Ghiorzi, regarding shared neutral position, (Bates-Stamped P-1136).

    This document provides direct evidence that Plaintiff and Ghiorzi, the final reviewing official in the Settlement Agreement, were communicating on provisions of Settlement Agreement. It ties to Exhibit 64 in which Ghiorzi reports on status of Settlement Agreement to Plaintiff on February 10, 2003. However, four weeks later, Ghiorzi would stop responding to Plaintiff about provisions in the Settlement Agreement and his role as final reviewing official.

65. Affidavit of Douglas MacAllister, dated 1/11/2005, (Plaintiff's Deposition Exhibit 47), (Bates-Stamped US0206 to US0207).

    This document provides direct evidence that Defendants' statements about Plaintiff's right to certify funds availability was incorrect. MacAllister was forced to recant this declaration. See MacAllister Deposition, p. 2-18.

67. USDA OIG AUDIT REPORT: FNS Security Over Information Technology Resources, Report No. 27099-18-Hy, September 2001, (Bates-Stamped P-2268 to P-2314).

    This report forms the basis for FORM 1143 which assigns title of FCS backup to Plaintiff on 9/20/01.

68.     FNS Handbook 702, FNS INFORMATION SYSTEMS
        SECURITY STANDARDS AND PROCEDURES HANDBOOK,
        June 2002, (Bates-Stamped P-2389 to P-2869).

   This handbook provides background information
   on purpose for computer security forms AD-1143
   and AD-678 which give funds officer rights to
   Plaintiff.


70.     Individual Development Plan for John G.
        Pedicini, 6/1/2004 to 11/30/2004, (Bates-
        Stamped P-2256 to P-2257).

   In conjunction with Exhibit 50, this document
   provides circumstantial evidence on assignment
   of duties in funds control. On 5/19/04, the
   date of this IDP, Malone is sending Plaintiff
   to funds officer, Martin Hines, for funds
   control duties in on-the-job-training (OJT). On
   10/22/2004, the date of Exhibit 50, Malone is
   stopping any funds control duties from Hines to
   Plaintiff.


71.     Memorandum dated 5/26/2000 from Jeff Knishkowy,
        regarding September 2000 Mediation Training
        Seminar (Bates-Stamped P-2007 to P-2008).

   This document provides circumstantial evidence
   on Defendants prior behavior. Duties of
   mediator detailed in this exhibit were
   eliminated when Plaintiff gave testimony to an
   EEO investigator.

    72.      **Formal Complaint of Discrimination by John G. Pedicini, dated 11/17/2000, (Bates-Stamped P-2002 to P-2006).**

            This document is connected to Exhibit 71 and used as background.

    73.      **Civil Action Complaint in U.S. District Court, CA #01-11564DPW, by John G. Pedicini, (Bates-Stamped P-1114 to P-1127).**

            This document is connected to Exhibit 72 and used as background.

Further, Plaintiff opposes Defendants' statement of excluding testimony, documents, or other information concerning the number of EEO/Title VII/discrimination cases filed against the agency, the number of times Plaintiff has appeared as an EEO representative on behalf of employees against the Agency, or the like. Such evidence holds high probative value into the Defendants' mindset in handling Title VII violations and represents major circumstantial evidence in the Plaintiff's case.

Respectfully submitted,

*/s/ John H. Pedicini*  8/2/07

John G. Pedicini, Plaintiff Pro Se
10 Milano Drive
Saugus, MA  01906
(781) 248-1385

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the Defendants via U.S. Government email system, to Gina Walcott-Torres, Assistant U.S. Attorney, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210 on August 2, 2007.

_____          8/2/07
John G. Pedicini, Plaintiff Pro Se       Date