UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN G. PEDICINI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 04-12395-JLT |
| | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

August 7, 2007

TAURO, J.

After a pre-trial conference held on August 6, 2007, this court makes the following determinations:

1. This court construes Plaintiff's complaint as requesting damages in excess of $10,000.[1] This court, therefore, lacks jurisdiction to review whether the government has breached the settlement agreement.[2] Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction [#130] is ALLOWED as to Count IV of Plaintiff's Complaint. Count IV is DISMISSED WITHOUT PREJUDICE.

---

[1] Plaintiff requests back pay at the grade-13 level and other monetary damages. See Amended Complaint ¶ 175 (Paper #27).

[2] See Tucker Act, 28 U.S.C. § 1491; Greenhill v. Spellings, 482 F.3d 569, 574 (D.C. Cir. 2007) ("[S]ettlement agreements are indeed straightforward contract claims within the purview of the Tucker Act and the jurisdiction of the Court of Federal Claims."); Brown v. United States, 389 F.3d 1296, 1297 (D.C. Cir. 2004).("[B]ecause this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims.").

2. Defendants' Motion to Dismiss [#130] is DENIED with respect to Count I. As explained in this court's March 29, 2007 Memorandum, Plaintiff's Title VII claim for retaliation survives summary judgment and may proceed to trial.

3. After reviewing the Parties' supplemental briefs, this court concludes that it also lacks jurisdiction to consider Plaintiff's remaining APA claim. Plaintiff's APA claim, essentially, is that the USDA failed to provide a report to the USDA's office of civil rights regarding its compliance with the part of the June 17, 2002, settlement agreement which specified the proper procedures for resolving disputes between Plaintiff and his supervisors. At its core, this claim is that the USDA violated the settlement agreement–which is substantively indistinguishable from Plaintiff's breach of contract claim. The proper court for this claim, therefore, is the Court of Federal Claims.³ Count II of the Complaint is DISMISSED WITHOUT PREJUDICE. Defendants' Renewed Motion to Dismiss Plaintiff's APA Count as a Matter of Law, Or, in the Alternative, to Consolidate Trial Issues [#123] is DENIED AS MOOT.

4. Plaintiff's Motion in Limine to Sequester Witnesses [#100] is ALLOWED.

5. Defendants' Motion to Present John Ghiorzi at Trial via Deposition or Deposition Transcript [#118-2] is ALLOWED.

6. Defendants' Objection to the Presentation at Trial of Michael Malone's and Frances Zorn's Testimony via Deposition or Deposition Transcript [#105-2] is SUSTAINED. Michael Malone and Frances Zorn may testify at trial as witnesses.

---

³ See Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev., 480 F.3d 1116, 1128 (Fed. Cir. 2007) ("Because an adequate remedy is available under the Tucker Act in the Court of Federal Claims, this case cannot proceed in the district court under the APA.").

7. Plaintiff's <u>Objection to Defendants' Pretrial Questioning of Plaintiff's Witnesses</u> [#137] is OVERRULED.

8. Plaintiff's <u>Motion in Limine on the Issue of Plaintiff's Conduct at Meetings</u> [#143] is ALLOWED.

9. The Parties shall submit their revised witness and exhibit lists no later than 4:00 pm on Wednesday, August 8, 2007.    The witness list shall include revised estimates of time for direct and cross-examination

10. A further pre-trial conference will be held on Thursday, August 9, 2007 at 10:30 am.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro

United States District Judge