UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,

    Plaintiff,

-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.

CIVIL ACTION NO. 04-12395-JLT

FILED
IN CLERKS OFFICE

2007 AUG -7 P 1:34

U.S. DISTRICT COURT
DISTRICT OF MASS.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNT I WITHOUT PREJUDICE FOR PURPOSE OF FILING IN U.S. COURT OF FEDERAL CLAIMS OR, IN THE ALTERNATIVE, TO DISMISS COUNT I WITH PREJUDICE, BUT WITHOUT COSTS

Plaintiff, John G. Pedicini, moves this Court to dismiss Count I, retaliation under Title VII, without prejudice for purposes of filing in U.S. Court of Federal Claims or, in the alternative, to dismiss Count I with prejudice, but without costs. On August 6, 2007, this Court dismissed Plaintiff's claim under the Settlement Agreement, dated June 17, 2002, without prejudice to enable Plaintiff to file it with the U.S. Court of Federal Claims. However, Plaintiff now finds himself in two courts with parts of the same case. As a Plaintiff pro se, this event presents

somewhat of a hardship to Plaintiff on his available time. For purposes of consolidation, Plaintiff now seeks to move the entire case to the U.S. Court of Federal Claims and respectfully requests this Court to dismiss the remaining Count I, without prejudice, or, in the alternative, to dismiss Count I with prejudice, but without costs.

### BREACH OF CONTRACT IS INTERTWINED WITH COUNT I

Paragraph ten of the Settlement Agreement, dated June 17, 2002, states that "The Food and Nutrition Service shall not take reprisal against the Complainant as a result of his having filed the complaint of discrimination… " In the Summary Judgment Memorandum, dated 3/29/2007, p.36, this Court ruled that paragraph ten will remain for trial because "the alleged retaliatory act of stripping Plaintiff of his right to certify funds [Count I]has survived summary judgment and is proceeding to trial". As a result, Count I and the issue of the breach of paragraph ten are intertwined. It has been held that the Court of Claims has exclusive jurisdiction for damages on Title VII settlement agreements. See Greenhill v. Spellings, 482 F. 3d 569, 575-76 (D.C. Cir. 2007). The issue of Title VII violation is also a contract dispute which belongs in the Court of

Claims. See Shaffer v. Veneman, 325 F. 3d 370, 372 (D.C. Cir. 2003) (claim of breach of settlement agreement is a contract claim). The Tucker Act, 28 U.S.C. §1491, provides the exclusive remedy for contract claims against the government. See Transohio Savs. Bank v. Dir., Office of Thrift Supervision, 967 F. 2d 598, 609 (D.C. Cir. 1992). Therefore, Count I, along with paragraph ten of the settlement agreement, belongs in the U.S. Court of Federal Claims.

In the alternative, if the Court should rule that it cannot dismiss Count I without prejudice for purposes of filing in the U.S. Court of Federal Claims, then Plaintiff moves to dismiss Count I with prejudice, but without costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion To Dismiss Count I, Without Prejudice, For Purpose Of Filing In U.S. Court of Federal Claims Or, In The Alternative, To Dismiss Count I With Prejudice, But Without Costs should be granted.

Respectfully submitted,

8/7/07
Date

*[signature: John H. Pedicini]*
JOHN G. PEDICINI, PLAINTIFF PRO SE
10 Milano Drive
Saugus, MA 01906
781-248-1385

4