FILED IN OPEN COURT
8/6/07 /zak/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN G. PEDICINI, | |
| Plaintiff, | |
| -vs- | CIVIL ACTION NO. 04-12395-JLT |
| UNITED STATES OF AMERICA ET AL., | |
| Defendants. | |

PLAINTIFF'S PRETRIAL MEMORANDUM

John G. Pedicini, ("Plaintiff"), hereby submits this pretrial memorandum.

I.  CONCISE SUMMARY OF THE EVIDENCE THAT WILL BE OFFERED BY PLAINTIFF WITH RESPECT TO BOTH LIABILITY AND DAMAGES:

Plaintiff, employed at a Grade 11 level, claims that Defendants retaliated against him for engaging in protected activity under Title VII of the Civil Rights Act of 1964, as amended, by, at first, removing his right to certify funds availability in the software system known as the Integrated Acquisition System (IAS) in March 2003. Subsequently, Plaintiff contends Defendants removed his

1

right to certify funds availability anywhere, along with other funds officer duties, as well as his title of backup Funds Control Officer, and reassigned him clerical duties of typing and filing that are lower level duties previously performed by a secretary at a Grade 7 level.

Plaintiff contends that the reduction and reassignment of duties—the stripping of his right to certify funds availability along with other funds officer duties and the reassignment to lower level clerical work—constitute a materially adverse action sufficent to dissuade a reasonable worker from making or supporting a charge of discrimination.

Plaintiff further contends that Defendants' retaliatory actions are in violation of a settlement agreement, dated June 17, 2002, in which the Defendants promised not to retaliate against Plaintiff.

In addition, on May 19, 2004, the USDA Civil Rights Office issued a finding against the Defendants for not complying with Paragraph 7 of the settlement agreement, dated June 17, 2002. An Order was issued to the Defendants to comply within 30 days. Plaintiff contends that Defendants never complied with the Order.

Similarly-situated backup funds officers with the right to certify funds availability are at the Grade 13 pay level.[1]

Defendants' sole purpose for removing the Plaintiff's higher level duties was to prevent his career advancement. Defendants' actions are ongoing. On August 21, 2006, Plaintiff applied for the Supervisory Financial Management Specialist position, Announcement #NE-06-048-O1, which was a Grade 13 position. Plaintiff applied as an internal candidate and as an external candidate. Since Plaintiff was a Grade 11, he was barred from consideration as an internal candidate which required candidates to be at the Grade 12 level for one year prior to the job announcement. However, on the external list against all applicants nationwide, veteran and non-veteran, Plaintiff, a non-veteran, was ranked number one (1) on the most qualified list, scoring 96.25 out of 100.[2] But, Defendants made their selection from the internal list and Plaintiff was not selected.

## II. FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATIONS OR ADMISSIONS OF COUNSEL

---

[1] See Dorman Deposition, 86:4-7.
[2] See Email from Mike Yost, FNS Personnel Officer, dated 9/6/2006, attached as Exhibit A.

The Plaintiff contends that the following facts have been established by the pleadings, or that they should properly be the subject of a stipulation:

1.) The Plaintiff's job performance has consistently been "superior". Defendants' Answer To Plaintiff's Amended Complaint ¶¶ 45, 80.

2.) The list of employees for training in the Integrated Acquisition System ("IAS"), edited by Plaintiff's supervisor, Joseph Stanco, identifies Plaintiff as an "**IAS Funds Approver**". Defendants' Answer To Plaintiff's Amended Complaint ¶ 36.

3.) The USDA Civil Rights Office found on May 19, 2004 that Defendants had not complied with the terms of Settlement Agreement and ordered the Defendants to comply within 30 days of the date of the decision. Defendants' Answer To Plaintiff's Amended Complaint ¶¶ 71-72.

4.) The Plaintiff engaged in protected activity under 42 U.S.C. § 2000e-(3)a ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has made a charge, testified,

4

assisted, or participated in any manner in an investigation, proceeding, or hearing... .") Defendants' Answer To Plaintiff's Amended Complaint ¶¶ 32-33.

### III. CONTESTED ISSUES OF FACT

The Plaintiff expects the following issues will be contested at trial:

1.) Whether the Plaintiff was the Funds Control Officer (FCO) backup for the Northeast Regional Office.

