UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN G. PEDICINI,

    Plaintiff,

-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.

FILED
IN CLERKS OFFICE

2007 AUG -8 P 2: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 04-12395-JLT

PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBIT 3
MEMORANDUM FROM USDA to REGIONAL ADMINISTRATORS,
DATED FEBRUARY 22, 1982, BATES-STAMPED US0487-US0488

    Plaintiff hereby objects to Defendants use of Exhibit $3^1$, an irrelevant memorandum dated February 22, 1982 from USDA to Regional Administrators, Bates-Stamped US0487-US0488. This document is completely and unequivocally irrelevant to this case, attached hereto as Exhibit A. It deals with certifying disbursements (i.e. expenditures) whereas this case deals with certifying funds availability. A plain reading of the document clearly indicates that it pertains to disbursements. Funds control officers do not certify cash disbursements as stated in the Agency's own

1

regulations, FNS Handbook 101, p. 3-3, Section C(3), attached hereto as Exhibit B. This document should be excluded as inadmissible hearsay and irrelevant.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to exclude the Exhibit 3 from the trial

Respectfully submitted,

_____          8/8/07
John G. Pedicini, Plaintiff Pro Se        Date
10 Milano Drive
Saugus, MA 01906
781-248-1385

### CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, I have conferred with Defendants' counsel and have attempted in good faith to resolve the issues addressed in this Motion on August 8, 2007 and that we were unable to resolve the issues set forth in this motion.

_____          8/8/07
John G. Pedicini, Pro Se                  Date

---

[1] Number based on Defendants' Amended Disclosures, filed on 8/01/2007

## CERTIFICATION OF SERVICE

Pursuant to L.R.5.2(b), I hereby certify that a true copy of the above document was served on the Defendants on August 8, 2007, via U.S. Government email system to: Gina Walcott-Torres, Assistant U.S. Attorney, Moakley Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

By: _____        8/8/07
    John G. Pedicini, Pro Se                  Date

# EXHIBIT A

*original to FNS*

UNITED STATES DEPARTMENT OF AGRICULTURE
FOOD AND NUTRITION SERVICE

WASHINGTON, DC 20250

REPLY TO
ATTN OF:

FEB 22 1982

EXHIBIT

SUBJECT: Authority to Designate Certifying Officers

TO: Regional Administrators

THRU: Andrew P. Hornsby, Jr.
Deputy Administrator
for Regional Operations

This memorandum outlines the steps necessary to establish authority to designate certifying officers in the Regional Offices.

When FNS Regional Offices assume responsibility for disbursing activities, each Region will need to file with Treasury the specimen signature of the manager authorized to designate certifying officers. These specimen signatures must be authenticated by someone whose signature is already known to Treasury. In our Agency, that person is the Director of Accounting and Reporting Division (AC).

Please complete the delegation statement attached to this memorandum, have the named person sign it, and return it to AC. The Director of AC will authenticate the Regional Manager's signature and forward the form to Treasury. Thereafter the RO will be able to add or change certifying officers without Headquarters involvement.

As soon as we hear from Treasury that Agency Location Codes and servicing disbursing centers have been assigned, we will send each RO a supply of SF-210 Signature Cards for Certifying Officers, with instructions for using them. Each Region must have a primary and at least one alternate certifying officer. The position is a very responsible one, as is clear from the following excerpt from 31 USC 82c:

> "The officer or employee certifying a voucher shall (1) be held responsible for the existence and correctness of facts recited in the certificate or otherwise stated on the voucher or its supporting papers and for the legality of the proposed payment under the appropriation or fund involved; and (2) be held accountable for and required to make good to the United States the amount of any illegal, improper, or incorrect payment resulting from any false, inaccurate, or misleading certificate made by him, as well as for any payment prohibited by law or which did not represent a legal obligation under the appropriation or fund involved..."

You will want to keep these requirements in mind when making personnel designations.

USDA - FNS
FEB 23 '82
RECEIVED

Form FNS-600 (12-79)

Regional Administrators                                                                 2

If you have any questions, do not hesitate to call me. For practical advice based on experience with the certifying function, you may wish to call Dave Hamer, Director of AC, who is also a member of the Decentralization Task Force. His telephone number is 447-6990.

RAYMOND A. PUGH, SR.
Deputy Administrator
 for Financial Management

Attachment

# EXHIBIT B

FNS HANDBOOK 101



# FNS HANDBOOK 101

Published on December 9, 2002

First Edition

P-3162

FNS HANDBOOK 101

commitment document's reference information, and process the obligation to an accepted status.

(See Handbook 101, Chapter 3, section 303; Handbook 101 Chapters 5-11, Funds Officer Responsibility sections, and FNS FFIS Desktop Procedures).

7. **Report Monthly Status of Funds** – See Chapter 4 of the Handbook and any additional guidance produced by the Budget Division.

8. **Prepare Year-end Estimates** – All estimates associated with feeder system activity will be generated by the feeders and recorded automatically using standard voucher documents. Year-end estimates will be directly entered into FFIS using a Standard Voucher (YE) document. For year-end estimates, a Trans Type of DE, is used for Delivered orders, and UN for Undelivered orders. Because end-of-year period-end estimate requirements are unique to a given fiscal year, Budget Division will issue detailed instructions on any changes in procedures each fiscal year. (See Yearly Administrative Funds Control Guidance produced by Budget Division).

9. **Perform Closeout Activities** – Funds officers should ensure that all unprocessed obligations are submitted as period-end estimates at the end of the fiscal year by converting all commitment documents to obligation documents. In addition, funds officers shall review unliquidated obligations to determine those obligations that can be deobligated. Budget Division will monitor prior year obligations beginning with the January reports. (See yearly guidance produced by Budget Division).

B   Objectives of Funds Control.

1   To ensure that funds are used only for the purposes authorized by law.

2   To ensure that funds are used efficiently and economically.

3   To ensure that obligations and disbursements do not exceed the amounts authorized.

4   To ensure that the expenditure of authorized funds is not reserved or otherwise deferred without Congressional knowledge and approval.

C   Funds Control Policies.

1   The total amount obligated must be funded from one or more specific allowances.

2   The total amount of allowances issued must not exceed the available allotment which, in turn, must not exceed the available apportionment and appropriation.

3   Allowance holders may not authorize obligations in excess of their allowance. If an allowance holder has more than one allowance, each allowance must be controlled separately. Funds control officers do not authorize the expenditure of funds. They certify the availability of funds only.

4   Disbursements shall be made only if an authorized obligation has been established and only if the goods or services ordered have been received.

December 9, 2002

3-3

p-3179