UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 AUG -8  P 2: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOHN G. PEDICINI,

    Plaintiff,

-vs-

UNITED STATES OF AMERICA
ET AL.,

    Defendants.

CIVIL ACTION NO. 04-12395-JLT

PLAINTIFF'S OBJECTION TO DEFENDANTS' EXHIBIT 4 (BATES-STAMPED US0015) LETTER FROM DOUGLAS MACALLISTER DATED MAY 28, 2002

    Plaintiff hereby objects to Defendants use of Exhibit 4[1], a letter from Douglas MacAllister, dated May 28, 2002. This is a self-serving document in which Douglas MacAllister attempts to appoint himself as a certifying officer (See letter attached hereto as Exhibit A). Defendants' own witness, Frances Zorn has testified that she never re-delegated the authority to MacAllister in order to execute such an agreement (See Zorn Deposition,

---

[1] Number based on Defendants' Amended Disclosures, filed on 8/01/2007

1

pp. 199-202, attached hereto as Exhibit B). This document should be excluded as inadmissible hearsay and irrelevant.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to exclude Exhibit 4, letter dated May 22, 2002 from Douglas MacAllister, Bates-Stamped US0015.

Respectfully submitted,

_____        8/8/07
John G. Pedicini, Plaintiff Pro Se      Date
10 Milano Drive
Saugus, MA 01906
781-248-1385


### CERTIFICATION UNDER L.R. 7.1

I certify that in accordance with Local Rule 7.1, I have conferred with Defendants' counsel and have attempted in good faith to resolve the issues addressed in this Motion on August 8, 2007 and that we were unable to resolve the issues set forth in this motion.

_____        8/8/07
John G. Pedicini, Pro Se                 Date

## CERTIFICATION OF SERVICE

Pursuant to L.R.5.2(b), I hereby certify that a true copy of the above document was served on the Defendants on August 8, 2007, via U.S. Government email system to: Gina Walcott-Torres, Assistant U.S. Attorney, Moakley Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

By: _____        _8/8/07_
     John G. Pedidini, Pro Se                Date

# EXHIBIT A

JAN-06-2005 16:04         FNS NERO RA                              617 565 6473      P.04/09

  

**United States Department of Agriculture**

Food and Nutrition Service

Northeast Region

10 Causeway St.
Room 501
Boston, MA 02222

FSP/IF-FM                                                May 28, 2002

SUBJECT: FPA Certifying Officer

TO: Memorandum for the Record

This memorandum reaffirms and extends Marty Hines duties as Certifying Officer for NERO's management control of FPA funds.

Marty has served effectively in this capacity for many years.

When Marty is absent, either Joseph Stanco or I will serve as alternate Certifying Officer.

Douglas A. MacAllister
Director, Financial Management
FNS, Northeast Region

# EXHIBIT B

1

                                    Volume I
                                    Pages 1 to 208
                                    Exhibits See Index

         UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - -x
                                :
JOHN G. PEDICINI,               :
         Plaintiff,             :
                                :
      vs.                       :   Civil Action
                                :   No. 04-12395 JLT
UNITED STATES OF AMERICA, and   :
ANN M. VENEMAN, SECRETARY,      :
UNITED STATE DEPARTMENT OF      :
AGRICULTURE,                    :
         Defendants.            :
                                :
- - - - - - - - - - - - - - - -x

      DEPOSITION OF FRANCES E. ZORN, a witness called on behalf of the Plaintiff, taken pursuant to the Federal Rules of Civil Procedure, before Jane M. Williamson, Registered Merit Reporter and Notary Public in and for the Commonwealth of Massachusetts, at the Offices of Doris O. Wong Associates, 50 Franklin Street, Boston, Massachusetts, on Monday, June 6, 2005, commencing at 10:05 a.m.

PRESENT:

    The Catapano-Friedman Law Firm
        (By Robert S. Catapano-Friedman, Esq., and
        Sarah Catapano-Friedman, Esq.)
        50 Franklin Street, Boston, MA  02110, for
        the Plaintiff.