2.) Whether the Plaintiff performed the duties of the Funds Control Officer (FCO) backup, including but not limited to, the right to certify funds availability, as a functional Funds Control Officer (FCO) backup.

3.) Whether the Defendants' actions of stripping the Plaintiff of his funds control duties constitute an adverse employment action under the Burlington Northern case.

4.) Whether the duties of a funds officer require more qualifications that the secretarial duties of typing and filing travel vouchers.

5.) Whether the duties of a funds officer have greater prestige and require more training than secretarial duties of typing and filing.

6.) Whether the duties of a funds officer are objectively considered better than the duties of a secretary.

7.) Whether Plaintiff had implicit authority to certify funds availability.

8.) Whether the stated reason for Defendants removing Plaintiff's duties was true, or whether it was pretextual for unlawful retaliation for his EEO activity.

9.) Whether USDA breached its promise, in the Settlement Agreement, not to retaliate against Plaintiff which is connected to the retaliatory act in Count I.

10.) Whether USDA breached the Settlement Agreement by not following Step 3.

IV. **JURISDICTIONAL QUESTIONS**

(1) Defendants have filed a Motion To Dismiss Counts I and III based on the fact that Plaintiff cannot prove a prima facie case of retaliation.

(2) Plaintiff has filed a Motion In Opposition To Defendants' Motion To Dismiss Counts I and III based on the fact that he has established sufficient evidence to prove a prima facie case of retaliation.

V.   QUESTIONS RAISED BY PENDING MOTIONS

    (1)   Motion To Dismiss Count II (B) Or, In The Alternative To Consolidate Trial Issues.

    (2)   Plaintiff's Reply Not To Dismiss Count II(B) And To Consolidate Trial Issues.

VI.  ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORTING AUTHORITY

    None.

VII. ANY REQUESTED AMENDMENTS TO THE PLEADINGS

    None.

VIII. ANY ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

    None.

IX.  PROBABLE LENGTH OF TRIAL

    Plaintiff anticipates trial will be about 8-10 days.

X. **NAMES, ADDRESSES?, AND TELEPHONE NUMBERS ?OF WITNESSES TO BE CALLED (EXPERT AND OTHERS) AND THE TIME NEEDED FOR THE DIRECT AND CROSS- EXAMINATION OF EACH WITNESS.**

In the event that there are other witnesses to be called at the trial, their names and addresses and the general subject matter of their testimony will be reported to counsel, with a copy to the Court, at least ten (10) days prior to trial. This restriction shall not apply to rebuttal or impeachment witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial.

Plaintiff and Defendants have filed a Joint List of Witnesses.

XI. **PROPOSED EXHIBITS**

Plaintiff and Defendants have filed a Joint List of Agreed Upon Exhibits and a Joint List of Disputed Exhibits.

XII. **MOTIONS IN LIMINE**

(1)   Plaintiff has filed a Motion *in Limine* to enter an Order invoking Fed. R. Evid. 615, and therefore prohibiting potential witnesses from hearing the testimony of other witnesses in the trial, unless the witness qualifies under an exception to the rule of exclusion; and

prohibiting the Defendants from providing to potential witnesses in this case, unless the witness qualifies under an exception to the rule of exclusion, transcripts of trial or pre-trial testimony given by other potential or actual trial witnesses.

(2)   Amended Motion In Limine To Exclude Plaintiff's Exhibits

(3)   Opposition To Amended Motion in Limine To Exclude Plaintiff's Exhibits

(4)   Amended Motion In Limine To Exclude Plaintiff's Witnesses

(5)   Opposition To Amended Motion in Limine To Exclude Plaintiff's Witnesess

(6)   Defendants' Objection To The Presentation At Trial of Michael Malone's and Frances Zorn's Testimony Via Deposition Or Deposition Transcript

(7)   Plaintiff's Opposition To Defendants' Objection To The Presentation At Trial Of Michael Malone's and Frances Zorn's Testimony Via Deposition or Deposition Transcript

(8)   Motion To Dismiss Count II (B) Or, In The Alternative To Consoliodate Trial Issues

(9)   Opposition To Motion To Dismiss Count II(B) And To Consolidate Trial Issues

9

(10)  Motion To Quash Plaintiff's Subpoenas

(11)  Opposition To Motion To Quash Plaintiff's Subpoenas

(12)  Motion In Limine To Exclude Defendants' Witnesses

(13)  Motion In Limine To Exclude Defendants' Exhibits

(14)  Plaintiff's Objection To The Presentation At Trial Of Pages 14 and 15 of John Ghiorzi's Testimony Via Deposition Transcript.