              (Continued on Next Page)

DORIS O. WONG ASSOCIATES, INC.

199

1  authority, right?
2     A.   Yes.
3     Q.   And you identified a document, which is
4  Defendants' Exhibit 7, in which your predecessor,
5  Harold T. McLean, designated himself with this
6  authority, correct?
7     A.   Yes.
8     Q.   Did you ever delegate this authority to
9  yourself?
10    A.   Me specifically?  No.  But I think this was
11 related to a new process -- this talks about a new
12 delegation pursuant to a functional reorganization.
13 So I don't believe I have to have -- I don't have to
14 delegate to myself the FNS instructions talking
15 about the regional administrators being able to
16 delegate these assignments.
17    Q.   So it was your understanding that the
18 regional administrator would not have to delegate to
19 him or herself, but would have the power to delegate
20 to others?
21    A.   Yes.
22    Q.   Now, did you ever delegate to Douglas
23 MacAllister your delegation authority?
24    A.   Not in so many words.

200

1   Q.  So you never did that?
2   A.  I never wrote him a letter saying that, no.
3   Q.  So you never did anything to confer your
4   delegation authority upon anybody but yourself,
5   correct?
6   A.  Yes.
7   Q.  As far as you know, none of your
8   predecessors, including Mr. McLean, ever delegated
9   to Douglas MacAllister their delegating authority,
10  correct?
11      MR. WILMOT: Objection.
12  A.  I don't know if they did or didn't.
13  Q.  But you have no knowledge of any of your
14  predecessors providing Douglas MacAllister their
15  delegating authority, right?
16      MR. WILMOT: Objection.
17  A.  I don't know or not know that.
18  Q.  Well, do you have any document that shows
19  any of your predecessors delegating to Douglas
20  MacAllister their right to delegate fund
21  certification officers?
22  A.  As far as I know, no.
23  Q.  So as far as you know, Douglas
24  MacAllister's delegation of authority is

201

1  unauthorized, right?
2       MR. WILMOT: Objection.
3  A.  Since he is the accountable entity for
4  financial management, he does hold a general
5  delegation of financial management responsibilities,
6  so I wouldn't call -- what was the word?
7  Q.  "Unauthorized."
8  A.  I wouldn't call it unauthorized, but I
9  wouldn't call it formally authorized, either.
10 Q.  So at least his delegating of these
11 responsibilities is somewhat questionable, correct?
12      MR. WILMOT: Objection.
13 A.  Questionable in what way?
14 Q.  The authorization for him delegating
15 certifying rights is of a somewhat mirky area?
16      MR. WILMOT: Objection.
17 A.  There is not the clearest documented trail
18 of it, if that's what you mean.
19 Q.  Okay, fine. Now, you show in Exhibit 9
20 that you personally delegated authority to Marty
21 Hines to approve individual trip-by-trip
22 authorizations for Type C.
23 A.  Yes.
24 Q.  Now, this was not general authority to

1  approve fund requests or certifying funds, correct?
2  This is just a very narrow authorization?
3         MR. WILMOT:  Objection.
4     A.  It's not the same as certifying funds, but
5  it is a delegation of a function that does in the
6  end obligate money.
7     Q.  Okay.  So this document does not delegate
8  authority to certify funds, correct?
9     A.  No.
10    Q.  It's a document that in your mind is
11 related to that function, but it is not that
12 function, right?
13        MR. WILMOT:  Objection.
14    A.  It's related to that function, yes.
15    Q.  But it's not that function?
16    A.  Not in its entirety.
17    Q.  Is it in part that function?
18    A.  In part, yes.
19    Q.  But not in its entirety.  So back in 1998,
20 you didn't find the need to provide written
21 authorization to Marty Hines of certifying funds
22 authority in its entirety?
23    A.  You know, I don't know what exactly
24 precipitated that particular signature of mine.  It