(15)  Plaintiff's Motion In Limine On The Issue Of Plaintiff's Conduct At Meetings.


Respectfully submitted,

_____          8/6/07
John G. Pedicini, Plaintiff Pro Se    Date
10 Milano Drive
Saugus, MA 01906
781-248-1385

### CERTIFICATION OF SERVICE

Pursuant to L.R.5.2(b), I hereby certify that a true copy of the above document was served on the Defendants on August 6, 2007, by hand to: Gina Walcott-Torres, Assistant U.S. Attorney, Moakley Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

By: _____       8/6/07
John G. Pedicini, Pro Se              Date

# EXHIBIT A

> You replied on 10/4/2006 11:02 AM.

**Pedicini, John**

| | | | |
|---|---|---|---|
| **From:** | Yost, Mike | **Sent:** | Wed 9/6/2006 10:18 AM |
| **To:** | Pedicini, John | | |
| **Cc:** | | | |
| **Subject:** | RE: RE: Announcement # NE-06-048-O1 (2nd Request) | | |
| **Attachments:** | | | |

John. Your score of 96.27% out of 100% was the highest on the external list. Mike

---

**From:** Pedicini, John
**Sent:** Wednesday, September 06, 2006 9:06 AM
**To:** Yost, Mike
**Subject:** RE: RE: Announcement # NE-06-048-O1 (2nd Request)

Mike:

Since Quintina is out of the office until 9/22, I have been referred to you by her reply email.

I am an applicant for the above announcement number. Quintina gave me my score as an external applicant and told me that I would be informed of my position on the external list when it was completed last week.

As of today, I have not been informed. Thus, I am making the request of you to inform me of what position I am in on the external list of most qualified applicants.

Thanks,

————John G. Pedicini

---

**From:** Pedicini, John
**Sent:** Wednesday, September 06, 2006 8:32 AM
**To:** Neal, Quintina
**Subject:** RE: RE: Announcement # NE-06-048-O1 (2nd Request)

Hi Quintina!

Any word on the external list ?

————John

---

**From:** Neal, Quintina
**Sent:** Wednesday, August 30, 2006 3:55 PM
**To:** Pedicini, John
**Cc:** Wilmot, Laura; Yost, Mike
**Subject:** RE: RE: Announcement # NE-06-048-O1 (2nd Request)
**Importance:** High

Not a problem you're welcomed.

Quintina

---

**From:** Pedicini, John
**Sent:** Wednesday, August 30, 2006 3:39 PM
**To:** Neal, Quintina
**Cc:** Wilmot, Laura; Yost, Mike
**Subject:** RE: RE: Announcement # NE-06-048-O1 (2nd Request)

Qiuntina:

Thank you very much.

————John

**From:** Neal, Quintina
**Sent:** Wednesday, August 30, 2006 2:45 PM
**To:** Pedicini, John
**Cc:** Wilmot, Laura; Yost, Mike
**Subject:** RE: RE: Announcement # NE-06-048-O1 (2nd Request)
**Importance:** High

Hi John

I wasn't in the office on Monday and Tuesday of this week. However, your score is 96.27. The external register has not been issued. I anticipate that it will be issued tomorrow. I can give you your status as an external candidate when the external register is issued.

Thanks

Quintina

---

**From:** Pedicini, John
**Sent:** Wednesday, August 30, 2006 1:27 PM
**To:** Neal, Quintina
**Cc:** Wilmot, Laura
**Subject:** FW: RE: Announcement # NE-06-048-O1 (2nd Request)
**Importance:** High

Quintina:

I have not received any response from my first request on Monday, 8/28/06. [see below]

I am again requesting my score as an external candidate for the above-entitled announcement.

Also, I am requesting to know my position on the external list.

Obviously, the scores have been calculated and registers have been completed by you, since the FMD is doing interviews today.

Thanks,

——John G. Pedicini

---

**From:** Pedicini, John
**Sent:** Monday, August 28, 2006 2:07 PM
**To:** Neal, Quintina
**Subject:** RE: Announcement # NE-06-048-O1

Quintina:

I am requesting my score as an external candidate for the above-entitled announcement.

Also, what is my position on the external list ?

——John G. Pedicini